United States District Court
Southern District of Texas
FILED

NOV 0 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-052 |
| | § | |
| UNUM PROVIDENT CORPORATION | § | |
| AND UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

1. The plaintiff objects to 88 Requests for Production served on the plaintiff on October 16, 2001 and moves for a protective order because the requests are annoying, oppressive and burdensome in violation of Federal Rule of Civil Procedure 26(c).

2. The requests for "documents" are not described with particularity in conformity with Federal Rule of Civil Procedure 26(b).

3. The discovery sought is unnecessary cumulative and/or duplicative on their face and are available in the defendant's own records. Fed. R. Civ. Pro.26(b)(2). Many of the records requested are in the defendant's possession. Defendant has not indicated what records they do not have and are requesting.

4. The number of requests, their duplicity, and their poorly drafted style and request for documents already in the possession of the defendant was solely for the purpose of harassing the plaintiff and increasing the costs of litigation in violation of Federal Rule of Civil Procedure 26(g)(A)(B)(C).

5. The plaintiff moves the court limit the number of requests to 30 because the discovery sought is "cumulative" and "duplicative" in violation of Federal Rule of Civil Procedure 26(b)(2).

6. The plaintiff moves the court to limit the number of requests because many of the requests such as documents mailed to them or documents received from UNUM are in UNUM's possession. UNUM has had ample opportunity to review such documents.

7. The plaintiff moves for attorney fees in compliance with Federal Rule of Civil Procedure 37(a)(4)(A) because a good faith effort was made to work out the issues regarding the requests. The plaintiff moves for sanctions under Federal Rule of Civil Procedure 26(g)(3) for reasonable expenses incurred because the signing of the Discovery Requests is in violation of Federal Rule of Civil Procedure 26(g)(2).

## CERTIFICATE OF SERVICE
## AND CERTIFICATE OF CONSULTATION

I hereby certify that I faxed a letter to Mr. Whitaker on November 6, 2001, See attached **Exhibit A**. I did not hear from Mr. Whitaker and I telephoned Mr. Whitaker on November 7, 2001 at approximately 1:00 p.m. to discuss the letter. Mr. Whitaker and I could not reach an agreement on the Request for Production.

I hereby that a true and correct copy of the above and foregoing was this 7th day of November, 2001, forwarded to the following via certified mail, return receipt requested to the following:

Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202

Respectfully submitted,

Mark A. Di Carlo
La Solana Building
722 Elizabeth Street
Corpus Christi, TX 78404
(361) 888-6968
(361) 888-6981 (fax)
State Bar No.: 05812510
Southern District I.D. No. 6839

# EXHIBIT "A"

# Mark A. Di Carlo

Attorney at Law
La Solana Building
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
FAX (361) 888-6981

November 6, 2001

**VIA TELEFAX (214) 939-2090**
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796

      Re:    *C.A. No. B-01-052; Karen Brooks v. UnumProvident Corporation and UNUM Life Insurance Company of America*

Dear Mr. Whitaker:

    I began to respond to your 88 Request for Production, totaling 36 pages and quickly became bogged down by their nature, their duplicity, and the requests for documents which you already have. I also had a person from my office begin to prepare documents which I believed were in compliance with the Rules of Procedure.

    I began to draft a request for protective order but then realized, and remembered, that the rules request a conference.

    I will not file the motion if you withdraw your 88 requests by Friday, November 9, 2001. I believe approximately 30 requests should cover your needs. I will expect the requests to be specific. I will provide documents already exchanged regarding the insurance claim and denial if you are specific regarding documents which you, do not have in your possession.

    I will telephone you to discuss this matter or I will wait your telephone call.

Sincerely,

Mark A. Di Carlo