17

# Civil Courtroom Minutes



| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Roberts    ■ Lehrman |
| DATE | 11 — 19 — 2001 |
| TIME | ___ a.m. — ___ a.m. <br> 2:44 p.m. — 3:00 p.m. |
| CIVIL ACTION | B — 01 — 052 |
| STYLE | Karen Brooks <br> *versus* <br> UNUM Provident Corporation et al. |

DOCKET ENTRY

(HGT)   ☑ Initial Pre-Trial Conference (by telephone)     (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):   Mark De Carlo

Attorney(s) for Defendant(s):   Andrew Whittaker

☑       Telephone conference held: Comments:

The Court asked about the protective order. Mr. DeCarlo, asked what had happened with the criminal investigation. Mr. DeCarlo said that the case was dismissed. The Court asked if there will not be any follow up on the prosecution? Mr. De Carlo said he thinks it was dismissed with prejudice and no further actions are pending. Mr. Whittaker also said he thinks it has been dismissed, about 6 weeks ago, but does not know about prejudice, or the DA's intentions for the future. In the answers to interrogatories, the date of dismissal was tendered to Mr. Whittaker.

Mr. DeCarlo filed the answers to interrogatories on Friday. Mr. DeCarlo does not see a need to go forward on the protective order. The Court looked at Mr. Whittaker's letters to Mr. DeCarlo. The Court asked Mr. DeCarlo who had the case before him, and Mr. DeCarlo responded that it was Michael Cowen. Mr. Cowen was the attorney who represented Plaintiff in

federal court. The Court said if Mr. DeCarlo thinks this motion should be withdrawn, he should withdraw it. Mr. Decarlo **WITHDREW** the motion for protective order. The Court advised Mr. DeCarlo that everything that is filed should be absolutely necessary, because the Court has a busy schedule.

The Court informed the attorneys that if they have questions, they need to get copies of our chamber rules and local rules. The court instructed the attorneys to keep deadlines for dispositive motions far enough away from the trial date so that the Court has ample time to review them. This is to avoid a situation where attorneys have to prepare for trial but a summary judgment may be granted instead.

Mr Whittaker stated that he filed a motion to compel. He has gotten no documents. Attached to the motion are letters Mr. Whittaker wrote to Mr. DeCarlo. As part of the motion to compel, relief requested is overruling any objections because of lack of timeliness, and fees for having to respond to the motion for protective order. The Court said for the parties to try and hammer this out themselves, especially the motion to compel. The Court will review the motion if the parties are not able to agree. The Court asks the parties to let her know what portions still need looking at, and by Wednesday morning to report to the Court. Mr. DeCarlo said he is not going to argue this motion at this time, but informed the Court that he gave Mr. Whittaker 3000 documents, and Mr. Whittaker may need longer than Wednesday morning to get through them. Mr. Whittaker said Wednesday morning is fine. The Court stated that they should call the case manager, and let her know whether they still need a hearing, and whether Mr. DeCarlo will be responding to the motion. The Court stated that she did not want to give a ruling without reading the material which she just received. Mr. Whittaker stated that he is not going through request by request; his concern is just with untimeliness. Mr. Whittaker is happy to look at what Mr. DeCarlo sent him, and will talk to the case manager.

Whereupon the court adjourned.