*19*

United States District Court
Southern District of Texas
FILED

JAN 1 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Defendants UnumProvident Corporation ("UnumProvident") and Unum Life Insurance

Company of America ("Unum Life") (collectively, "Defendants") file their motion to collect

the attorney's fees that they incurred in connection with the now-withdrawn Plaintiff's Motion

for Protective Order and state:

## I. CERTIFICATE OF CONFERENCE

By letter dated January 8, 2002, Defendants provided Mark Di Carlo, counsel for

Plaintiff Karen Brooks, with a draft of this motion to determine whether he agreed with or

opposed the relief sought herein. A true and correct copy of Defendants' counsel's letter is

attached as Exhibit A. By letter dated January 8, 2002 (which was actually received late in

the afternoon of January 9, 2002), Mr. Di Carlo indicated that he opposed this motion and

would seek attorney's fees if required to respond to it. A true and correct copy of Mr. Di

Carlo's letter is attached as Exhibit B. Since agreement could not be reached, this motion is presented to the Court for determination.

## II. NATURE OF THE ACTION[1]

This is a suit for benefits under a master policy issued to the American Podiatric Medical Association. Less than a year after obtaining coverage, Plaintiff Karen Brooks ("Brooks") fell in her bathtub and purportedly sustained injuries preventing her from performing her occupational duties as a chiropractor. Unum Life began paying $6,000 per month in disability benefits to Brooks while it investigated her claim. During its investigation, Unum Life obtained (among other information) surgical logs from one of the hospitals at which Brooks had privileges indicating that she performed more surgeries in the period after her fall than she had before her fall. Brooks was unable to offer a satisfactory explanation for the information contained in these logs, and Unum Life stopped paying benefits to her.

## III. PROCEDURAL HISTORY

### A.    Brooks Files the Motion for Protective Order.

As set forth more fully in Defendants' (1) Response to Plaintiff's Motion for Protective Order and (2) Motion to Compel, Brooks has repeatedly frustrated Defendants' legitimate discovery efforts at every turn.[2] After trying (without success) for several weeks to obtain preliminary discovery from her, on October 9, 2001, Defendants served Brooks with

---

[1]Unless otherwise indicated, all emphases are supplied by counsel.

[2]Defendants refer the Court to this document (Docket No. 16) for a more complete discussion of Brooks' conduct.

DEFENDANTS' MOTION FOR ATTORNEY'S FEES - Page 2

Defendants' First Set of Interrogatories and Requests for Production to Plaintiff (the "Discovery Requests").[3]  Since Defendants served the Discovery Requests by certified mail and the 33rd day fell on a Sunday, Brooks had until November 12, 2001 (i.e., 34 days after October 9, 2001) to serve Defendants with her objections and responses.  See Fed. R. Civ. P. 6(a), 6(e), 33(b)(3) & 34(b).  Brooks did not serve Defendants with any objections or responses to the Discovery Requests within the allotted period.[4]  Instead, on November 7, 2001, she filed Plaintiff's Motion for Protective Order (Docket No. 15), in which she sought an order limiting Defendants to a total of 30 requests for production[5] and an award of attorney's fees.

## B.    Defendants Respond to the Motion for Protective Order and Participate in the Initial Pretrial and Scheduling Conference.

Since the Court had set the initial pretrial and scheduling conference for November 19, 2001, Defendants promptly began preparing an appropriate response to Plaintiff's Motion for Protective Order.  On November 16, 2001, Defendants timely filed and served Defendants' (1) Response to Plaintiff's Motion for Protective Order and (2) Motion to Compel (Docket No. 16).  In preparing this response, Defendants incurred reasonable expenses, including attorney's

---

[3]A true and correct copy of the cover letter from Defendants' counsel enclosing the Discovery Requests is attached as Exhibit C.

[4]On November 16, 2001, Brooks belatedly served Plaintiff's Answers to Defendant's First Set of Interrogatories and Requests for Production.

[5]Amazingly, on November 15, 2001, Brooks served Defendants with Plaintiff's First Set of Requests for Production to Defendant, which included 74 requests for production.

fees, in the amount of $1,558.00. (Whitaker Decl. ¶ 4.)[6] Defendants incurred an additional

$475.00 in reasonable expenses, including attorney's fees, in preparing for and participating

in the initial pretrial and scheduling conference (id.), at which Plaintiff's Motion for Protective

Order was one of the primary topics (if not the primary topic) of discussion.  At this

conference, Brooks' counsel voluntarily withdrew Plaintiff's Motion for Protective Order

(Docket No. 17).  To date, however, the Court has not yet addressed Defendants' entitlement

to the attorney's fees that they incurred in opposing Plaintiff's Motion for Protective Order.

## IV.  ARGUMENT AND AUTHORITIES

### A.    The Mandatory Nature of a Fee Award.

Importantly, the applicable standards confirm that an award of attorney's fees to

Defendants is effectively mandatory.  Here, Brooks unsuccessfully sought a protective order

and an award of her own attorney's fees pursuant to Fed. R. Civ. P. 26(c), which provides in

pertinent part:  "The provisions of Rule 37(a)(4) apply to the award of expenses incurred in

relation to the motion."  In turn, Rule 37(a)(4)(B) provides:

> If the motion is denied, the court may enter any protective order
> authorized under Rule 26(c) and shall, after affording an opportunity to be
> heard, require the moving party or the attorney filing the motion or both of them
> to pay to the party or deponent who opposed the motion the reasonable
> expenses incurred in opposing the motion, including attorney's fees, unless the
> court finds that the making of the motion was substantially justified or that
> other circumstances make an award of expenses unjust.

---

[6] The Declaration of Andrew C. Whitaker in Support of Defendants' Motion for Attorney's Fees is attached as Exhibit D.

Fed. R. Civ. P. 37(a)(4)(B).  As both courts and commentators have found, this provision practically makes an award of fees and expenses mandatory against a losing movant such as Brooks.  See Quaker Chair Corp. v. Litton Bus. Sys., Inc., 71 F.R.D. 527, 534 (S.D.N.Y. 1976) ("Since the Rule is phrased in mandatory terms, it is incumbent upon the court to make an award of costs unless the conduct of the losing party is found to be substantially justified."); 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, §2288, at 661 (2d ed. 1994) [hereinafter Wright & Miller] ("If the motion is denied, Rule 37(a)(4)(B) says the moving party must pay to the party or deponent who opposed the motion the expenses and fees incurred in opposing the motion.").  Simply put, "[t]he great operative principle of Rule 37(a)(4) is that the loser pays." 8A Wright & Miller, § 2288, at 657-58.

Further support for this conclusion may be found in the changes that have been made to the Federal Rules.  In amending Rule 37(a)(4) in 1970, the Advisory Committee noted that an award of fees and expenses is "virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery" and that it is "the most important available sanction to deter abusive resort to the judiciary."  Fed. R. Civ. P. 37 advisory committee's note.  As Wright and Miller have observed:

> A major purpose of the 1970 revision of the discovery rules was to encourage extrajudicial discovery with a minimum of court intervention.  One means of accomplishing that was to tighten the judicial sanctions with respect to unjustified insistence upon or objection to discovery. This led the draftsmen to place new emphasis on the availability and compulsory nature of an award of expenses.

8A Wright & Miller, § 2288, at 655-56 (footnotes omitted).

**B.    Brooks' Conduct Was Not Substantially Justified.**

Application of these standards confirms that Defendants are entitled to an award of their attorney's fees.  Here, as part of her further efforts to frustrate Defendants' legitimate discovery efforts, Brooks sought a protective order effectively quashing all of Defendants' requests for production.  Brooks' filing of Plaintiff's Motion for Protective Order required Defendants to prepare and file, on an expedited basis, an appropriate response.  At the same time that Defendants were opposing her efforts, Brooks was preparing and serving (albeit in an untimely fashion) objections and responses to the very requests that were the subject of her motion and, in an amazing show of audacity, serving her equally lengthy requests for production on Defendants.  In unmistakable recognition of the weakness in her position, Brooks withdrew her motion; however, the filing of Plaintiff's Motion for Protective Order required Defendants to incur attorney's fees that they would not have incurred but for Brooks' wrongful conduct.

This chronology of events also confirms that the filing of Plaintiff's Motion for Protective Order was not substantially justified.  Importantly, this is an objective test that does not require Defendants to establish that Brooks acted in bad faith.  See Alvarez v. Wallace, 107 F.R.D. 658, 661 (W.D. Tex. 1985) ("Rule 37(a)(4) only requires the Court to determine whether the attorney's position was 'substantially justified'--an objective test that does not require bad faith.").  The lack of merit in Brooks' position is confirmed by the speed with which her motion was withdrawn, and an award of fees is warranted.

**C.**     **The Fee Award Should Be Made Jointly Against Brooks and Her Counsel.**

Finally, the fee award sought by Defendants should be made against not only Brooks, but her counsel as well.   Rule 37(a)(4)(B) expressly empowers the Court to "require the moving party or the attorney filing the motion or both of them" to pay the expenses incurred by the responding party.   Here, the Court should make Brooks and her counsel jointly and severally liable for any fee award.   See FDIC v. Conner, 20 F.3d 1376, 1382-83 (5th Cir. 1994) (affirming the district court's award of $6,045.00 in expenses against the losing party's attorney).

## V.   CONCLUSION

Defendants respectfully request that the Court enter an order requiring Brooks and her counsel, jointly and severally, to pay to Defendants the reasonable expenses, including attorney's fees, in the amount of $2,033.00 that they incurred opposing Plaintiff's Motion for Protective Order.

Respectfully submitted,

By: _____
        Andrew C. Whitaker
        State Bar No. 21274600
        S.D. No. 14309
        Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS´
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF CONFERENCE

On January 8, 2002, Defendants provided Mark Di Carlo, counsel for Brooks, with a draft of this motion to determine whether he agreed with or opposed the relief sought herein. By letter dated January 8, 2002, Mr. Di Carlo stated that he opposed this relief. Since agreement could not be reached, this motion is presented to the Court for determination.

_____
Andrew C. Whitaker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 10th day of January, 2002.

Andrew C. Whitaker

# FIGARI DAVENPORT & GRAVES

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
214-939-2000
Fax 214-939-2090

Writer's Direct Dial Number

(214) 939-2076

Writer's E-Mail Address

awhitake@figdav.com

January 8, 2002

**VIA TELECOPY**
Mr. Mark A. Di Carlo
La Solana Building
722 Elizabeth Street
Corpus Christi, Texas  78404

Re:    C.A. No. B-01-052; *Karen Brooks v. UnumProvident Corporation and
       UNUM Life Insurance Company of America*

Dear Mr. Di Carlo:

Following are drafts of:

1.    Defendants' Motion for Attorney's Fees; and

2.    the proposed Order Granting Defendants' Motion for Attorney's Fees.

Please review these documents and advise whether you oppose the relief sought by
Defendants. If we do not hear from you by the close of business on January 9, 2002, we will
presume that you are opposed to this relief and will so advise the Court.

Sincerely,

Andrew C. Whitaker

Andrew C. Whitaker

ACW/krp
Enclosures

EXHIBIT ___A___

# Mark A. Di Carlo

### Attorney at Law
La Solana Building
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
FAX (361) 888-6981

January 8, 2002

**VIA TELEFAX (214) 939-2090**
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796

      Re:     *C.A. No. B-01-052; Karen Brooks v. UnumProvident Corporation and*
                *UNUM Life Insurance Company of America*

Dear Mr. Whitaker:

    I received your "Defendant's Motion for Attorney's Fees."

    However, after cursory review of your allegations in the motion and cursory review of the law I do not believe your motion is in good faith.  Obviously such fees are not "mandatory upon the court."  Also the withdrawal of my motion for order serves as no evidence that it is baseless in any manner.

    In the event you file what appears to be a baseless motion I will have to file a Plaintiff's Response and Request for Attorney's Fees.

    I will agree to waive fees incurred in reviewing your Motion and drafting this letter in the event you do not file the motion.

Sincerely,

Mark A. Di Carlo

EXHIBIT __B__

# FIGARI DAVENPORT & GRAVES

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
214-939-2000
Fax 214-939-2090

Writer's Direct Dial Number

(214) 939-2076

Writer's E-Mail Address

awhitaker@figdav.com

October 9, 2001

**VIA CM/RRR #70010320000316695302**
Mr. Mark A. Di Carlo
La Solana Building
722 Elizabeth Street
Corpus Christi, Texas  78704

Re:    C.A. No. B-01-052; *Karen Brooks v. UnumProvident Corporation and
       UNUM Life Insurance Company of America*

Dear Mr. Di Carlo:

Enclosed is a copy of Defendant's First Set of Interrogatories and Request for Production to
Plaintiff.  We have retained the original of this document in our files.

Sincerely,

Andrew C. Whitaker

ACW/krp
Enclosure

EXHIBIT  C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF ANDREW C. WHITAKER
## IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES

1.      My name is Andrew C. Whitaker. I am over the age of eighteen years and am

competent and not otherwise disqualified to make this declaration. I am a partner in the

Dallas, Texas law firm of Figari Davenport & Graves, L.L.P. ("Figari & Davenport"). I am

one of the attorneys representing Unum Life Insurance Company of America ("Unum Life")

and UnumProvident Corporation ("UnumProvident"), the defendants in this action. As such,

I have personal knowledge, during all of the times mentioned herein, of the facts and

circumstances set forth below, and they are all true and correct.

2.      I am an attorney licensed by the State of Texas and have been so licensed since

November 1991. My state bar number is 21273600. Since that time, I have practiced law

throughout Texas. I am admitted to practice before all of the United States District Courts in

**DECLARATION OF ANDREW C. WHITAKER IN SUPPORT**
**OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES - Page 1**

EXH  T  D

Texas and the United States Court of Appeals for the Fifth Circuit. I have practiced

exclusively in the area of civil litigation. I have handled hundreds of cases involving claims

for benefits under various types of insurance policies and related disputes. As such, I am

familiar with the reasonable fees charged by attorneys in Texas for work similar to that

involved in this case and specifically in opposing Plaintiff's Motion for Protective Order (the

"Motion for Protective Order").

       3.     In determining that the fees charged by Figari & Davenport for these tasks are

reasonable, I have considered the following factors:

        (a)    the time and labor required, the novelty and difficulty of the questions

                 involved, and the skill required to perform the legal services properly;

        (b)    the likelihood that the acceptance of the particular employment would

                 preclude other employment;

        (c)    the fee customarily charged in the locality for similar legal services;

        (d)    the amount involved and the results obtained;

        (e)    the time limitations imposed by the client or by the circumstances;

        (f)    the nature and length of the professional relationship with the client;

        (g)    my experience, reputation, and ability and that of Figari & Davenport in

                 performing the services; and

        (h)    whether the fee is fixed or contingent.

**DECLARATION OF ANDREW C. WHITAKER IN SUPPORT**
**OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES - Page 2**

4.     On November 7, 2001, Plaintiff Karen Brooks ("Brooks") filed the Motion for

Protective Order, in which she sought an order limiting Defendants to 30 requests for

production and recovery of her attorney's fees.  Since the Court had previously scheduled the

initial pretrial and scheduling conference for November 19, 2001, Defendants sought to file

their response prior to that date.  Defendants incurred reasonable and necessary attorney's fees

in preparing Defendants' (1) Response to Plaintiff's Motion for Protective Order and (2)

Motion to Compel in the total sum of $1558.00, which consisted of a total of 8.20 attorney

hours at a billing rate of $190.00 per hour.  In addition, Defendants incurred reasonable and

necessary attorney's fees in preparing for and participating in the initial pretrial and scheduling

conference in the total sum of $475.00, which consisted of a total of 2.50 attorney hours at a

billing rate of $190.00 per hour.

5.     Attached hereto as Exhibit 1 is a true and correct copy of the relevant portions

of the invoice for professional services rendered by Figari & Davenport for Defendants in this

matter for November 2001.  This invoice was prepared from the data entered into the

computer accounting system directly from each attorney's timesheets.

6.     The results obtained for Defendants have been very good.  Following the filing

of Defendants' response, which readily demonstrated the lack of merit in the Motion for

Protective Order, Brooks voluntarily withdrew such motion at the initial pretrial and

scheduling conference.

**DECLARATION OF ANDREW C. WHITAKER IN SUPPORT**
**OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES - Page 3**

7.    The fees charged by Figari & Davenport for these tasks are reasonable in relation to the fees customarily charged for similar legal services by firms of like or similar abilities and practice.  The hourly rate is within those customarily charged in Texas.  The relief sought in the Motion for Protective Order was sufficient to warrant the expenditure of the fees incurred by Defendants.  Figari & Davenport has a longstanding relationship with Defendants and, accordingly, the rate charged for my time is among the lowest rates charged by Figari & Davenport to any client of the firm.  Although opposing the Motion for Protective Order did not preclude Figari & Davenport from taking any other particular employment, time spent on these tasks necessarily meant that I could not spend time on other files for which the time and fees could have been billed.  The fee is fixed at an hourly rate and therefore a contingency nature does not come in play.

8.    The attorney's fees charged by Figari & Davenport to Defendants in relation to attorney's fees generally charged for the same or similar work in Texas are reasonable, and the fees were necessarily incurred.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 10th day of January, 2002.

_____
Andrew C. Whitaker

**DECLARATION OF ANDREW C. WHITAKER IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES - Page 4**

# FIGARI DAVENPORT & GRAVES, L.L.P.

Client Name: UNUM Life Insurance Company

Client No.: 07555

Page No.:        1
Invoice No.:  911145
Invoice Date: Dec  1, 2001

---

### For Services Rendered Through Nov 30, 2001

Matter Info: 07555-0258
Karen Brooks (2)

**PROFESSIONAL SERVICES**

| | | | | |
|---|---|---|---|---|
| 11/07/01 | ACW | Telephone conference with M. Di Carlo; | .40 | 76.00 |
| 11/07/01 | ACW | Letter to M. Di Carlo and review correspondence files; | .90 | 171.00 |
| 11/14/01 | ACW | Letter to M. Monaghan; | .10 | 19.00 |
| 11/14/01 | ACW | Review motion for protective order; | .20 | 38.00 |
| 11/14/01 | ACW | Begin response to motion for protective order; | .20 | 38.00 |
| 11/15/01 | ACW | Revise response to motion for protective order and motion to compel; | 4.80 | 912.00 |
| 11/15/01 | ACW | Letter to clerk; | .10 | 19.00 |
| 11/15/01 | ACW | Draft proposed order; | .20 | 38.00 |
| 11/15/01 | ACW | Research on motion to compel; | 2.70 | 513.00 |
| 11/15/01 | ACW | Letter to M. Monaghan; | .10 | 19.00 |
| 11/19/01 | ACW | Letter to M. Di Carlo; | .10 | 19.00 |
| 11/19/01 | ACW | Prepare for pretrial conference; | 1.50 | 285.00 |
| 11/19/01 | ACW | Participate in pretrial conference; | 1.00 | 190.00 |
| 11/19/01 | ACW | Letter to M. Monaghan; | .10 | 19.00 |
| 11/19/01 | ACW | Memo to R. Waldie; | .30 | 57.00 |
| 11/19/01 | ACW | Letter to M. Di Carlo; | .10 | 19.00 |
| 11/20/01 | ACW | Review Brooks' discovery responses; | .20 | 38.00 |
| 11/20/01 | ACW | Letter to M. Monaghan; | .10 | 19.00 |
| 11/20/01 | ACW | Begin review of documents produced by Brooks; | 1.90 | 361.00 |
| 11/21/01 | ACW | Continue review of documents produced by Brooks; | 2.90 | 551.00 |

EXHIBIT__1