

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FEB 1 ? 2002

| | |
|---|---|
| KAREN BROOKS §<br>§<br>VS. §<br>§<br>UNUM PROVIDENT CORPORATION §<br>AND UNUM LIFE INSURANCE §<br>COMPANY OF AMERICA § | CIVIL ACTION NO. B-01-052 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES FOR FILING A FRIVOLOUS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B)**

1.    The defendant filed a Defendant's Motion for Attorney's Fees which the plaintiff received on January 8, 2002.

2.    The defendant's Motion for Attorney's Fees states in pertinent part:

Par. I:    That the case concerns long term disability benefits.

Par. III A:  That Brook's has repeatedly frustrated Defendants

legitimate discovery efforts at every turn; That Defendant's served Brooks with Defendants First Set of Interrogatories and Requests for Production to Plaintiff . . . . and the 33rd day fell on a Sunday, Brooks had until November 12, 2001 (i.e., 34 days after October 9, 2001) to serve Defendants with her objections and responses"; Brook's filed a Motion for Protective Order in which she sought an Order limiting Defendants to a total of 30 requests for Production and an award of attorney's fees;

Par: II B: That defendant's filed a response to the plaintiffs Motion for Protective

Order and a Motion to compel on November 16, 2001 incurring reasonable attorney's fees of $1,558.00; and $475.00 in reasonable expenses in preparing for and participating in the initial pretrial and scheduling conference. "At this conference, Brook's counsel withdrew Plaintiff's Motion for Protective Order"

Par. IV A:  The defendants assert the award of attorney's fees is mandatory under Federal Rules of Civil Procedure 37(a) because Federal Rule of Civil Procedure 37(a)(4)(B) provides: 'If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay . . . . fees unless the court finds that the making of the motion was substantially justified or that other circumstances makes an award of expenses unjust." The defendant cites various cases which are not within the Fifth Circuit court case.

Par. IV B: The defendant asserts Brook's conduct was "not substantially justified" because the Plaintiff served "equally lengthy requests" and withdrew her motion for Protective Order and the "speed" with which her motion was withdrawn.

Par. IV C: The fees award should be made jointly against Brooks and her counsel Di Carlo because "the court should make Brooks and her counsel jointly and severally liable for any fee award."

3.      Defendant contends that he is entitled to attorney's fees because he did not receive any objections by November 12, 2001. Assumably, this assertion is based on the 3 day rule as contained in Federal Rule of Civil Procedure 6(e). The defendant does not

A. / Plaintiff's Response to Defendants Mt for Atty Fees.Brooks/2/11/02

deny that these responses were mailed timely by the plaintiff. The defendant vaguely avers that the responses were not within the "time allotted." According to the green return receipt card these documents were received by the Defendant on November 19, 2001. See attached **Exhibit A**. The plaintiff forwarded the documents to the defendant on November 15, 2001. The plaintiff's counsel received the "Defendant's First Set of Interrogatories and Request for Production" on October 16, 2001. See **Exhibit B**, the cover sheet for the Defendant's Interrogatories and Requests for Production. Plaintiff's counsel had 30 days from October 16, 2001 to answer the defendant's request for interrogatories, until November 15, 2001. The plaintiff mailed these responses to the defendant on November 15, 2001 and they were received by the defendant on November 19, 2001 according to the defendant. Three days are added to deadlines according to the mailbox rule as contained in Federal Rule of Civil Procedure 6(e). That is, the defendant had an additional three days to receive the answers which was November 18, 2001. November 18, 2001 fell on a Sunday. Therefore, under Federal Rule of Civil Procedure 6(a) the plaintiff timely filed the documents because the last day of the time period does not run until the end of the next day: that is November 19, 2001. Therefore, the defendant has attempted to mislead the court regarding the timely responses to the requests.

4.       The defendant asserts the plaintiff has repeatedly frustrated defendant legitimate discovery efforts. The assertion of the defendant is in bad faith. First, the defendant had all of the discovery documents in his possession already from the previous filing of this case. Second, the plaintiff forwarded pertinent discoverable documents in the plaintiff's

complaint in 15 exhibits attached in Exhibit A through O.  See attached **Exhibit C** ,a total of 34 pages.

5.     The defendant asserts the plaintiff has repeatedly frustrated defendant's legitimate discovery efforts.   However, the plaintiff timely served a box of documents to the plaintiff at a copying  cost to the plaintiff of $177.00.  A true and correct copy of the bill as attached in **Exhibit D** .  A list of all discovery produced to the defendant is attached as **Exhibit E and F**.  The plaintiff believes that the number of copies produced was approximately 2963 based upon the billing for the copies.

6.     The defendant is the person who has frustrated discovery efforts.  The defendant did not produce one page of discovery in regards to Plaintiff's Request for Production. See attached **Exhibit G**   the Defendant's Responses to Plaintiff's Request  and see **Exhibit H** a letter from Plaintiff's Counsel detailing why the various objections made by the defendants are frivolous and in bad faith.   Basically, the defendant  specified numerous experts in their initial disclosure who allegedly denied the claim based upon their expertise and will not tender one document regarding their qualifications and the defendant  asserted numerous affirmative defenses upon which they have not tendered one document to support their contentions in their answer.  Therefore, the record is clear that it is the defendant who has frustrated discovery efforts in this case.

7.     The defendant has planned an  unreasonable attack on the plaintiff since the plaintiff filed the lawsuit.  The defendant filed criminal charges against the plaintiff upon

which the plaintiff believes were false statements.  See **Exhibit I** the indictment against Brooks by UNUM's agent Sean Sullivan and **Exhibit J** a Motion to Dismiss filed by the District Attorney.  The plaintiff a professional woman without a criminal record was abandoned by her first attorney during litigation and was forced to pay a large amount of attorney's fees to pursue this action.

8.     Plaintiff intended to respond to the requests in good faith and did so in a timely manner despite the number of  requests and their being served concurrently with interrogatories.  Defendant did not respond to plaintiff's request in good faith and did not produce one document to the plaintiff for production.

9.     Federal Rule of Civil Procedure 26(c) and 37(a)(4)(B) states a plaintiff may file a protective order.  The plaintiff's protective order regarding requests for production and 11 interrogatories served  at the same time and the requests for production were largely repetitive and harassing.  Federal Rule of Civil Procedure 26(c) states, "if a motion for protective order is denied in whole or in part, the court, may on such terms and conditions, order that any party or other person provide or permit discovery.  The provisions of Rule 37(a)(4)(B) apply to the award of expenses incurred in relation to the motion."

10.    Herein, the motion was withdrawn by the plaintiff because the plaintiff's counsel was able to file objections and responses timely and because the plaintiffs counsel did not wish to bother the court with a discovery dispute.  See **Exhibit K**, the affidavit of

A  / Plaintiff's Response to Defendants Mt for Atty Fees.Brooks/2/11/02

Mark A Di Carlo. The court has not made a ruling on the merits of the plaintiff's motion for protective order and no findings are requested by the defendants. Merely because the motion was withdrawn does not make it not merited. The defendant has not raised any argument that the plaintiff's motion for protective order was not warranted. The law seems to state that there has to be a ruling that the protective order is denied and there has been no such ruling by the court and therefore the defendants motion that attorney's fees be granted is not merited.

11.     This argument regarding the fact that the law would not favor attorney's fees is buttrussed by Federal Rule of Civil Procedure 37(a)(4)(B) which states: "If the motion is denied, the court may order any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party of the attorney filing the motion or both of them to pay to the attorney . . . . Who opposed the motion the reasonable attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."

12.     The plaintiff asserts that one, or more, of the following dictates that the Defendant's Motion for Attorney's Fees was unjust: 1) The plaintiff filed a justified protective order based upon the number and form of 88 requests served concurrently with interrogatories; 2) The plaintiff withdrew the motion for protective order before it was adjudicated by the court and before the court made a determination that the motion for protective order was or was not justified: 3) The defendant does not address the fact the protective order was substantially justified; 4) The defendant has misled the court

A. / Plaintiff's Response to Defendants Mt for Atty Fees.Brooks/2/11/02

regarding the timelines of the filing of the plaintiff's responses of the defendant's request for production; 5) The defendant has misled the court regarding the fact that the Federal Rules of Civil Procedure mandate the granting of attorney's fees in these circumstances; 6) The defendant has misled the court regarding the plaintiff's not complying with discovery.

13.     The plaintiff's counsel spent 14.2 hours in preparing this responsive motion at $120.00 per hour. The plaintiff, therefore, requests attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(4)(B) of $1,704.00.

14.     The defendant objects to the affidavit of Andrew C. Whitaker in support of "Defendant's Motion for Attorney's Fees" for one, or more of the following reasons:  1) $190.00 is an excessive hourly fee for an insurance defense attorney; 2) According to the defendant he has a "longstanding relationship" with UNUM and therefore can streamline his representation for the defendant and is guaranteed payment; 3) The defendant is requesting attorney's fees based on a valid Plaintiff's Request for Protective Order which was necessitated by the defendant's own abusive discovery through his numerous, frivolous and duplicative requests ; 4) The defendant billed for 4.8 hours for reviewing documents produced by Brooks which he would have to had to review for the case and the document review is not related to the motion; 5) The fact that the plaintiff filed "equally lengthy requests" is irrelevant.  The defendant filed numerous affirmative defenses which the plaintiff has the right to inquire regarding and which are apparently not supported in any manner. The plaintiff requests were well drafted and specific unlike

the defendant's which were repetitive nonspecific and objectionable. The defendant has not submitted one document to the plaintiff in response. See Exhibit K the affidavit of Mark A. Di Carlo.

15.   <u>Prayer</u>. The plaintiff requests: 1) The Defendant's Motion for Attorney's Fees be denied; 2) The plaintiff be granted $1,728.00 in attorneys fees for the filing of this responsive motion.

**CERTIFICATE OF SERVICE AND
CERTIFICATE OF CONSULTATION**

Plaintiff's counsel served this motion on Andrew Whitaker on February 11, 2002. Plaintiff's counsel notified Mr. Andrew Whitaker on January 8, 2002 that a cursory review of his motion appeared it was in bad faith and that he would file a response and request for attorney's fees in the event the motion was filed.

Respectfully submitted,

Mark A. Di Carlo
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No. 6839

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KAREN BROOKS                          §
                                      §
VS.                                   §         CIVIL ACTION NO. B-01-052
                                      §
UNUM PROVIDENT CORPORATION            §
AND UNUM LIFE INSURANCE               §
COMPANY OF AMERICA                    §

**DECLARATION OF MARK A. DI CARLO**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

1.      My name is Mark A. Di Carlo. I am over the age of eighteen years and am

competent and I have never been convicted of a felony or misdemeanor.


2.      I am an attorney licensed by the State of Texas and have been licensed since

1985. My state bar number 05812510. I am admitted to practice before the United

States District Courts for  the Southern District of Texas;  the United States Court of

Appeals for the Fifth Circuit and the U.S. Supreme Court.  I have handled  cases in all

these courts.  One third of my practice is in civil litigation.  I have sued UNUM on one

prior occasion.  I am familiar with the reasonable fees charged by attorneys in Texas for

work similar to that involved in this case and specifically researching and drafting

Plaintiff's Response to Defendant's Motion for Attorney's Fees.


3.      In determining my fees and the fees charged by Figari & Davenport in their

"Defendant's Motion for Attorney's Fees," I have considered the following factors:

(a) the time and labor required, the novelty and difficulty of the questions

involved, and the skill required to perform the legal services properly;

(b) the likelihood that the acceptance of the particular employment would

preclude other employment;

(c) the fee customarily charged in the locality for similar legal services;

(d) the amount involved and the results obtained;

(e) the time limitations imposed by the client or by the circumstances;

(f) the nature and length of the professional relationship with the client;

(g) my experience, reputation, and ability in performing the services; and

(h) whether the fee is fixed or contingent.


4.      On November 7, 2001 Mark A. Di Carlo filed the Motion for Protective Order, in

which counsel sought an order limiting defendant to 30 requests for production and

recovery of his attorney's fees because of the duplicity and harassing nature and the

number of hours upon which it would take to respond along with the interrogatories

posed at the same time.  I withdrew the motion on November 19, 2001 because I was

able to respond timely to the 11 interrogatories and 88 requests for production.


5.      Attached hereto as **Exhibit A** is a true and correct copy of the 14.4 billable hours

of the invoice for professional services rendered by Mark A. Di Carlo in responding to

the Defendant's Motion for Attorney Fees.

The motion for protective order was necessary because of the number of frivolous
and duplicitous 88 requests which were served 11 interrogatories. I withdrew the motion
because I was able to respond and object timely and decided not to bother the court with
the motion. Instead of the defendant being grateful for the withdrawal of a merited
plaintiff's motion they took the occasion to attempt to obtain attorneys fees.

7.    The fees charged by Mark A. Di Carlo in filing the "Plaintiff's Response to
Defendant's Motion for Attorney's Fees" are the fees customarily charged for similar
legal services by attorney's in South Texas. The hourly rate of $120.00 per hour is an
hourly fee customarily in Texas. The response was necessitated by the defendant's filing
what I believe is not a warranted request for attorney's fees.

8.    It is my opinion, based upon my experience, knowledge, training and education
the attorney's fees charged by Figari & Davenport to Defendants in relation to attorney's
fees generally charged for the same or similar work in South Texas are not reasonable,
and the fees were not necessarily incurred because 1) The motion for attorney's fees was
unnecessary; 2) The plaintiff's Motion for Protective Order was caused by their filing 88
duplicitous and harassing requests for production concurrent with 11 interrogatories; 3)
4.8 number of hours was to review discovery which the defendant would have had to
review anyway; 4) $190.00 an hour is not the customary hourly billing for competent
attorney's fees in and around the South Texas area and an excessive amount of money for
attorney's fees.

I declare that the foregoing is true and correct.

EXECUTED on this ___11___ day of February, 2002.

_____
Mark A. Di Carlo

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-052 |
| | § | |
| | § | |
| UNUM PROVIDENT CORPORATION | § | |
| AND UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B)

The Court having considered plaintiff's response to Defendant's Motion for

Attorney's Fees finds as follows: 1) The Plaintiff's Motion for Attorney's Fees is

GRANTED/DENIED; 2) The plaintiff is awarded $1,728.00 in attorney's fees or

_____ in attorney's fees within five days of the entry of this judgment.


SIGNED this ____ day of _____, 2002.


_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT "A"

# Billing Summary

1/18/02     2.2 hours- Received review and started draft, reviewed Plaintiff's Motion for Attorney's Fees and draft letter

2/06/02     4.2 hours- Draft Motion and file review

2/07/02     4.4 hours- Draft Motion and file review

2/08/02     2.0 hours- Draft and review

2/11/02     1.4 hours- Final draft and mailing

**TOTAL**: 14.2 hrs. x 120= $1,704.00

# EXHIBIT "A"

# CERTIFICATE OF SERVICE

I hereby that a true and correct copy of the above and foregoing was this 15th day of

November, 2001, forwarded to the following:

<u>VIA CERTIFIED MAIL, RRR</u>
<u>7000 1670 0009 7789 1198</u>
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202

Respectfully submitted,

Mark A. Di Carlo
722 Elizabeth Street
Corpus Christi, TX 78404
(361) 888-6968
(361) 888-6981 (fax)
State Bar No. 05812510
Southern District I.D. No. 6839

---

**SENDER** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Andrew Whitaker
FIGARI DAVENPORT & GRAVES
3400 Bank of America Plaza
901 Main Street LB 125
Dallas, Tx. 75202

A. Received by (Please Print Clearly)   B. Date of Delivery
B. Heath   11-19-0

C. Signature
X  B. Heath   ☑ Agent   ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7000 1670 0009 7789 1198   Re: Karen Brooks

PS Form 3811, July 1999   Domestic Return Receipt   102595-99

# EXHIBIT "B"

# FIGARI DAVENPORT & GRAVES

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
214-939-2000
Fax 214-939-2090

OCT 16 2001

Writer's Direct Dial Number

(214) 939-2076

Writer's E-Mail Address

awhitake@figdav.com

October 9, 2001

**VIA CM/RRR #70010320000316695302**
Mr. Mark A. Di Carlo
La Solana Building
722 Elizabeth Street
Corpus Christi, Texas 78704

Re:   C.A. No. B-01-052; *Karen Brooks v. UnumProvident Corporation and
      UNUM Life Insurance Company of America*

Dear Mr. Di Carlo:

Enclosed is a copy of Defendant's First Set of Interrogatories and Request for Production to
Plaintiff. We have retained the original of this document in our files.

Sincerely,

Andrew C. Whitaker

ACW/krp
Enclosure

# EXHIBIT "C"

## EXHIBIT LIST

35 pages

EXHIBIT A- INSURANCE POLICY - 1994

EXHIBIT B- MONTHLY BENEFIT'S - MAY 1, 1996

EXHIBIT C- "INDIVIDUAL DISABILITY CLAIM FORM" - JUNE 11, 1998

EXHIBIT D- LETTER FROM UNUM'S "CLAIMS ASSISTANT" DATED
JUNE 24, 1998

EXHIBIT E- LETTER FROM UNUM'S "DISABILITY BENEFIT ANALYST
INDIVIDUAL DISABILITY BENEFITS" DATED JUNE 6, 1998

EXHIBIT F- LETTER FROM UNUM'S "DISABILITY BENEFIT ANALYST
INDIVIDUAL DISABILITY BENEFITS" DATED AUGUST 7, 1998

EXHIBIT G- LETTER FROM UNUM'S "DISABILITY BENEFIT ANALYST
INDIVIDUAL DISABILITY BENEFITS" DATED SEPT. 16, 1998

EXHIBIT H- LETTER FROM UNUM'S "DISABILITY BENEFIT ANALYST
INDIVIDUAL DISABILITY BENEFITS" DATED NOV.2, 1998
CHANGING ASSIGNMENTS

EXHIBIT I- LETTER FROM UNUM'S SHELDON WHITE DATED NOV.3, 1998

EXHIBIT J- LETTER FROM UNUM'S SHELDON WHITE DATED JAN. 4, 1998

EXHIBIT K- MEMORANDUM DATED MARCH 4, 1999 FROM UNUM'S BOGG'S
"VCM"

EXHIBIT L- LETTER FROM UNUM'S SHELDON WHITE DATED MARCH 29,1999

EXHIBIT M- LETTER FROM DR. BROOK'S ATTORNEY PATRICIA HERNANDEZ
DATED APRIL 27, 1999

EXHIBIT N- DR. BROOKS CERTIFIED LETTER DATED NOV. 12, 1999

EXHIBIT O- EXHIBIT LIST

# EXHIBIT "D"

# Mark A. Di Carlo

## Attorney at Law
La Solana Building
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
FAX (361) 888-6981

Date of Invoice: November 16, 2001

Karen Brooks
17 Papaya
Brownsville, Texas 78521

Re: Karen Brooks vs. UNUMProvident Corporation and
UNUM Life Insurance Company of America

| Date | Description | Amount |
|------|-------------|--------|
| 11/16/01 | Office Depot<br>Copies of discovery | $ 148.13 |
| 11/16/01 | Postal Service<br>Postage expense for discovery<br>Sent to Whitaker on 11/16/01 | 29.85 |
| | **Total Amount Due:** | **$ 177.98** |

# EXHIBIT "E"

# KAREN BROOKS INVENTORY

| INDEX NO. | RECORDS | DATES | NO. OF PAGES |
|---|---|---|---|
| 1 | TEXAS COMMERCE BANK STATEMENTS | JAN. 1995 TO FEB. 1996 | |
| 2 | TEXAS COMMERCE BANK | DEC. 1996 TO DEC. 1997 | |
| 3 | DEPOSIT SLIPS | JAN. 1997 TO NOV. 1997 | |
| 4 | CHASE | APRIL 1999 TO DEC. 1999 | |
| 5 | TEXAS STATE BANK | '93-'95 & '98-'00 | |
| 6 | CHASE BETTER BANKING | '98 - 2000 | |
| 7 | CHASE BUSINESS | '98 - '99 | |
| 8 | TEXAS COMMERCE BANK | DEC. '96 TO DEC. '97 | |
| 9 | DEPOSIT SLIPS | JULY '99 TO DEC. '99 | |
| 10 | PERSONAL TAXES | 1994 TO 1998 | |
| 11 | CORPORATE TAXES | 1994 TO 1998 | |
| 12 | TX. COMMERCE BANK CASH RESERVE | 1995 TO 1997 | |

# EXHIBIT "F"

# KAREN BROOKS

## <u>RELEVANT DOCUMENTS INVENTORY</u>

### 1. UNUM LIFE'S CLAIM FILE (CL001-869)

### 2. UNDERWRITING FILE (UW001-141)

### 3. TRANSITION RIDER AND SCHEDULE SHEET FOR THE APMA 65-65 PLAN (UNUM 0001-0011)

# EXHIBIT "G"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

TO:   Plaintiff Karen Brooks, by and through her attorney of record, Mr. Mark A. Di Carlo,
La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704.

Defendants UnumProvident Corporation ("UnumProvident") and Unum Life Insurance

Company of America ("Unum Life") (collectively, "Defendants") submit the attached

objections and responses to Plaintiff's First Set of Requests for Production (the "Requests").

Respectfully submitted,

By: _Andrew C Whitaker_

Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 14th day of December, 2001.

_Andrew C Whitaker_

Andrew C. Whitaker

# GENERAL OBJECTIONS

A.    Defendants object to the Requests in their entirety to the extent that they seek the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, party communications privilege, or investigatory privilege.  Although specific objections are made where appropriate, the failure to include the above objections does not waive any claim of privilege.

B.    Defendants further object to the Requests in their entirety to the extent that they seek to impose some sort of obligation on any individual or entity that is not a party to this action.

C.    Defendants further object to the production of documents at the offices of counsel for Plaintiff Karen Brooks ("Brooks"); instead, Defendants will make available for inspection and copying the nonprivileged documents, if any, that are responsive to the Discovery Requests and have not previously been produced at the offices of their counsel upon reasonable request.



## OBJECTIONS AND RESPONSES TO THE REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce any documents, tape recordings, paperwork, interoffice memorandums,

expert reports, medical reports which support your denial of Karen Brook's [sic] disability

claim made the issue of this suit.

### RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Subject to and without waiving these objections, Defendants refer Brooks to Unum Life's claim file pertaining to her (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the following items from <u>Karen Brooks v. UnumProvident Corporation and Unum Life Insurance Company of America</u>, C.A. No. B-00-029 (the "Original Action"): Deposition on Written Questions of Beatriz Sosa, the Custodian of Records of Dr. Madhavan Pisharodi, M.D. (taken August 16, 2000); Deposition on Written Questions of Lori Lopez, the Custodian of Records of Texas Back Institute (taken August 16, 2000); Deposition on Written Questions of Diane Clark, the Custodian of Records of Valley Regional Medical Center (taken August 16, 2000); Deposition on Written Questions of Esmeralda Saldivar, the Custodian of Records of Valley Pain Center (taken August 17, 2000); Deposition on Written Questions of Fernando Terrones, CPA (taken August 21, 2000); Deposition on Written Questions of David K. Drefke, CPA (taken August 24, 2000); Deposition on Written Questions of David Kaalib, the Custodian of Records of Berkshire Life Insurance Company (taken August 28, 2000); Deposition on Written Questions of Christina Bohn, the Custodian of Records of Minnesota Mutual Life Insurance Company (taken August 28, 2000); Deposition on Written Questions of the Custodian of Records of New Era Life Insurance Company (taken September 22, 2000); and Documents produced by Brownsville Medical Center (undated) (collectively, the "Original Action Documents"). Defendants will make their copy of the Original Action Documents available at their counsel's office upon reasonable request.

## REQUEST FOR PRODUCTION NO. 2:

Please produce a curriculum vitae of any expert witness: (1) You designate as an expert; (2) Who has factual or expert knowledge of this case; (3) Who has acted as an expert to support your denial of long term disability for Brooks.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents beyond those made discoverable by Fed. R. Civ. P. 26(a)(2)(B). Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants state that they will produce copies of the curriculum vitae, if available, of the individuals that they designate as expert witnesses at the time of such designation.

## REQUEST FOR PRODUCTION NO. 3:

Please produce a copy of every plaintiff's complaint, petition, or lawsuit in Texas filed against UNUM within the last 5 years for the denial of long term or short term disability benefits.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

## REQUEST FOR PRODUCTION NO. 4:

Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM within the last 5 years.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

**REQUEST FOR PRODUCTION NO. 5:**

Please [sic] a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM within the last 5 years which asserted fraud, a violation of the Texas Insurance Code or a violation of the Texas Deceptive Trade Practices Act against UNUM for the denial of any claim.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM the last 5 years for denial of long term disability benefits.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.



## REQUEST FOR PRODUCTION NO. 7:

Please produce documents, affidavits, statements and depositions used to substantiate

any criminal complaints you or your agents filed against Karen Brooks and/or filed with the

Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other

Federal State or regulatory body.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of
documents that are exempted from disclosure by the attorney-client privilege, attorney work
product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request
seeks documents that are neither relevant to the claim or defense of any party nor reasonably
calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 8:

Please produce criminal complaints and or police reports and or allegations of criminal

complaints and supporting documents, affidavits, statements and depositions used to

substantiate any criminal complaints you or your agents filed against any person who you filed

a criminal complaint against, a police report or any form of criminal allegation filed with the

Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other

Federal State or regulatory body.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of
documents that are exempted from disclosure by the attorney-client privilege, attorney work
product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request
seeks documents that are neither relevant to the claim or defense of any party nor reasonably
calculated to lead to the discovery of admissible evidence. Further, this Request seeks
documents that are confidential and invade the privacy of the persons at issue other than
Brooks.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce UNUM's 1040K for the years 1998, 1999, 2000 and 2001.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to any claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks *documents that are confidential and invade Defendants' privacy. Further, this Request is* unintelligible as phrased, as Defendants are unsure what "1040K" means.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of Karen Brook's [sic] signed long term disability policy.

**RESPONSE:**

Defendants object to this Request as assuming facts not in evidence, i.e., that one of them issued a long term disability policy to Brooks. Defendants deny that either one of them issued a long term disability policy to Brooks; rather, they state that *Commercial Life Insurance Company issued a certificate of insurance to Brooks under its group master policy* no. RXN-1022 with the American Podiatric Medical Association (the "APMA") and, upon *information and belief, delivered the original of such certificate to her. Subject to and without* waiving this objection, Defendants refer Brooks to the transition rider and schedule sheet for *the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced.* Defendants further refer Brooks to her disability policies with Berkshire Life Insurance Company and Minnesota Mutual Life Insurance Company.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce a copy of any questionnaires or checklists which Karen Brook's [sic]

filled out in order to obtain or as a prerequisite in obtaining a disability insurance policy from

you.

**RESPONSE**:

All such documents in Defendants' possession, custody, or control are in the underwriting file pertaining to Brooks (UW001-141), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce a copy of a blank long term disability policy which is identical to the one issued to Karen Brooks. Please provide a blank application identical to the one Karen Brook's [sic] signed to apply for benefits.

**RESPONSE**:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce a record of all premiums paid by Karen Brooks for long term disability including receipts of money paid, copies of check, statements mailed.

**RESPONSE**:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce all criminal records of any person who denied Karen Brooks claim disability benefits including that of Sean Colvin and all persons who particip

manner in the denial of Karen Brook's [sic], the termination of her benefits, or the allegations of Brook's [sic] criminal wrongdoing.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request seeks documents that invade the privacy of the persons at issue. Subject to and without waiving these objections, Defendants state that they do not have any such documents in their possession, custody, or control. Defendants further state that they do not know who Sean Colvin is (unless Brooks is referring to the popular music artist by that name).

## REQUEST FOR PRODUCTION NO. 15:

Please produce all brochures you furnished to Karen Brooks in order to solicit her business for long term or short term disability benefits.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Subject to and without waiving these objections, Defendants state that they do not have any such documents in their possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 16:

Please produce all interoffice memorandum, studies, stock holder reports which discuss the need for UNUM to deny more claims for long term or short term disability benefits from 1996 to present; and/or that the payment of long term disability claims is affecting the company's profit ability.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the insureds at issue other than Brooks. Further, this Request assumes facts that are not in evidence.

## REQUEST FOR PRODUCTION NO. 17:

Please produce any surveillance pictures, surveillance tapes, and surveillance video of Karen Brook's [sic] from the date of her application for disability benefits to the present.

**RESPONSE:**

Defendants state that they do not have any items responsive to this Request in their possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 18:

Please produce all records tendered to the attorney general or received by the attorney general regarding Karen Brooks alleged criminal activities in attempting to collect disability benefits from you.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANTS' OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - Page 11**

## REQUEST FOR PRODUCTION NO. 19:

Please produce any and all documentation, which may indicate a conflict of interest between UNUM and Andrew Whitaker and UNUM and David Butler.

(1)     Whitaker's or Butler's knowledge that UNUM is employed in a pattern of criminal fraud in denying disability benefits;

(2)     That Andrew Whitaker and David Butler are share holders in UNUM and/or are paid in shares of UNUM for legal representation.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request seeks documents that are confidential and invade the privacy of Defendants, the listed individuals, and the insureds at issue other than Brooks. Further, this Request assumes facts that are not in evidence.

## REQUEST FOR PRODUCTION NO. 20:

Please produce all documentary evidence which indicates that UNUM is owned and/or controlled by an organized criminal group including; a) RICO investigations and/or letter of inquiries from state or government agencies regarding RICO, criminal fraud, or other criminal acts; b) Criminal indictments of any member of the Board of Directors; c) Payment of criminal fines to Federal Agencies; d) Payment of criminal fines and/or penalties to any state agency and state regulatory agency.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the fact that the Court dismissed Brooks' RICO claim in the Original Action with prejudice. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the insureds at issue other than Brooks.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce the following: All medical records and medical bills of Karen Brooks

in your possession.

**RESPONSE:**

All such documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the underwriting file pertaining to her (UW001-141), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and records of databases and/or searches and/or criminal record checks

and/or all investigations of Karen Brooks character, personality, property ownership

conducted by UNUM.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the underwriting file pertaining to her

**DEFENDANTS' OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - Page 13**



(UW001-141), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 23:

Documents and Records in your possession of any documents which establishes:

A)    That Karen Brooks is not disabled;

B)    Is not disabled under the terms of the policy at issue in the case;

C)    Is partially disabled in terms of the policy;

D)    That her medical condition has improved since the time she was originally granted benefits by UNUM.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b).  Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 24:

Please produce and identify documents which in anyway support your assertion in your answer and counter claim.



## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 25:

In paragraph 30 of the "Defendant's Answer and Counter Claim" you deny the allegations contained in paragraph 23 of the plaintiff's complaint. Please produce any documentary evidence which supports your denial of paragraph 23 of the plaintiff's complaint including:

A)    That Dr. Brook's [sic] is at least 80% disabled such that she should receive full disability benefits;

B)    No accurate determination was made by UNUM regarding her residual or partial disability which must be at least 20%;

C)    UNUM's own prior determination that Dr. Brook's [sic] was totally disabled established her partial or residual disability;

D)    UNUM disregarded Dr. Brook's own statements regarding her disability;

E)   UNUM switched "Disability Benefits Specialist's" in order to deny the plaintiff disability;

F)   UNUM did not perform a reasonable investigation into whether the claimant was disabled using a reasonable person standard as is implied in contract and instead conducted an abusive and fraudulent investigation;

G)   The investigation was fraudulent because it attempted to research the entire case and take or create facts adverse to the claimant;

H)   The investigation was abusive because an agent of UNUM threatened and attempted to blackmail the plaintiff into dropping the insurance if she did not drop the insurance and accept the benefits already paid;

I)   UNUM attempted to maliciously attack the plaintiff by attempting to bring criminal charges against her.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 26:

Please produce any documentary evidence that substantiates your claim in paragraph 49 of your "Defendant' [sic] Answer and Counterclaim" that Karen Brook's [sic] "percentage of responsibility is greater than 50% for any damages she seeks to recover."

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 27:

Please produce any documentary evidence that substantiates your claim in paragraph 50 of your "Defendant' [sic] Answer and Counterclaim" that Karen Brook's [sic] claims are barred by: waiver, estoppel, and unclean hands.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011),

which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 28:

Please produce any documentary evidence that substantiates your claim in paragraph 51 of your "Defendant' [sic] Answer and Counterclaim" that Karen Brook's [sic] claims are barred by comparative bad faith.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 29:

Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 52 of your "Defendant' [sic] Answer and Counterclaim" that Karen Brook's [sic] "claims are barred . . . by the doctrine of unjust enrichment."

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is

overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 30:

Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 53 of your "Defendant' [sic] Answer and Counterclaim" that defendant's [sic] were damaged by her wrongful acts and the amount of the damages you have incurred as a result of her wrongful acts.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 31:

Please produce any documentary evidence that Karen Brook's [sic] claims are barred as asserted in paragraph 54 "by her failure to mitigate her alleged damages."

DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - Page 19

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce any documentary evidence or tape recordings that substantiates or records that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's [sic] as alleged in paragraph 62 of "Defendant's Answer and Counterclaim".

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Subject to and without waiving these objections, Defendants refer Brooks to CL084-85 and the remainder of Unum Life's claim file pertaining to her (CL001-869), which have previously been produced.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce any documentary evidence that substantiates that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's [sic] as alleged in paragraph 63 of your Defendant's Answer and

Counterclaim that on an unknown date that Karen Brook's [sic] telephoned UNUM and stated she had performed a bunionectomy.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Subject to and without waiving these objections, Defendants refer Brooks to CL084-85, CL337, and the remainder of Unum Life's claim file pertaining to her (CL001-869), which have previously been produced.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce the curriculum vitae from Bogg referred to in paragraph 64 of "Defendant's Answer and Counterclaim" including her degree ad/or [sic] training as a vocational expert and/or as vocational rehabilitation expert.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Further, this Request seeks documents that are confidential and invade the privacy of Nancy Bogg ("Bogg"). Subject to and without waiving these objections, Defendants state that they will produce a copy of Bogg's curriculum vitae if and when they designate her as a testifying expert.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce the surgical log from "BMC" for the years of 1997, and 1998 as referred to in paragraph 65 of the Defendant's Answer and Counterclaim"

**RESPONSE:**

Defendants refer Brooks to CL389-400 and the remainder of Unum Life's claim file pertaining to her (CL001-869), which have previously been produced. Defendants further refer Brooks to the documents produced by Brownsville Medical Center in the Original Action, which are part of the Original Action Documents. Defendants further refer Brooks to Exhibits 2 and 3 to the Appendix in Support of Defendants' Brief Regarding Plaintiff's Continued Performance of Surgeries, which was filed on September 22, 2000 in the Original Action. Defendants will make their copies of these documents available at their counsel's office upon reasonable request.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce any results of medical investigations, diagnostic procedures documented in any form including narrative reports by Health Resources and Technology, Inc. of Massachusetts and/or John A. Wells, M.D.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the persons at issue other than Brooks. Subject to and without waiving these objections, Defendants state that all such documents pertaining to Brooks are in Unum Life's claim file pertaining to her (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following: Doctor Oscar Cartaya's report and findings in his report of his review

of medical records.  Please produce a copy of the medical reports he reviewed in the event the records he reviewed are not specified in the report.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b).  Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the persons at issue other than Brooks. Subject to and without waiving these objections, Defendants state that all such documents pertaining to Brooks are in Unum Life's claim file pertaining to her (CL001-869), which has previously been produced.  Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 38:

Please produce a list of the names of "several individuals" Sullivan spoke to who confirmed that Brook's [sic] was the actual surgeon and produce any documents notes memorandums or tape recording by Sullivan regarding who he spoke to, when he spoke to them, and the contents of their conversations as alleged in Paragraph 67 of "Defendant's Answer and Counterclaim."

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code.  Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request calls for the creation (as opposed to merely the production) of responsive documents.  Subject to and without waiving these objections, Defendants refer Brooks to CL410-17 and the remainder of Unum Life's claim file pertaining to (CL001-869), which have previously been produced.



## REQUEST FOR PRODUCTION NO. 39:

Please produce documentary evidence, learned treatises, time-work studies etcetera [sic] in your possession that all, most, or a substantial portion of a podiatrists [sic] occupation, profession, or income consists of performing surgeries and/or hospital surgeries.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 40:

Please produce any memorandum, document, paperwork or investigation result that you have in your possession regarding the percentage of Karen Brook's [sic] income as a podiatrist from her practice within her own office versus the percentage of income for doing surgeries at a hospital.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim

file pertaining to Brooks (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 41:

Please produce any memorandum, paperwork or investigation result regarding the percentage of Karen Brook's [sic] occupation as a professional podiatrist practice within her own office versus the percentage of time doing surgeries for "BMC."

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 42:

Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or relevant pages there from that UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's [sic] capacity to perform the occupation of a podiatrist specialist.

## RESPONSE:

Defendants object to this Request on the ground that it is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by

Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 43:

Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or relevant pages there from that UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's [sic] capacity to perform the occupation of a podiatrist specialist, specifically including in full or in part the following in an eight hour workday: the number of hours required to stand or walk as a podiatrist; the physical requirements of a podiatrist to push, pull and lift; the physical requirements of a podiatrist to bend, crouch and reach; in the denial of benefits or used in the initial granting of benefits to Karen Brook's [sic]. Include any questionnaires and summaries of the duties performed in Karen Brook's [sic] podiatrist practice to push, pull and lift, bend crouch and reach to Karen Brook's [sic] podiatry practice prior to her application for disability benefits. Include any questionnaires and summaries of these physical duties to push, pull, bend, lift, crouch and reach performed in Karen Brook's [sic] podiatry practice prior to her application for disability benefits.

## RESPONSE:

Defendants object to this Request on the ground that it is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks

(CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 44:

Please produce an office manual, UNUM interoffice memorandum, and/or issued job descriptions for the following positions: "Disability Benefit Analyst"; Claims Assistant"; "Disability Benefits Specialist."

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Further, this Request seeks documents that are confidential and proprietary and constitute a trade secret.

## REQUEST FOR PRODUCTION NO. 44.1:

Please produce any results of documents analysis and/or reports by Health Resources Technology regarding their review of Karen Brook's [sic] file as was reflected in a letter from UNUM dated January 4, 1999.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections,

Defendants state that all such documents pertaining to Brooks are in Unum Life's claim file pertaining to her (CL001-869), which has previously been produced.

## REQUEST FOR PRODUCTION NO. 45:

Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or relevant pages there from that UNUM used to determine to determine [sic] physical capacities necessary to perform the occupational duties of a podiatrist in the granting and denial of Karen Brook's [sic] disability benefits including in full or in part the following: the number of hours required to use hands for gross or fine manipulation, the number of hours necessary to concentrate while in pain; the ability to sit for a period of time; the ability to move at a normal speed; numbness in any parts of the hands body or back and/or the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in an eight hour day. Include the results of such a study or vocational analysis which applied these physical requirements to Karen Brook's [sic] practice as a podiatrist. Include any questionnaires submitted to Karen Brooks and summaries of the duties performed in Karen Brook's [sic] podiatrist practice relating to her ability to the number of hours required to use hands for gross or fine manipulation, the number of hours necessary to concentrate while in pain; numbness in any parts of the hands body or back and/or the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in to Karen Brook's [sic] podiatrist podiatry [sic] practice prior to her application for disability benefits. Include any questionnaires and summaries of these physical duties regarding Karen Brook's [sic] podiatry practice prior to her application for disability benefits.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 46:

Please produce a curriculum vitae of John Colson including his expert and professional

qualifications to be a "Claims Assistant, Individual Disability Benefits."

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are confidential and invade the privacy of Jon Colson ("Colson"). Subject to and without waiving these objections, Defendants state that they will produce a copy of Colson's curriculum vitae if and when they designate him as a testifying expert.

## REQUEST FOR PRODUCTION NO. 47:

Please produce a curriculum vitae for Nancy E. Bogg as a "VCM."

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are confidential and invade Bogg's privacy. Subject to and without waiving these objections, Defendants state that they will produce a copy of Bogg's curriculum vitae if and when they designate her as a testifying expert.

## REQUEST FOR PRODUCTION NO. 48:

Please produce any papers published by Nancy E. Bogg, in learned treatises, journals and/or books written by Nancy E. Bogg and/or articles published by her.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants state that they will produce a copy of Bogg's curriculum vitae if and when they designate her as a testifying expert.

## REQUEST FOR PRODUCTION NO. 49:

Please produce a curriculum vitae of Sheldon White regarding his professional qualifications as a "Disability Benefits Analyst."

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are confidential and invade the privacy of Sheldon White ("White"). Subject to and without waiving these objections, Defendants state that they will produce a copy of White's curriculum vitae if and when they designate him as a testifying expert.

## REQUEST FOR PRODUCTION NO. 50:

Please produce any documents which exists [sic] to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69, regarding what Brook's [sic] substantial and material duties were as a podiatrist.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the underwriting file pertaining to her (UW001-141), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 51:

Please produce documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69, assertion that Brook's [sic] was performing the substantial and material duties of her occupation.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 52:

Produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69's assertion that Brooks committed fraud in the submission of her monthly claims forms.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 53:

Please produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69 that UNUM is entailed [sic] to recover some of their benefits that it paid to Brook's [sic] and what "some" of these benefits are and how you compute the amount of "some" benefits.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these

objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 54:

Produce any documentary evidence that supports you [sic] claim in the "Defendant's Answer and Counterclaim," paragraph 69 claim that Brooks is presently able to perform the substantial duties of her occupation.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 55:

Produce any documents from the former lawsuit of this case which are relevant to the facts in this case.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work

product exemption, and article 1.10D of the Texas Insurance Code.  Subject to and without waiving these objections, Defendants refer Brooks to Unum Life's claim file pertaining to her (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced.  Defendants further refer Brooks to the Original Action Documents and the pleadings from the Original Action, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 56:

Please produce any complaints filed against UNUM by the State Board of Insurance

regarding the denial of disability benefits from January 1996 to present.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the persons at issue other than Brooks.

## REQUEST FOR PRODUCTION NO. 57:

Please produce any complaint's [sic] filed against UNUM by any state agency in the

United States from January 1, 1996 to present regarding denial of disability benefits.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the persons at issue other than Brooks.

**REQUEST FOR PRODUCTION NO. 58:**

Please produce any letters received by those insured by UNUM from January 1, 1995

to the present who protested and/or appealed the denial of their disability benefits.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of
documents that are neither relevant to the claim or defense of any party nor reasonably
calculated to lead to the discovery of admissible evidence. Further, this Request is overly
broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further,
this Request seeks documents that are confidential and invade the privacy of Defendants and
the persons at issue other than Brooks.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce a curriculum vitae for Nancy Olds regarding her training and education

as a "Disability Benefit Analyst."

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of
documents that are neither relevant to the claim or defense of any party nor reasonably
calculated to lead to the discovery of admissible evidence. Further, this Request seeks
documents that are confidential and invade the privacy of Nancy Olds ("Olds"). Subject to
and without waiving these objections, Defendants state that they will produce a copy of Olds'
curriculum vitae if and when they designate her as a testifying expert.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce documents and/or reports and/or internal office memorandum's [sic]

regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee:

Cynthia Bellefountaine.

DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - Page 35

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

## REQUEST FOR PRODUCTION NO. 61:

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Jim Bilodeau.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

## REQUEST FOR PRODUCTION NO. 62:

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Nancy E. Bogg, VCM.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 63:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Constance M. Cardamone.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 64:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Jon Colson.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 65:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee:

Marie Cutting, RN, BSN, CRRN.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 66:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee:

Richard G. Day, M.D.

# EXHIBIT "H"

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 67:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Shannon Denbow.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 68:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Denise Houser.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

## REQUEST FOR PRODUCTION NO. 69:

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Karen Keene.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

## REQUEST FOR PRODUCTION NO. 70:

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Don Lagravinese.

**DEFENDANTS' OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - Page 40**

# EXHIBIT "H"



**Mark A. D[...]**

Attorney at [...]
La Solana Bu[...]
722 Elizabet[...]
Corpus Christi, Tex[...]
(361) 888-69[...]
FAX (361) 888-[...]

January 29, 2002

**CERTIFIED MAIL, RRR**
**7000 1670 0009 7789 0412**
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796

     Re:   C.A. No. B-01-052; Karen Brooks v. UnumProvident Corporation
           and UNUM Life Insurance Company of America

Dear Mr. Whitaker:

     I received your "Objections and Responses to Plaintiff's First Set of Requests for Production".   I did not receive one responsive document.   I received primarily numerous frivolous objections.   I object to your failure to respond in any manner and assert that your responses are in bad faith.  Many of my requests involved your answer or affirmative defenses which you raised and which apparently were either in bad faith  or for which there is no documentary evidence to support.  Many of my other requests involved persons identified in your initial disclosures as persons likely to have discoverable information and who apparently have no discoverable information.  Many of my requests also involve experts who denied the claim and apparently have no expert qualifications.

     **Request No. 1:**   Please produce any documents, tape recordings, paperwork, interoffice memorandums, expert reports, medical reports which supports your denial of Karen Brook's disability claim made the issue of this suit.

     Not one document is provided to the plaintiff in the response.

     You assert the "attorney-client" privilege and the "at attorney-work product" exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in

a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

The plaintiff asserts that your "answer" on file makes it clear that various other documents exist upon which support your denial. Federal Rule of Civil Procedure 11(b)(3) regarding the need for evidentiary support of your "affirmative defenses."

Please provide within ten days.

**Request No. 2:** Please produce a curriculum vitae of any expert witness: (1) You designate as an expert; (2) Who has factual or expert knowledge of this case; (3) Who has acted as an expert to support your denial of long term disability for Brooks.

Not one document is provided to the plaintiff in the response.

Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and in order to depose them on their qualifications.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

Provide within ten days.

**Request No. 3:** Please produce a copy of every plaintiff's complaint, petition, or lawsuit in Texas filed against UNUM within the last 5 years for the denial of long term or short term disability benefits.

Not one document is provided to the plaintiff in the response.

I received   standard from objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including:  that proposed discovery outweighs its likely benefit, then needs of the case,  the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

The plaintiff has asserted that that they had a merited defense. However, according to my research UNUM has a policy of denying disability claims.

Therefore, the request is relevant. See Federal Rule of Evidence 401 regarding relevance as evidence having to deny to make the existence of any fact that is of consequence to the determination of the action more or less probable.

Federal Rule of Evidence 406 states that the habit of an organization is relevant to prove the conduct of the organization.

Provide within ten days.

**Request No. 4:** Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM within the last 5 years.

Not one document is provided to the plaintiff in the response.

The objections are the same as contained in No. 3.

I received standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Federal Rule of Criminal Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, and absence of mistake. Federal Rule of Evidence 403 states that the habit of an organization is relevant.

Provide within ten days.

**Request No. 5:** Please a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM within the last 5 years which asserted fraud, violation of the Texas Insurance Code or a violation of the Texas Deceptive Trade Practices Act against UNUM for the denial of any claim.

Not one document is provided to the plaintiff in the response.

The objections are the same as contained in No. 3 And No 4

I received standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Federal Rule of Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake. Federal Rule of Evidence 506 permits evidence of habit or routine practice of an organization to prove that the conduct was in conformity with the routine practice.

Internet research indicates UNUM has a policy of denying benefits By incidental evidence they have a policy of denying benefits to professional women.

Please provide within 10 days


**Request No. 6:** Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM the last 5 years for denial of long term disability benefits

Not one document is provided to the plaintiff in the response

The objections are the same as contained in No. 3. And No. 4 and No. 5

I received standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit,

then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection. .

Federal Rule of Criminal Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake.

Federal Rule of Evidence 406 states evidence of the routine practice of an organization is relevant to prove their conduct.

Please respond within 10 days.

**Request No. 7:**    Please produce documents, affidavits, statements and depositions used to substantiate any criminal complaints you or your agents filed against Karen Brooks and/or filed with the Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other Federal State or regulatory body.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. You asked for information regarding the disposition of this case in your discovery. Moreover, my investigation reveals that UNUM has a habit of making fraudulent criminal assertions against persons who make a claim for benefits   See Federal Rule of Evidence 404(b) and 406.

Also, this information is relevant to UNUM's depth of animus against the plaintiff, malicious prosecution, and false imprisonment which she incurred due to a fraudulent indictment being brought.

Your assertion that the information is exempted for disclosure under Article 1 10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

Specify the alleged "exemption."

Please provide within 10 days.

**Request No. 8:**   Please produce criminal complaints and or police reports and or allegations of criminal complaints and supporting documents, affidavits, statements and depositions used to substantiate any criminal complaints you or your agents filed against any person who you filed a criminal complaint against, a police report or any form of criminal allegation filed with the Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other Federal State or regulatory body.

Not one document is provided to the plaintiff in the response.

You repeated your objections to request no. 7.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. As I recall, you asked for information regarding the disposition of this case in your discovery.

Also, this information is relevant to your depth of animus against the plaintiff and malicious prosecution.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My cursory review of the code does not indicate that there is a civil discovery exemption.

Also, the investigation of the defendant on the internet indicates that the

defendant has a habit of filing criminal actions against plaintiffs.

Federal Rule of Criminal Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake.

Moreover, my investigation records that UNUM has a habit of making fraudulent criminal assertions against persons who make claims for benefits.

Please provide within 10 days.

**Request No. 9:**   Please produce UNUM's 1040K for the years 1998, 1999, 2000 and 2001.

Not one document is provided to the plaintiff in the response

Your assert that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence and are confidential and invade defendant's privacy must be frivolous because your then assert that you are unsure of what 1040K means. This response is indicative of the numerous objections to these requests, which are frivolous.

The Plaintiff will not stand on this request that the documents be provided within ten days because of an error in the formulation of the request.

Please produce UNUM's 10k's within 30 days for the year 1998 through 2001.

**Request No. 10:**   Please produce a copy of Karen Brook's signed long term disability policy.

Not one document is provided to the plaintiff in the response.

The defendant instead of providing the policy made the basis of this suit makes numerous frivolous objections and attempts to make a distinction between a certificate of insurance and an insurance policy, delivery etc. The defendant also references policies not made the basis of the suit and yet does not provide such policies.

Provide the policy within ten days or specify the policy within provided documents within ten days.

**Request No. 11:** Please produce a copy of any questionnaires or checklists which Karen Brook's filled out in order to obtain or as a prerequisite in obtaining a disability insurance policy from you.

Not one document is provided to the plaintiff in the response.

The defendants refer to 141 pages of documents, none of which are responsive to the request.

Please provide within ten days if any such documents are in existence or indicate that no such documents exist. If documents exist specify appropriate documents within ten days.

**Request No. 12:** Please produce a copy of a blank long term disability policy which is identical to the one issued to Karen Brooks. Please provide a blank application identical to the one Karen Brook's signed to apply for benefits.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests: No. 5, No. 6, No. 3.

I received  standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence

A blank form as requested will function as a clean form for the jury to read without interlineations.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

The objection is totally frivolous. There is no mention made of the fact that the policy is no longer issued, nor that it would be difficult to acquire.

See Federal Rule of Civil Procedure 106 which would provide that the document is a related writing

Please provide within ten days.

**Request No. 13:**     Please produce a record of all premiums paid by Karen Brooks for long term disability including receipts of money paid, copies of check, statements mailed.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests: No. 5, No. 6, No. 3., No. 12.

I received  standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including:  that proposed discovery outweighs its likely benefit, then needs of the case,  the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection

The information is relevant and not burdensome.  The jury is entitled to see all documents relevant to her making her hard earned money from timely payments for an insurance policy which the defendant has fraudulently refused to pay.

Please provide within ten days.

**Request No. 14:**    Please produce all criminal records of any person who denied Karen Brooks claim for disability benefits including that of  Sean Colvin and all persons who participated in any manner in the denial of Karen Brook's, the termination of her benefits, or the allegations of Brook's criminal wrongdoing.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests: No. 5, No. 6, No. 3., No. 12., No. 14.

I received  standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection

I also received objections regarding privacy objections; that the defendant do not have such documents in their possession, custody and control and that they do not know who Sean Colvin is.

The criminal records of the defendants agent are within their possession custody and control. The records are relevant under Federal Rule of Evidence 609 which permits the impeachment by evidence of conviction of a crime. These persons are fact witnesses and subject to impeachment.

Federal Rule of Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake.

A Sean Sullivan acted in a crude and abrasive manner when he went to speak to the plaintiff which would suggest that he has a criminal record.

Please provide within ten days.


**Request No. 15:** Please produce all brochures you furnished to Karen Brooks in order to solicit her business for long term or short term disability benefits.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests: No. 5, No. 6, No. 3., No. 12., No. 13 and No. 14. The defendant adds an additional objection that the documents are not in their possession, custody and control.

I received standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil

procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

There is also an standard objection regarding the fact that the documents are not in their possession, custody or control. However, the defendant fails to describe by category and location the documents pursuant to Federal Rule of Civil Procedure 26(a)(C )

The documents are relevant for discovery purposes and relevant for trial under Federal Rule of Evidence 401 because it makes the existence of the facts as alleged by the Plaintiff more probable.

Please provide within ten days.

**Request No. 16:** Please produce all interoffice memorandum, studies, stock holder reports which discuss the need for UNUM to deny more claims for long term or short term disability benefits from 1996 to present; and/or that the payment of long term disability claims is affecting the company's profit ability.

I received standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection

I also received objections regarding privacy objections; that they do not have such documents in their possession, custody and control and that they do not know who Sean Colvin is.

Federal Rule of Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake. See Federal Rule of Evidence 406 regarding the admissibility of a habit or routine practice of an organization

The documents are relevant for discovery purposes and relevant for trial under Federal Rule of Evidence 401 because it makes the existence of facts as

alleged by the Plaintiff more probale.

Please provide within ten days.

**Request No. 17:** Please produce any surveillance pictures, surveillance tapes, and surveillance video of Karen Brook's from the date of her application for disability benefits to the present.

Not one document is provided to the plaintiff in the response.

The defendant fails to specify by category and location the documents pursuant to Federal Rule of Civil Procedure 26(a)( c).

Please provide within ten days or state clearly without objection that no such documents exist.

**Request No. 18:** Please produce all records tendered to the attorney general or received by the attorney general regarding Karen Brooks alleged criminal activities in attempting to collect disability benefits from you.

Not one document is provided to the plaintiff in the response.

The defendant recites the same objections it raised in No. 7.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days. See Federal Rule of Evidence 401 regarding relevance.

These documents are relevant to the fraudulent malicious prosecution by the defendant and the consequent false imprisonment of the plaintiff.

Provide within 10 days.

**Request No. 19:**  Please produce any and all documentation, which may indicate a conflict of interest between UNUM and Andrew Whitaker and UNUM and David Butler including:

(1) Whitaker's or Butler's  knowledge that UNUM is employed in a pattern of criminal fraud in denying disability benefits;

(2)  That Andrew Whitaker and David Butler are share holders in UNUM and/or are paid in shares of UNUM for legal representation.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests: No. 5, No. 6  No. 3 , No. 12., No. 13 and No. 14.  The defendant adds an additional objection that the documents are not in their possession, custody and control

I received  standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including:  that proposed discovery outweighs its likely benefit, then needs of the case,  the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection.

There is also an standard objection regarding the fact that the documents are not in their possession, custody or control.  However, the defendant fails to describe by category and location the documents pursuant to Federal Rule of Civil Procedure 26(a)(C )

The documents are relevant for discovery purposes and relevant for trial under Federal Rule of Evidence 401 because it makes the existence of the facts

as alleged by the Plaintiff more probable.

Plaintiff's counsel sued UNUM previously for the refusal to pay a long term disability policy. The defense attorneys Whitaker and Butler defended the case. Plaintiff analogize the issue to that of the tobacco litigation wherein the attorneys may have defended the same company for years within knowledge of a pattern of fraud by UNUM. Provide within 10 days so I may fairly evaluation your interest in the litigation and/or recusal.

**Request No. 20:** Please produce all documentary evidence which indicates that UNUM is owned and/or controlled by an organized criminal group including; a) RICO investigations and/or letter of inquiries from state or government agencies regarding RICO, criminal fraud, or other criminal acts; b) Criminal indictments of any member of the Board of Directors; c) Payment of criminal fines to Federal Agencies; d) Payment of criminal fines and/or penalties to any state agency and state regulatory agency.

Not one document is provided to the plaintiff in the response.

The defendant asserts the same objections asserted previously and adds attorney-client privledge, attorney-work product exemption confidentiality and "privacy" of the defendants and the insured.

The assertion that a corporation has a "right to privacy" is frivolous. Federal Rule of Evidence 405 permits specific circumstances of conduct to prove conduct. Federal Rule of Evidence 406 permits routine practice or habits of an organization to prove uniformity with a habit or routine practice.

Provide within 10 days or withdraw objections and specify no such documents exist.

**Request No. 21:** Please produce the following: All medical records and medical bills of Karen Brooks in your possession.

Not one document is provided to the plaintiff in the response.

Produce medical records of Karen Brook in the "Original Action Documents " within ten days.

Specify all documents referenced in CL-001-869 and UW-001-141.

**Request No. 22:**  All documents and records of databases and/or searches and/or criminal record checks and/or all investigations of Karen Brooks character, personality, property ownership conducted by UNUM.

Not one document is provided to the plaintiff in the response.

The defendant refers to 869 pages of documents which they compiled and which are not duplicable by plaintiff's counsel.  (CL-001-869)

Produce "Original Action Documents" to plaintiffs counsel within ten days

The plaintiff asserts these documents will establish the abasive conduct of the plaintiff and the invasion of her privacy and the frivolous indictment brought by the defendant in an attempt to destroy her reputation and finances.

The reference to the insurance code does not refer to a section and no such privilege exists.

**Request No. 23:**  Documents and Records in your possession of any document which establishes:

A) That Karen Brooks is not disabled;
B) Is not disabled under the terms of the policy at issue in the case;
C) Is partially disabled in terms of the policy;
D) That her medical condition has improved since the time she was originally granted benefits by UNUM.

Not one document is provided to the plaintiff in the response.

The same "form" objections are raised in bad faith that are posed in other responses.

The defendant raises various frivolous objections including a frivolous reference to Article 1.10 of the Texas Insurance Code.

Also plaintiff refers to 869 pages of documents which were prepared by the defendant specify all page numbers.

Provide all documents because they are relevant under Federal Rule of Evidence 401 because it relates to the existence of facts that is of consequence to the determination of the case.

Provide all "Original Action Documents" relevant to the request within ten days

Produce all requested documents within ten days.

**Request No. 24:**  Please produce and identify documents which in anyway support your assertion in your answer and counter claim.

Not one document is provided to the plaintiff in the response.

Numerous frivolous objections are raised which have to be withdrawn The defendant has referred to a lengthy statue act 1.10D of the Texas Insurance Code without specific reference to the statue.

The requested documents are relevant under Rule 401 of the Federal Rules of Evidence. Federal Civil Procedure "states that your objections and factual contentions must have evidentiary support or are likely to have evidentiary support.  The plaintiff asserts that no such evidentiary or factual contentions support your answer and counterclaim.

Provide within ten days.

Produce "Original Action Documents" within ten days to undersigned counsel.

**Request No. 25:**  In paragraph 30 of the  "Defendant's Answer and Counter Claim" you deny the allegations contained in paragraph 23 of the plaintiff's complaint.  Please produce any documentary evidence which supports your denial of paragraph 23 of the plaintiff's complaint including:
A)  That Dr. Brook's is at least 80% disabled such that she should receive full disability benefits;
B)    No accurate determination was made by UNUM regarding her residual or partial disability which must be at least 20%;
C)    UNUM's own prior determination that Dr. Brook's was totally disabled established her partial or residual disability;
D)  UNUM disregarded Dr. Brook's own statements regarding her disability;
E)  UNUM switched "Disability Benefits Specialist's" in order to deny the plaintiff disability;
F)  UNUM did not perform a reasonable investigation into whether the claimant

was disabled using a reasonable person standard as is implied in contract and instead conducted an abusive and fraudulent investigation;

G)   The investigation was fraudulent because it attempted to research the entire case and take or create facts adverse to the claimant;

H)   The investigation was abusive because an agent of UNUM threatened and attempted to blackmail the plaintiff into dropping the insurance if she did not drop the insurance and accept the benefits already paid;

I)   UNUM attempted to maliciously attack the plaintiff by attempting to bring criminal charges against her.

Not one document is provided to the plaintiff in the response.

Numerous frivolous objections are raised by you. You placed all these issues into evidence as relevant by denying the entire paragraph of the petition. Federal Rule of Civil Procedure 11(b)(3) states that your allegations have evidentiary support or are likely to have evidentiary support.

Provide within ten days.

Specify all documents which you refer to in CL-001-869.

Produce all "Original Action Documents" to undersigned counsel within ten days.

**Request No. 26:**   Please produce any documentary evidence that substantiates your claim in paragraph 49 of your "Defendant' Answer and Counterclaim" that Karen Brook's "percentage of responsibility is greater than 50% for any damages she seeks to recover."

Not one document is provided to the plaintiff in the response

The defendant has raised numerous frivolous form objections.

The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.   The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.   Federal Rule of Civil Procedure 11(b)(3) states that your answer have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

**Request No. 27:** Please produce any documentary evidence that substantiates your claim in paragraph 50 of your "Defendant' Answer and Counterclaim" that Karen Brook's claims are barred by: waiver, estoppel, and unclean hands

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with "reasonable particularity." In that you make the assertion you should have some evidence to support it in accordance with Federal Rule of Civil Procedure 11(b)(3)

Specify appropriate documents referred to in CL-001-869 within ten days

Provide all "Original Action Documents" within 10 days.

**Request No. 28:** Please produce any documentary evidence that substantiates your claim in paragraph 51 of your "Defendant' Answer and Counterclaim" that Karen Brook's claims are barred by comparative bad faith.

Not one document is provided to the plaintiff in the response

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense   The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support

Specify appropriate documents referred to in CL-001-869 within ten days

Provide all "Original Action Documents" within 10 days

Provide all requested documents within ten days.

**Request No. 29:** Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 52 of your "Defendant' Answer and Counterclaim" that Karen Brook's "claims are barred    . by the doctrine of

unjust enrichment."

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days or specify no such documents exist.

**Request No. 30:** Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 53 of your "Defendant' Answer and Counterclaim" that defendant's were damaged by her wrongful acts and the amount of the damages you have incurred as a result of her wrongful acts.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that your failure to submit documents regarding damages establishes that no such damages occurred.

**Request No. 31:** Please produce any documentary evidence that Karen Brook's claims are barred as asserted in paragraph 54 "by her failure to mitigate her alleged damages."

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous form objections.   The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.   The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.   Specify appropriate documents referred to in CL-001-869 within ten days.   Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that the failure to provide any documents establishes that the assertion that plaintiff failed to mitigate damages has no evidencing support under Federal Rule of Civil Procedure 11(b)(3).   Sanctions will be requested unless evidentiary support is provided to your various "affirmative defenses "

Specify all documents referred to in CL-001-869.   Provide all "Original Action Documents" within ten days.

Provide all requested documents within 10 days.


**Request No. 32:**  Please produce any documentary evidence or tape recordings that substantiates or records that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's as alleged in paragraph 62 of "Defendant's Answer and Counterclaim"

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous form objections.   The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.

The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.

Specify appropriate documents referred to in CL-001-869 within ten days

Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that the failure to provide any documents gives credence that the Defendant's Answer does not have evidentiary support and was signed in violation of Federal Rule of Civil Procedure 11(b)(3)

**Request No. 33:** Please produce any documentary evidence that substantiates that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's as alleged in paragraph 63 of your Defendant's Answer and Counterclaim that on an unknown date that Karen Brook's telephoned UNUM and stated she had performed a bunionectomy.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous form objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.

The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity despite the fact that the request tracks your answer. Provide all requested documents within ten days.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that the failure to provide any documents gives credence that the Defendant's Answer does not have evidentiary support and was signed in violation of Federal Rule of Civil Procedure 11(b)(3).

**Request No. 34:** Please produce the curriculum vitae from Bogg referred to in paragraph 64 of "Defendant's Answer and Counterclaim" including her degree and/or training as a vocational expert and/or as vocational rehabilitation expert.

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD. "assisted in investigation of Brooks claim". In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

The plaintiff asserts that the failure to provide any documents gives evidence that the defendants answer does not have evidentiary support in violation or Federal Rule of Civil Procedure 11(b)(3).

Provide all documents within ten days

**Request No. 35:** Please produce the surgical log from "BMC" for the years of 1997, and 1998 as referred to in paragraph 65 of the Defendant's Answer and Counterclaim"

Not one document is provided to the plaintiff in the response.

Specifically refer to documents contained within CL-001-869 within 10 days.

Provide documents contained in "Appendix in Support of Defendant's Brief regarding Plaintiff's Continual Performance of surgeries within ten days.

Provide all requested documents within 10 days.

**Request No. 36:** Please produce any results of medical investigations, diagnostic procedures documented in any form including narrative reports by Health Resources and Technology, Inc. of Massachusetts and/or John A. Wells, M.D.

Not one document is provided to the plaintiff in the response.

Numerous frivolous form objections were raised. Provide documents within ten days. Specify documents within UNUM's claims file CL-001-869 which apply to this request. The failure to provide documents to assertions made in the Defendant's Answer and Counter Claim establishes there is no evidence to make such an assertion.

Provide documents in "Original Action Documents" which apply within 10 days.

**Request No. 37:** Please produce documents and/or reports and/or internal office memorandum's regarding the following: Doctor Oscar Cartaya's report and findings in his report of his review of medical records. Please produce a copy of the medical reports he reviewed in the event the records he reviewed are not specified in the report.

Not one document is provided to the plaintiff in the response. These documents were relied upon in your denial of benefits.

Produce "Original Action Documents" within 10 days. Specify documents within UNUM's claim file CL-1-0001-869 with ten days.

**Request No. 38:** Please produce a list of the names of "several individuals" Sullivan spoke to who confirmed that Brook's was the actual surgeon and produce any documents notes memorandums or tape recording by Sullivan regarding who he spoke to, when he spoke to them, and the contents of their conversations as alleged in Paragraph 67 of "Defendant's Answer and Counterclaim."

Not one document is provided to the plaintiff in the response. The defendant fraudulently asserts that the "documents are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence" despite the fact that they have raised this defense."

Numerous frivolous form objections are filed.

Specify all documents within UNUMS claim file CL-1-0001-869 within 10 days.

The failure to respond to this request is further evidence that the defendant does not have evidentiary support of their factual contentions as is needed by Federal Rule of Civil Procedure 11(b)(3).

**Request No. 39:**  Please produce documentary evidence, learned treatises, time-work studies etcetera in your possession that all, most, or a substantial portion of a podiatrists occupation, profession, or income consists of performing surgeries and/or hospital surgeries.

Not one document is provided to the plaintiff in the response

Numerous frivolous form objections are asserted despite the fact that the defendant has based his answer on the fact that UNUM has cut off her benefits because she was performing surgeries.  The objections regarding not being discoverable and not relevant is frivolous.   See Federal rule of Evidence 401 regarding relevance.

Provide documentation within 10 days.

**Request No. 40:**  Please produce any memorandum, document, paperwork or investigation result that you have in your possession regarding the percentage of Karen Brook's income as a podiatrist from her practice within her own office versus the percentage of income for doing surgeries at a hospital

Not one document is provided to the plaintiff in the response.

This request is relevant under Federal Rule of Evidence 401.  This is the basis of your case and apparently your defense case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised.   Specify documents in UNUM's claim file within ten days.  This request is relevant under Federal Rule of Civil of Evidence 401.  This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation of Federal Rule of Civil Procedure 11(b).  Forward "Original Action Documents" within 10 days.

Specify documents contained within CL-001-869 within 10 days.

**Request No. 41:** Please produce any memorandum, paperwork or investigation result regarding the percentage of Karen Brook's occupation as a professional podiatrist practice within her own office versus the percentage of time doing surgeries for "BMC."

Not one document is provided to the plaintiff in the response.

This request is relevant under Federal Rule of Evidence 401. This is the basis of your case and apparently your case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised. Specify documents in UNUM's claim file within ten days. This request is relevant under Federal Rule of Civil of Evidence 401. This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation of Federal Rule of Civil Procedure 11(b). Forward "Original Action Documents" within 10 days.

Specify documents contained within CL-001-869 within 10 days.

**Request NO. 42:** Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or relevant pages there from that UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's capacity to perform the occupation of a podiatrist specialist.

Not one document is provided to the plaintiff in the response.

This request is relevant under Federal Rule of Evidence 401. This is the basis of your case and apparently your case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised. Specify documents in UNUM's claim file within ten days. This request is relevant under Federal Rule of Civil of Evidence 401. This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation

of Federal Rule of Civil Procedure 11(b)   Forward "Original Action Documents" within 10 days

Specify documents contained within CL-001-869 within 10 days

**Request NO. 43:**   Please produce any learned treatises, the dictionary of occupational titles, books,  or vocational analysis or relevant pages there from that  UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's capacity to perform the occupation of a podiatrist specialist, specifically including in full or in part the following in an eight hour workday:  the number of hours required to stand or walk as a podiatrist;  the physical requirements of a podiatrist to push, pull and lift; the physical requirements of a podiatrist to bend, crouch and reach, in the denial of benefits or used in the initial granting of benefits to Karen Brook's Include the results of such a study or vocational analysis which applied these physical capabilities to Karen Brook's practice as a podiatrist.   Include any questionnaires and summaries of the   duties performed in Karen Brook's podiatrist practice to push, pull and lift, bend crouch and reach to Karen Brook's podiatry  practice prior to her application for disability benefits   Include any questionnaires and summaries of these physical duties to push, pull bend, lift, crouch and reach performed in Karen Brook's podiatry practice prior to her application for disability benefits

Not one document is provided to the plaintiff in the response

This request is relevant under Federal Rule of Evidence 401   This is the basis of your case and apparently your case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised   Specify documents in UNUM's claim file within ten days   This request is relevant under Federal Rule of Civil of Evidence 401   This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation of Federal Rule of Civil Procedure 11(b)   Forward "Original Action Documents" within 10 days

Specify documents contained within CL-001-869 within 10 days

**Request NO. 44:**   Please produce an office manual, UNUM interoffice memorandum, and/or issued job descriptions for the following positions "Disability Benefit Analyst"; "Claims Assistant"; "Disability Benefits Specialist "

Not one document is provided to the plaintiff in the response

This request is relevant under Federal Rule of Evidence 401  This is the basis of your case and apparently your case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised.  Specify documents in UNUM's claim file within ten days.  This request is relevant under Federal Rule of Civil of Evidence 401.  This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation of Federal Rule of Civil Procedure 11(b).  Forward "Original Action Documents" within 10 days

Specify documents contained within CL-001-869 within 10 days

**Request NO. 44.1:**  Please produce any results of documents analysis and/or reports by Health Resources Technology regarding their review of Karen Brook's file as was reflected in a letter from UNUM dated January 4, 1999

Not one document is provided to the plaintiff in the response.

These documents are relevant under Federal Rule of Evidence 401 Numerous frivolous form objections are listed.

Specify pertinent documents within CL-001-869 within 10 days

**Request NO. 45:**   Please produce any learned treatises, the dictionary of occupational titles, books,  or vocational analysis  or pages relevant there from UNUM used to determine to determine  physical capacities necessary to perform the occupational duties of a podiatrist in the granting and denial of Karen Brook's disability benefits including in full or in part the following:  the number of hours required to use hands for gross or fine manipulation,  the number of hours necessary to concentrate while in pain; the ability to sit for a period of time,  the ability to move at a normal speed;  numbness in any parts of the hands body or back and/or  the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in an eight hour day.  Include the results of such a study or vocational analysis which applied these physical requirements to Karen Brook's practice as a podiatrist.   Include any questionnaires submitted to Karen Brooks and summaries of the  duties performed in Karen Brook's podiatrist

practice relating to her ability to the number of hours required to use hands for gross or fine manipulation, the number of hours necessary to concentrate while in pain; the ability to sit for a period of time; the ability to move at a normal speed; numbness in any parts of the hands body or back and/or the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in to Karen Brook's podiatrist podiatry practice prior to her application for disability benefits. Include any questionnaires and summaries of these physical duties regarding Karen Brook's podiatry practice prior to her application for disability benefits.

Not one document is provided to the plaintiff in the response.

These documents are relevant under Federal Rule of Evidence 401

Specify applicable documents within CL-001-869 within 10 days. If no other documents exist specify.

Produce "Original Action Documents" within 10 days.

**Request NO. 46:** Please produce a curriculum vitae of Jon Colson including his expert and professional qualifications to be a "Claims Assistant, Individual Disability Benefits."

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD "assisted in investigation of Brooks claim". In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

**Request NO. 47:** Please produce a curriculum vitae for Nancy E Bogg as a

"VCM."

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD "assisted in investigation of Brooks claim". In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial

**Request NO. 48:**  Please produce any papers published by Nancy E  Bogg, in learned treatises, journals and/or books written by Nancy E. Bogg and/or articles published by her.

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD. "assisted in investigation of Brooks claim". In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them

Federal Rules of Evidence 702 and 703 permit me to cross examine your

alleged experts on the basis of their opinions at trial.

**Request NO. 49:** Please produce a curriculum vitae of Sheldon White regarding his professional qualifications as a "Disability Benefits Analyst."

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation  However, UNUM denied Brook's claims on the basis of alleged experts employed by them.  I will need the curriculum vitae's of all expert's involved in denying the disability policy.  According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD "assisted in investigation of Brooks claim" .  In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial  At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

**Request NO. 50:**  Please produce any  documents which exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69, regarding what Brook's substantial and material duties were as a podiatrist.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections.  The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.  The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.   Federal Rule of Civil Procedure 11(b)(3) "states that your allegations must have evidentiary support or are likely to have evidentiary support

Specify appropriate documents referred to in CL-001-869 within ten days

Provide all "Original Action Documents" within 10 days.

**Request NO. 51:** Please produce documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69, assertion that Brook's was performing the substantial and material duties of her occupation.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) "states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

**Request NO. 52:** Produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69's assertion that Brooks committed fraud in the submission of her monthly claims forms.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days. Specify whether other such documents exist.

Provide all "Original Action Documents" within 10 days.

**Request NO. 53:** Please produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69 that UNUM is entailed to recover some of their benefits that it paid to Brook's and what "some" of these benefits are and how you compute the amount of "some" benefits

Not one document is provided to the plaintiff in the response.

**You assert the attorney-client privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents communication, or things not produced or disclosed in a manner that . . . . Will enable other parties to assess the applicability of the privilege or protection." You have failed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.**

**Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.**

**I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.**

The defendant has raised numerous frivolous objections   The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.  The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity   Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days   Specify whether other such documents exist.

Provide all "Original Action Documents" within 10 days

**Request NO. 54:** Produce any documentary evidence that supports you claim in the "Defendant's Answer and Counterclaim," paragraph 69 claim that Brooks is presently able to perform the substantial duties of her occupation.

Not one document is provided to the plaintiff in the response

(a)   You assert the attorney-client privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents communication, or things not produced or disclosed in a manner that . . . . Will enable other parties to assess the applicability of the privilege or protection." You have failed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

(b)   You assert the attorney-client privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . . . will enable other parties to assess the applicability of the privilege or protection." You have failed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days. Numerous frivolous form objections are raised.

(c )   Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code My review of the code does not indicate that there is a civil discovery exemption

(d)   I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues You have therefore waived this objection

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity Federal Rule of Civil Procedure (b)(3) "states that your allegations must have evidentiary support or are likely to have evidentiary support

Specify appropriate documents referred to in CL-001-869 within ten days Specify whether other such documents exist

Provide all "Original Action Documents" within 10 days

**Request NO. 55:** Produce any documents from the former lawsuit of this case which are relevant to the facts in this case

Not one document is provided to the plaintiff in the response.

(a)     You assert the attorney-client privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents communication, or things not produced or disclosed in a manner that .       . Will enable other parties to assess the applicability of the privilege or protection." You have failed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

(b)     You assert the attorney-client privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . . . will enable other parties to assess the applicability of the privilege or protection " You have failed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days   Numerous frivolous form objections are raised

(c )     Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code My review of the code does not indicate that there is a civil discovery exemption

(d)     I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues   You have therefore waived this objection

Produce "Original Action Documents" within 10 days.

**Request No. 56:** Please produce any complaints filed against UNUM by the State Board of Insurance regarding the denial of disability benefits from January 1996 to present.

Not one document is provided to the plaintiff in the response.

Numerous frivolous form objections are raised.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. You asked for information regarding the disposition of this case in your discovery. Moreover, my investigation reveals that UNUM has a habit of making fraudulent criminal assertions against persons who make a claim for benefits. See Federal Rule of Evidence 404(b) and 406. Rule 404(b) permits such evidence as proof of motive etc. Rule 406 permits this request as a routine practice of the organization.

Also this information is relevant to your depth of animus against the plaintiff and malicious prosecution.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection

**Request No. 57:** Please produce any complaint's filed against UNUM by any state agency in the United States from January 1, 1996 to present regarding denial of disability benefits.

Not one document is provided to the plaintiff in the response.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. You asked for information regarding the disposition of this case in your discovery. Moreover, my investigation reveals that UNUM has a habit of making fraudulent criminal assertions against persons who make a claim for benefits See Federal Rule of Evidence 404(b) and 406. Rule 404 permits such

evidence as proof of motive etc. Rule 406 permits this evidence as a routine practice of an organization. This request is relevant under Federal Rule of Evidence 401

**Request No. 58:** Please produce any letters received by those insured by UNUM from January 1, 1995 to the present who protested and/or appealed the denial of their disability benefits.

Not one document is provided to the plaintiff in the response.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. You asked for information regarding the disposition of this case in your discovery. Moreover, my investigation reveals that UNUM has a habit of making fraudulent criminal assertions against persons who make a claim for benefits. See Federal Rule of Evidence 404(b) and 406 Rule 404(b) permits such evidence as proof of motive, etc. Rule 406 permits this evidence as a routine practice of an organization.

Also, this information is relevant to your depth of animus against the plaintiff and malicious prosecution.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

This request is relevant under Federal Rule of Evidence 401. Please provide within ten days.

**Request No. 59:** Please produce a curriculum vitae for Nancy Olds regarding her training and education as a "Disability Benefit Analyst."

You list this person as a person likely to have discoverable information in initial disclosure.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD "assisted in investigation of Brooks claim". In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial

The plaintiff asserts that the failure to provide any documents gives evidence that the defendants answer does not have evidentiary support in violation or Federal Rule of Civil Procedure 11(b)(3).

Provide all documents within ten days.


**Request No. 60:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Cynthia Bellefountaine.

Not one document is provided to the plaintiff in the response.


You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege Please provide within ten days

Your assertion that the information is exempted for disclosure under Article

1 10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code  My review of the code does not indicate that there is a civil discovery exemption

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You list this person as a person likely to have discoverable information in your initial disclosures 1(31) and state he "assisted in UNUM Life's investigation of Brook's claim."

**Request No. 61:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee  Jim Bilodeau.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege.  Please provide within ten days

See Federal Rule of Evidence 401 regarding relevance

Your assertion that the information is exempted for disclosure under Article 1 10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code  My review of the code does not indicate that there is a civil discovery exemption

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues  You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life investigation of Brook's claim" in initial disclosure1(33)

**Request No. 62:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Nancy E. Bogg, VCM.

Not one document is provided to the plaintiff in the response.

You list this person as a person likely to have discoverable information in your initial disclosure in that she "assisted in UNUM Life's investigation." See 1(33).

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege.

Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:   that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

**Request No. 63:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM-agent employee: Constance M. Cardamone.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . will enable other parties to assess the applicability of the

privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days

Also, this information is relevant to your depth of animus against the plaintiff and malicious prosecution.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim" in your initial disclosures 1(34).

**Request No. 64:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Jon Colson.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1 10D of the Texas Insurance Code is meritless as is exhibited by the fact that

you did not quote the section of the code, nor did you quote from the code.  My review of the code does not indicate that there is a civil discovery exemption

**Request No. 65:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Marie Cutting, RN, BSN, CRRN.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection."  You have filed to describe the nature of these documents and therefore you have waived the privilege.  Please provide within ten days.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code.  My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case  the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(35).

**Request No. 66:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Richard G. Day, M.D.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption   Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in

a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code  My review of the code does not indicate that there is a civil discovery exemption.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(36).

**Request No. 67:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Shannon Denbow.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code.  My

review of the code does not indicate that there is a civil discovery exemption.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(37).

**Request No. 68:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee Denise Houser.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that  . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(38).

**Request No. 69:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Karen Keene.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the

privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the information is exempted for disclosure under Article 1 10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(39).

**Request No. 70:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Don Lagravinese.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the information is exempted for disclosure under Article 1 10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim n your initial disclosures 1(40).

**Request No. 71:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee  Nancy L. Minor.

Not one document is provided to the plaintiff in the response

You assert the attorney-client" privilege and the "attorney-work product exemption  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that   .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1 10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code  My review of the code does not indicate that there is a civil discovery exemption

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(42)

**Request No. 72:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent-employee  Nancy K Olds

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection " You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(42).

**Request No. 73:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Sean Sullivan.

Not one document is provided to the plaintiff in the response.

You assert the "attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(43)

**Request No. 74**: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Sheldon White.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues You have therefore waived this objection

Your assertion that the information is exempted for disclosure under Article 1 10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code My review of the code does not indicate that there is a civil discovery exemption.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(44).

Please produce all requested documents within ten days or notify my office if you cannot comply within ten days.

Sincerely,

Mark A. Di Carlo

# EXHIBIT "I"

P. 01

THEFT  Sec. 31.09(2)(A) AND INSURANCE FRAUD
~~DOB: 1-08-59~~

File

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron and State aforesaid, duly organized as such at the JANUARY Term, 2001 of the 197TH Judicial District in and for said County, upon their oaths in said Court, present that **KAREN ELIZABETH BROOKS**, hereinafter called the Defendant, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, pursuant to one scheme or continuing course of conduct that began on or about **the 13th day of August, 1998**, and continued until on or about **the 11th day of February, 1999**, unlawfully appropriate, by acquiring or otherwise exercising control over property, to-wit **United States Currency** , from SEAN SULLIVAN, the owner thereof, with intent to deprive the owner of the property, and the aggregate value of the property obtained was **$20,000.00 or more but less than $100,000.00,**



### COUNT II

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that KAREN ELIZABETH BROOKS,  hereinafter called the Defendant, pursuant to one scheme or continuing course of conduct than began on or about **the 5th day of July, 1998** and continued until on or about **the 23rd day of February, 1999**, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, with intent to defraud or deceive an insurer, namely, SEAN SULLIVAN, **cause to be prepared or present to said insurer** in support of a claim for payment under a health insurance policy, the value of said claim being **$20,000.00 or more but less than $100,000.00**, a statement that the defendant knew contained false or misleading information concerning a matter affecting the right of the **Defendant** to a payment, said false or misleading information being the Defendant's answers to question No. 3 "Since your last report, have you performed any of the duties of your occupation or profession?" on the Insured's Progress statement, and the matter was material to the claim.

against the peace and dignity of the State.

_Emily Kay Keey_
Foreman of the Grand Jury

# 01-CR-0424-A

# EXHIBIT "J"

P. 01

# IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS

## _10-j^TH_ JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| VS. | § | NO. _Cr Cr 484 A_ |
| _Karen Elizabeth Brush_ | § | |

### MOTION TO DISMISS

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST CLERK

**AUG 14 2001**

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

TO THE SAID HONORABLE COURT:

NOW COMES the State of Texas by and through h~~is Assistant District~~ Attorney and moves the Court to dismiss the above entitled and numbered cause for the reason that:

_____ 1.   The evidence is insufficient
_____ 2.   The defendant was convicted in another cause
_____ 3.   The complaining witness has requested dismissal
_____ 4.   The cause has been re-indicted and re-filed
_____ 5.   Case dismissed – operation of law (P.C. 12.45)
_____ 6.   Subsequent investigation shows defendant is a juvenile
_____ 7.   Indictment alleges alternative counts, defendant pleaded
          guilty to one count
_____ 8.   Multi-count indictment, defendant pleaded guilty to one or
          more counts
_____ 9.   Necessary witness (es) cannot be located
_____ 10.  Evidence suppressed or suppressible
_____ 11.  Other

and for cause would show the Court the following:

_Due to the possible differing interpretations of the language in the consensus document signed by the Defendant, "once you last report, have you performed any of the duties of your occupation or profession." There is no dispute that she would discharge and did perform any of the duties of a full time physician as before. Therefore, the State declines continuation of criminal prosecution._

Respectfully submitted,

_[signature]_

**Assistant District Attorney**

### ORDER

The above entitled and numbered cause is hereby dismissed on the foregoing motion for the reasons herein above stated.

ENTERED this ___15th___ day of _____Aug_____, 2001.

_[signature]_

**JUDGE**

8/15/01 COPIES TO;
DA'S OFFICE
HON. ED CYGANIEWICZ

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
AUG 15 2001
DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

# EXHIBIT "K"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KAREN BROOKS                        §
                                    §
VS.                                 §        CIVIL ACTION NO. B-01-052
                                    §
UNUM PROVIDENT CORPORATION          §
AND UNUM LIFE INSURANCE             §
COMPANY OF AMERICA                  §

**DECLARATION OF MARK A. DI CARLO
IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

1.      My name is Mark A. Di Carlo. I am over the age of eighteen years and am
competent and I have never been convicted of a felony or misdemeanor.


2.      I am an attorney licensed by the State of Texas and have been licensed since
1985. My state bar number 05812510. I am admitted to practice before the United
States District Courts for the Southern District of Texas;  the United States Court of
Appeals for the Fifth Circuit and the U.S. Supreme Court. I have handled cases in all
these courts. One third of my practice is in civil litigation. I have sued UNUM on one
prior occasion. I am familiar with the reasonable fees charged by attorneys in Texas for
work similar to that involved in this case and specifically researching and drafting
Plaintiff's Response to Defendant's Motion for Attorney's Fees.


3.      In determining my fees and the fees charged by Figari & Davenport in their
"Defendant's Motion for Attorney's Fees," I have considered the following factors:

(a) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

(b) the likelihood that the acceptance of the particular employment would preclude other employment;

(c) the fee customarily charged in the locality for similar legal services;

(d) the amount involved and the results obtained;

(e) the time limitations imposed by the client or by the circumstances;

(f) the nature and length of the professional relationship with the client;

(g) my experience, reputation, and ability in performing the services; and

(h) whether the fee is fixed or contingent.


4.      On November 7, 2001 Mark A. Di Carlo filed the Motion for Protective Order, in which counsel sought an order limiting defendant to 30 requests for production and recovery of his attorney's fees because of the duplicity and harassing nature and the number of hours upon which it would take to respond along with the interrogatories posed at the same time. I withdrew the motion on November 19, 2001 because I was able to respond timely to the 11 interrogatories and 88 requests for production.


5.      Attached hereto as **Exhibit A** is a true and correct copy of the 14.4 billable hours of the invoice for professional services rendered by Mark A. Di Carlo in responding to the Defendant's Motion for Attorney Fees

6.     The motion for protective order was necessary because of the number of frivolous and duplicitous 88 requests which were served 11 interrogatories. I withdrew the motion because I was able to respond and object timely and decided not to bother the court with the motion. Instead of the defendant being grateful for the withdrawal of a merited plaintiff's motion they took the occasion to attempt to obtain attorneys fees.

7.     The fees charged by Mark A. Di Carlo in filing the "Plaintiff's Response to Defendant's Motion for Attorney's Fees" are the fees customarily charged for similar legal services by attorney's in South Texas. The hourly rate of $120.00 per hour is an hourly fee customarily in Texas. The response was necessitated by the defendant's filing what I believe is not a warranted request for attorney's fees.

8.     It is my opinion, based upon my experience, knowledge, training and education the attorney's fees charged by Figari & Davenport to Defendants in relation to attorney's fees generally charged for the same or similar work in South Texas are not reasonable, and the fees were not necessarily incurred because 1) The motion for attorney's fees was unnecessary; 2) The plaintiff's Motion for Protective Order was caused by their filing 88 duplicitous and harassing requests for production concurrent with 11 interrogatories; 3) 4.8 number of hours was to review discovery which the defendant would have had to review anyway; 4) $190.00 an hour is not the customary hourly billing for competent attorney's fees in and around the South Texas area and an excessive amount of money for attorney's fees.

I declare that the foregoing is true and correct.

EXECUTED on this ___|\___ day of February, 2002.

Mark A. Di Carlo

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

KAREN BROOKS                           §
                                       §
VS.                                    §          CIVIL ACTION NO. B-01-052
                                       §
UNUM PROVIDENT CORPORATION             §
AND UNUM LIFE INSURANCE                §
COMPANY OF AMERICA                     §

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B)

The Court having considered plaintiff's response to Defendant's Motion for

Attorney's Fees finds as follows: 1) The Plaintiff's Motion for Attorney's Fees is

GRANTED/DENIED; 2) The plaintiff is awarded $1,728.00 in attorney's fees or

_____ in attorney's fees within five days of the entry of this judgment.

SIGNED this ____ day of _____, 2002.


                        _____
                        UNITED STATES DISTRICT JUDGE

# EXHIBIT "A"

## Billing Summary

| | |
|---|---|
| 1/18/02 | 2.2 hours- Received review and started draft, reviewed Plaintiff's Motion for Attorney's Fees and draft letter |
| 2/06/02 | 4.2 hours- Draft Motion and file review |
| 2/07/02 | 4.4 hours- Draft Motion and file review |
| 2/08/02 | 2.0 hours- Draft and review |
| 2/11/02 | 1.4 hours- Final draft and mailing |

**TOTAL**: 14.2 hrs. x 120= $1,704.00