IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-052 |
| | § | |
| UNUM PROVIDENT CORPORATION | § | |
| AND UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |

MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF:
SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D.,
P.A.; WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST
RIO VALLEY MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER;
TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, PC.;
JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA

1.  The plaintiff moves to Quash and/or modify the subpoenas of Susan Ander, M.D.; Helson Pacheco, M.D.; Madhaven Pisharodi, M.D., P.A.; William Valverde, M.D.; Brownsville Medical Center; First Rio Valley Medical Center; HCA Valley Regional Medical Center; Texas Back Institute; Valley Pain Center; David K. Drefke, P.C.; John Williams, P.C., CPA; and Zamora & Terrones, CPA pursuant to Federal Rule of Civil Procedure 45(c)(3)(A).

**MEDICAL RECORDS SUBPOENAS**

2.  The documents in subpoenaed requested regarding Karen Brook's medical records from Susan Ander, M.D., Helson Pacheco, M.D., Madhaven Pisharodi, M.D., P.A.; William Valverde, M.D.; Brownsville Medical Center; First Rio Valley Medical Center; HCA Valley Regional Medical Center; Texas Back Institute; Valley Pain Center

contain no limitation as to: dates requested; records regarding injuries related to this suit; without limitation regarding the accident at issue and/or the disability made the basis of this suit; without limitation as to records produced.

3. The subpoenas' request records between Brooks and "any insurance provider or entity" that are not relevant to this suit. Reasonable steps were not taken by opposing counsel to avoid imposing undue burden or expense on the plaintiff's medical provider under Fed.R.Civ.Pro. 45(c)(1) and Brooks' counsel which are privileged. Any subpoenaed records between Brooks' attorney and the physician would necessarily be trial preparation materials and/or trial privileged.

4. The subpoenas do not properly designate documents in accordance with Federal Rule of Civil Procedure 45(a)(1)(C).

5. The subpoenas' requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party. Fed.R.Civ.Pro. 45(c)(3)(B)(ii). Therefore, the unretained expert's opinion reports which do not describe events in dispute are not subject to subpoena.

6. As evidence of the notice of the subpoenas duces tecum the plaintiff calls attention to **Exhibit A-L, page 3** which are all identical with **no specificity** regarding requested dates or requested records: Dr. William Valverde, HCA Valley Regional

Medical Center, First Rio Valley Medical, Brownsville Medical Center, Valley Pain Center, Texas Back Institute, Dr. Madhaven Pisharodi, M.D., P.A., Helson Pacheco, M.D. and Susan Ander, M.D.  See **Exhibit's A-L**.

## ACCOUNTANTS

7. The defendant requests records from David K. Drefke, P.C., Zamora & Terrones, CPS, John Williams, P.C., which are all identical documents and which makes requests without any time limitation in paragraph 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14.

8. The defendant requests documents from Drefke & Williams & Terrones between Brooks and "any of the attorneys for Brooks or the Brooks entities "in paragraph 11" in violation of the attorney client privilege.

9. The defendant requests documents from Drefke & Williams & Terrones in paragraph 14 which are not relevant to this suit such as: documents concerning Brooks and any state or federal government agency.

10. The documents requested are not relevant to this case such as "Brooks affiliation or employment with the Brooks entities." Par. 4 and, Employee benefit plans in paragraph 5.

11. The subpoenas' requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from

the expert's study made not at the request of any party. Fed.R.Civ.Pro. 45(c)(3)(B)(ii). Therefore, the unretained expert's opinion reports which do not describe events in dispute are not subject to subpoena.

12. Documents regarding the payment of health, life or disability insurance policy is requested in paragraph 6 & 7 of Brooks or Brooks entities is requested from Drefke, Williams & Terrones. Paragraph 8 requests documents concerning any advice given by Drefke, Williams & Terrones to Brooks regarding employee benefit plans, the premiums or their taxability. Paragraph 9 requests IRS documents. Paragraph 10 requests documents between Brooks and medical providers. Paragraph 11 requests documents between Brooks and her attorneys which are privileged. Paragraph 12 requests all documents between Brooks and Drefke & Williams & Terrones and anyone else by anyone "representing Brooks" whether they have anything to do with the case or not. Paragraph 13 requests documents between Brook and "any insurance provider" without specifying her back injury or any other words of limitation such as regarding disability. Paragraph 14 requests documents between Brooks and Federal agencies not related to her disability and/or her lawsuit.

13. As further evidence of the bad faith of the defendants in requesting these documents the plaintiff calls the courts attention to the fact that the subpoena is the same for: David K. Drefke, P.C., Zamora & Terrones, CPS, and John Williams, P.C., CPA. See **Exhibit M, N, O**. The plaintiff objects to the request for privileged and irrelevant documents as to Zamora & Terrones, CPS and John Williams, PC, CPA for the reasons

asserted in paragraph 11 and 12.

14. No attempts nor conferences were made with the plaintiff to determine whether or not these documents were agreed upon. The plaintiff asserts these subpoenas constitute a pattern of bad faith against the plaintiff both in terms of discovery and personal animus.

15. The requested generic documents are an attempt to circumvent permissible discovery under Federal Rule of Civil Procedure 26(b).

16. The motion should be granted for the following reasons:

    1) Attorney Client Privilege;

    2) Physician Patient Privilege;

    3) Right to privacy under U.S. Constitution and/or Texas Constitution;

    4) The documents request are not relevant to the suit and are not calculated to lead to discoverable information;

    5) The request is a pattern of abuse attempting to embarrass and intimidate the plaintiff which began with a false grand jury indictment;

    6) The documents requested are an attempt to permissible discovery under Federal Rule of Civil Procedure 26(b);

    7) The documents are not limited by any time periods;

    8) The documents are not specified in any manner;

    9) The documents do not describe events or occurrences in dispute.

17. **PRAYER**, the plaintiff prays for one, or more, of the following:

1) All subpoena's shall be quashed;

2) The subpoena's be modified to specify relevant issues regarding this lawsuit such as whether or not the claimant is disabled under the terms of the policy from her occupation as a podiatrist;

3) The subpoena's be modified to reasonably specify the books and documents requested;

4) The subpoena's be reasonably modified to specify dates for one or two years preceding the date of disability to the present;

5) That any documents regarding any communication between Brooks and her attorney be protected and eliminated in the request for the subpoena's;

6) The subpoenas' be limited to Discovery documents permissible under Federal Rule of Civil Procedure 26(b).

7) All requested documents be reasonably specified such other and further relief to which the plaintiff may be entitled.

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF CONSULTATION

Plaintiff's counsel served this motion by certified mail and fax on Andrew Whitaker on February 15, 2002. On February 15, 2002, I notified opposing counsel that I would file this motion unless I heard from him by 12:00 noon on February 15, 2002.

Respectfully submitted,

_____
Mark A. Di Carlo
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No. 6839