

United States District Court
Southern District of Texas
FILED

FEB 2 1 2002

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

KAREN BROOKS          §
         §
VS.          §      CIVIL ACTION NO. B-01-052
         §
UNUM PROVIDENT CORPORATION     §
AND UNUM LIFE INSURANCE      §
COMPANY OF AMERICA        §

### MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF: MCALLEN MEDICAL CENTER, DOLLY VINSANT MEMORIAL HOSPITAL, HEALTHSOUTH-BROWNSVILLE SURGICARE, HCA VALLEY REGIONAL MEDICAL CENTER, AND, BROWNSVILLE MEDICAL CENTER

1.     The plaintiff moves to Quash and/or modify the subpoenas of  McAllen Medical Center, Dolly Vinsant Memorial Hospital, Healthsouth-Brownsville Surgicare, HCA Valley Regional Medical Center, and Brownsville Medical Center pursuant to Federal Rule of Civil Procedure 45(c)(3)(A).

2.     The     subpoenas request a variety of documents regarding Karen Brooks', operations, personnel files, and personal files while in a professional relationship  at these health facilities: McAllen Medical Center, Dolly Vinsant Memorial Hospital; Healthsouth-Brownsville Surgicare, HCA Valley Regional Medical Center; and Brownsville Medical Center.  The subpoenas contain requests for records which are not the basis of this lawsuit; are not relevant to this lawsuit; are confidential and privileged; which require the health care facilities to  make a subjective evaluation regarding which documents are privileged; are a violation of the plaintiff's right to privacy under the United States Constitution and the Texas Constitution; which are vague and nonspecific;

and, which contain no time limitation in requests 3 through 9.

3.      Request No. 3 of each subpoena is not relevant nor discoverable and is an attempt to embarrass the plaintiff in that it requests "non privileged documents in . . . . credentialing file concerning Brooks." The request is not discoverable and attempt to embarrass and humiliate the plaintiff and is an invasion of her right to privacy under the Texas Constitution and U.S. Constitution. Brooks "credentialing" files at the medical facilities is not a defense to this suit nor are they relevant to any of the numerous affirmative defenses asserted by the defendant.

4.      Request No. 5 requests "non privileged documents concerning any complaints, disciplinary actions or reprimands concerning Brooks". The request is not relevant, not discoverable, violates the plaintiff's privacy and is an attempt to embarrass the plaintiff or raise frivolous matters in defense upon which the claim was not denied. Also the defendant has refused to cooperate in Discovery regarding their own criminal actions and/or criminal activities of their agents and or their fraud in denial of claims, and or violations of the Texas Insurance Code. Therefore, in equity the same line of evidence is nondiscoverable by the defendant.

5.      Request No. 6 requests "All non privileged documents concerning expiration revocation, or termination of Brooks privileges . . . . " This request is not relevant, not discoverable, an attempt to embarrass and humiliate the plaintiff and is an invasion of privacy under the Texas Constitution and U.S. Constitution.. Brooks privileges at various health care facilities are not relevant nor do they constitute the reason for the denial of benefits nor one of the numerous affirmative defenses asserted by the defendant. The plaintiff objects that this matter is not limited to any period of time involving the suit.

Also the defendant has refused to cooperate in Discovery regarding their own criminal actions and/or criminal activities of their agents and or their fraud in denial of claims, and or violations of the Texas Insurance Code. Therefore, in equity the same line of evidence is nondiscoverable by the defendant.

6.      Request No. 7 requests documents concerning Brooks between the medical facility and her counsel. The requests documents are attorney-client privileged not relevant, not discoverable, and invade her right to privacy under the U.S. Constitution and Texas Constitution. Moreover, the request does not specify any matters whether they are pertaining to the IRS, to suits, to insurance. The request is an attempt to embarrass and humiliate the plaintiff in what may be referred to as a fishing expedition to attack the plaintiff as they have in the past. The plaintiff objects that this matter is not limited to any period of time involving the suit. Moreover, the defendant has refused to submit requested discovery documents between the current counsel for UNUM, Whitaker and Butler, with UNUM despite Mr. Whitaker's statement to the court that he has been representing UNUM. There is an apparent conflict of interest that Whitaker and Butler may have in their  ongoing legal representation  with UNUM in UNUM repeatedly denying claims and/or the ongoing malicious prosecution of claimant's by indictment. Whitaker and Butler have refused to reveal their possible conflict of interest due to financial interests with UNUM

Therefore, inequity these documents should be exempt from discovery by the defendant UNUM.

7.      Request No. 8 request documents between Brooks and any insurance entity. The requests documents are privileged not relevant, not discoverable, and invade Brooks right

to privacy under the U.S. Constitution and Texas Constitution. Moreover, the request does not specify any matters whether they are pertaining to insurance regarding disability, property insurance.. The request is an attempt to embarrass and humiliate the plaintiff in what may be referred to as a fishing expedition to attack the plaintiff as they have in the past. The plaintiff objects that this matter is not limited to any period of time involving the suit.

8.     Request No. 9 requests documents between Brooks and any state or Federal government agency. The requests documents are privileged not relevant, not discoverable, and invade her right to privacy under the U.S. Constitution and Texas Constitution. Moreover. the request does not specify any matters whether they are pertaining to matters relevant to this suit, IRS matters, or something as irrelevant as property taxes. The request is an attempt to embarrass and humiliate the plaintiff in what may be referred to as a fishing expedition and an aggressive course of action which the defendant has a habit of pursuing against persons who make lawful claims against their company. Moreover, the defendant has refused to cooperate in discovery regarding investigation by government and state agencies against UNUM for possible RICO violations and or violations of criminal law and statutes. Also, the defendant has refused to cooperate in discovery with the plaintiff regarding information they provided to state and government agencies which resulted in the indictment of Brooks which was dismissed.

9. Reasonable steps were not taken by opposing counsel to avoid imposing undue burden or expense on the  medical providers under Fed.R.Civ.Pro. 45(c)(1).

10.    The subpoenas do not properly designate documents in accordance with Federal Rule of Civil Procedure 45(a)(1)(C).

11.    As evidence of the notice of the subpoenas duces tecum the plaintiff calls attention to **Exhibit A-E,** which are all identical with <u>no specificity in requests number 3 through 9</u> regarding requested dates and no specificity regarding discoverable matters at issue in the suit.:    McAllen Medical Center, Dolly Vinsant Memorial Hospital, Healthsouth-Brownsville Surgicare, HCA Valley Regional Medical Center, Brownsville Medical Center.  See **Exhibit's A-E.**

12.    No attempts nor conferences were made with the plaintiff to determine whether or not these documents were agreed upon.    The plaintiff asserts these subpoenas constitute a pattern of bad faith against the plaintiff both in terms of discovery and personal animus against the plaintiff which is exhibited by an indictment against the plaintiff which was dismissed and an attempt to smear and destroy a professional woman with no criminal   history while hiding their agents own criminal history.

13.    The requested generic documents requested are an attempt to circumvent permissible discovery under Federal Rule of Civil Procedure 26(b).

14.    The motion should be granted for the following reasons:

    1)    Attorney Client Privilege;

    2)    Physician Patient Privilege;

    3)    Right to privacy under  U.S. Constitution  and/or Texas Constitution;

    4)    The documents request are not relevant to the suit and are not calculated to lead to discoverable information;

    5)    The request is a pattern of abuse attempting to embarrass and intimidate

the plaintiff which began with a false grand jury indictment;

6)      The documents requested are an attempt to permissible discovery under Federal Rule of Civil Procedure 26(b);

7)      The documents requested in request no. 3 through 9 are not limited by any time periods;

8)      The documents are not specified in any manner;

9)      The documents do not describe events or occurrences in dispute.

15.   **PRAYER**, the plaintiff prays for one, or more, of the following:

1)      All subpoenas' shall be quashed;

2)      The subpoenas' be modified to specify relevant issues regarding this lawsuit such as whether or not the claimant is disabled under the terms of the policy from her occupation as a podiatrist;

3)      The subpoena's be modified to reasonably specify the books and documents requested;

4)      The subpoena's be reasonably modified in request 3 through 9 to specify dates for one or two years preceding the date of disability to the present;

5)      That any documents regarding any communication between Brooks and her attorney be protected and eliminated in the request for the subpoena's;

6)      The subpoenas' be limited to Discovery documents permissible under Federal Rule of Civil Procedure 26(b).

7)      All requested documents be reasonably specified.

8)      Such other and further relief to which the plaintiff may be entitled

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF CONSULTATION

Plaintiff's counsel served this motion by certified mail and fax on Andrew Whitaker on February 20, 2002. Due to the time period constraints, the plaintiff could not wait longer than the end of the business day to her back a communication for Mr. Whitaker, and no communication was made by 12:00 p.m. On Wednesday February 20, 2002.

Respectfully submitted,

Mark A. Di Carlo
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No. 6839

# EXHIBIT "A"

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
__SOUTHERN__ _____ DISTRICT OF _____ __TEXAS__      FEB 15 2002
### MCALLEN DIVISION

KAREN BROOKS,
      Plaintiff,

    **V.**

UNUMPROVIDENT CORPORATION, ET AL.,
      Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    B-01-052

(S.D. Tex; Brownsville Division)

TO:    **CUSTODIAN OF RECORDS OF MCALLEN MEDICAL CENTER**
       **301 West Expressway 83, McAllen, Texas 78503, 956-632-4074**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE EXHIBIT A ATTACHED HERETO.

| PLACE | **301 West Expressway 83** | DATE AND TIME | **FRIDAY** |
|---|---|---|---|
| | **McAllen, Texas 78503** | **MARCH 8, 2002** | **10:00 A.M.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Andrew C Whitaker_     **ATTORNEY FOR DEFENDANTS** | 2-12-02 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**ANDREW C. WHITAKER, FIGARI DAVENPORT & GRAVES, L.L.P.,**
**3400 BANK OF AMERICA PLAZA, 901 MAIN STREET, DALLAS, TEXAS 75202, 214-939-2000**

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)
[1] If action pending in district other than district of issuance, state district under case number.

# EXHIBIT A

## I. *DEFINITIONS*

1.    *Brooks* shall mean or refer to Karen Brooks, whose Social Security number is 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 and whose date of birth is 10/08/1959.

2.    *Brooks Entities* shall mean or refer to Karen E. Brooks, D.P.M., P.A., and any other entity that Brooks owns, in whole or in part, or controls, in whole or in part, and shall include their parents, subsidiaries, divisions, affiliates, agents, employees, partners, and representatives.

3.    *McAllen* shall mean or refer to McAllen Medical Center.

4.    *Document* shall mean any kind of written, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or neither, including originals, nonidentical copies (whether different from the originals because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to:  (1) papers; (2) books; (3) letters; (4) correspondence; (5) telegrams; (6) cables; (7) telex messages; (8) memoranda; (9) notes; (10) notations; (11) work papers; (12) transcripts; (13) minutes; (14) reports and recordings of telephone and other conversations or other interviews, or of conferences or other meetings; (15) affidavits; (16) statements; (17) summaries; (18) opinions; (19) reports; (20) studies; (21) analyses; (22) evaluations; (23) contracts; (24) agreements; (25) ledgers; (26) journals; (27) statistical records; (28) desk calendars; (29) appointment books; (30) diaries; (31) lists; (32) tabulations; (33) sound recordings; (34) computer printouts; (35) data processing records; (36)

*EXHIBIT A* – **Page 1**

microfilm or microfiche; (37) photographs; (38) maps; (39) charts; (40) accounts; (41) financial statements and reports thereof; (42) all records kept by electronic, photographic, or mechanical means; (43) electronic mail or e-mail; and (44) things similar to any of the foregoing, however denominated.

5.      *Concerning* shall mean relating to, referring to, describing, evidencing, or constituting.

## II. *DOCUMENTS REQUESTED*

1.      A list or printout of all surgical procedures performed by Brooks at McAllen from January 1, 1997 to the present, including, without limitation, lists or printouts setting forth the number of patients; the number of procedures; the dates of the procedures; and a description of each procedure performed or, if the procedure is identified by an internal code, a descriptive Brooks identifying each procedure and its code.

2.      All documents (including, without limitation, all W-2 and 1099 forms) concerning any fees, compensation, or wages paid to Brooks or the Brooks Entities by McAllen from January 1, 1997 to the present.

3.      All non-privileged documents in McAllen's credentialing file and personnel file concerning Brooks.

4.      All non-privileged documents concerning any original and renewal applications, including any supporting documents, submitted by Brooks for privileges at McAllen.

5.      All non-privileged documents concerning any complaints, disciplinary actions, or reprimands concerning Brooks.

*EXHIBIT A* – **Page 2**

6.      All non-privileged documents concerning any expiration, suspension, revocation, or termination of Brooks's privileges at McAllen.

7.      All documents concerning Brooks or the Brooks Entities between and among McAllen, on the one hand, and Brooks, Brooks's counsel, or the Brooks Entities' counsel, on the other hand.

8.      All documents concerning Brooks or the Brooks Entities between and among McAllen, on the one hand, and any insurance provider or entity, on the other hand.

9.      All documents concerning Brooks or the Brooks Entities between and among McAllen, on the one hand, and any state or federal governmental agency or entity, on the other hand.

## *CERTIFICATE OF SERVICE*

I certify that a true and correct copy of the foregoing document was sent by certified

mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth

Street, Corpus Christi, Texas 78704, on this ___24th___ day of February 2002.


Andrew C Whitaker

_____
Andrew C. Whitaker


*CERTIFICATE OF SERVICE* – **Solo Page**

EXHIBIT "B"

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN _____ DISTRICT OF _____ TEXAS



### BROWNSVILLE DIVISION

KAREN BROOKS,
     Plaintiff,

## SUBPOENA IN A CIVIL CASE

## V.

CASE NUMBER:[1]    B-01-052

UNUMPROVIDENT CORPORATION, ET AL.,
     Defendants.

TO:    CUSTODIAN OF RECORDS OF DOLLY VINSANT MEMORIAL HOSPITAL
       PO Box 42, San Benito, Texas 78586, 956-365-5390

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE EXHIBIT A ATTACHED HERETO.

| PLACE | 400 East 77 Sunshine Strip | DATE AND TIME | FRIDAY |
|---|---|---|---|
|  | San Benito, Texas 78586 | MARCH 8, 2002 | 10:00 A.M |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Andrew C. Whitaker*   ATTORNEY FOR DEFENDANTS | 2-12-02 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ANDREW C. WHITAKER, FIGARI DAVENPORT & GRAVES, L.L.P.,
3400 BANK OF AMERICA PLAZA, 901 MAIN STREET, DALLAS, TEXAS 75202, 214-939-2000

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)
[1] If action pending in district other than district of issuance, state district under case number

# EXHIBIT A

## I. *DEFINITIONS*

1.     *Brooks* shall mean or refer to Karen Brooks, whose Social Security number is 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 and whose date of birth is 10/08/1959.

2.     *Brooks Entities* shall mean or refer to Karen E. Brooks, D.P.M., P.A., and any other entity that Brooks owns, in whole or in part, or controls, in whole or in part, and shall include their parents, subsidiaries, divisions, affiliates, agents, employees, partners, and representatives.

3.     *Dolly Vinsant* shall mean or refer to Dolly Vinsant Memorial Hospital.

4.     *Document* shall mean any kind of written, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or neither, including originals, nonidentical copies (whether different from the originals because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to:  (1) papers; (2) books; (3) letters; (4) correspondence; (5) telegrams; (6) cables; (7) telex messages; (8) memoranda; (9) notes; (10) notations; (11) work papers; (12) transcripts; (13) minutes; (14) reports and recordings of telephone and other conversations or other interviews, or of conferences or other meetings; (15) affidavits; (16) statements; (17) summaries; (18) opinions; (19) reports; (20) studies; (21) analyses; (22) evaluations; (23) contracts; (24) agreements; (25) ledgers; (26) journals; (27) statistical records; (28) desk calendars; (29) appointment books; (30) diaries; (31) lists; (32) tabulations; (33) sound recordings; (34) computer printouts; (35) data processing records; (36)

*EXHIBIT A* – Page 1

microfilm or microfiche; (37) photographs; (38) maps; (39) charts; (40) accounts; (41) financial statements and reports thereof; (42) all records kept by electronic, photographic, or mechanical means; (43) electronic mail or e-mail; and (44) things similar to any of the foregoing, however denominated.

5. *Concerning* shall mean relating to, referring to, describing, evidencing, or constituting.

## II. *DOCUMENTS REQUESTED*

1. A list or printout of all surgical procedures performed by Brooks at Dolly Vinsant from January 1, 1997 to the present, including, without limitation, lists or printouts setting forth the number of patients; the number of procedures; the dates of the procedures; and a description of each procedure performed or, if the procedure is identified by an internal code. a descriptive Brooks identifying each procedure and its code.

2. All documents (including, without limitation, all W-2 and 1099 forms) concerning any fees, compensation, or wages paid to Brooks or the Brooks Entities by Dolly Vinsant from January 1, 1997 to the present.

3. All non-privileged documents in Dolly Vinsant's credentialing file and personnel file concerning Brooks.

4. All non-privileged documents concerning any original and renewal applications, including any supporting documents, submitted by Brooks for privileges at Dolly Vinsant.

5. All non-privileged documents concerning any complaints. disciplinary actions. or reprimands concerning Brooks.

*EXHIBIT A* – **Page 2**

6.     All non-privileged documents concerning any expiration, suspension, revocation, or termination of Brooks's privileges at Dolly Vinsant.

7.     All documents concerning Brooks or the Brooks Entities between and among Dolly Vinsant, on the one hand, and Brooks, Brooks's counsel, or the Brooks Entities' counsel, on the other hand.

8.     All documents concerning Brooks or the Brooks Entities between and among Dolly Vinsant, on the one hand, and any insurance provider or entity, on the other hand.

9.     All documents concerning Brooks or the Brooks Entities between and among Dolly Vinsant, on the one hand, and any state or federal governmental agency or entity, on the other hand.

## *CERTIFICATE OF SERVICE*

I certify that a true and correct copy of the foregoing document was sent by certified

mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth

Street, Corpus Christi, Texas 78704, on this 12th day of February 2002.


Andrew C. Whitaker

_____

Andrew C. Whitaker

EXHIBIT "C"

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN ___ DISTRICT OF ___ TEXAS
### BROWNSVILLE DIVISION

FEB 1~ 2002

KAREN BROOKS,
       Plaintiff,

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER:[1]     B-01-052

UNUMPROVIDENT CORPORATION, ET AL.,
       Defendants.

TO:    CUSTODIAN OF RECORDS OF HEALTHSOUTH-BROWNSVILLE SURGICARE
       **1024 LOS EBANOS BOULEVARD, BROWNSVILLE, TEXAS 78520, 956-548-0101**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE EXHIBIT A ATTACHED HERETO.

| PLACE | 1024 Los Ebanos Boulevard | DATE AND TIME | **FRIDAY** |
|---|---|---|---|
|  | Brownsville, Texas 78520 | **MARCH 8, 2002** | **10:00 A.M.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Andrew C Whitaker*   **ATTORNEY FOR DEFENDANTS** | 2-12-02 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**ANDREW C. WHITAKER, FIGARI DAVENPORT & GRAVES, L.L.P.,**
**3400 BANK OF AMERICA PLAZA, 901 MAIN STREET, DALLAS, TEXAS 75202, 214-939-2000**

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)
[1] If action pending in district other than district of issuance, state district under case number.

# EXHIBIT A

## I. *DEFINITIONS*

1.      *Brooks* shall mean or refer to Karen Brooks, whose Social Security number is 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 and whose date of birth is 10/08/1959.

2.      *Brooks Entities* shall mean or refer to Karen E. Brooks, D.P.M., P.A., and any other entity that Brooks owns, in whole or in part, or controls, in whole or in part, and shall include their parents, subsidiaries, divisions, affiliates, agents, employees, partners, and representatives.

3.      *Surgicare* shall mean or refer to Healthsouth-Brownsville Surgicare.

4.      *Document* shall mean any kind of written, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or neither, including originals, nonidentical copies (whether different from the originals because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to:  (1) papers; (2) books; (3) letters; (4) correspondence; (5) telegrams; (6) cables; (7) telex messages; (8) memoranda; (9) notes; (10) notations; (11) work papers; (12) transcripts; (13) minutes; (14) reports and recordings of telephone and other conversations or other interviews, or of conferences or other meetings; (15) affidavits; (16) statements; (17) summaries; (18) opinions; (19) reports; (20) studies; (21) analyses; (22) evaluations; (23) contracts; (24) agreements; (25) ledgers; (26) journals; (27) statistical records; (28) desk calendars; (29) appointment books; (30) diaries; (31) lists; (32) tabulations; (33) sound recordings; (34) computer printouts; (35) data processing records; (36)

*EXHIBIT A* – Page 1

microfilm or microfiche; (37) photographs; (38) maps; (39) charts; (40) accounts; (41) financial statements and reports thereof; (42) all records kept by electronic, photographic, or mechanical means; (43) electronic mail or e-mail; and (44) things similar to any of the foregoing, however denominated.

5.      *Concerning* shall mean relating to, referring to, describing, evidencing, or constituting.

## II. *DOCUMENTS REQUESTED*

1.      A list or printout of all surgical procedures performed by Brooks at Surgicare from January 1, 1997 to the present, including, without limitation, lists or printouts setting forth the number of patients; the number of procedures; the dates of the procedures; and a description of each procedure performed or, if the procedure is identified by an internal code, a descriptive Brooks identifying each procedure and its code.

2.      All documents (including, without limitation, all W-2 and 1099 forms) concerning any fees, compensation, or wages paid to Brooks or the Brooks Entities by Surgicare from January 1, 1997 to the present.

3.      All non-privileged documents in Surgicare's credentialing file and personnel file concerning Brooks.

4.      All non-privileged documents concerning any original and renewal applications, including any supporting documents, submitted by Brooks for privileges at Surgicare.

5.      All non-privileged documents concerning any complaints, disciplinary actions, or reprimands concerning Brooks.

*EXHIBIT A* – Page 2

6.     All non-privileged documents concerning any expiration, suspension, revocation, or termination of Brooks's privileges at Surgicare.

7.     All documents concerning Brooks or the Brooks Entities between and among Surgicare, on the one hand, and Brooks, Brooks's counsel, or the Brooks Entities' counsel, on the other hand.

8.     All documents concerning Brooks or the Brooks Entities between and among Surgicare, on the one hand, and any insurance provider or entity, on the other hand.

9.     All documents concerning Brooks or the Brooks Entities between and among Surgicare, on the one hand, and any state or federal governmental agency or entity, on the other hand.

## *CERTIFICATE OF SERVICE*

I certify that a true and correct copy of the foregoing document was sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this  12th  day of February 2002.

_Andrew C Whitaker_

Andrew C. Whitaker

*CERTIFICATE OF SERVICE* – **Solo Page**

# EXHIBIT "D"

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN _____ DISTRICT OF _____ TEXAS
### BROWNSVILLE DIVISION

FEB 15 2002

KAREN BROOKS,
      Plaintiff,

V.

UNUMPROVIDENT CORPORATION, ET AL.,
      Defendants.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    B-01-052

TO:    CUSTODIAN OF RECORDS OF HCA VALLEY REGIONAL MEDICAL CENTER
      100 A Alton Gloor Road, Brownsville, Texas 78521, 956-350-7721

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE EXHIBIT A ATTACHED HERETO.

| PLACE | 100 A Alton Gloor Road | DATE AND TIME | FRIDAY |
|---|---|---|---|
| | BROWNSVILLE, TEXAS 78521 | MARCH 8, 2002 | 10:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Andrew C Whitaker_    ATTORNEY FOR DEFENDANTS | 2-12-02 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**ANDREW C. WHITAKER, FIGARI DAVENPORT & GRAVES, L.L.P.,**
**3400 BANK OF AMERICA PLAZA, 901 MAIN STREET, DALLAS, TEXAS 75202, 214-939-2000**

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)
[1] If action pending in district other than district of issuance, state district under case number.

# EXHIBIT A

## I. *DEFINITIONS*

1.     *Brooks* shall mean or refer to Karen Brooks, whose Social Security number is 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 and whose date of birth is 10/08/1959.

2.     *Brooks Entities* shall mean or refer to Karen E. Brooks, D.P.M., P.A., and any other entity that Brooks owns, in whole or in part, or controls, in whole or in part, and shall include their parents, subsidiaries, divisions, affiliates, agents, employees, partners, and representatives.

3.     *Valley* shall mean or refer to HCA Valley Regional Medical Center.

4.     *Document* shall mean any kind of written, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or neither, including originals, nonidentical copies (whether different from the originals because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to:  (1) papers; (2) books; (3) letters; (4) correspondence; (5) telegrams; (6) cables; (7) telex messages; (8) memoranda; (9) notes; (10) notations; (11) work papers; (12) transcripts; (13) minutes; (14) reports and recordings of telephone and other conversations or other interviews, or of conferences or other meetings; (15) affidavits; (16) statements; (17) summaries; (18) opinions; (19) reports; (20) studies; (21) analyses; (22) evaluations; (23) contracts; (24) agreements; (25) ledgers; (26) journals; (27) statistical records; (28) desk calendars; (29) appointment books; (30) diaries; (31) lists; (32) tabulations; (33) sound recordings; (34) computer printouts; (35) data processing records; (36)

*EXHIBIT A* – **Page 1**

microfilm or microfiche; (37) photographs; (38) maps; (39) charts; (40) accounts; (41) financial statements and reports thereof; (42) all records kept by electronic, photographic, or mechanical means; (43) electronic mail or e-mail; and (44) things similar to any of the foregoing, however denominated.

5.      *Concerning* shall mean relating to, referring to, describing, evidencing, or constituting.

## II. *DOCUMENTS REQUESTED*

1.      A list or printout of all surgical procedures performed by Brooks at Valley from January 1, 1997 to the present, including, without limitation, lists or printouts setting forth the number of patients; the number of procedures; the dates of the procedures; and a description of each procedure performed or, if the procedure is identified by an internal code, a descriptive Brooks identifying each procedure and its code.

2.      All documents (including, without limitation, all W-2 and 1099 forms) concerning any fees, compensation, or wages paid to Brooks or the Brooks Entities by Valley from January 1, 1997 to the present.

3.      All non-privileged documents in Valley's credentialing file and personnel file concerning Brooks.

4.      All non-privileged documents concerning any original and renewal applications, including any supporting documents, submitted by Brooks for privileges at Valley.

5.      All non-privileged documents concerning any complaints, disciplinary actions, or reprimands concerning Brooks.

*EXHIBIT A* – **Page 2**

6.     All non-privileged documents concerning any expiration, suspension, revocation, or termination of Brooks's privileges at Valley.

7.     All documents concerning Brooks or the Brooks Entities between and among Valley, on the one hand, and Brooks, Brooks's counsel, or the Brooks Entities' counsel, on the other hand.

8.     All documents concerning Brooks or the Brooks Entities between and among Valley, on the one hand, and any insurance provider or entity, on the other hand.

9.     All documents concerning Brooks or the Brooks Entities between and among Valley, on the one hand, and any state or federal governmental agency or entity, on the other hand.

## *CERTIFICATE OF SERVICE*

I certify that a true and correct copy of the foregoing document was sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 12th day of February 2002.

Andrew C. Whitaker

Andrew C. Whitaker

# EXHIBIT "E"

## Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

KAREN BROOKS,
        Plaintiff,

**V.**

UNUMPROVIDENT CORPORATION, ET AL.,
        Defendants.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    B-01-052

TO:   CUSTODIAN OF RECORDS OF BROWNSVILLE MEDICAL CENTER
      **1040 West Jefferson Street, Brownsville, Texas 78523, 956-544-1519**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE EXHIBIT A ATTACHED HERETO.

| PLACE | **1040 West Jefferson Street** **Brownsville, Texas 78523** | DATE AND TIME | **WEDNESDAY** **MARCH 6, 2002**   **10:00 A.M** |
|---|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   **ATTORNEY FOR DEFENDANTS** | 2-12-02 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**ANDREW C. WHITAKER, FIGARI DAVENPORT & GRAVES, L.L.P.,**
**3400 BANK OF AMERICA PLAZA, 901 MAIN STREET, DALLAS, TEXAS 75202, 214-939-2000**

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)
[1] If action pending in district other than district of issuance, state district under case number

# EXHIBIT A

## I. *DEFINITIONS*

1.      *Brooks* shall mean or refer to Karen Brooks, whose Social Security number is 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 and whose date of birth is 10/08/1959.

2.      *Brooks Entities* shall mean or refer to Karen E. Brooks, D.P.M., P.A., and any other entity that Brooks owns, in whole or in part, or controls, in whole or in part, and shall include their parents, subsidiaries, divisions, affiliates, agents, employees, partners, and representatives.

3.      *BMC* shall mean or refer to Brownsville Medical Center.

4.      *Document* shall mean any kind of written, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or neither, including originals, nonidentical copies (whether different from the originals because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to: (1) papers; (2) books; (3) letters; (4) correspondence; (5) telegrams; (6) cables; (7) telex messages; (8) memoranda; (9) notes; (10) notations; (11) work papers; (12) transcripts; (13) minutes; (14) reports and recordings of telephone and other conversations or other interviews, or of conferences or other meetings; (15) affidavits; (16) statements; (17) summaries; (18) opinions; (19) reports; (20) studies; (21) analyses; (22) evaluations; (23) contracts; (24) agreements; (25) ledgers; (26) journals; (27) statistical records; (28) desk calendars; (29) appointment books; (30) diaries; (31) lists; (32) tabulations; (33) sound recordings; (34) computer printouts; (35) data processing records; (36)

*EXHIBIT A* – **Page 1**

microfilm or microfiche; (37) photographs; (38) maps; (39) charts; (40) accounts; (41) financial statements and reports thereof; (42) all records kept by electronic, photographic, or mechanical means; (43) electronic mail or e-mail; and (44) things similar to any of the foregoing, however denominated.

5.      *Concerning* shall mean relating to, referring to, describing, evidencing, or constituting.

## II. *DOCUMENTS REQUESTED*

1.      A list or printout of all surgical procedures performed by Brooks at BMC from January 1, 1997 to the present, including, without limitation, lists or printouts setting forth the number of patients; the number of procedures; the dates of the procedures; and a description of each procedure performed or, if the procedure is identified by an internal code, a descriptive Brooks identifying each procedure and its code.

2.      All documents (including, without limitation, all W-2 and 1099 forms) concerning any fees, compensation, or wages paid to Brooks or the Brooks Entities by BMC from January 1, 1997 to the present.

3.      All non-privileged documents in BMC's credentialing file and personnel file concerning Brooks.

4.      All non-privileged documents concerning any original and renewal applications, including any supporting documents, submitted by Brooks for privileges at BMC.

5.      All non-privileged documents concerning any complaints, disciplinary actions, or reprimands concerning Brooks.

*EXHIBIT A* – **Page 2**

6.    All non-privileged documents concerning any expiration, suspension, revocation, or termination of Brooks's privileges at BMC.

7.    All documents concerning Brooks or the Brooks Entities between and among BMC, on the one hand, and Brooks, Brooks's counsel, or the Brooks Entities' counsel, on the other hand.

8.    All documents concerning Brooks or the Brooks Entities between and among BMC, on the one hand, and any insurance provider or entity, on the other hand.

9.    All documents concerning Brooks or the Brooks Entities between and among BMC, on the one hand, and any state or federal governmental agency or entity, on the other hand.

## *CERTIFICATE OF SERVICE*

I certify that a true and correct copy of the foregoing document was sent by certified

mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth

Street, Corpus Christi, Texas 78704, on this 12th day of February 2002.


_Andrew C Whitaker_
_____
Andrew C. Whitaker