Case 1:01-cv-00052   Document 24   Filed in TXSD on 02/22/2002   Page 1 of 11



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES FOR FILING A FRIVOLOUS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B)

Defendants UnumProvident Corporation and Unum Life Insurance Company of America (collectively, "Defendants")[1] file this reply to Plaintiff's Response to Defendants' Motion for Attorney Fees and Plaintiff's Motion for Attorney's Fees for Filing a Frivolous Motion Pursuant to Federal Rule of Civil Procedure 37(a)(4)(B) (the "Response") and state:

---

[1] Defined terms in Defendants' Motion for Attorney's Fees (the "Motion for Attorney's Fees") (Docket No. 19) will be given their same meaning herein.

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR
ATTORNEY FEES AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES FOR FILING A
FRIVOLOUS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B) - Page 1

# I. **THE RESPONSE**

In addition to being untimely,[2] the Response is perhaps more noteworthy for what it omits than for what it contains. Specifically, Brooks does not dispute that (1) Defendants served her with the Discovery Requests by certified mail on October 9, 2001, (2) Brooks did not serve Defendants with her objections and answers to the Discovery Requests until November 15, 2001, (3) Brooks filed Plaintiff's Motion for Protective Order on November 7, 2001, which was less than two weeks before the initial pretrial and scheduling conference, (4) Brooks sought in Plaintiff's Motion for Protective Order to have all of Defendants' requests for production quashed, (5) on November 16, 2001, Defendants timely filed Defendants' (1) Response to Plaintiff's Motion for Protective Order and (2) Motion to Compel, in which they challenged Brooks' entitlement to a protective order, and (6) Brooks' counsel voluntarily withdrew Plaintiff's Motion for Protective Order at the initial pretrial and scheduling conference. On the basis of these undisputed facts alone, Defendants are entitled to the relief sought in the Motion for Attorney's Fees. Moreover, as set forth below, Brooks' arguments in the Response are without merit, and the Court should grant the Motion for Attorney's Fees in its entirety.

---

[2]Defendants filed the Motion for Attorney's Fees on January 11, 2002. Under section 5(C) of the Civil Procedures for this Court, which are available on the website for the United States District Court for the Southern District of Texas, Brooks had until January 31, 2002 (i.e., twenty days from the date that the Motion for Attorney's Fees was filed with the Clerk's office) to file her response. Brooks did not file the Response until February 12, 2002, and she neither sought nor obtained leave to belatedly file it as required by section 5(F) of the Civil Procedures. On this ground alone, the Response is untimely and should be stricken. See Civil Procedures, section 5(F) ("A motion, response or reply filed late, and not accompanied by a motion for leave will be stricken.").

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES FOR FILING A FRIVOLOUS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B)** - Page 2

## II.  ARGUMENT

### A.    Brooks' Objections to the Discovery Requests Were Untimely.

In the Response, Brooks erroneously contends that Defendants have "attempted to mislead the Court regarding the timely responses" to the Discovery Requests.  See Response, ¶ 3.  Brooks' assertion is simply not true, as it ignores the well-established standards for the computation of deadlines set forth in the Federal Rules of Civil Procedure.  Rule 5(b) provides: "Service by mail is complete upon mailing."  Rule 6(e) provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period."  Finally, Rule 33(b)(3) and Rule 34(b) state that the party responding to discovery requests must serve her answers and objections, if any, "within 30 days after the service" of the discovery requests.  As these rules make clear, the deadline to object to discovery requests begins to run on the date that such requests are served (i.e., placed in the mail) and that such period is extended by three days if service is made by mail.  The date that the responding party actually receives the requests is irrelevant; rather, the three-day extension for service by mail simply reflects the reality that mail delivery may take more or less than three days.

Application of these unambiguous standards confirms that Brooks failed to serve Defendants with her objections to the Discovery Requests in a timely fashion.  Defendants

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES FOR FILING A FRIVOLOUS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B) - Page 3**

served the Discovery Requests on Brooks' counsel on October 9, 2001, and pursuant to Rule 5(b), service was complete on that date. Since Defendants served the Discovery Requests by certified mail and the 33rd day fell on a Sunday, Brooks had until November 12, 2001 (which was actually 34 days) to serve Defendants with her objections and responses. Since Brooks did not (by her own admission) serve her objections and responses until November 15, 2001, such objections and responses were untimely.[3] Simply put, Defendants have not "attempted to mislead" the Court.

### B. Defendants Have Encountered Enormous Difficulties in Obtaining Discovery from Brooks and Have Complied with Their Obligations.

Similarly, Brooks' efforts to justify her conduct during discovery and allegations of wrongdoing against Defendants (Response, ¶¶ 4-8) also miss the mark. Prior to the filing of Plaintiff's Motion for Protective Order, Defendants had attempted on numerous occasions, both orally and in writing, to obtain copies of Brooks' documents. When Brooks finally produced documents to Defendants on November 16, 2001, she did so (as set forth above) in an untimely fashion and after she had required Defendants to incur the time and expense associated with preparing an expedited response to Plaintiff's Motion for Protective Order, which are the very expenses that are the subject of the Motion for Attorney's Fees.

---

[3]Indeed, Brooks' assertion that she served her responses to the Discovery Requests on November 15, 2001 (Response, ¶ 3) is contradicted by Exhibit D to the Response, which is an invoice from Brooks' counsel showing that the discovery was copied and served on November 16, 2001. See Response, Exhibit D.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES FOR FILING A FRIVOLOUS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B)  - Page 4**

Moreover, Brooks' assertion that Defendants have "frustrated discovery efforts" (Response, ¶ 6) is simply not true.  To date, Defendants have provided Brooks with copies, in their entirety, of the application file pertaining to her coverage and the claim file pertaining to her, which are the only files that are truly at issue in this action.  Defendants have also produced over 1,000 pages of additional documents to Brooks and offered to make available its copy of the pleadings and documents obtained from third parties in the original action between these same parties.[4]  All told, Brooks' complaints are aimed only at deflecting attention away from her wrongful conduct.

## C.  Defendants Are Entitled to an Award of Attorney's Fees.

Brooks' challenges to Defendants' entitlement to an award of attorney's fees (Response, ¶¶ 9-12) also fail.  According to Brooks, Defendants are not entitled to attorney's fees because (1) Plaintiff's Motion for Protective Order was justified due to the number of discovery requests served by Defendants, (2) Brooks withdrew Plaintiff's Motion for Protective Order before it was ruled upon by the Court, (3) Defendants never established that Plaintiff's Motion for Protective Order was not substantially justified, (4) Defendants have misled the Court regarding the timeliness of Brooks' discovery responses, (5) Defendants have misled the Court regarding the mandatory nature of an attorney's fee award, and (6) Defendants have misled the

---

[4]Karen Brooks v. UnumProvident Corporation and Unum Life Insurance Company of America, C.A. No. B-00-029 in the United States District Court for the Southern District of Texas, Brownsville Division.

Court regarding Brooks' alleged failure to comply with discovery. None of Brooks' arguments withstand scrutiny.

Brooks' first, second, and third arguments fail for several reasons. First, Brooks' claim that Plaintiff's Motion for Protective Order was justified by the number of discovery requests fails by (1) her own admission that her counsel "was able to file objections and responses timely" (Response, ¶ 10) and (2) her service on Defendants of approximately the same number of requests for production. Indeed, Brooks' conduct is particularly unjustified in light of her failure to produce any documents to Defendants prior to the filing of Plaintiff's Motion for Protective Order and her efforts in such motion to quash Defendants' requests for production in their entirety. Second, Brooks' assertion that Defendants have never addressed "the fact that the protective order was substantially justified" (Response, ¶ 12) wholly ignores the work that is the subject of the Motion for Attorney's Fees. That is, in the Motion for Attorney's Fees, Defendants seek to recover the fees and expenses that they incurred in preparing and filing Defendants' (1) Response to Plaintiff's Motion for Protective Order and (2) Motion to Compel, in which they convincingly argued that (1) the information sought in the Discovery Requests is discoverable, (2) the Discovery Requests are not defective or needlessly duplicative, (3) the Discovery Requests are not overly broad or unduly burdensome, and (4) Brooks had waived any objections to the Discovery Requests.[5]

---

[5]Defendants refer the Court to this response (Docket No. 16) for a complete discussion of the lack of merit in Plaintiff's Motion for Protective Order.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES FOR FILING A FRIVOLOUS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B) - Page 6**

Moreover, the Court should treat Brooks' voluntary withdrawal of Plaintiff's Motion for Protective Order as a denial of such motion. Distilled to its essence, Brooks' position is that, even though Defendants were required to prepare and file an expedited response to Plaintiff's Motion for Protective Order, sanctions are not appropriate because she voluntarily withdrew such motion. If Brooks and her counsel truly "did not wish to bother the court with a discovery dispute" (Response, ¶ 10), <u>then they should not have filed Plaintiff's Motion for Protective Order in the first place</u>. In such motion, Brooks was effectively seeking an order immunizing her from producing any documents to Defendants. Not surprisingly, Defendants filed a response pointing out the lack of merit in her position. In light of the facts and law set forth in Defendants' response, it comes as no surprise that Brooks voluntarily withdrew Plaintiff's Motion for Protective Order. The fact remains, however, that the attorney's fees and expenses incurred by Defendants in preparing their response undoubtedly contributed to the voluntary withdrawal of such motion. All told, Brooks' improper request for a protective order required Defendants to incur fees and expenses that they would not have otherwise incurred, and the Court should consider Plaintiff's Motion for Protective Order to have been denied for purposes of Rule 37(a)(4)(B).

Brooks' remaining arguments do not warrant the denial of the Motion for Attorney's Fees. As set forth in section II.A. above, Defendants have not misled the Court regarding the timeliness of Brooks' discovery responses; rather, if any party has misled the Court, it is

Brooks. Defendants have also not misled the Court with respect to the mandatory nature of a fee award. As set forth in the Motion for Attorney's Fees, courts and commentators have found that an award of attorney's fees and costs is effectively mandatory under Rule 37(a)(4)(B) against a party whose request for the entry of a protective order is denied unless her conduct is found to be substantially justified. See Motion for Attorney's Fees at 4-5. Brooks does not cite any cases in the Response to the contrary. Finally, as set forth in section II.B. above, Defendants have not misled the Court regarding Brooks' failure to comply with her discovery obligations.

Brooks' challenges to the Declaration of Andrew C. Whitaker in Support of Defendants' Motion for Attorney's Fees (the "Whitaker Declaration") (Response, ¶ 14) also miss the mark. First, Brooks asserts (without any supporting authority) that $190.00 is an excessive hourly fee for an "insurance defense attorney." As set forth in the Whitaker Declaration, however, this is the rate charged to Defendants for their counsel's time in this matter and is among the lowest rates charged to any clients of such firm, which constitutes at least some evidence of the reasonableness of this rate. This firm's "longstanding relationship" with Defendants does not alter this analysis; rather, it simply means that Defendants receive preferred rates (which in this circumstance reduces the amount sought from Brooks). Moreover, notwithstanding Brooks' claim to the contrary, Defendants are not seeking reimbursement for the 4.8 hours spent by their counsel reviewing the documents that she produced. Instead, Defendants are

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES FOR FILING A FRIVOLOUS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B)** - Page 8

seeking to recover only for the time that their counsel spent between November 14, 2001 and November 19, 2001 in addressing Plaintiff's Motion for Protective Order.

**D.**     **Brooks Is Not Entitled to an Award of Attorney's Fees.**

Finally, Brooks is not entitled to recover any of the attorney's fees that she purportedly incurred in responding to the Motion for Attorney's Fees. First, the only authority cited by Brooks in support of her fee claim is Rule 37(a)(4)(B), which applies by its terms to the denial of a motion for an order compelling disclosure or discovery. The Motion for Attorney's Fees is not such a motion. Brooks' analysis also ignores that a fee award is not mandatory if the Court finds that the making of the underlying motion "was substantially justified or that other circumstances make an award of expenses unjust." Even if the Court determines that Defendants are not entitled to the relief sought in the Motion for Attorney's Fees, their efforts to obtain such relief were, at a minimum, substantially justified. Finally, the Declaration of Mark A. Di Carlo in Support of Plaintiff's Motion for Attorney's Fees is not entitled to any weight because, among other reasons, (1) the declarant has failed to state that all of the "facts" in such declaration are true and correct and (2) it is neither verified nor signed "under penalty of perjury" as required by 28 U.S.C. § 1746.

# III. CONCLUSION

Defendants respectfully request that the Court grant the Motion for Attorney's Fees and require Brooks and her counsel, jointly and severally, to pay to Defendants the reasonable expenses, including attorney's fees, in the amount of $2,033.00 that they incurred opposing Plaintiff's Motion for Protective Order.

Respectfully submitted,

By: _Andrew C Whitaker_

Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 21st day of February, 2002.

Andrew C. Whitaker

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES FOR FILING A FRIVOLOUS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(4)(B)** - **Page 11**