25

United States District Court
Southern District of Texas
FILED

FEB 2 7 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KAREN BROOKS,                          §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §        C.A. No. B-01-052
                                       §
UNUMPROVIDENT CORPORATION              §
and UNUM LIFE INSURANCE                §
COMPANY OF AMERICA,                    §
                                       §
        Defendants.                    §

---

**DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE
TO QUASH SUBPOENAS DEUCES TECUM OF: SUSAN ANDER, M.D.; HELSON
PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM
VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY
MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS
BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, P.C.;
JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA
AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

---

Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Attorney-In-Charge
OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

# TABLE OF CONTENTS

<u>Page</u>

I.      NATURE OF THE ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     THE DISPUTED DISCOVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    THE MOTION TO QUASH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.      Standards for Subpoenas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.      Brooks Lacks Standing to Assert Many of Her Objections . . . . . . . . . . . . . 6

        C.      The Documents Sought in the Subpoenas Are Discoverable . . . . . . . . . . . 7

        D.      The Subpoenas Are Not Unduly Burdensome . . . . . . . . . . . . . . . . . . . . . . 11

        E.      Brooks' Privilege Assertions Are Meritless . . . . . . . . . . . . . . . . . . . . . . . . 14

        F.      Defendants Are Entitled to Recover
                Their Attorney's Fees from Brooks. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

V.      MOTION TO COMPEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VI.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

## CASES

<u>Page</u>

<u>Bellisario v. Lone Star Life Ins.</u>,
   871 F. Supp. 374 (C.D. Cal. 1994) ............................................................ 9

<u>Ceramic Corp. of Am. v. Inka Maritime Corp.</u>,
   163 F.R.D. 584 (C.D. Cal. 1995) ........................................................ 15, 16

<u>Hertenstein v. Kimberly Home Health Care, Inc.</u>,
   189 F.R.D. 620 (D. Kan. 1999) ............................................................... 7

<u>Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2</u>,
   197 F.3d 922 (8th Cir. 1999) ................................................................. 12

<u>Williams v. City of Dallas</u>,
   178 F.R.D. 103 (N.D. Tex. 1998) .................................................. 4, 11, 12

<u>Windsor v. Martindale</u>,
   175 F.R.D. 665 (D. Colo. 1997) .............................................................. 7

## STATUTES AND RULES

Fed. R. Civ. P. 11 ............................................................................................ 9

Fed. R. Civ. P. 26(b), and (5) ................................................................... 5, 7, 8

Fed. R. Civ. P. 45 ................................................................... 5, 6, 7, 14, 16

Tex. R. Evid. 509(e)(4) ............................................................................... 15

## MISCELLANEOUS

9A Charles A. Wright & Arthur R. Miller,
   <u>Federal Practice and Procedure</u> § 2458 (Supp. 2001) ............................... 14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE
TO QUASH SUBPOENAS DEUCES TECUM OF:  SUSAN ANDER, M.D.; HELSON
PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM
VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY
MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS
BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, P.C.;
JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA
AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

Defendants UnumProvident Corporation ("UnumProvident") and Unum Life Insurance

Company of America ("Unum Life") (collectively, "Defendants") file this (1) response to

Plaintiff's Motion and Notice to Quash Subpoenas Deuces Tecum of:  Susan Ander, M.D.;

Helson Pacheco, M.D.; Madhaven Pisharodi, M.D., P.A.; William Valverde, M.D.;

Brownsville Medical Center; First Rio Valley Medical Center; HCA Valley Regional Medical

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES
TECUM OF:  SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.;
WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER;
HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID
K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO
COMPEL COMPLIANCE WITH SUBPOENAS - Page 1

Center; Texas Back Institute; Valley Pain Center; David K. Drefke, P.C.; John Williams, P.C., CPA; and Zamora & Terrones, CPA (the "Motion to Quash") and (2) motion to compel compliance with the subpoenas that are the subject of the Motion to Quash and state:

## I. NATURE OF THE ACTION

This is a suit for benefits under a master policy issued to the American Podiatric Medical Association. Less than a year after obtaining coverage, Plaintiff Karen Brooks ("Brooks") fell in her bathtub and purportedly sustained injuries preventing her from performing her occupational duties as a podiatrist. Unum Life began paying $6,000 per month in disability benefits to Brooks while it investigated her claim. During its investigation, Unum Life obtained (among other information) surgical logs from one of the hospitals at which Brooks had privileges indicating that she performed more surgeries in the period after her fall than she had before her fall. Brooks was unable to offer a satisfactory explanation for the information contained in these logs, and Unum Life stopped paying benefits to her. In Plaintiff's Complaint (the "Complaint"), Brooks asserts claims against Defendants for (1) breach of contract, (2) violations of the Texas Insurance Code, (3) violations of the DTPA, (4) bad faith, and (5) fraud. Defendants deny all liability to Brooks and have asserted a counterclaim to recover the $48,000 in benefits that were paid to her.

## II. THE DISPUTED DISCOVERY

As part of their discovery efforts in this case, Defendants served subpoenas on several third parties to obtain copies of their records pertaining to Brooks.  Specifically, Defendants served subpoenas on Susan Ander, M.D., Helson Pacheco, M.D., Madhaven Pisharodi, M.D., P.A., William Valverde, M.D., Brownsville Medical Center, First Rio Valley Medical Center, HCA Valley Regional Medical Center, Texas Back Institute, and Valley Pain Center (collectively, the "Medical Subpoenas"), who were all identified by Brooks in her answer to Interrogatory No. 1 regarding persons with knowledge of relevant facts as providing treatment to her and/or having knowledge "regarding her medical condition and records."[1]  In the Medical Subpoenas, Defendants sought copies of the providers' medical and billing files pertaining to Brooks, including the records that they generated on their own and received from other providers and their communications with Brooks, her counsel, her insurers, and governmental entities.

Defendants also served subpoenas on David K. Drefke, P.C., John Williams, P.C., CPA, and Zamora & Terrones, CPA (collectively, the "Accountant Subpoenas"), who were all identified by Brooks in her answer to Interrogatory No. 1 as having knowledge regarding

---

[1]True and correct copies of selected excerpts from Brooks' interrogatory answers are attached as Exhibit A.

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF:  SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS - Page 3

the "finances and financial records" of Brooks and Karen D. Brooks, M.D., P.A. (the "PA").[2]

In the Accountant Subpoenas, Defendants sought copies of these accountants' files pertaining

to Brooks and the PA, including documents regarding the earnings of Brooks and the PA, her

medical condition, the PA's employee benefit plan, and the accountants' communications with

Brooks, her medical providers, her counsel, the insurers of Brooks and the PA, and

governmental entities.

## III. THE MOTION TO QUASH

In the Motion to Quash, Brooks continues her ongoing quest to frustrate Defendants'

legitimate discovery efforts at every turn.  According to Brooks, the Subpoenas should be

quashed in their entirety or, alternatively, modified in numerous respects[3] because (1) they are

not limited to the documents that she believes are relevant, (2) they impose undue burden and

expense on the Recipients, (3) they seek documents that are subject to the attorney-client or

physician-patient privileges, constitute work product, are covered by the consulting-expert

privilege, or somehow violate her privacy, (4) they improperly attempt to circumvent

---

[2]In her answer to Interrogatory No. 2 regarding her testifying experts, Brooks stated that she may call the individuals identified in her answer to Interrogatory No. 1, which included all of the recipients (collectively, the "Recipients") of the Medical Subpoenas and the Accountant Subpoenas (collectively, the "Subpoenas").

[3]As set forth more fully below, the Subpoenas all seek documents that are relevant and nonprivileged, and the Court should at most modify the Subpoenas rather than quash them in their entirety.  See Williams v. City of Dallas, 178 F.R.D. 103, 110 (N.D. Tex. 1998) ("Modification of a subpoena is preferable, however, to quashing it.").

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF:  SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS - Page 4

permissible discovery under Fed. R. Civ. P. 26(b), and (5) Defendants failed to confer with Brooks prior to serving the Subpoenas to see if she agreed with their issuance. For the reasons set forth below, the Motion to Quash is without merit and should be denied.

## IV. ARGUMENT

### A. Standards for Subpoenas.

Fed. R. Civ. P. 45 governs (among other matters) the use of subpoenas during discovery to obtain records from third parties. Notwithstanding Brooks' claim to the contrary (Motion to Quash, ¶ 14), nothing in Rule 45 (whether expressly or impliedly) requires a party to obtain advance permission from the opposing party prior to service of a subpoena on a third party; rather, the requesting party need only serve the opposing party with notice pursuant to Rule 5(b) of the commanded production of documents. See Fed. R. Civ. P. 45(b)(1). As evidenced by her filing of the Motion to Quash, Brooks received copies of all of the Subpoenas from Defendants.

Rule 45(c)(2)(B) gives a person commanded to produce documents (but, interestingly, not the opposing party) the right to object to the production of any or all of the designated materials. Rule 45(c)(3)(A) allows for the quashing or modifying of a subpoena if it (1) fails to allow reasonable time for compliance, (2) requires a nonparty to travel more than 100 miles from where he resides, is employed, or regularly transacts business, (3) requires disclosure of

privileged or other protected matter and no exception or waiver applies, or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).[4] In turn, Rule 45(c)(2)(B) allows for the quashing or modifying of a subpoena if it (1) requires disclosure of trade secrets or other confidential business information, (2) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (3) requires a nonparty to travel more than 100 miles to attend trial; however, production upon specified conditions may be ordered if the issuing party shows a substantial need for the material that cannot otherwise be met without undue hardship. Fed. R. Civ. P. 45(c)(3)(B).

**B.    Brooks Lacks Standing to Assert Many of Her Objections.**

Initially, many of Brooks' arguments in the Motion to Quash fail because she lacks standing to assert them. Brooks has filed the Motion to Quash on her own behalf, not on behalf of the Recipients, and the only objections that she may assert are privilege and an applicable privacy interest:

> The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. A party also may move to quash a subpoena upon a showing that

---

[4] Here, each of the Recipients received at least 20 days' notice and were requested to produce documents at their respective offices, thus rendering inapplicable the first two elements. In the Motion to Quash, Brooks does not contend (and, as set forth below, likely lacks standing to contend) that the Subpoenas violate either of these elements.

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF:  SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, P.C.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS - Page 6

there is a privacy interest applicable.  Absent a specific showing of a privilege
or privacy, a court cannot quash a subpoena duces tecum.

Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997) (citations omitted); see also

Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D. Kan. 1999) ("A

motion to quash or modify a subpoena duces tecum may only be made by the party to whom

the subpoena is directed except where the party seeking to challenge the subpoena has a

personal right or privilege with respect to the subject matter requested in the subpoena."); Fed.

R. Civ. P. 45(c)(2)(B) (providing for the assertion of objections by "a person commanded to

produce and permit inspection and copying").  On this ground alone, Brooks' undue burden

and relevance complaints must be rejected.

## C.     The Documents Sought in the Subpoenas Are Discoverable.

Assuming (without conceding) that Brooks has standing to challenge the relevance of

the documents sought in the Subpoenas, the Motion to Quash should nonetheless be denied

because all of the documents sought by Defendants are relevant or, at a minimum, reasonably

calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1) provides

in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is
> relevant to the claim or defense of any party, including the existence,
> description, nature, custody, condition, and location of any books, documents,
> or other tangible things and the identity and location of persons having

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES
TECUM OF:  SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.;
WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER;
HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID
K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO
COMPEL COMPLIANCE WITH SUBPOENAS - Page 7

knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Notwithstanding Brooks' claim that the Subpoenas are "an attempt to circumvent permissible discovery" under Rule 26(b) (Motion to Quash, ¶ 15), a review of the Subpoenas confirms that they satisfy the requirements of Rule 26(b)(1).  Brooks' medical condition is at the heart of this action, as she must (among other requirements) be receiving regular medical care from a duly licensed physician other than herself to receive the additional benefits that she seeks under the Certificate of Insurance (the "Certificate").[5]  Indeed, Brooks' answer to Interrogatory No. 7 is particularly telling.  In this interrogatory, Defendants requested Brooks to identify all of the ailments or conditions that she contends render her totally or residually disabled, all diagnosing or treating providers, and details of their treatment of her.  This information is obviously at the heart of this dispute.  In her answer, Brooks stated:

> Back problems.  Now psychological problems.  July 1, 1998 to present.  See Interrogatory No. 1 for all medical providers.  See medical records attached to request for production.

---

[5] True and correct copies of selected excerpts from the Certificate are attached as Exhibit B.

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF: SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS - Page 8

Consistent with this response, Defendants sought records only from those providers identified by Brooks. Simply put, any documents regarding Brooks' back problems and psychological condition are discoverable.

Moreover, the documents sought in the Subpoenas regarding the insurance coverage of Brooks and the PA are relevant to, among other issues, the potential applicability of ERISA.[6] That is, an employer can create an ERISA plan by the purchase of different types of insurance from different insurers covering different sets of employees. See Bellisario v. Lone Star Life Ins., 871 F. Supp. 374, 377-79 (C.D. Cal. 1994). If the PA paid for or otherwise provided insurance benefits to its employees (including Brooks), ERISA may well govern her claims under the Certificate. The requested documents are also relevant to Brooks' motivation (or lack thereof) to resume performing surgeries--if she was receiving more money in disability payments than she made while working, she had reduced incentive to return to work.

Finally, the documents sought in the Subpoenas regarding the financial affairs of Brooks and the PA bear on, among other issues, her pre- and post-accident activities and the extent of her entitlement (if any) to residual disability benefits. That is, Brooks contends that

---

[6]Under Fed. R. Civ. P. 11, Defendants are required to have evidentiary support for their allegations and other factual contentions. Defendants are thus entitled to the requested documents to determine whether they have sufficient grounds to plead ERISA.

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF: SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS - Page 9

she was residually disabled under the Certificate (Complaint, ¶ 24.2), which requires a

comparison of her pre-accident and post-accident earnings and expenses:

**Current Monthly Income** means the Monthly Income from the Occupation
during each month of Residual Disability for which claim is made.

*  *  *

**Loss of Monthly Income** means the difference between Prior Monthly Income
and Current Monthly Income caused solely by Residual Disability.

*  *  *

**Monthly Income** means monthly income from salary, wages, bonuses,
commission, fees or other remuneration earned for services performed by the
Insured, in the Occupation, after deduction of normal and customary business
expenses but before deduction of any income taxes.  It does not include
dividends, rents, royalties, annuities or other forms of unearned income, or any
income the Insured receives not derived directly from the Occupation.

*  *  *

**Percent Loss** means

$$\frac{\text{Loss of Monthly Income}}{\text{Prior Monthly Income}} \times 100\%$$

If the Percent is greater than 80%, We will deem it to be 100%.

**Prior Monthly Income** means the average Monthly Income from the
Occupation for the 24 months immediately prior to the period of Total
disability.  The 24 months will be calculated so as not to include any period of
Total or Residual Disability.

*  *  *

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES
TECUM OF:  SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.;
WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER;
HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID
K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO
COMPEL COMPLIANCE WITH SUBPOENAS - Page 10

**Residual Disability** means the inability due to Injury or Sickness to perform:

1.   one or more of the substantial and material duties of the Occupation; or

2.   the substantial and material duties of the Occupation for as much time as is normally required to perform them.

the Insured must be receiving regular medical care from a duly licensed physician other than the Insured, and Total Disability benefits must not be payable under this Policy. Residual Disability will be deemed not to exist if the Percent Loss is less than 20%.

**Residual Disability Benefit** means:        Percent Loss x Monthly Benefit

Brooks' earnings and expenses are thus directly relevant to her claims.


**D.    The Subpoenas Are Not Unduly Burdensome.**

Assuming (without conceding) that Brooks has standing to allege such objection, the

Motion to Quash should be denied because the Subpoenas are not unduly burdensome.  As

the movant, Brooks "must meet the heavy burden of establishing that compliance with the

subpoena would be unreasonable and oppressive." See Williams v. City of Dallas, 178 F.R.D.

103, 109 (N.D. Tex. 1998) (internal quotations omitted).  Among the factors that the Court

may consider in determining whether there is an undue burden are "relevance, the need of the

party for the documents, the breadth of the document request, the time period covered by it,

the particularity with which the documents are described and the burden imposed." Id.

Notwithstanding Brooks' claim to the contrary (Motion to Quash, ¶¶ 6-7), a subpoena need not necessarily specify time or other limitations to avoid the undue burden restriction; rather, "if a witness had limited involvement in the matters pertinent to the issues in the suit, merely identifying him by name and subpoenaing all documents that referred to him could be reasonable." Williams, 178 F.R.D. at 110 n.6.

Application of these standards confirms that the Subpoenas are not unduly burdensome. Initially, this objection fails legally because Brooks does not provide any proof (whether by affidavit or otherwise) of this alleged burden, and her conclusory allegations are not entitled to any weight. See Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 926 (8th Cir. 1999) (noting that the movant's "claim of harm must be based on more than stereotypical and conclusory statements"). On this ground alone, Brooks' complaints of undue burden should be rejected.

Brooks' undue burden objection also fails factually as well. In Defendants' experience, a medical provider typically maintains a single file on a given patient which includes not only the provider's own records, but also the records that he or she received from other providers and the correspondence that he or she exchanged with third parties. Similarly, an accountant tends to maintain a single file or collection of files on a given client which includes not only the accountant's own records, but also the records that he or she received from the client and

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF:  SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS - Page 12

others.  To ease any burden on the Recipients, Defendants are willing to pay the costs associated with obtaining copies of the documents that they have requested and make the arrangements (if necessary) for such copying.

Finally, Brooks' allegations of undue burden are disproven by the events in the earlier action between these parties, <u>Karen Brooks v. UnumProvident Corporation and Unum Life Insurance Company of America</u>, C.A. No. B-00-029 (the "Original Action").  In the Original Action, Defendants served depositions on written questions containing comparable document requests on several of the Recipients, and neither Brooks nor any of the subpoena recipients (with one exception)[7] objected, whether as burdensome or on any other ground, to the production of any of the documents requested by Defendants.  The numbers of documents produced by these individuals and entities confirm the absence of any burden:

| Recipient | Pages Produced |
|---|---|
| Madhaven Pisharodi, M.D., P.A. | 8 |
| Brownsville Medical Center | 484 |
| First Rio Valley Medical Center | 38 |
| HCA Valley Regional Medical Center | 87 |
| Texas Back Institute | 56 |
| Valley Pain Center | 63 |

---

[7]Brownsville Medical Center objected to the production of documents regarding Brooks' privileges and credentials but produced redacted surgical logs regarding the procedures that she performed.

| David K. Drefke, P.C. | 0 |
| John Williams, P.C., CPA | 38 |
| Zamora & Terrones, CPA | 927 |

All told, Brooks' undue burden objection is meritless and should be rejected.

## E.    Brooks' Privilege Assertions Are Meritless.

Brooks' privilege allegations also miss the mark.  Brooks presumably contends that the Subpoenas should be quashed in their entirety because of the mere possibility that documents exempted from disclosure by the attorney-client privilege, the physician-patient privilege, the work-product exemption, or the consulting-expert privilege might exist in the Recipients' files. See Motion to Quash, ¶¶ 3, 5, 8, 11, and 13.  Brooks' analysis ignores, however, that Rule 45(d)(2) expressly provides a mechanism for the assertion of privilege claims:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Fed. R. Civ. P. 45(d)(2).  At this stage, the burden is on Brooks (as the party resisting discovery) to establish the applicability of any alleged privilege.  See 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2458, at 7 (Supp. 2001) ("Whoever asserts privilege has a burden of proof when information subject to a subpoena is withheld on

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF: SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS - Page 14

a claim of privilege."). Tellingly, however, neither Brooks nor any of the Recipients ever provided any sort of privilege log. By virtue of her failure to provide the requested log, Brooks risks a finding that any applicable privileges have been waived. See Ceramic Corp. of Am. v. Inka Maritime Corp., 163 F.R.D. 584, 587 (C.D. Cal. 1995) ("Failure to comply with Rule 45(d)(2) risks the finding that the privilege has been waived.").

Independent of the foregoing, Brooks' privilege claims because the documents (if any) that she is complaining of are not in all probability truly privileged. By definition, the attorney-client privilege only attaches to confidential communications. To the extent that Brooks or her counsel have provided otherwise privileged communications to her medical providers or accountants, they have arguably waived any such privilege. Brooks has also waived any physician-patient privilege objection by putting her medical condition squarely at issue. See Tex. R. Evid. 509(e)(4) (providing that an exception to the physician-patient privilege exists "as to a communication or record relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense"). Finally, in light of Brooks' designation in her answer to Interrogatory No. 2 of all of the Recipients as testifying experts, the consulting-expert privilege is inapplicable as well.

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES
TECUM OF: SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.;
WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER;
HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID
K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO
COMPEL COMPLIANCE WITH SUBPOENAS - Page 15

**F.      Defendants Are Entitled to Recover
         Their Attorney's Fees from Brooks.**

All told, the Motion to Quash is without merit and should be denied.  Brooks' filing of

such motion, however, required Defendants' to incur time and expense, including attorney's

fees, that they would not have had to incur but for her wrongful conduct.  Defendants are thus

entitled to recover their reasonable expenses, including attorney's fees, from Brooks.  See

Ceramic Corp. of Am., 163 F.R.D. at 589 (noting that "if a motion to quash is opposed and the

moving party loses, the opposing party may seek attorney's fees and expenses unless the court

is convinced that the losing party was 'substantially justified' or 'other circumstances' exist

making such an award 'unjust'").

## V. MOTION TO COMPEL

To the extent they are required to do so, Defendants move pursuant to Fed. R. Civ. P.

45(c)(2)(B) to have the Recipients produce all of the documents sought in the Subpoenas.

## VI. CONCLUSION

Defendants respectfully request that the Motion to Quash be denied in its entirety, the

Recipients be ordered to produce all of the documents sought in the Subpoenas, and

Defendants be awarded their reasonable expenses, including attorney's fees, incurred in

obtaining this relief.

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES
TECUM OF: SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.;
WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER;
HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID
K. DREFKE, P.C.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO
COMPEL COMPLIANCE WITH SUBPOENAS - Page 16

Respectfully submitted,

By: _____

Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF CONFERENCE

At 3:35 p.m. on February 26, 2002, counsel for Defendants called Mark Di Carlo, counsel for Brooks, to determine whether he agreed with or opposed Defendants' motion to compel. Mr. Di Carlo was out of town at the time of this call. Since agreement could not be reached, the motion to compel is presented to the Court for determination.

_____
Andrew C. Whitaker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 26th day of February, 2002.

_____
Andrew C. Whitaker

DEFENDANTS' (1) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF: SUSAN ANDER, M.D.; HELSON PACHECO, M.D.; MADHAVEN PISHARODI, M.D., P.A.; WILLIAM VALVERDE, M.D.; BROWNSVILLE MEDICAL CENTER; FIRST RIO VALLEY MEDICAL CENTER; HCA VALLEY REGIONAL MEDICAL CENTER; TEXAS BACK INSTITUTE; VALLEY PAIN CENTER; DAVID K. DREFKE, PC.; JOHN WILLIAMS, P.C., CPA; AND ZAMORA & TERRONES, CPA AND (2) MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS - Page 18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KAREN BROOKS                    §
                                §
VS.                             §        CIVIL ACTION NO. B-01-052
                                §
UNUM PROVIDENT CORPORATION      §
AND UNUM LIFE INSURANCE         §
COMPANY OF AMERICA              §

**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION**

TO:  Defendants, UNUMProvident Corporation ("UnumProvident") and UNUM
     Life Insurance Company of America ("UNUM Life") by and through their
     attorney of records Mr. Andrew C. Whittaker, Figari Davenport & Graves,
     L.L.P., 3400 Bank of America Plaza, 901 Main Street, LB 125, Dallas, Texas
     75202.

     Comes Now Karen Brooks, Plaintiff herein, and subject to the provisions of the Texas Rules
of Civil Procedure, serves her Responses to Defendant's First Set of Interrogatories and
Requests for Production.

     Plaintiff's objections to Definitions and Instructions. The plaintiff objects to the four pages of
definitions and instructions.  The definitions are lengthy and require the plaintiff to cross
reference lengthy instructions to interrogatories and request imposes a burden on the plaintiff
which is on the defendant.

                              .



1

# CERTIFICATE OF SERVICE

I hereby that a true and correct copy of the above and foregoing was this 15th day of November, 2001, forwarded to the following:

**VIA CERTIFIED MAIL, RRR**
**7000 1670 0009 7789 1198**
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202

Respectfully submitted,

Mark A. Di Carlo
722 Elizabeth Street
Corpus Christi, TX  78404
(361) 888-6968
(361) 888-6981 (fax)
State Bar No. 05812510
Southern District I.D.No. 6839

2

**INTERROGATORY NO. 1:**    Identify all persons whom you believe have knowledge of relevant facts and describe the issues upon which you believe they have knowledge. A person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter. The information need not be admissible in order to satisfy the requirements of this interrogatory, and personal knowledge is not required.

**ANSWER:**

Karen Brooks
615 Villa Maria Blvd.
Brownsville, Texas  78520
(956) 350-4730
Plaintiff in this lawsuit

R.W. ArmStrong
R.W. Armstrong & Associates
2600 Old Alice Road
Brownsville, Texas 78521-1450
(956) 546-5556

Armstrong formerly represented Brooks

regarding his communications with UNUM Life on Brooks' behalf.

Patricia A. Hernandez
117 East Price Road
Brownsville, Texas 78521
(956) 541-9001

Hernandez formerly represented Brooks and may have knowledge regarding her communications with UNUM Life on Brooks' behalf.

Sam J. Allen, D.C.
1st Rio Valley Medical, P.A.
805 Old Port Isabel Road
Brownsville, Texas 78521
(956) 504-2273

Dr. Allen provided chiropractic treatment to Brooks and may have knowledge regarding her condition and records.

Keolanui G. Chun, M.D.
Texas Back Institute
6300 West Parker Road
Plano, Texas 75093
(972) 608-5000

Dr. Chun provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

Stephen N. Hochschuler, M.D.

3

Texas Back Institute
6300 West Parker Road
Plano, Texas 75093
(972) 608-5000

Dr. Hochschuler provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

Robert S. Howell, D.C.
1st Rio Valley Medical, P.A.
805 Old Port Isabel Road
Brownsville, Texas 78521
(956) 504-2273

Dr. Howell provided chiropractic treatment to Brooks and may have knowledge regarding her condition and records.

Madhavan Pisharodi, M.D.
Madhavan Pisharodi, M.D., P.A.
942 Wildrose Lane
Brownsville, Texas 78520
(956) 541-6725

Dr. Pisharodi provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

John A. Wells, M.D.
Valley Pain Center
844 Central Boulevard, Suite 360
Brownsville, Texas 78520
(956) 541-9824

Dr. Wells provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

Custodian of Records
Columbia Valley Regional Medical Center
100 A Alton Gloor Road
Brownsville, Texas 78521

The Custodian may have knowledge regarding the records of Columbia Valley Regional Medical Center pertaining to Brooks.

David K.Dretke
David K. Drefke, P.C.
5401 North Tenth Street, Suite 105
McAllen, Texas 78504-2752

Drefke is one of the accountants for Brooks and the PA and may have knowledge regarding their finances and financial records.

Fred Myers, CPA, CFP, CLU
Fred Myers, CPA, P.C.
1411 West Avenue, Suite 100

Austin, Texas 78701
(512) 457-8555

Myers is one of the accountants for Brooks and the PA and may have knowledge regarding their finances and financial records and their insurance matters.

John Williams
John Williams, PC, CPA
923 East 13th Street
Weslaco, Texas 78596

Williams is one of the accountants for Brooks and the PA and may have knowledge regarding their finances and financial records.

Custodian of Records
Zamora & Terrones, CPAs
173 East Price Road
Brownsville, Texas 78521

The Custodian may have knowledge regarding the records of Zamora & Terrones, CPAs regarding Brooks and the PA pertaining to their finances and financial condition.

Olivia Garcia
Jose Gonzalez
Antonio Mendoza
John Middleton
Frances Olivares
Gracie Rodriguez
Karen E. Brooks, D.P.M., P.A. 615 Villa Maria Boulevard Brownsville, Texas 78520

.

These individuals may have knowledge regarding their employment and/or affiliation with the PA and Brooks' activities before and after her fall in May 1998.

Custodian of Records
Karen E. Brooks, D.P.M., P.A.
615 Villa Maria Boulevard
Brownsville, Texas 78520

The Custodian may have knowledge regarding the records of the PA pertaining to its structure, history, finances, and financial condition.

Jan Behm
Brownsville Medical Center
1040 West Jefferson Street
Brownsville, Texas 78523-3590
(210) 544-1400

Behm may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

Nell Bratcher, MA, RN, CNAA
Chief Nursing Officer
Brownsville Medical Center
1040 West Jefferson Street
Brownsville, Texas 78523-3590
(210) 544-1400

Bratcher may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

Maria Castellion
Brownsville Medical Center
1040 West Jefferson Street
Brownsville, Texas 78523-3590
(210) 544-1400

Castellion may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

Mike Marchand
Brownsville Medical Center
1040 West Jefferson Street Brownsville, Texas 78523-3590
(210) 544-1400

Marchand may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

Custodian of Records
Brownsville Medical Center
1040 West Jefferson Street
Brownsville, Texas 78523-3590
(210) 544-1400

The Custodian may have records regarding the records of Brownsville Medical Center pertaining to Brooks and her activities.

Custodian of Records Berkshire Life Insurance Company

The Custodian may have knowledge regarding the records of Berkshire Life Insurance Company pertaining to Brooks and her policy no. 110346337.

The Custodian may have knowledge regarding the records of Minnesota Mutual Life Insurance Company pertaining to Brooks and her policy no. 212680211

7

Custodian of Records
Professional Benefits Insurance Company
10835 Rocky
Houston, Texas 77099

The Custodian may have knowledge regarding the records of Professional Benefits Insurance Company pertaining to Brooks.

Louis A. Campbell
Peace Officer-Investigator
Texas Department of Insurance
333 Guadalupe Street
P.O. Box 149104
Austin, Texas 78714-9104
(512) 463-6169

Campbell may have knowledge regarding the Texas Department of Insurance's investigation of Brooks.

Susan Marx
Compliance Specialist
Texas Department of Insurance
333 Guadalupe Street
P.O. Box 149104
Austin, Texas 78714-9104
(512) 463-6169

Marx may have knowledge regarding the Texas Department of Insurance's investigation of Brooks.

Rick L. Perkins
Legal & Compliance Intake Unit
Texas Department of Insurance
333 Guadalupe Street
P.O. Box 149104
Austin, Texas 78714-9104(512) 463-6169

Perkins may have knowledge regarding the Texas Department of Insurance's s investigation of Brooks

8

Oscar A. Cartaya, M.D.
Health Resources and Technology, Inc.
420 Boylston Street, Suite 310
Boston, Massachusetts 02101
(617) 424-1711

Dr. Cartaya reviewed certain medical records pertaining to Brooks and provided UNIJM Life with a report of his findings.

Cynthia Bellefountaine
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Bellefountaine assisted in UNUM Life's investigation of Brooks' claim.

Jim Bilodeau
UNTJM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Bilodeau assisted in UNIJM Life's investigation of Brooks' claim

Nancy E. Bogg, VCM
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Bogg assisted in UNUM Life's investigation of Brooks' claim.

Constance M. Cardamone
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Cardamone assisted in UNUM Life's investigation of Brooks' claim

Jon Colson
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122

Colson assisted in UNUM Life's investigation of Brooks' claim.

Marie Cutting, RN, BSN, CRRN
P.O. Box 191
Sebago, Maine 04029

Cutting, who was formerly employed by UNUM Life, assisted in UNUM Life's investigation of Brooks' claim.

Richard G. Day, M.D.
UNLIM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Dr. Day assisted in UNUM Life's investigation of Brooks' claim.

Shannon Denbow
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Denbow assisted in UNUM Life's investigation of Brooks' claim.

Denise Houser
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211
Houser assisted in UNUM Life's investigation of Brooks' claim.

Karen Keene
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Keene assisted in UNUM Life's investigation of Brooks' claim.
Dom Lagravinese
(address and telephone number unknown)

Lagravinese, who was formerly employed by UNUM Life, assist in UNUM life's investigation of
Brooks' claim.

Nancy L. Minor
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Minor assisted in UNUM Life's investigation of Brooks' claim.

Nancy K. Olds
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Olds assisted in UNUM Life's investigation of Brooks' claim.

10

Sean Sullivan
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Sullivan assisted in UNUM Life's investigation of Brooks' claim

Sheldon White
UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

White assisted in UNUM Life's investigation of Brooks' claim

Dr. Dove
Dr. Bendal
Dr. Middleton
Dr. Decuir
Dr. Overbeek
Dr. Dervir
Dr. Overton
Dr. Shah

Addresses and telephone numbers unknown.
Podiatric residents who performed surgeries under Dr. Brooks' supervision.    Has information
indicating that Dr. Brooks did not, in fact, perform certain surgeries herself.

Lori Bendle
Anthony DeCoir, Jr.
Cyandi Dove
Troy Overbeck
Susan Warner
Dr. Shal
Edela Estrada 956/544-6335
Dr. Katie Gaul
Dr. Raul Maldonado
Dr. John Middleton
Dr. Michael Metzer
Dr. Oscar Etuk          .
Dr. Charles Hartley
Dr. Paul Kinberg
Dr. Tina Oliver
Dr. Larry Harkless

Additional health care providers (addresses and telephone numbers will be supplemented):

Dr. William Valverde

Dr. Susan Ander
956/300-4647

11

Dr.Nelso Pacheco
956/504-1322

Justo Cisneros
831 Ridgewood
Brownsville,Tx. 78520

Friends and Family who have knowledge of Plaintiff's pain and suffering (Addresses and Telephone numbers will be supplemented):

Kathy & Bill Russell
718/527-4667

Frank & Lori Balanos

Drs. Yvonne & Alex Sudarshan

Mrs. Minerva Richer

Mr. & Mrs. Fred Rissand
516/593-3369

Ms. Donna Young
203/327-1118

Mr. & Mrs. Juan Valles
956/399-4517

York & Helane Battey
212/831-1123

Wendel1 P. Brooks
718/352-6267

Linda J. Brock
956/399-6411

Father Art Brivins
956/350-3348

Doctors who covered at the office (Addresses and Telephone Numbers will be supplemented):

Dr. Jose Ayala
956/550-9480

Dr. Marco Ardila

Dr. Joseph Bender

Dr. Tom Brooks

Dr. Joseph Caparuso

Dr. Javier Cavazos

Dr. Robert Lozano
844 Central Blvd., Ste. 330
Brownsville, Texas 78521
(956) 982-0400

Brownsville Physical Therapy
1714 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-2401

Dr. Judson Summerville
5904 W. Drive, Ste. #7
Laredo, Texas 78401
(956) 717-2962

Also, see Plaintiffs Response to Defendant's Request for Disclosure, Defendant's Response to Plaintiff's Request for Disclosure; all discovery conducted in this case.

**INTERROGATORY NO. 2:** Identify each person whom you expect to call as an expert witness at the trial of this case, and, as to each expert so identified, state the subject matter on which he is expected to testify, the substance of the facts and opinions to which he is expected to testify, a summary of the grounds for each opinion, the qualifications of the expert, and the terms of your agreement with the expert.

**ANSWER:** Objection to request for trial strategy. See Federal Rule of Civil Procedure 26. The plaintiff may call the following as experts at trial: 1) A vocational expert not yet specified; 2) See answers to Interrogatory No. 1; 3) All persons with expert qualification designated by defendants.

**INTERROGATORY NO. 3:** Identify each expert used for consultation who is not expected to testify, but whose work product, opinions, or mental impressions have been reviewed by any of the experts identified in your answer to Interrogatory No. 2.

**ANSWER:** Objection. Vague request. None Expected.

**INTERROGATORY NO. 4:** Please state the total amount of benefits you claim are due to you under the Policy and/or the Certificate and describe how you calculated that sum.

**ANSWER:** See policy and certificate terms which are ascertainable by you. Dr. Brooks sues for $6,000.00 per month from February 15, 1999 through the date of the filing of this petition is $150,000.00 plus reasonable and necessary attorney's fees of $150.00 per hour plus costs of court.

**INTERROGATORY NO. 5:** State the amount, nature, and source of any and all damages that you contend you have suffered or incurred as a result of the actions, conduct, or omissions of Defendants, setting forth each of the elements of any and all monetary damages you claim. In addition, please describe in detail the manner in which you calculated such damages and the basis for such calculation. Finally, identify all persons with knowledge of each of the elements of the damages you claim.

**ANSWER:** Dr. Brooks sues for $6,000.00 per month from February 15, 1999 through the date of the filing of this petition is $150,000.00 plus reasonable and necessary attorney's fees of $150.00 per hour plus costs of court. Claimant is at least 20% disabled and should be receiving the percentage of disability times her monthly benefit of $6,000.00 per month: that is anywhere from $1,200.00 per month to approximately $4,800.00 per month. Plaintiff sues for violations of the Texas Insurance Code Article 21.21. Plaintiff alleges violation of 17.46 of the Texas Business and Commerce Code. Plaintiff sues for: 1) The costs of actual damages; 2) Court Costs; 3) Necessary and reasonable attorney's fees at $150.00 per hour; 4) Three times the amount of actual damages. Plaintiff be permitted to recover exemplary damages under the Texas Civil Practice and Remedies Code § 41.008 for two times the amount of economic damages plus an amount equal to no economic damages up to $750,000.00 or $200,000.00; Three times the amount of actual damages under Article 21.21 of the Texas Insurance Code and § 17.46(b) of the Texas Business and Commerce Code of three times the amount of actual damages; Two times the amount of actual damages under the Texas Civil Practices and Remedies Code § 41.008 for two times the amount of economic damages plus an amount equal to no economic damages up to $750,000.00 of $200,000.00; Damages for past, present and future medical bills as a result of emotional and/or physical problems incurred; Damages to her credit rating. All defendant's agents who reviewed any piece of paper relating to Karen Brook's medical providers listed in response to interrogatory No. 1.

**INTERROGATORY NO. 6:** If you have any agreement, written or unwritten, with your attorneys of record herein with respect to the payment for services performed by them in connection with this action, identify all documents concerning such an agreement; describe such agreement in detail, including whether it is written or unwritten and all of the terms of such agreement with respect to the mount and timing of your payments; and state the total mounts of attorneys' fees that you seek to recover from Defendants in the Lawsuit.

**ANSWER:** Objection. Attorney Client privilege. Claim for attorneys fees will be $150.00 per hour or 40% of total settlement under contract as Honorable Federal Court permits.

**INTERROGATORY NO. 7:** Identify and describe all of the ailments or conditions that you contend render you totally or residually disabled under the Policy and/or the Certificate, including, but not limited to, the periods of disability, the identity of all diagnosing and/or treating health care provider(s), and their diagnosis, treatment, medications prescribed, prognosis, and the date(s) thereof.

**ANSWER:** Back problems. Now psychological problems. July 1, 1998 to present. See Interrogatory No. 1 for all medical providers. See medical records attached to request for production.

**INTERROGATORY NO. 8:** Identify all persons, including, but not limited to, Unum Life, Minnesota Mutual, and Berkshire, to whom you have submitted applications for life, health, or disability insurance since January 1, 1994.

**ANSWER:** Objection. Request is not reasonably calculated to lead to the discovery of admissible evidence in accordance with Federal Rules of Civil Procedure Pro.26(b). UNUMProvident Corporation and UNUM Life Insurance Company of America.

**INTERROGATORY NO. 9:** With respect to each physician, psychiatrist, psychologist, or other medical practitioner who has seen, consulted, or treated you since January 1, 1994 regarding

## ALPHABETICAL INDEX

| | |
|---|---|
| [Age Limit | 9 |
| Assignment, Change of Beneficiary | 9 |
| Claim Forms | 8 |
| Conformity with State Statutes | 9 |
| Continuous Periods of Disability | 7 |
| Definitions | 2 |
| Exceptions and Reductions | 7 |
| Extension of Benefits | 7 |
| Grace Period | 8 |
| Legal Actions | 8 |
| Maximum Benefit Period | 4 |
| Minimum Benefits for Specific Fractures and Dislocations | 6] |
| [Non-Disabling Injury Benefit | 7 |
| Notice of Claim | 8 |
| Payment of Claim | 8 |
| Physical Examination | 8 |
| Proof of Loss | 8 |
| Rehabilitation | 7 |
| Reinstatement | 8 |
| Renewal Conditions | 1 |
| Residual Disability Benefits | 5 |
| Survivor Insurance Benefit | 7 |
| Time Limit on Certain Defenses | 8 |
| Time of Payment of Claims | 8 |
| Waiver of Premium | 7] |

## DEFINITIONS

**Actively Engaged** means working 20 hours or more per week in the duties of Your Occupation.

**Association** means The American Podiatric Medical Association.

**Beneficiary** means the person named in the application. If no person is named in the application or the Beneficiary is not living, then, Beneficiary shall mean the estate.

**Complications of Pregnancy** means: 1) Conditions requiring hospital confinement (when the pregnancy is not terminated), whose diagnoses are distinct from pregnancy but are adversely affected by pregnancy or are caused by pregnancy. Examples are acute nephritis, nephrosis, cardiac decompensation, missed abortion and similar medical and surgical conditions of comparable severity. False labor, occasional spotting, physician prescribed rest during the period of pregnancy, morning sickness, hyperemesis, gravidarum, pre-eclampsia and similar conditions associated with the management of a difficult pregnancy not constituting a nosologically distinct complication of pregnancy are not considered Complications. 2) Non-elective caesarean section. 3) Ectopic pregnancy which is terminated. 4) Spontaneous termination of pregnancy which occurs during a gestation in which viable birth is not possible.

**CPI-U** means the Consumer Price Index for All Urban Consumers. It is published by the Bureau of Labor Statistics of the United States Department of Labor. If the CPI-U is discontinued or if its method of computation is changed, We may with the approval of the Commissioner use another national published index that We determine is comparable in scope and purpose to the CPI-U. CPI-U will then mean that index.

**Current Monthly Income** means the Monthly Income from the Occupation during each month of Residual Disability for which claim is made.

**First Index Month** means the calendar month 3 months before the start of a continuous period of Total and/or Residual Disability.

**Index Month** means the calendar month 3 months before the Review Date.

**Injury** means a loss or disability which is a direct result of bodily injury caused by an accident which occurs while the insurance is in force and is independent of all other causes. The loss or disability must commence within 365 days of the accident; otherwise, it will be considered as arising from a Sickness.

**Insured** means a Member or Student Member of the Association.

**Loss of Monthly Income** means the difference between Prior Monthly Income and Current Monthly Income caused solely by Residual Disability.

**Member** means a member of the Association who is in full time practice at least 20 hours per week.

**Monthly Benefit** is the amount shown in the application. For disabilities of less than a month, We pay 1/30th of the monthly benefit for each day of disability.

**Monthly Income** means monthly income from salary, wages, bonuses, commissions, fees or other remuneration earned for services performed by the Insured, in the Occupation, after deduction of normal and customary business expenses but before deduction of any income taxes. It does not include dividends, rents, royalties, annuities or other forms of unearned income, or any income the Insured receives not derived directly from the Occupation.

**Occupation** means the occupation described in the application and the occupation in which the Insured is regularly engaged at the time the Insured became disabled. If the occupation is limited to a recognized specialty within the scope of the degree or license, We will deem the specialty to be the Occupation.

**Percent Loss** means

$$\frac{\text{Loss of Monthly Income}}{\text{Prior Monthly Income}} \times 100\%$$

EXHIBIT __B__

If the Percent is greater than 80%, We will deem it to be 100%.

for **Monthly Income** means the average Monthly Income from the Occupation for the 24 months immediately prior to the period of Total disability. The 24 months will be calculated so as not to include any period of Total or Residual Disability.

**Qualifying Period** is the continuous period of Total and/or Residual Disability equal to the greater of the Waiting Period and 30 days, which must precede payment of the Residual Disability Benefit.

**Residual Disability** means the inability due to Injury or Sickness to perform:

    1. one or more of the substantial and material duties of the Occupation; or

    2. the substantial and material duties of the Occupation for as much time as is normally required to perform them.

the Insured must be receiving regular medical care from a duly licensed physician other than the Insured, and Total Disability benefits must not be payable under this Policy. Residual Disability will be deemed not to exist if the Percent Loss is less than 20%.
**Residual Disability Benefit** means:

Percent Loss x Monthly Benefit

**Review Date** means each anniversary of the start of a continuous period of Total and/or Residual Disability.

**Sickness** means a sickness or disease which causes loss or disability commencing while the insurance is in force.

**Student Member** means a full-time student less than age 50 enrolled in an Accredited School of Podiatric Medicine.

**Total Disability** means: (1) the inability to perform the substantial and material duties of Your Occupation due to an Injury or Sickness; and (2) You receive regular medical care from a duly licensed physician other than the Insured. If You are performing the duties of any occupation, You will no longer be considered totally disabled. You will be presumed to be totally disabled after the Waiting Period if Injury or Sickness results in the total and irrecoverable loss of one of the following, which cannot be restored or corrected by medical or surgical treatment:

(1) speech, or hearing in both ears;

(2) the sight of both eyes;

(3) the use of both hands, or both feet, or of one hand and one foot.

**Waiting Period** for Accident of Sickness means the number of consecutive days at the start of a period of continuous disability for which benefits are not payable.

**We, Our,** Us means the Commercial Life Insurance Company.

**You and Your** means the Insured.

**UNUM 0004**

3