United States District Court
Southern District of Texas
FILED

MAY 0 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | § § | |
| VS. | § § | CIVIL ACTION NO. B-01-052 |
| UNUM PROVIDENT CORPORATION AND UNUM LIFE INSURANCE COMPANY OF AMERICA | § § § § | |

MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF:
AMBULATORY SURGERY CENTER OF BROWNSVILLE

1.  The plaintiff moves to Quash and/or modify the subpoenas of Ambulatory Surgery Center of Brownsville pursuant to Federal Rule of Civil Procedure 45(c)(3)(A).

2.  The subpoena request records as reflected in **Exhibit A**. Any subpoenaed records between Brooks' attorney and the physician would necessarily be trial preparation materials and/or client privileged.

3.  The subpoena does not properly designate documents in accordance with Federal Rule of Civil Procedure 45(a)(1)(C). The subpoena requires disclosure of "all nor privileged documents in ASC's credentialing file and personnel files concerning Brooks" in paragraph 3. The request for such "documents" is an attempt to obtain records not relevant to this case in an attempt to "ruin" the plaintiff as the defendant has attempted to do in the past. The defendant has attempted to ruin the plaintiff by having a professional woman who has never been arrested before, arrested, brought to jail and indicted. The indictment against Brooks was dismissed.

4.  The documents requested are not relevant to this case. Paragraph 3 requests "All non privileged documents in ASC's credentialing file and personnel file" concerning Brooks.

Paragraph 4 requests, "All non-privileged documents concerning any original and renewal application, including any supporting documents, submitted by Brooks for privileges at ASC."

Paragraph 6 requests any non-privileged documents concerning any expiration, suspension, revocation or termination of Brooks' privileges at ASC. The documents are non specific nor relevant to this case and constitute a fishing expedition in an attempt to embarrass and humiliate the plaintiff.

5.  Paragraph 7 requests: All documents concerning Brooks or the Brooks Entities between and among ASC, on the one hand, and Brooks, Brooks's counsel, or the Brooks Entities' counsel, on the other hand the documents are privileged by the attorney-client privilege.

6.  No attempts nor conferences were made with plaintiff to determine whether or not these documents were agreed upon. The plaintiff asserts these subpoenas constitute a pattern of bad faith against the plaintiff both in terms of discovery and omissions. The plaintiff calls to the attention that the defendant has already had the professional plaintiff who was never arrested in her life with a felony and that the felony was dismissed. The defendant is engaged in an obvious pattern of attempting to destroy this plaintiff's life merely because she paid for an insurance policy and became disabled.

7. The requested generic documents are an attempt to circumvent permissible discovery under Federal Rule of Civil Procedure 26(b).

8. The motion should be granted for the following reasons:

    1) Attorney Client Privilege;

    2) Physician Patient Privilege;

    3) Right to privacy under U.S. Constitution and/or Texas Constitution;

    4) The documents request are not relevant to the suit and are not calculated to lead to discoverable information;

    5) The request is a pattern of abuse attempting to embarrass and intimidate the plaintiff which began with a false grand jury indictment which was dismissed.

The documents requested are an attempt to permissible discovery under Federal Rule of Civil Procedure 26(b).

9. **PRAYER**, the plaintiff prays for the following:

1) The subpoena shall be quashed;

2) The subpoena be modified to specify relevant issues regarding this lawsuit such as whether or not the claimant is disabled under the terms of the policy from her occupation as a podiatrist;

3) The subpoena be modified to reasonably specify the books and documents requested;

4) The subpoena be reasonably modified to specify dates for one or two years

preceding the date of disability to the present;

5) That any documents regarding any communication between Brooks and her attorney be protected and eliminated in the request for the subpoena's;

6) The subpoena be limited to Discovery documents permissible under Federal Rule of Civil Procedure 26(b).

7) All requested documents be reasonably specified such other and further relief to which the plaintiff may be entitled.

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF CONSULTATION

Plaintiff's counsel served this motion by certified mail on Andrew Whitaker on April 18th, 2002. By via telefax plaintiff's counsel notified Mr. Andrew Whitaker on April 18th, 2002 of the filing of this motion.

Respectfully submitted,

Mark A. Di Carlo
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No. 6839

# EXHIBIT "A"

# EXHIBIT A

## I. *DEFINITIONS*

1. *Brooks* shall mean or refer to Karen Brooks, whose Social Security number is 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 and whose date of birth is 10/08/1959.

2. *Brooks Entities* shall mean or refer to Karen E. Brooks, D.P.M., P.A., and any other entity that Brooks owns, in whole or in part, or controls, in whole or in part, and shall include their parents, subsidiaries, divisions, affiliates, agents, employees, partners, and representatives.

3. *ASC* shall mean or refer to Ambulatory Surgery Center of Brownsville, L.P.

4. *Document* shall mean any kind of written, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or neither, including originals, nonidentical copies (whether different from the originals because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to: (1) papers; (2) books; (3) letters; (4) correspondence; (5) telegrams; (6) cables; (7) telex messages; (8) memoranda; (9) notes; (10) notations; (11) work papers; (12) transcripts; (13) minutes; (14) reports and recordings of telephone and other conversations or other interviews, or of conferences or other meetings; (15) affidavits; (16) statements; (17) summaries; (18) opinions; (19) reports; (20) studies; (21) analyses; (22) evaluations; (23) contracts; (24) agreements; (25) ledgers; (26) journals; (27) statistical records; (28) desk calendars; (29) appointment books; (30) diaries; (31) lists; (32) tabulations; (33) sound recordings; (34) computer printouts; (35) data processing records; (36)

(36) microfilm or microfiche; (37) photographs; (38) maps; (39) charts; (40) accounts; (41) financial statements and reports thereof; (42) all records kept by electronic, photographic, or mechanical means; (43) electronic mail or e-mail; and (44) things similar to any of the foregoing, however denominated.

5. *Concerning* shall mean relating to, referring to, describing, evidencing, or constituting.

## II. *DOCUMENTS REQUESTED*

1. A list or printout of all surgical procedures performed by Brooks at ASC from January 1, 1997 to the present, including, without limitation, lists or printouts setting forth the number of patients; the number of procedures; the dates of the procedures; and a description of each procedure performed or, if the procedure is identified by an internal code, a descriptive Brooks identifying each procedure and its code. Patient identifying information may be redacted.

2. All documents (including, without limitation, all W-2 and 1099 forms) concerning any fees, compensation, or wages paid to Brooks or the Brooks Entities by ASC from January 1, 1997 to the present.

3. All non-privileged documents in ASC's credentialing file and personnel file concerning Brooks.

4. All non-privileged documents concerning any original and renewal applications, including any supporting documents, submitted by Brooks for privileges at ASC.

*EXHIBIT A* – **Page 2**

5. All non-privileged documents concerning any complaints, disciplinary actions, or reprimands concerning Brooks.

6. All non-privileged documents concerning any expiration, suspension, revocation, or termination of Brooks's privileges at ASC.

7. All documents concerning Brooks or the Brooks Entities between and among ASC, on the one hand, and Brooks, Brooks's counsel, or the Brooks Entities' counsel, on the other hand.

8. All documents concerning Brooks or the Brooks Entities between and among ASC, on the one hand, and any insurance provider or entity, on the other hand.

9. All documents concerning Brooks or the Brooks Entities between and among ASC, on the one hand, and any state or federal governmental agency or entity, on the other hand.