*29*

United States District Court
Southern District of Texas
FILED

MAY 0 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | § § | |
| VS. | § § | CIVIL ACTION NO. B-01-052 |
| UNUM PROVIDENT CORPORATION AND UNUM LIFE INSURANCE COMPANY OF AMERICA | § § § § | |

MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF:
PAUL REVERE LIFE INSURANCE

1. The plaintiff moves to Quash and/or modify the subpoenas of Paul Revere Life Insurance Company pursuant to Federal Rule of Civil Procedure 45(c)(3)(A).

2. The subpoena request records as indicated in **Exhibit A**.

3. The subpoena does not properly designate documents in accordance with Federal Rule of Civil Procedure 45(a)(1)(C). The subpoena in paragraphs 1, 2, 3, and 4 merely requests all documents.

4. The documents are not relevant to this case nor are documents specifically requested which may be relevant to this case.

5. The defendant is attempting to abuse the plaintiff through the requests of numerous subpoenas duces tecum. The defendant has already presented information of

the plaintiff, a professional podiatrist, in an attempt to have Brooks indicted. The indictment was dismissed. This request along with the subpoena duces tecum's is an attempt to destroy the plaintiff's life mearly because she took out a disability policy from the defendant paid for the policy and became disabled.

6.   No attempts nor conferences were made with plaintiff to determine whether or not these documents were agreed upon. The plaintiff asserts these subpoenas constitute a pattern of bad faith against the plaintiff both in terms of discovery and omissions. The plaintiff calls to the attention that the defendant has already had the professional plaintiff who was never arrested in her life with a felony and that the felony was dismissed. The defendant is engaged in an obvious pattern of attempting to destroy this plaintiff's life merely because she paid for an insurance policy and became disabled.

7.   The requested generic documents are an attempt to circumvent permissible discovery under Federal Rule of Civil Procedure 26(b). The request were apparently prepared by a paralegal and not the attorney of record.

8.   The motion should be granted for the following reasons:
   1)   Attorney Client Privilege;
   2)   Physician Patient Privilege;
   3)   Right to privacy under U.S. Constitution and/or Texas Constitution;
   4)   The documents request are not relevant to the suit and are not calculated to lead to discoverable information;

5)   The request is a pattern of abuse attempting to embarrass and intimidate the plaintiff which began with a false grand jury indictment.

The documents requested are an attempt to permissible discovery under Federal Rule of Civil Procedure 26(b).

9.   **PRAYER**, the plaintiff prays for the following:

1)   The subpoena shall be quashed;

2)   The subpoena's be modified to specify relevant issues regarding this lawsuit such as whether or not the claimant is disabled under the terms of the policy from her occupation as a podiatrist;

3)   The subpoena's be modified to reasonably specify the books and documents requested;

4)   The subpoena's be reasonably modified to specify dates for one or two years preceding the date of disability to the present;

5)   That any documents regarding any communication between Brooks and her attorney be protected and eliminated in the request for the subpoena's;

6)   The subpoenas' be limited to Discovery documents permissible under Federal Rule of Civil Procedure 26(b).

7)   All requested documents be reasonably specified such other and further relief to which the plaintiff may be entitled.

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF CONSULTATION

Plaintiff's counsel served this motion by certified mail on Andrew Whitaker on April __18__, 2002. By via telefax plaintiff's counsel notified Mr. Andrew Whitaker on April __18__, 2002 of the filing of this motion.

Respectfully submitted,

_____
Mark A. Di Carlo
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No. 6839

# EXHIBIT "A"

# EXHIBIT A

## I. *DEFINITIONS*

1.　*Brooks* shall mean or refer to Karen Brooks, whose Social Security number is 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 and whose date of birth is 10/08/1959.

2.　*Paul Revere* shall mean or refer to The Paul Revere Life Insurance Company.

3.　*Document* shall mean any kind of written, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or neither, including originals, nonidentical copies (whether different from the originals because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to: (1) papers; (2) books; (3) letters; (4) correspondence; (5) telegrams; (6) cables; (7) telex messages; (8) memoranda; (9) notes; (10) notations; (11) work papers; (12) transcripts; (13) minutes; (14) reports and recordings of telephone and other conversations or other interviews, or of conferences or other meetings; (15) affidavits; (16) statements; (17) summaries; (18) opinions; (19) reports; (20) studies; (21) analyses; (22) evaluations; (23) contracts; (24) agreements; (25) ledgers; (26) journals; (27) statistical records; (28) desk calendars; (29) appointment books; (30) diaries; (31) lists; (32) tabulations; (33) sound recordings; (34) computer printouts; (35) data processing records; (36) microfilm or microfiche; (37) photographs; (38) maps; (39) charts; (40) accounts; (41) financial statements and reports thereof; (42) all records kept by electronic, photographic, or mechanical means; (43) electronic mail or e-mail; and (44) things similar to any of the foregoing, however denominated.