*32*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-052 |
| | § | |
| UNUM PROVIDENT CORPORATION | § | |
| AND UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |

### Plaintiff's Motion to Compel Responses to Request for Production

The Plaintiff moves to compel the answers to her first set of Request for Production:

1.  The plaintiff served her 74 Requests for Production to the defendant on November 15, 2001.  The request are attached as **Exhibit A**.  The Request for Production were based on a myriad of affirmative defenses and experts designated, by the defendant.   The defendant's Original Answer is attached hereto as **Exhibit A-1**

2.  The defendant did not respond with one document.   See attached **Exhibit B.** Attached **Exhibit B** is the Defendant's Responses and Objections to the Plaintiff's Request for Production and establishes that the responses of the plaintiff were in bad faith and contained numerous form and identical objections which were not specific and not in conformity with the Federal Rules Of Civil Procedure

3. The plaintiff responded with the defendant's failure to respond in entirety with the attached letter dated 1/29/02:  **Exhibit C.**  The Plaintiff basically averred that, "Many of my requests involved your answer or affirmative defenses . . . Persons identified in initial disclosures . . . Experts who denied the claim and . . . Have no expert qualifications."

4. The defendant responded with a letter and documents responsive to 5 of the Plaintiff's Request for Production dated February 14, 2002.  See defendant's letter attached **Exhibit D.** The letter refers to inappropriately titled "Original Action Documents" which are irrelevant to the trial of this case and which the defendant has not provided nor do they apparently intend to refer to them appropriately.  The defendant sent over approximately the  documents without an inventory of what the documents were nor what request they were responsive regarding.

5. The plaintiff, as best as he can determine received the following documents in the uninventoried ½ box:

A) A curriculum vitae from Jonathan E. Colson,  UNUM 0012-0012(A);

B) A curriculum vitae from Nancy E. Bogg,  UNUM 0013-0016;

C) An article with contributor Nancy E. Bogg, UNUM 0017-0032;

D) A declaration of the Custodian of Records of Brownsville Medical Records with 0 pages of records, UNUM 0033-0042;

E) A declaration of the custodian of records from the Chief of Nursing Brownsville Medical Center with an attached letter dated April 22, 1999 regarding corrected surgical hours, UNUM 0043-0048;

F) A 10K report from UNUM for the fiscal year 1998, UNUM 0049-0215;

G) An "annual report" from UNUM for the fiscal year 1998, UNUM 0216-0388;

H) An "10K report for the fiscal year ending 1999, UNUM 390-0748;

I) A "10K report for the fiscal year ending 2000, UNUM 0749-1282.

6. The defendant has therefore responded in part to the following requests after the plaintiff's lengthy letter explanation to the defendant regarding the applicable law and why the requests are relevant to the case: Request 9, 34, 35, 46, 48.

A) A curriculum vitae from Jonathan E. Colson, UNUM 0012-0012(A) is a partial Response to Request No. 1 Request No. 46.

B) A curriculum vitae from Nancy E. Bogg, UNUM 0013-0016 is a partial Response to Request No. 1 and No. 34.

C) An article with contributor Nancy E. Bogg, UNUM 0017-0032 is a Response to Request No. 48.

D) A declaration of the Custodian of Records of Brownsville Medical Records with 9 pages of records: UNUM 0033-0042 is a Response to Request No. 35.

E)    A declaration of the custodian of records from the Chief of Nursing Brownsville Medical Center with an attached letter dated April 22, 1999 regarding corrected surgical hours,    UNUM 0043-0048 is a Response to Request No. 35 ( 1997 not included despite representations in paragraph 65 of the defendant's answer).

F)  A 10K report from UNUM for the fiscal year 1998, UNUM 0049-0215, is a partial response to Request NO. 9 in that the year 2001 is not included.

G)  An "annual report" from UNUM for the fiscal year 1998,  UNUM 0216-0388, is a partial response to Request NO. 9 in that the year 2001 is not included:

H)  A "10K report  for the fiscal year ending 1999,  UNUM 390-0748;  a partial response to Request NO. 9 in that the year 2001 is not included.

I)  An  "10K report  for the fiscal year ending 2000,  UNUM 0749-1282, is a partial response to Request NO. 9 in that the year 2001 is not included.

7.  The defendant has therefore, responded partially to the five Request for Production out of 74.  The defendant has practically entirely failed to answer the 74 Request for Production.  (The plaintiff has since come to discover the 10K records requested in number 9 can be obtained through public records, something that the defendants' corporate counsel is probably already aware.) Many of these request were in fact based upon the defendant's own assertions of affirmative defenses and the investigations of their own experts.

8.  The defendant has engaged in a pattern of abusive discovery against the plaintiff, as is partially exhibited by: their failure to even respond by number to the responses for request for production;  the attempt to obtain various personal irrelevant documents against the plaintiff in violation of the rights of the plaintiff to object; their failure to respond to mot of the plaintiff's interrogatories.

9.  The plaintiff requests the following under Federal Rule of Civil Procure:

A)  A Motion to compel disclosure of requests No. 1-8, 10- 33, 36-45, 47-74;

B)  The plaintiff requests sanctions for the reasonable costs of the writing of the letter the filing of this motion.  The plaintiff asserts that it is clear that the various objections are not substantially justified in accordance with Federal Rule Of Civil Procedure 37. (a)(4)(A).

10.  A certificate of that the movant has in good faith conferred with opposing counsel is included with this motion as **Exhibit E** pursuant to Federal Rule of Civil Procedure 37(a)(2)(A).

11.  The plaintiff requests attorney's fees of 12 hours at $120.00 per hour, $1,440.00, for the drafting of the letter brief to the defendant and the drafting of this motion.

## PRAYER

The plaintiff requests that the defendant be order to respond to the requests for production in their entirety; The plaintiff prays for attorneys fees of 12 hours times the fess of $120.00, $1,440.00, through the date of the filing of this motion; for such other relief as the court deems necessary and just.

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF CONSULTATION

Plaintiff's counsel served this entire motion by certified mail on Mr. Andrew Whitaker on May 21, 2002.  By via telefax plaintiff's counsel notified Mr. Andrew Whitaker on May 21, 2002 of the filing of this motion and faxed the motion without the attached exhibits.

**VIA CERTIFIED MAIL, RRR**
**VIA FAX NO. (214) 939-2090**
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
Dallas, Texas  75202

Respectfully submitted,

Mark A. Di Carlo
722 Elizabeth St.
Corpus Christi, Texas  78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No.  6839

## AFFIDAVIT AND DECLARATION OF MARK A. DI CARLO

BEFORE ME, the undersigned authority, personally appeared Mark A. Di Carlo, who, being my me duly sworn, deposed as follows:

My name is Mark A. Di Carlo. I am over 18 years of age, have no criminal record and I am of sound mind and capable of making this affidavit.

I am the attorney for the plaintiff, Karen Brooks. I have been licensed in the United States District Court for the Southern District of Texas since September 3, 1986; in the Fifth Circuit United States Court of Appeals for the Fifth Circuit since January 5, 1987 and before the United States Supreme Court since March 1993. I attempted to confer with Mr. Whitaker by the attached letter, **Exhibit C**, and I was only able to receive the documents referred to in this motion. The exhibits and documents I have attached to the Plaintiff's Motion to Compel are true and correct copies of documents from my business records and they are kept in the regular course of my business.

I am familiar with the reasonable fees for litigation in and around the area commonly referred to as South Texas. A reasonable fee for such services is $120.00 per hour. In determining my fees I considered the following:

(a)     the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

(b)     the likelihood that the acceptance of the particular employment would preclude other employment;

(c )     the fee customarily charged in the locality for similar legal services;

(d)     the amount involved and the results obtained;

(e)     the time limitations imposed by the client or by the circumstances;

(f)     the nature and length of the professional relationship with the client;

(g)     my experience, reputation, and ability in performing the services; and

(h)     whether the fee is fixed or contingent.

The attorney's fees charged by Di Carlo in relation to attorney's fees charged for the same or such work in Texas and in the area commonly referred to as South Teas were reasonable and the fees were necessarily incurred because the defendant would not respond to the requests.

Based on my experience, knowledge, training and education it is my opinion that the defendant's responses were primarily frivolous and not substantially justified in accordance with the Federal Rules of Civil Procedure 37(a)(4)(A) and are an attempt to drive up the costs of litigation in this case.

I have spent approximately 12 hours in preparing the letter to opposing counsel regarding their failure to respond to request for production and preparing this motion.  The plaintiff therefore respectfully request $120.00 x 12 hours= $1,440.00 in attorneys fees.

I declare under penalty of perjury that the contents of this affidavit are true and correct.

_____5/21/02_____          _____
Date                                        Affiant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KAREN BROOKS                          §
                                      §
VS.                                   §          CIVIL ACTION NO. B-01-052
                                      §
UNUM PROVIDENT CORPORATION            §
AND UNUM LIFE INSURANCE               §
COMPANY OF AMERICA                    §

## ORDER

The foregoing Plaintiff's Motion to Compel Responses to Request for Production came to be considered on the _____ day of _____, 2002 and it appears to the court that it should be GRANTED/DENIED.

The defendant is ordered to respond to Request for Production 1-74 in their entirety.

The plaintiff is granted attorney's fees of $1,440.00 or $_____.


_____
Judge Presiding

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-052 |
| | § | |
| UNUM PROVIDENT | § | |
| CORPORATION AND UNUM | § | |
| LIFE INSURANCECOMPANY | § | |
| OF AMERICA | § | |

**PLAINTIFF'S FIRST·SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT**

TO:    Defendant UnumProvident Corporation and UNUM Life Insurance
Company of America, by and through their attorney of record Mr. Andrew C.
Whitaker, Figari Davenport & Graves,3400 Bank of America Plaza, 901 Main
Street, LB 125, Dallas, Texas 75202-3796.

The Plaintiff Karen Brooks requests that UNUMProvident Corporation

("UNUMProvident") and UNUM Life Insurance Company of America ("UNUM

Life")  and any defendant who has been sued in this case under the UNUM name

and their various popular and common and doing business as entities answer the

following requests in accordance with Fed.R.Civ.P.34  within thirty (30) days after

service.   The plaintiff further request that UNUM UNUMProvident Corporation

("UNUMProvident") and UNUM Life Insurance Company of America ("UNUM

Life") supplement each of their  response to the requests for production  as

required by the  Federal Rules of Civil Procedure and applicable local rules.

Plaintiff further request that Defendants produce for inspection and copying all of

the documents and tangible things responsive to the requests for production at

the office of Mark A. Di Carlo, 722 Elizabeth St., Corpus Christi, Texas  with their

responses to the Discovery Requests or at some other time and place mutually

agreed upon by the parties.

## DFINITIONS AND INSTRUCTIONS

1.    UNUM shall refer to UNUMProvident Corporation and UNUM Life Insurance Company and any person(s) acting on their  behalf.

2.    "You" and "Your" shall refer to UNUMProvident and/or UNUM Life and any legal entities responsible for paying damages under the UNUM group of business entities.

3.    "Document" refers to and includes the definition contained in Federal Rule of Civil Procedure 34(a): "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form." "Document" also includes any  piece of paper, letter, memorandum, electronic computer recordation, computer disk of any nature, video tape,  audio tape, audio video recordation, data compilation, relating to the request.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was this _15_ day of _March,_ 2001, forwarded to the following:

VIA CERTIFIED MAIL, RRR
VIA FAX NO. (214) 939-2090
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
Dallas, Texas  75202

Respectfully submitted,

Mark A. Di Carlo
Attorney in Charge
La Solana Building
722 Elizabeth St.
Corpus Christi, Texas  78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No.  6839

## REQUEST FOR PRODUCTION

NO. 1:  Please produce any documents, tape recordings, paperwork, interoffice memorandums, expert reports, medical reports which supports your denial of Karen Brook's disability claim made the issue of this suit.

RESPONSE:

NO. 2:   Please produce a curriculum vitae of any expert witness: (1) You designate as an expert; (2) Who has factual or expert knowledge of this case; (3) Who has acted as an expert to support your denial of long term disability for Brooks.

RESPONSE:

NO. 3:  Please produce a copy of every plaintiff's complaint, petition, or lawsuit in Texas filed against UNUM within the last 5 years for the denial of long term or short term disability benefits.

RESPONSE:

NO. 4:  Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM within the last 5 years.

RESPONSE:

NO. 5:   Please a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM within the last 5 years which asserted fraud, a violation of the Texas Insurance Code or a violation of the Texas Deceptive Trade Practices Act against UNUM for the denial of any claim.

RESPONSE:

NO. 6:  Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM the last 5 years for denial of long term disability benefits.

RESPONSE:

NO. 7:  Please produce documents, affidavits, statements and depositions used to substantiate any criminal complaints you or your agents filed against Karen Brooks and/or filed with the Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other Federal State or regulatory body.

RESPONSE:

NO. 8:   Please produce criminal complaints and or police reports and or allegations of criminal complaints and supporting documents, affidavits, statements and depositions used to substantiate any criminal complaints you or your agents filed against any person who you filed a criminal complaint against, a police report or any form of criminal allegation filed with the Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other Federal State or regulatory body.

RESPONSE:

NO. 9:  Please produce UNUM's 1040K for the years 1998, 1999, 2000 and 2001.

RESPONSE:


NO. 10:  Please produce a copy of Karen Brook's signed long term disability policy.

RESPONSE:


NO. 11:  Please produce a copy of any questionnaires or checklists which Karen Brook's filled out in order to obtain or as a prerequisite in obtaining a disability insurance policy from you.

RESPONSE:

NO. 12: Please produce a copy of a blank long term disability policy which is identical to the one issued to Karen Brooks. Please provide a blank application identical to the one Karen Brook's signed to apply for benefits.

RESPONSE:


NO. 13: Please produce a record of all premiums paid by Karen Brooks for long term disability including receipts of money paid, copies of check, statements mailed.

RESPONSE:


NO. 14: Please produce all criminal records of any person who denied Karen Brooks claim for disability benefits including that of Sean Colvin and all persons who participated in any manner in the denial of Karen Brook's, the termination of her benefits, or the allegations of Brook's criminal wrongdoing.

RESPONSE:


NO. 15: Please produce all brochures you furnished to Karen Brooks in order to solicit her business for long term or short term disability benefits.

RESPONSE:


NO. 16: Please produce all interoffice memorandum, studies, stock holder reports which discuss the need for UNUM to deny more claims for long term or short term disability benefits from 1996 to present; and/or that the payment of long term disability claims is affecting the company's profit ability.

RESPONSE:


NO. 17: Please produce any surveillance pictures, surveillance tapes, and surveillance video of Karen Brook's from the date of her application for disability benefits to the present.

RESPONSE:


NO. 18:  Please produce all records tendered to the attorney general or received by the attorney general regarding Karen Brooks alleged criminal activities in attempting to collect disability benefits from you.

RESPONSE:


NO 19:  Please produce any and all documentation, which may indicate a conflict of interest between UNUM and Andrew Whitaker and UNUM and David Butler including:

      (1) Whitaker's or Butler's  knowledge that UNUM is employed in a pattern of criminal fraud in denying disability benefits;

      (2)  That Andrew Whitaker and David Butler are share holders in UNUM and/or are paid in shares of UNUM for legal representation.

RESPONSE:


NO. 20:  Please produce all documentary evidence which indicates that UNUM is owned and/or controlled by an organized criminal group including; a) RICO investigations and/or letter of inquiries from state or government agencies regarding RICO, criminal fraud, or other criminal acts; b) Criminal indictments of any member of the Board of Directors; c) Payment of criminal fines to Federal Agencies; d) Payment of criminal fines and/or penalties to any state agency and state regulatory agency.

RESPONSE:


NO. 21:  Please produce the following:  All medical records and medical bills of Karen Brooks in your possession.

RESPONSE:

NO. 22:    All documents and records of databases and/or searches and/or criminal record checks and/or all investigations of Karen Brooks character, personality, property ownership conducted by UNUM.

RESPONSE:

NO. 23: Documents and Records in your possession of any document which establishes:
A)  That Karen Brooks is not disabled;
B)  Is not disabled under the terms of the policy at issue in the case;
C)  Is partially disabled in terms of the policy;
D)  That her medical condition has improved since the time she was originally granted benefits by UNUM.

RESPONSE:

NO. 24:  Please produce and identify documents which in anyway support your assertion in your answer and counter claim.

RESPONSE:

NO. 25:  In paragraph 30 of the "Defendant's Answer and Counter Claim" you deny the allegations contained in paragraph 23 of the plaintiff's complaint. Please produce any documentary evidence which supports your denial of paragraph 23 of the plaintiff's complaint including:
A)  That Dr. Brook's is at least 80% disabled such that she should receive full disability benefits;
B)    No accurate determination was made by UNUM regarding her residual or partial disability which must be at least 20%;
C)    UNUM's own prior determination that Dr. Brook's was totally disabled established her partial or residual disability;
D)  UNUM disregarded Dr. Brook's own statements regarding her disability;
E)  UNUM switched "Disability Benefits Specialist's" in order to deny the plaintiff disability;
F)  UNUM did not perform a reasonable investigation into whether the claimant was disabled using a reasonable person standard as is implied in contract and

instead conducted an abusive and fraudulent investigation;

G)    The investigation was fraudulent because it attempted to research the entire case and take or create facts adverse to the claimant;

H)    The investigation was abusive because an agent of UNUM threatened and attempted to blackmail the plaintiff into dropping the insurance if she did not drop the insurance and accept the benefits already paid;

I)    UNUM attempted to maliciously attack the plaintiff by attempting to bring criminal charges against her.

RESPONSE:

NO. 26:  Please produce any documentary evidence that substantiates your claim in paragraph 49 of your "Defendant' Answer and Counterclaim"  that Karen Brook's "percentage of responsibility is greater than 50% for any damages she seeks to recover."

RESPONSE:

NO. 27:  Please produce any documentary evidence that substantiates your claim in paragraph 50 of your "Defendant' Answer and Counterclaim"  that Karen Brook's claims are barred by:  waiver, estoppel, and unclean hands.

RESPONSE:

NO. 28:  Please produce any documentary evidence that substantiates your claim in paragraph 51 of your "Defendant' Answer and Counterclaim"  that Karen Brook's claims are barred by comparative bad faith.

RESPONSE:

NO. 29:    Please produce any documentary evidence and legal authority that

substantiates your claim in paragraph 52 of your "Defendant' Answer and Counterclaim" that Karen Brook's "claims are barred . . . by the doctrine of unjust enrichment."

RESPONSE:

NO. 30:  Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 53 of your "Defendant' Answer and Counterclaim" that defendant's were damaged by her wrongful acts and the amount of the damages you have incurred as a result of her wrongful acts.

RESPONSE:

NO. 31:  Please produce any documentary evidence that Karen Brook's claims are barred as asserted in paragraph 54 "by her failure to mitigate her alleged damages."

RESPONSE:

NO. 32:  Please produce any documentary evidence or tape recordings that substantiates or records that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's as alleged in paragraph 62 of "Defendant's Answer and Counterclaim".

RESPONSE:

NO. 33:  Please produce any documentary evidence that substantiates that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's as alleged in paragraph 63 of your Defendant's Answer and Counterclaim that on an unknown date that Karen Brook's telephoned UNUM and stated she had performed a bunionectomy.

RESPONSE:

NO. 34:  Please produce the curriculum vitae from Bogg referred to in paragraph

64 of "Defendant's Answer and Counterclaim" including her degree ad/or training as a vocational expert and/or as vocational rehabilitation expert.

RESPONSE:

NO. 35: Please produce the surgical log from "BMC" for the years of 1997, and 1998 as referred to in paragraph 65 of the Defendant's Answer and Counterclaim"

RESPONSE:

NO. 36: Please produce any results of medical investigations, diagnostic procedures documented in any form including narrative reports by Health Resources and Technology, Inc. of Massachusetts and/or John A. Wells, M.D.

RESPONSE:

NO. 37: Please produce documents and/or reports and/or internal office memorandum's regarding the following: Doctor Oscar Cartaya's report and findings in his report of his review of medical records. Please produce a copy of the medical reports he reviewed in the event the records he reviewed are not specified in the report.

NO. 38: Please produce a list of the names of "several individuals" Sullivan spoke to who confirmed that Brook's was the actual surgeon and produce any documents notes memorandums or tape recording by Sullivan regarding who he spoke to, when he spoke to them, and the contents of their conversations as alleged in Paragraph 67 of "Defendant's Answer and Counterclaim."

RESPONSE:

NO. 39: Please produce documentary evidence, learned treatises, time-work studies etcetera in your possession that all, most, or a substantial portion of a podiatrists occupation, profession, or income consists of performing surgeries and/or hospital surgeries.

RESPONSE:


NO. 40:    Please produce any memorandum, document, paperwork or investigation result that you have in your possession regarding the percentage of Karen Brook's income as a podiatrist from her practice within her own office versus the percentage of income for doing surgeries at a hospital.

RESPONSE:


NO. 41:  Please produce any memorandum, paperwork or investigation result regarding the percentage of Karen Brook's occupation as a professional podiatrist practice within her own office versus the percentage of time doing surgeries for "BMC."

RESPONSE:


NO. 42:  Please produce any learned treatises, the dictionary of occupational titles, books,  or vocational analysis or relevant pages there from that  UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's capacity to perform the occupation of a podiatrist specialist.

RESPONSE:


NO. 43:    Please produce any learned treatises, the dictionary of occupational titles, books,  or vocational analysis or relevant pages there from that  UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's capacity to perform the occupation of a podiatrist specialist, specifically including in full or in part the following in an eight hour workday:  the number of hours required to stand or walk as a podiatrist;  the physical requirements of a podiatrist to push, pull and lift; the physical requirements of a podiatrist to bend, crouch and reach; in the denial of benefits or used in the initial granting of benefits to Karen Brook's.  Include the results of such a study or vocational analysis which applied these physical capabilities to Karen Brook's practice as a podiatrist.      Include any questionnaires and summaries of the   duties performed in Karen Brook's podiatrist practice to push, pull and lift, bend crouch and reach to Karen Brook's

podiatry   practice prior to her application for disability benefits.   Include any questionnaires and summaries of these physical duties to push, pull, bend, lift, crouch and reach performed in Karen Brook's podiatry practice prior to her application for disability benefits

RESPONSE:


NO. 44:   Please produce an office manual, UNUM interoffice memorandum, and/or issued job descriptions for the following positions:   "Disability Benefit Analyst"; "Claims Assistant"; "Disability Benefits Specialist."

REPONSE:


NO. 44.1:   Please produce any results of documents analysis and/or reports by Health Resources Technology regarding their review of Karen Brook's file as was reflected in a letter from UNUM dated January 4, 1999.

RESPONSE:


NO. 45:   Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or pages relevant there from UNUM used to determine to determine   physical capacities necessary to perform   the occupational duties of a podiatrist in the granting and denial of Karen Brook's disability benefits including in full or in part the following:  the number of hours required to use hands for gross or fine manipulation,  the number of hours necessary to concentrate while in pain; the ability to sit for a period of time;  the ability to move at a normal speed;  numbness in any parts of the hands body or back and/or  the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in an eight hour day.  Include the results of such a study or vocational analysis which applied these physical requirements to Karen Brook's practice as a podiatrist.   Include any questionnaires submitted to Karen Brooks and summaries of the   duties performed in Karen Brook's podiatrist practice relating to her ability to the number of hours required to use hands for gross or fine manipulation,  the number of hours necessary to concentrate while in pain; the ability to sit for a period of time;  the ability to move at a normal speed;  numbness in any parts of the hands body or back and/or  the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in to Karen Brook's podiatrist podiatry   practice prior to her application for disability benefits.  Include any questionnaires and summaries of these physical duties regarding Karen Brook's podiatry practice prior to her application for disability benefits.

RESPONSE:

NO. 46:  Please produce a curriculum vitae of Jon Colson including his expert and professional qualifications to be a "Claims Assistant, Individual Disability Benefits."

RESPONSE:

NO. 47:  Please produce a curriculum vitae for Nancy E. Bogg as a "VCM."

RESPONSE:

NO. 48:  Please produce any papers published by Nancy E. Bogg, in learned treatises,  journals and/or books written by Nancy E. Bogg and/or articles published by her.

RESPONSE:

NO. 49: Please produce a curriculum vitae of Sheldon White regarding his professional qualifications as a "Disability Benefits Analyst."

RESPONSE:

NO. 50: Please produce any  documents which exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69, regarding what Brook's substantial and material duties were as a podiatrist.

RESPONSE:

NO. 51:  Please produce documentary evidence that exists to support your claim

in the "Defendant's Answer and Counterclaim," paragraph 69, assertion that Brook's was performing the substantial and material duties of her occupation.

RESPONSE:

NO. 52: Produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69's assertion that Brooks committed fraud in the submission of her monthly claims forms.

RESPONSE:

NO. 53:  Please produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69 that UNUM is entailed to recover some of their benefits that it paid to Brook's and what "some" of these benefits are and how you compute the amount of "some" benefits.

RESPONSE:

NO. 54:  Produce any documentary evidence that supports you claim in the "Defendant's Answer and Counterclaim," paragraph 69 claim that Brooks is presently able to perform the substantial duties of her occupation.

RESPONSE:

NO. 55:  Produce any documents from the former lawsuit of this case which are relevant to the facts in this case.

RESPONSE:

NO. 56: Please produce any complaints filed against UNUM by the State Board of Insurance regarding the denial of disability benefits from January 1996 to present.

RESPONSE:

NO. 57: Please produce any complaint's filed against UNUM by any state agency in the United States from January 1, 1996 to present regarding denial of disability benefits.

RESPONSE:


NO. 58:  Please produce any letters received by  those insured by UNUM from January 1, 1995 to the present who protested and/or appealed the denial of their disability benefits.

RESPONSE:


NO. 59: Please produce a curriculum vitae for Nancy Olds regarding her training and education as a "Disability Benefit Analyst."

RESPONSE:


NO. 60: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Cynthia Bellefountaine.

RESPONSE:


NO. 61: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Jim Bilodeau.

RESPONSE:


NO. 62: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Nancy E. Bogg, VCM.

RESPONSE:

NO. 63: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM-agent employee: Constance M. Cardamone.

RESPONSE:

NO. 64: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Jon Colson.

RESPONSE:

NO. 65: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Marie Cutting, RN, BSN, CRRN.

RESPONSE:

NO. 66: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Richard G. Day, M.D.

RESPONSE:

NO. 67: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Shannon Denbow.

RESPONSE:

NO. 68: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Denise Houser.

RESPONSE:

NO. 69: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Karen Keene.

RESPONSE:

NO. 70: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Don Lagravinese.

RESPONSE:

NO. 71: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Nancy L. Minor.

RESPONSE:

NO. 72: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Nancy K. Olds.

RESPONSE:


NO. 73: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Sean Sullivan.

RESPONSE:


NO. 74: Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Sheldon White.

RESPONSE:

# EXHIBIT "A-1"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants UnumProvident Corporation ("UnumProvident") and UNUM Life Insurance Company of America ("UNUM Life") (collectively, "Defendants"), subject to and without waiving Defendants' Motion to Collect Costs and for Stay, submit this answer and counterclaim to Plaintiff's Complaint (the "Complaint") and state:

## ANSWER

1.     With respect to the allegations in paragraph 1, admit upon information and belief the allegations in the first sentence; admit that UnumProvident is a Delaware corporation; admit, for purposes of this action only, that UNUM Life has been served with process; and deny the remaining allegations.

2.     Admit the allegations in paragraph 2.

3.    With respect to the allegations in paragraph 3, admit, for purposes of this action only, that venue is proper in this district and division pursuant to 28 U.S.C. § 1391; and deny the remaining allegations.

4.    With respect to the allegations in paragraph 4, state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences; admit that Commercial Life Insurance Company ("Commercial Life") issued its master policy no. RXN-1022 (the "Policy") to the American Podiatric Medical Association (the "Association") and a Certificate of Insurance (the "Certificate") thereunder to Plaintiff Karen Brooks ("Brooks"); state that the Policy and the Certificate speak for themselves; admit that a sample Certificate of Insurance is attached as Exhibit A to the copy of the Complaint served on Defendants; admit that a copy of the Certificate Schedule applicable to Brooks as of November 1, 1997 is attached as Exhibit B to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

5.    With respect to the allegations in paragraph 5, state that the Policy and the Certificate speak for themselves.

6.    With respect to the allegations in paragraph 6, state that the Policy and the Certificate speak for themselves.

7.    With respect to the allegations in paragraph 7, state that the Policy and the Certificate speak for themselves.

8.      With respect to the allegations in paragraph 8, state that the Policy and the Certificate speak for themselves.

9.      With respect to the allegations in paragraph 9, admit that the premiums for the Certificate were paid to and accepted by UNUM Life; and deny the remaining allegations.

10.     With respect to the allegations in paragraph 10, admit that UNUM Life's claim file pertaining to Brooks contains records regarding her medical condition; state that these records speak for themselves; admit that UNUM Life received Brooks' Individual Disability Claim Form and related materials in June 1998; state that these materials speak for themselves; admit that Parts I and II of Brooks' Individual Disability Claim Form are attached as Exhibit C to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

11.     With respect to the allegations in paragraph 10.1, state that Brooks' Individual Disability Claim Form speaks for itself.

12.     With respect to the allegations in paragraph 11, admit that Jon Colson, Claims Assistant, Individual Disability Benefits, sent Brooks a letter dated June 24, 1998; state that this letter speaks for itself; admit that a copy of this letter is attached as Exhibit D to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

13.     With respect to the allegations in paragraph 12, admit that Nancy Olds ("Olds"), Disability Benefit Analyst, Individual Disability Benefits, sent Brooks a letter dated June 26, 1998; state that this letter speaks for itself; state that a copy of this letter is attached as

<u>**DEFENDANTS' ANSWER AND COUNTERCLAIM**</u> - **Page 3**

Exhibit E to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

14.    With respect to the allegations in paragraph 13, admit that Olds sent Brooks a letter dated August 7, 1998; state that this letter speaks for itself; admit that a copy of this letter is attached as Exhibit F to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

15.    With respect to the allegations in paragraph 14, admit that Olds sent Brooks a letter dated September 16, 1998; state that this letter speaks for itself; admit that a copy of this letter is attached as Exhibit G to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

16.    With respect to the allegations in paragraph 15, admit that Olds sent Brooks a letter dated November 2, 1998; state that this letter speaks for itself; admit that a copy of this letter is attached as Exhibit H to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

17.    With respect to the allegations in paragraph 16, admit that Sheldon White ("White"), Disability Benefits Specialist, Individual Disability Benefits, sent Brooks a letter dated November 3, 1998; state that this letter speaks for itself; admit that a copy of this letter is attached as Exhibit I to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

18.    With respect to the allegations in paragraph 17, admit that White sent Brooks a letter dated January 4, 1999; state that this letter speaks for itself; admit that a copy of this

letter is attached as Exhibit J to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

19.    With respect to the allegations in paragraph 18, admit that Nancy E. Bogg, VCM ("Bogg") prepared a memorandum dated March 4, 1999 regarding Brooks; state that this memorandum speaks for itself; state that VCM is an abbreviation for "vocational case manager"; state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents of Medical Abbreviations; admit that a copy of Bogg's memorandum is attached as Exhibit K to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

20.    With respect to the allegations in paragraph 18.1, state that Bogg's memorandum speaks for itself.

21.    With respect to the allegations in paragraph 18.2, state that Bogg's memorandum speaks for itself.

22.    With respect to the allegations in paragraph 19, admit that White sent Brooks a letter dated March 29, 1999; state that this letter speaks for itself; admit that a copy of this letter is attached as Exhibit L to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

23.    With respect to the allegations in paragraph 19.1, state that White's letter dated March 29, 1999 to Brooks speaks for itself.

24.    With respect to the allegations in paragraph 19.2, state that White's letter dated March 29, 1999 to Brooks speaks for itself.

25.    With respect to the allegations in paragraph 19.3, state that White's letter dated March 29, 1999 to Brooks speaks for itself.

26.    With respect to the allegations in paragraph 19.4, state that White's letter dated March 29, 1999 to Brooks speaks for itself.

27.    With respect to the allegations in paragraph 19.5, state that White's letter dated March 29, 1999 to Brooks speaks for itself.

28.    With respect to the allegations in paragraph 20, admit that Patricia A. Hernandez, J.D., who purported to be Brooks' corporate counsel, sent White a letter dated April 27, 1999; state that this letter speaks for itself; admit that a copy of this letter is attached as Exhibit M to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

29.    With respect to the allegations in paragraph 22 (as there is no paragraph 21 in the copy of the Complaint served on Defendants), admit that Brooks sent White a letter dated November 12, 1999; state that this letter speaks for itself; admit that a copy of this letter is attached as Exhibit N to the copy of the Complaint served on Defendants; state that the items attached to the Complaint speak for themselves; and deny the remaining allegations.

30.    Deny the allegations in paragraph 23.

31.    Deny the allegations in paragraph 24.

32.    Deny the allegations in paragraph 24.1.

DEFENDANTS' ANSWER AND COUNTERCLAIM - Page 6

33.    Deny the allegations in paragraph 24.2.

34.    Deny the allegations in paragraph 24.3.

35.    Deny the allegations in paragraph 24.4.

36.    Deny the allegations in paragraph 24.5.

37.    Deny the allegations in paragraph 24.6.

38.    Deny the allegations in paragraph 24.7.

39.    Deny the allegations in paragraph 24.8.

40.    Deny the allegations in paragraph 24.9.

41.    Deny the allegations in paragraph 24.10.

42.    Deny the allegations in paragraph 24.11.

43.    Deny the allegations in paragraph 25.

44.    Deny that Brooks is entitled to the relief requested in her prayer or in any other portion of the Complaint.

45.    Deny all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

46.    State that the Complaint fails to state a claim against UnumProvident upon which relief can be granted.

47.    State that even if Brooks were entitled to accrued benefits through the date of trial, which entitlement is denied, she is not entitled to future unaccrued benefits, as a matter of law, in any event or contingency.

48.     State that Brooks' claims under the Texas Insurance Code and the DTPA are barred by her failure to give Defendants notice at least sixty (60) days before filing suit of her specific complaint and the amount of actual damages and expenses, including any attorneys' fees reasonably incurred in asserting the claim against Defendants.

49.     State that Brooks' claims are barred, in whole or in part, under Tex. Civ. Prac. & Rem. Code § 33.001, as her percentage of responsibility is greater than fifty percent for any damages she seeks to recover.   Any recovery by Brooks must be reduced by a percentage equal to her percentage of responsibility in accordance with Tex. Civ. Prac. & Rem. Code § 33.012.

50.     State that Brooks' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

51.     State that Brooks' claims are barred, in whole or in part, by her comparative bad faith.

52.     State that Brooks' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

53.     State that Defendants are entitled to offset Brooks' alleged damages, if any, by virtue of the damages that they have sustained as a result of her wrongful acts.

54.     State that Brooks' claims are barred, in whole or in part, by her failure to mitigate her alleged damages, if any.

55.     States that Brooks' claims are barred, in whole or in part, by the Counterclaim set forth below.

56.     State that Brooks' claims for exemplary and/or punitive damages are limited by chapter 41 of the Texas Civil Practice and Remedies Code and Tex. Lab. Code § 416.002.

57.     State that Brooks' claims for exemplary, multiple, and/or punitive damages are barred, in whole or in part, because such claims violate Defendants' statutory and constitutional rights to seek disposition of reasonably disputed matters before an impartial tribunal without facing an unreasonable penalty therefor.

58.     State that Brooks' claims for exemplary, multiple, and/or punitive damages are barred, in whole or in part, because such claims violate Defendants' statutory and state and federal constitutional rights under the circumstances presented here.

## COUNTERCLAIM

59.     Brooks is before the Court for all purposes, and no issuance or service of process is required at this time.

60.     Commercial Life issued the Policy to the Association.  As a member of the Association, Brooks was eligible for coverage under the Policy.  Effective May 1, 1996, Brooks obtained the Certificate, which provides in pertinent part:

> **Total Disability** means: (1) the inability to perform the substantial and material duties of Your Occupation due to an Injury or Sickness; and (2) You receive regular medical care from a duly licensed physician other than the Insured.  If You are performing the duties of any occupation, You will no longer be considered totally disabled....

* * *

**Residual Disability** means the inability due to Injury or Sickness to perform:

1. one or more of the substantial and material duties of the Occupation; or

2. the substantial and material duties of the Occupation for as much time as is normally required to perform them.

the Insured must be receiving regular medical care from a duly licensed physician other than the Insured, and Total Disability benefits must not be payable under this Policy. Residual Disability will be deemed not to exist if the Percent Loss is less than 20%.

61.     On June 17, 1998, UNUM Life received an Individual Disability Claim Form from Brooks, in which she claimed she had become disabled from her occupation as a podiatric surgeon with Karen E. Brooks, DPM, PA due to pain in her lower back and right leg secondary to a herniated disk that resulted from her fall in her bathtub on May 16, 1998. Brooks indicated that she worked 20 hours per week (rather than her pre-disability average of 50 hours per week) in the first two weeks following her fall and no hours during the following two weeks. UNUM Life acknowledged receipt of Brooks' claim, sent her an occupational questionnaire, and requested records from the medical providers that she identified on her initial claim form.

62.     In a telephone conversation on July 20, 1998, Brooks advised UNUM Life that other doctors had been covering for her practice, she had hired an associate who was to start work once he received his license, she had returned to work the previous week for two hours in the morning and two hours in the afternoon, and her doctor had recommended that she stay completely off work because working exacerbated her condition. While its investigation continued, UNUM Life began paying total disability benefits to Brooks and referred the file

to Sean Sullivan ("Sullivan"), one of its field benefit representatives, for a personal visit. In a telephone call on September 11, 1998, Brooks advised UNUM Life that she was still performing selected administrative duties and had last seen a patient (as a courtesy to another physician) two weeks before.

63.     Based upon Brooks' representations as to her work activities, UNUM Life continued to pay total disability benefits to her and requested an update if she began seeing patients again. On October 15, 1998, Sullivan met with Brooks, who informed him that she thought she needed surgery before returning to work; her primary restrictions and limitations were standing, sitting, and leaning forward; she could not work part-time and had suffered a relapse when she tried to return to work in late July; 70% to 75% of her income resulted from her office (rather than her surgical) practice; she was only going into the office twice a week for two hours a day or less performing administrative duties (but no patient care); and she had hired Dr. Middleton but was referring her surgical cases to another physician because Dr. Middleton was not a surgeon. UNUM Life thereafter received a telephone call from Brooks, who reported that she had recently performed a bunionectomy on the mother of one of her nurses but was in tears at the end of the procedure and promised herself not to go into the office again.

64.     In the meantime, UNUM Life received an Insured's Progress Statement from Brooks, in which she admitted, for what appears to be the first time, that she had gone to work one day performing her duties. By memorandum dated February 9, 1999, Bogg, who was one of UNUM Life's vocational case managers, concluded that Brooks' "functional ability to

continue in her office practice would not be affected" (emphasis in original) by her condition and recommended that UNUM Life obtain information from Brownsville Medical Center ("BMC") regarding the surgeries performed by Brooks. (UNUM Life had been requesting these records since December 1998, and at least some of the delay resulted from Brooks' request that BMC hold those records until it had obtained her permission to release them.) On February 23, 1999, Brooks informed UNUM Life that she had returned to work part-time, working approximately four hours per day, two-to-four days a week. The next day, however, UNUM Life received an Insured's Progress Statement from Brooks dated February 15, 1999, in which she denied performing any of her occupational duties.

65.    BMC eventually provided UNUM Life with a surgical log revealing that Brooks performed 26 procedures in 1997, 10 procedures in 1998 before her fall, and 12 procedures in 1998 after her fall. UNUM Life forwarded this information to Bogg, who noted in her report that Brooks performed more surgeries in 1998 after her fall than before it and performed two surgeries of over two hours, which exceeded her claimed limitations. UNUM Life thus contacted Sullivan to arrange for a follow-up visit with Brooks to confirm the accuracy of the information from BMC.

66.    On March 22, 1999, Sullivan met with Brooks, who claimed that she was always listed on BMC's records as the lead surgeon, even though she may or may not have performed the procedure in question; asserted that interns or residents actually performed the post-disability cases; and predicted that BMC would deny that interns or residents were performing the surgeries. When Sullivan pointed out that the log did not list any assistants

for some of the procedures, Brooks initially asserted that someone else performed them but then admitted that she might have performed at least one or two of them. Sullivan also pointed out numerous instances during the claim process where Brooks should have but failed to disclose these activities, yet she repeatedly denied making any misrepresentations to UNUM Life. Sullivan advised Brooks that, by virtue of her involvement in surgeries, her claim would be denied and was likely overpaid.

67.    Following his visit with Brooks, Sullivan spoke with several individuals at BMC, and they confirmed that the person listed on the log was the actual surgeon; interns and residents were not allowed to perform surgery and would be listed in the register of operations (of which he obtained copies); and Brooks was the surgeon for the cases in question. Sullivan then confronted Brooks with these findings, but she reiterated that BMC would never admit the involvement of interns and residents.

68.    By letter dated March 29, 1999, UNUM Life advised Brooks that it was closing her claim as a result of the information it had received regarding her continued performance of surgeries and requested her to contact UNUM Life to discuss repayment of the $48,000 in benefits that she had received. Brooks retained counsel, and by letter dated April 27, 1999, Patricia A. Hernandez, a Brownsville attorney, appealed UNUM Life's denial of Brooks' claim. UNUM Life declined to resume the payment of benefits to Brooks. Upon information and belief, Brooks has continued to perform surgeries to this day.

69.    Pursuant to 28 U.S.C. § 2201, Defendants state that there is an actual justiciable controversy between the parties and request the Court to adjudicate the following issues:

(a)    What were the substantial and material duties of Brooks' occupation as of the date of the onset of her alleged disability?

(b)    Did Brooks submit claims to UNUM Life that were not covered under the Certificate because she was continuing to perform the substantial and material duties of her occupation?

(c)    Did Brooks commit fraud in the submission of her monthly claim forms by failing to advise UNUM Life that she was continuing to perform the substantial and material duties of her occupation?

(d)    Did UNUM Life pay benefits to Brooks under the Certificate to which she was not entitled?

(e)    Is UNUM Life entitled to recover some or all of the benefits that it paid to Brooks?

(f)    Is Brooks presently unable to perform the substantial and material duties of her occupation?

70.    Depending on the Court's adjudication of the above issues, if UNUM Life paid Brooks benefits to which she was not entitled, then UNUM Life sues her to recover the amount of those overpayments.

## PRAYER

71.    Defendants respectfully request the following relief:

a.    That Brooks take nothing on her claims;

**DEFENDANTS' ANSWER AND COUNTERCLAIM - Page 14**

b.     That the Court grant the declaratory relief requested above and, if applicable, enter judgment against Brooks in favor of Defendants for their actual damages, attorneys' fees, and court costs; and

c.     That Defendants have all such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

By:     _Andrew C Whitaker_____

Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

**DEFENDANTS' ANSWER AND COUNTERCLAIM - Page 15**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 19th day of April, 2001.

_Andrew C Whitaker_

Andrew C. Whitaker

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

TO:   Plaintiff Karen Brooks, by and through her attorney of record, Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704.

Defendants UnumProvident Corporation ("UnumProvident") and Unum Life Insurance Company of America ("Unum Life") (collectively, "Defendants") submit the attached objections and responses to Plaintiff's First Set of Requests for Production (the "Requests").

Respectfully submitted,

By: _Andrew C. Whitaker_____

Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 14th day of December, 2001.

_Andrew C. Whitaker_____
Andrew C. Whitaker

# GENERAL OBJECTIONS

A.    Defendants object to the Requests in their entirety to the extent that they seek the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, party communications privilege, or investigatory privilege. Although specific objections are made where appropriate, the failure to include the above objections does not waive any claim of privilege.

B.    Defendants further object to the Requests in their entirety to the extent that they seek to impose some sort of obligation on any individual or entity that is not a party to this action.

C.    Defendants further object to the production of documents at the offices of counsel for Plaintiff Karen Brooks ("Brooks"); instead, Defendants will make available for inspection and copying the nonprivileged documents, if any, that are responsive to the Discovery Requests and have not previously been produced at the offices of their counsel upon reasonable request.

## OBJECTIONS AND RESPONSES TO THE REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce any documents, tape recordings, paperwork, interoffice memorandums, expert reports, medical reports which support your denial of Karen Brook's [sic] disability claim made the issue of this suit.

### RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Subject to and without waiving these objections, Defendants refer Brooks to Unum Life's claim file pertaining to her (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the following items from <u>Karen Brooks v. UnumProvident Corporation and Unum Life Insurance Company of America</u>, C.A. No. B-00-029 (the "Original Action"): Deposition on Written Questions of Beatriz Sosa, the Custodian of Records of Dr. Madhavan Pisharodi, M.D. (taken August 16, 2000); Deposition on Written Questions of Lori Lopez, the Custodian of Records of Texas Back Institute (taken August 16, 2000); Deposition on Written Questions of Diane Clark, the Custodian of Records of Valley Regional Medical Center (taken August 16, 2000); Deposition on Written Questions of Esmeralda Saldivar, the Custodian of Records of Valley Pain Center (taken August 17, 2000); Deposition on Written Questions of Fernando Terrones, CPA (taken August 21, 2000); Deposition on Written Questions of David K. Drefke, CPA (taken August 24, 2000); Deposition on Written Questions of David Kaalib, the Custodian of Records of Berkshire Life Insurance Company (taken August 28, 2000); Deposition on Written Questions of Christina Bohn, the Custodian of Records of Minnesota Mutual Life Insurance Company (taken August 28, 2000); Deposition on Written Questions of the Custodian of Records of New Era Life Insurance Company (taken September 22, 2000); and Documents produced by Brownsville Medical Center (undated) (collectively, the "Original Action Documents"). Defendants will make their copy of the Original Action Documents available at their counsel's office upon reasonable request.

## REQUEST FOR PRODUCTION NO. 2:

Please produce a curriculum vitae of any expert witness: (1) You designate as an expert; (2) Who has factual or expert knowledge of this case; (3) Who has acted as an expert to support your denial of long term disability for Brooks.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents beyond those made discoverable by Fed. R. Civ. P. 26(a)(2)(B). Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants state that they will produce copies of the curriculum vitae, if available, of the individuals that they designate as expert witnesses at the time of such designation.

## REQUEST FOR PRODUCTION NO. 3:

Please produce a copy of every plaintiff's complaint, petition, or lawsuit in Texas filed against UNUM within the last 5 years for the denial of long term or short term disability benefits.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

## REQUEST FOR PRODUCTION NO. 4:

Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM within the last 5 years.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

**REQUEST FOR PRODUCTION NO. 5:**

Please [sic] a copy of every plaintiff's complaint, petition or lawsuit filed against

UNUM within the last 5 years which asserted fraud, a violation of the Texas Insurance Code

or a violation of the Texas Deceptive Trade Practices Act against UNUM for the denial of any

claim.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against

UNUM the last 5 years for denial of long term disability benefits.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

## REQUEST FOR PRODUCTION NO. 7:

Please produce documents, affidavits, statements and depositions used to substantiate any criminal complaints you or your agents filed against Karen Brooks and/or filed with the Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other Federal State or regulatory body.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 8:

Please produce criminal complaints and or police reports and or allegations of criminal complaints and supporting documents, affidavits, statements and depositions used to substantiate any criminal complaints you or your agents filed against any person who you filed a criminal complaint against, a police report or any form of criminal allegation filed with the Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other Federal State or regulatory body.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are confidential and invade the privacy of the persons at issue other than Brooks.

DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - Page 7

**REQUEST FOR PRODUCTION NO. 9:**

Please produce UNUM's 1040K for the years 1998, 1999, 2000 and 2001.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to any claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are confidential and invade Defendants' privacy. Further, this Request is unintelligible as phrased, as Defendants are unsure what "1040K" means.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of Karen Brook's [sic] signed long term disability policy.

**RESPONSE:**

Defendants object to this Request as assuming facts not in evidence, i.e., that one of them issued a long term disability policy to Brooks. Defendants deny that either one of them issued a long term disability policy to Brooks; rather, they state that Commercial Life Insurance Company issued a certificate of insurance to Brooks under its group master policy no. RXN-1022 with the American Podiatric Medical Association (the "APMA") and, upon information and belief, delivered the original of such certificate to her. Subject to and without waiving this objection, Defendants refer Brooks to the transition rider and schedule sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to her disability policies with Berkshire Life Insurance Company and Minnesota Mutual Life Insurance Company.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce a copy of any questionnaires or checklists which Karen Brook's [sic] filled out in order to obtain or as a prerequisite in obtaining a disability insurance policy from you.

**RESPONSE:**

All such documents in Defendants' possession, custody, or control are in the underwriting file pertaining to Brooks (UW001-141), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce a copy of a blank long term disability policy which is identical to the one issued to Karen Brooks. Please provide a blank application identical to the one Karen Brook's [sic] signed to apply for benefits.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce a record of all premiums paid by Karen Brooks for long term disability including receipts of money paid, copies of check, statements mailed.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all criminal records of any person who denied Karen Brooks claim for disability benefits including that of Sean Colvin and all persons who participated in any

manner in the denial of Karen Brook's [sic], the termination of her benefits, or the allegations

of Brook's [sic] criminal wrongdoing.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request seeks documents that invade the privacy of the persons at issue. Subject to and without waiving these objections, Defendants state that they do not have any such documents in their possession, custody, or control. Defendants further state that they do not know who Sean Colvin is (unless Brooks is referring to the popular music artist by that name).

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all brochures you furnished to Karen Brooks in order to solicit her

business for long term or short term disability benefits.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Subject to and without waiving these objections, Defendants state that they do not have any such documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all interoffice memorandum, studies, stock holder reports which discuss

the need for UNUM to deny more claims for long term or short term disability benefits from

1996 to present; and/or that the payment of long term disability claims is affecting the

company's profit ability.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the insureds at issue other than Brooks. Further, this Request assumes facts that are not in evidence.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any surveillance pictures, surveillance tapes, and surveillance video of Karen Brook's [sic] from the date of her application for disability benefits to the present.

**RESPONSE:**

Defendants state that they do not have any items responsive to this Request in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all records tendered to the attorney general or received by the attorney general regarding Karen Brooks alleged criminal activities in attempting to collect disability benefits from you.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANTS' OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - Page 11**

## REQUEST FOR PRODUCTION NO. 19:

Please produce any and all documentation, which may indicate a conflict of interest between UNUM and Andrew Whitaker and UNUM and David Butler.

(1)    Whitaker's or Butler's knowledge that UNUM is employed in a pattern of criminal fraud in denying disability benefits;

(2)    That Andrew Whitaker and David Butler are share holders in UNUM and/or are paid in shares of UNUM for legal representation.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request seeks documents that are confidential and invade the privacy of Defendants, the listed individuals, and the insureds at issue other than Brooks. Further, this Request assumes facts that are not in evidence.

## REQUEST FOR PRODUCTION NO. 20:

Please produce all documentary evidence which indicates that UNUM is owned and/or controlled by an organized criminal group including; a) RICO investigations and/or letter of inquiries from state or government agencies regarding RICO, criminal fraud, or other criminal acts; b) Criminal indictments of any member of the Board of Directors; c) Payment of criminal fines to Federal Agencies; d) Payment of criminal fines and/or penalties to any state agency and state regulatory agency.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the fact that the Court dismissed Brooks' RICO claim in the Original Action with prejudice. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the insureds at issue other than Brooks.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce the following: All medical records and medical bills of Karen Brooks in your possession.

**RESPONSE:**

All such documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the underwriting file pertaining to her (UW001-141), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and records of databases and/or searches and/or criminal record checks and/or all investigations of Karen Brooks character, personality, property ownership conducted by UNUM.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the underwriting file pertaining to her

(UW001-141), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 23:

Documents and Records in your possession of any documents which establishes:

A)    That Karen Brooks is not disabled;

B)    Is not disabled under the terms of the policy at issue in the case;

C)    Is partially disabled in terms of the policy;

D)    That her medical condition has improved since the time she was originally granted benefits by UNUM.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 24:

Please produce and identify documents which in anyway support your assertion in your answer and counter claim.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 25:**

In paragraph 30 of the "Defendant's Answer and Counter Claim" you deny the allegations contained in paragraph 23 of the plaintiff's complaint. Please produce any documentary evidence which supports your denial of paragraph 23 of the plaintiff's complaint including:

A)    That Dr. Brook's [sic] is at least 80% disabled such that she should receive full disability benefits;

B)    No accurate determination was made by UNUM regarding her residual or partial disability which must be at least 20%;

C)    UNUM's own prior determination that Dr. Brook's [sic] was totally disabled established her partial or residual disability;

D)    UNUM disregarded Dr. Brook's own statements regarding her disability;

E)      UNUM switched "Disability Benefits Specialist's" in order to deny the plaintiff disability;

F)      UNUM did not perform a reasonable investigation into whether the claimant was disabled using a reasonable person standard as is implied in contract and instead conducted an abusive and fraudulent investigation;

G)      The investigation was fraudulent because it attempted to research the entire case and take or create facts adverse to the claimant;

H)      The investigation was abusive because an agent of UNUM threatened and attempted to blackmail the plaintiff into dropping the insurance if she did not drop the insurance and accept the benefits already paid;

I)      UNUM attempted to maliciously attack the plaintiff by attempting to bring criminal charges against her.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code.  Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b).  Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced.  Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 26:

Please produce any documentary evidence that substantiates your claim in paragraph 49 of your "Defendant' [sic] Answer and Counterclaim" that Karen Brook's [sic] "percentage of responsibility is greater than 50% for any damages she seeks to recover."

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 27:

Please produce any documentary evidence that substantiates your claim in paragraph 50 of your "Defendant' [sic] Answer and Counterclaim" that Karen Brook's [sic] claims are barred by: waiver, estoppel, and unclean hands.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011),

which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 28:

Please produce any documentary evidence that substantiates your claim in paragraph 51 of your "Defendant' [sic] Answer and Counterclaim" that Karen Brook's [sic] claims are barred by comparative bad faith.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 29:

Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 52 of your "Defendant' [sic] Answer and Counterclaim" that Karen Brook's [sic] "claims are barred . . . by the doctrine of unjust enrichment."

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is

overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants-state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 30:

Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 53 of your "Defendant' [sic] Answer and Counterclaim" that defendant's [sic] were damaged by her wrongful acts and the amount of the damages you have incurred as a result of her wrongful acts.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 31:

Please produce any documentary evidence that Karen Brook's [sic] claims are barred as asserted in paragraph 54 "by her failure to mitigate her alleged damages."

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce any documentary evidence or tape recordings that substantiates or records that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's [sic] as alleged in paragraph 62 of "Defendant's Answer and Counterclaim".

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Subject to and without waiving these objections, Defendants refer Brooks to CL084-85 and the remainder of Unum Life's claim file pertaining to her (CL001-869), which have previously been produced.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce any documentary evidence that substantiates that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's [sic] as alleged in paragraph 63 of your Defendant's Answer and

Counterclaim that on an unknown date that Karen Brook's [sic] telephoned UNUM and stated she had performed a bunionectomy.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Subject to and without waiving these objections, Defendants refer Brooks to CL084-85, CL337, and the remainder of Unum Life's claim file pertaining to her (CL001-869), which have previously been produced.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce the curriculum vitae from Bogg referred to in paragraph 64 of "Defendant's Answer and Counterclaim" including her degree ad/or [sic] training as a vocational expert and/or as vocational rehabilitation expert.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Further, this Request seeks documents that are confidential and invade the privacy of Nancy Bogg ("Bogg"). Subject to and without waiving these objections, Defendants state that they will produce a copy of Bogg's curriculum vitae if and when they designate her as a testifying expert.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce the surgical log from "BMC" for the years of 1997, and 1998 as referred to in paragraph 65 of the Defendant's Answer and Counterclaim"

**RESPONSE:**

Defendants refer Brooks to CL389-400 and the remainder of Unum Life's claim file pertaining to her (CL001-869), which have previously been produced. Defendants further refer Brooks to the documents produced by Brownsville Medical Center in the Original Action, which are part of the Original Action Documents. Defendants further refer Brooks to Exhibits 2 and 3 to the Appendix in Support of Defendants' Brief Regarding Plaintiff's Continued Performance of Surgeries, which was filed on September 22, 2000 in the Original Action. Defendants will make their copies of these documents available at their counsel's office upon reasonable request.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce any results of medical investigations, diagnostic procedures documented in any form including narrative reports by Health Resources and Technology, Inc. of Massachusetts and/or John A. Wells, M.D.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the persons at issue other than Brooks. Subject to and without waiving these objections, Defendants state that all such documents pertaining to Brooks are in Unum Life's claim file pertaining to her (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following: Doctor Oscar Cartaya's report and findings in his report of his review

of medical records. Please produce a copy of the medical reports he reviewed in the event the records he reviewed are not specified in the report.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the persons at issue other than Brooks. Subject to and without waiving these objections, Defendants state that all such documents pertaining to Brooks are in Unum Life's claim file pertaining to her (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce a list of the names of "several individuals" Sullivan spoke to who confirmed that Brook's [sic] was the actual surgeon and produce any documents notes memorandums or tape recording by Sullivan regarding who he spoke to, when he spoke to them, and the contents of their conversations as alleged in Paragraph 67 of "Defendant's Answer and Counterclaim."

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request calls for the creation (as opposed to merely the production) of responsive documents. Subject to and without waiving these objections, Defendants refer Brooks to CL410-17 and the remainder of Unum Life's claim file pertaining to (CL001-869), which have previously been produced.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce documentary evidence, learned treatises, time-work studies etcetera [sic] in your possession that all, most, or a substantial portion of a podiatrists [sic] occupation, profession, or income consists of performing surgeries and/or hospital surgeries.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce any memorandum, document, paperwork or investigation result that you have in your possession regarding the percentage of Karen Brook's [sic] income as a podiatrist from her practice within her own office versus the percentage of income for doing surgeries at a hospital.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim

file pertaining to Brooks (CL001-869), which has previously been produced.  Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 41:

Please produce any memorandum, paperwork or investigation result regarding the percentage of Karen Brook's [sic] occupation as a professional podiatrist practice within her own office versus the percentage of time doing surgeries for "BMC."

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code.  Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b).  Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.  Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 42:

Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or relevant pages there from that UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's [sic] capacity to perform the occupation of a podiatrist specialist.

## RESPONSE:

Defendants object to this Request on the ground that it is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Request fails to describe each item or category of documents with reasonable particularity as required by

Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 43:

Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or relevant pages there from that UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's [sic] capacity to perform the occupation of a podiatrist specialist, specifically including in full or in part the following in an eight hour workday: the number of hours required to stand or walk as a podiatrist; the physical requirements of a podiatrist to push, pull and lift; the physical requirements of a podiatrist to bend, crouch and reach; in the denial of benefits or used in the initial granting of benefits to Karen Brook's [sic]. Include any questionnaires and summaries of the duties performed in Karen Brook's [sic] podiatrist practice to push, pull and lift, bend crouch and reach to Karen Brook's [sic] podiatry practice prior to her application for disability benefits. Include any questionnaires and summaries of these physical duties to push, pull, bend, lift, crouch and reach performed in Karen Brook's [sic] podiatry practice prior to her application for disability benefits.

## RESPONSE:

Defendants object to this Request on the ground that it is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks

(CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 44:

Please produce an office manual, UNUM interoffice memorandum, and/or issued job descriptions for the following positions: "Disability Benefit Analyst"; Claims Assistant"; "Disability Benefits Specialist."

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege and attorney work product exemption. Further, this Request seeks documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Further, this Request seeks documents that are confidential and proprietary and constitute a trade secret.

## REQUEST FOR PRODUCTION NO. 44.1:

Please produce any results of documents analysis and/or reports by Health Resources Technology regarding their review of Karen Brook's [sic] file as was reflected in a letter from UNUM dated January 4, 1999.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections,

Defendants state that all such documents pertaining to Brooks are in Unum Life's claim file pertaining to her (CL001-869), which has previously been produced.

## REQUEST FOR PRODUCTION NO. 45:

Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or relevant pages there from that UNUM used to determine to determine [sic] physical capacities necessary to perform the occupational duties of a podiatrist in the granting and denial of Karen Brook's [sic] disability benefits including in full or in part the following:  the number of hours required to use hands for gross or fine manipulation, the number of hours necessary to concentrate while in pain; the ability to sit for a period of time; the ability to move at a normal speed; numbness in any parts of the hands body or back and/or the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in an eight hour day.  Include the results of such a study or vocational analysis which applied these physical requirements to Karen Brook's [sic] practice as a podiatrist. Include any questionnaires submitted to Karen Brooks and summaries of the duties performed in Karen Brook's [sic] podiatrist practice relating to her ability to the number of hours required to use hands for gross or fine manipulation, the number of hours necessary to concentrate while in pain; numbness in any parts of the hands body or back and/or the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in to Karen Brook's [sic] podiatrist podiatry [sic] practice prior to her application for disability benefits.  Include any questionnaires and summaries of these physical duties regarding Karen Brook's [sic] podiatry practice prior to her application for disability benefits.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce a curriculum vitae of John Colson including his expert and professional qualifications to be a "Claims Assistant, Individual Disability Benefits."

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are confidential and invade the privacy of Jon Colson ("Colson"). Subject to and without waiving these objections, Defendants state that they will produce a copy of Colson's curriculum vitae if and when they designate him as a testifying expert.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce a curriculum vitae for Nancy E. Bogg as a "VCM."

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are confidential and invade Bogg's privacy. Subject to and without waiving these objections, Defendants state that they will produce a copy of Bogg's curriculum vitae if and when they designate her as a testifying expert.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce any papers published by Nancy E. Bogg, in learned treatises, journals

and/or books written by Nancy E. Bogg and/or articles published by her.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of
documents that are neither relevant to the claim or defense of any party nor reasonably
calculated to lead to the discovery of admissible evidence. Subject to and without waiving
these objections, Defendants state that they will produce a copy of Bogg's curriculum vitae
if and when they designate her as a testifying expert.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce a curriculum vitae of Sheldon White regarding his professional

qualifications as a "Disability Benefits Analyst."

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of
documents that are neither relevant to the claim or defense of any party nor reasonably
calculated to lead to the discovery of admissible evidence. Further, this Request seeks
documents that are confidential and invade the privacy of Sheldon White ("White"). Subject
to and without waiving these objections, Defendants state that they will produce a copy of
White's curriculum vitae if and when they designate him as a testifying expert.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce any documents which exists [sic] to support your claim in the

"Defendant's Answer and Counterclaim," paragraph 69, regarding what Brook's [sic]

substantial and material duties were as a podiatrist.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869) and the underwriting file pertaining to her (UW001-141), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce documentary evidence that exists to support your claim in the

"Defendant's Answer and Counterclaim," paragraph 69, assertion that Brook's [sic] was

performing the substantial and material duties of her occupation.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 52:**

Produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69's assertion that Brooks committed fraud in the submission of her monthly claims forms.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69 that UNUM is entailed [sic] to recover some of their benefits that it paid to Brook's [sic] and what "some" of these benefits are and how you compute the amount of "some" benefits.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these

objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 54:

Produce any documentary evidence that supports you [sic] claim in the "Defendant's Answer and Counterclaim," paragraph 69 claim that Brooks is presently able to perform the substantial duties of her occupation.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 55:

Produce any documents from the former lawsuit of this case which are relevant to the facts in this case.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work

product exemption, and article 1.10D of the Texas Insurance Code. Subject to and without waiving these objections, Defendants refer Brooks to Unum Life's claim file pertaining to her (CL001-869), the underwriting file pertaining to her (UW001-141), and the transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011), which have previously been produced. Defendants further refer Brooks to the Original Action Documents and the pleadings from the Original Action, which Defendants will produce at the offices of their counsel upon reasonable request.

## REQUEST FOR PRODUCTION NO. 56:

·    Please produce any complaints filed against UNUM by the State Board of Insurance

regarding the denial of disability benefits from January 1996 to present.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the persons at issue other than Brooks.

## REQUEST FOR PRODUCTION NO. 57:

Please produce any complaint's [sic] filed against UNUM by any state agency in the

United States from January 1, 1996 to present regarding denial of disability benefits.

## RESPONSE:

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the persons at issue other than Brooks.

**REQUEST FOR PRODUCTION NO. 58:**

Please produce any letters received by those insured by UNUM from January 1, 1995

to the present who protested and/or appealed the denial of their disability benefits.

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request seeks documents that are confidential and invade the privacy of Defendants and the persons at issue other than Brooks.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce a curriculum vitae for Nancy Olds regarding her training and education

as a "Disability Benefit Analyst."

**RESPONSE:**

Defendants object to this Request on the ground that it seeks the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are confidential and invade the privacy of Nancy Olds ("Olds"). Subject to and without waiving these objections, Defendants state that they will produce a copy of Olds' curriculum vitae if and when they designate her as a testifying expert.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce documents and/or reports and/or internal office memorandum's [sic]

regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee:

Cynthia Bellefountaine.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 61:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Jim Bilodeau.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 62:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Nancy E. Bogg, VCM.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 63:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Constance M. Cardamone.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 64:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Jon Colson.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code.  Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b).  Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 65:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee:

Marie Cutting, RN, BSN, CRRN.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code.  Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b).  Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 66:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee:

Richard G. Day, M.D.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 67:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Shannon Denbow.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 68:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Denise Houser.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 69:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Karen Keene.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 70:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Don Lagravinese.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 71:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Nancy L. Minor.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 72:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Nancy K. Olds.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 73:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Sean Sullivan.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

**REQUEST FOR PRODUCTION NO. 74:**

Please produce documents and/or reports and/or internal office memorandum's [sic] regarding the following investigation of Brook's [sic] claim by UNUM's agent-employee: Sheldon White.

## RESPONSE:

Defendants object to this Request to the extent that it seeks the production of documents that are exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Request is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Request fails to describe each item or category of documents with reasonable particularity as required by Fed. R. Civ. P. 34(b). Subject to and without waiving these objections, Defendants state that all such nonprivileged documents are in Unum Life's claim file pertaining to Brooks (CL001-869), which has previously been produced.

# EXHIBIT "C"

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)* B. Heath — B. Date of Delivery 1-51-2 <br> C. Signature X *B. H. H.* ☑ Agent ☐ Addressee <br> D. Is delivery address different from item 1? ☐ Yes   If YES, enter delivery address below: ☐ No |

1. Article Addressed to:

Mr. Andrew Whitaker
EGARI, DAVENPORT + GRAVES
BACO Bank of America Plaza
901 Main Street LB 125
Dallas, TX. 75202-3796

FEB 07 2002

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number *(Copy from service label)*
7000 1670 0009 7789 0412   Re: books

PS Form 3811, July 1999     Domestic Return Receipt     102595-00-M-0952

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Mr. Andrew Whitaker
Street, Apt. No.; or PO Box No. 901 Main Street LB 125
City, State, ZIP+4 Dallas, TX. 75202-3796

PS Form 3800, May 2000     See Reverse for Instructions

7000 1670 0009 7789 0412

# Mark A. Di Carlo

## Attorney at Law

La Solana Building
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
FAX (361) 888-6981

January 29, 2002

**CERTIFIED MAIL, RRR**
**7000 1670 0009 7789 0412**
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796

      Re:    C.A. No. B-01-052; Karen Brooks v. UnumProvident Corporation
            and UNUM Life Insurance Company of America

Dear Mr. Whitaker:

      I received your "Objections and Responses to Plaintiff's First Set of Requests for Production".    I did not receive one responsive document.    I received primarily numerous frivolous objections.    I object to your failure to respond in any manner and assert that your responses are in bad faith.  Many of my requests involved your answer or affirmative defenses which you raised and which apparently were either in bad faith  or for which there is no documentary evidence to support.  Many of my other requests involved persons identified in your initial disclosures as persons likely to have discoverable information and who apparently have no discoverable information.  Many of my requests also involve experts who denied the claim and apparently have no expert qualifications.

      **Request No. 1:**    Please produce any documents, tape recordings, paperwork, interoffice memorandums, expert reports, medical reports which supports your denial of Karen Brook's disability claim made the issue of this suit.

      Not one document is provided to the plaintiff in the response.

      You assert the "attorney-client" privilege and the "at attorney-work product" exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (*Please Print Clearly*) B. Hoult   B. Date of Delivery 1-51-2 <br> C. Signature  X *B.H. It*   ☑ Agent  ☐ Addressee |
| 1. Article Addressed to: <br> Mr. Andrew Whitaker <br> Figari, Davenport + Graves <br> 3400 Bank of America Plaza <br> 901 Main Street LB 125 <br> Dallas, TX. 75202-3796 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> FEB 07 2002 <br><br> 3. Service Type <br> ☑ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☑ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number (*Copy from service label*) <br> 7000 1670 0009 7789 0412  Re: books | |

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 1670 0009 7789 0412

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Mr. Andrew Whitaker
Street, Apt. No.; or PO Box No. 901 Main Street LB 125
City, State, ZIP+4 Dallas, TX. 75202-3796

PS Form 3800, May 2000          See Reverse for Instructions

a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

The plaintiff asserts that your "answer" on file makes it clear that various other documents exist upon which support your denial. Federal Rule of Civil Procedure 11(b)(3) regarding the need for evidentiary support of your "affirmative defenses."

Please provide within ten days.

**Request No. 2:**    Please produce a curriculum vitae of any expert witness: (1) You designate as an expert; (2) Who has factual or expert knowledge of this case; (3) Who has acted as an expert to support your denial of long term disability for Brooks.

Not one document is provided to the plaintiff in the response.

Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and in order to depose them on their qualifications.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

Provide within ten days.

**Request No. 3:**    Please produce a copy of every plaintiff's complaint, petition, or lawsuit in Texas filed against UNUM within the last 5 years for the denial of long term or short term disability benefits.

Not one document is provided to the plaintiff in the response.

I received   standard from objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

The plaintiff has asserted that  that they had a merited defense.  However, according to my research UNUM has a policy of denying disability claims.

Therefore, the request is relevant.  See Federal Rule of Evidence 401 regarding relevance as evidence having to deny to make the existence of any fact that is of consequence to the determination of the action more or less probable.

Federal Rule of Evidence 406 states that the habit of an organization is relevant to prove the conduct of the organization.

Provide within ten days.

**Request No. 4:**  Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM within the last 5 years.

Not one document is provided to the plaintiff in the response.

The objections are the same as contained in No. 3.

I received standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including:  that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection.

Federal Rule of Criminal Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, and absence of mistake.  Federal Rule of Evidence 403 states that the habit of an organization is relevant.

Provide within ten days.

**Request No. 5:**    Please a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM within the last 5 years which asserted fraud, violation of the Texas Insurance Code or a violation of the Texas Deceptive Trade Practices Act against UNUM for the denial of any claim.

Not one document is provided to the plaintiff in the response.

The objections are the same as contained in No. 3. And No. 4

I received  standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Federal Rule of Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake.  Federal Rule of Evidence 506 permits evidence of habit or routine practice of an organization to prove that the conduct was in conformity with the routine practice.

Internet research indicates UNUM has a policy of denying benefits.  By incidental  evidence they have a policy of denying benefits to professional women.

Please provide within 10 days.


**Request No. 6:**    Please produce a copy of every plaintiff's complaint, petition or lawsuit filed against UNUM the last 5 years for denial of long term disability benefits.

Not one document is provided to the plaintiff in the response.

The objections are the same as contained in No. 3. And No. 4 and No. 5

I received  standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including:  that proposed discovery outweighs its likely benefit,

then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Federal Rule of Criminal Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake.

Federal Rule of Evidence 406 states evidence of the routine practice of an organization is relevant to prove their conduct.

Please respond within 10 days.

**Request No. 7:**     Please produce documents, affidavits, statements and depositions used to substantiate any criminal complaints you or your agents filed against Karen Brooks and/or filed with the Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other Federal State or regulatory body.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. You asked for information regarding the disposition of this case in your discovery. Moreover, my investigation reveals that UNUM has a habit of making fraudulent criminal assertions against persons who make a claim for benefits. See Federal Rule of Evidence 404(b) and 406.

Also, this information is relevant to UNUM's depth of animus against the plaintiff, malicious prosecution, and false imprisonment which she incurred due to a fraudulent indictment being brought.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

Specify the alleged "exemption."

Please provide within 10 days.

**Request No. 8:**    Please produce criminal complaints and or police reports and or allegations of criminal complaints and supporting documents, affidavits, statements and depositions used to substantiate any criminal complaints you or your agents filed against any person who you filed a criminal complaint against, a police report or any form of criminal allegation filed with the Texas State Board of Insurance and/or a District Attorney of the state of Texas or any other Federal State or regulatory body.

Not one document is provided to the plaintiff in the response.

You repeated your objections to request no. 7.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. As I recall, you asked for information regarding the disposition of this case in your discovery.

Also, this information is relevant to your depth of animus against the plaintiff and malicious prosecution.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My cursory review of the code does not indicate that there is a civil discovery exemption.

Also, the investigation of the defendant on the internet indicates that the

defendant has a habit of filing criminal actions against plaintiffs.

Federal Rule of Criminal Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake.

Moreover, my investigation records that UNUM has a habit of making fraudulent criminal assertions against persons who make claims for benefits.

Please provide within 10 days.

**Request No. 9:**   Please produce UNUM's 1040K for the years 1998, 1999, 2000 and 2001.

Not one document is provided to the plaintiff in the response.

Your assert that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence and are confidential and invade defendant's privacy must be frivolous because your then assert that you are unsure of what 1040K means. This response is indicative of the numerous objections to these requests, which are frivolous.

The Plaintiff will not stand on this request that the documents be provided within ten days because of an error in the formulation of the request.

Please produce UNUM's 10k's within 30 days for the year 1998 through 2001.

**Request No. 10:**    Please produce a copy of Karen Brook's signed long term disability policy.

Not one document is provided to the plaintiff in the response.

The defendant instead of providing the policy made the basis of this suit makes numerous frivolous objections and attempts to make a distinction between a certificate of insurance and an insurance policy, delivery etc.  The defendant also references policies not made the basis of the suit and yet does not provide such policies.

Provide the policy within ten days or specify the policy within provided documents within ten days.

**Request No. 11:**  Please produce a copy of any questionnaires or checklists which Karen Brook's filled out in order to obtain or as a prerequisite in obtaining a disability insurance policy from you.

Not one document is provided to the plaintiff in the response.

The defendants refer to 141 pages of documents, none of which are responsive to the request.

Please provide within ten days if any such documents are in existence or indicate that no such documents exist.  If documents exist specify appropriate documents within ten days.

**Request No. 12:**  Please produce a copy of a blank long term disability policy which is identical to the one issued to  Karen Brooks.  Please provide a blank application identical to the one Karen Brook's  signed to apply for benefits.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests:  No. 5, No. 6, No. 3.

I received   standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

A blank form as requested will function as a clean form for the jury to read without interlineations.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive.  However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including:  that proposed discovery outweighs its likely benefit, then needs of the case,  the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection.

The objection is totally frivolous.  There is no mention made of the fact that the policy is no longer issued, nor that it would be difficult to acquire.

See Federal Rule of Civil Procedure 106 which would provide that the document is a related writing.

Please provide within ten days.

**Request No. 13:**   Please produce a record of all premiums paid by Karen Brooks for long term disability including receipts of money paid, copies of check, statements mailed.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests:  No. 5, No. 6, No. 3., No. 12.

I received  standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including:  that proposed discovery outweighs its likely benefit, then needs of the case,  the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection

The information is relevant and not burdensome.  The jury is entitled to see all documents relevant to her making her hard earned money from timely payments for an insurance policy which the defendant has fraudulently refused to pay.

Please provide within ten days.

**Request No. 14:**   Please produce all criminal records of any person who denied Karen Brooks claim for disability benefits including that of  Sean Colvin and all persons who participated in any manner in the denial of Karen Brook's, the termination of her benefits, or the allegations of Brook's criminal wrongdoing.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests:  No. 5, No. 6, No. 3., No. 12., No. 14.

I received  standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection

I also received objections regarding privacy objections; that the defendant do not have such documents in their possession, custody and control and that they do not know who Sean Colvin is.

The criminal records of the defendants agent are within their possession custody and control. The records are relevant under Federal Rule of Evidence 609 which permits the impeachment by evidence of conviction of a crime. These persons are fact witnesses and subject to impeachment.

Federal Rule of Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake.

A Sean Sullivan acted in a crude and abrasive manner when he went to speak to the plaintiff which would suggest that he has a criminal record.

Please provide within ten days.


**Request No. 15:** Please produce all brochures you furnished to Karen Brooks in order to solicit her business for long term or short term disability benefits.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests: No. 5, No. 6, No. 3., No. 12., No. 13 and No. 14. The defendant adds an additional objection that the documents are not in their possession, custody and control.

I received standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil

procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

There is also an standard objection regarding the fact that the documents are not in their possession, custody or control. However, the defendant fails to describe by category and location the documents pursuant to Federal Rule of Civil Procedure 26(a)(C )

The documents are relevant for discovery purposes and relevant for trial under Federal Rule of Evidence 401 because it makes the existence of the facts as alleged by the Plaintiff more probable.

Please provide within ten days.


**Request No. 16:** Please produce all interoffice memorandum, studies, stock holder reports which discuss the need for UNUM to deny more claims for long term or short term disability benefits from 1996 to present; and/or that the payment of long term disability claims is affecting the company's profit ability.

I received  standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection

I also received objections regarding privacy objections; that they do not have such documents in their possession, custody and control and that they do not know who Sean Colvin is.

Federal Rule of Evidence 404(b) permits admission of other wrongs to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake. See Federal Rule of Evidence 406 regarding the admissibility of a habit or routine practice of an organization.

The documents are relevant for discovery purposes and relevant for trial under Federal Rule of Evidence 401 because it makes the existence of facts as

alleged by the Plaintiff more probale.

Please provide within ten days.

**Request No. 17:**  Please produce any surveillance pictures, surveillance tapes, and surveillance video of Karen Brook's from the date of her application for disability benefits to the present.

Not one document is provided to the plaintiff in the response.
The defendant fails to specify by category and location the documents pursuant to Federal Rule of Civil Procedure 26(a)( c).

Please provide within ten days or state clearly without objection that no such documents exist.

**Request No. 18:**   Please produce all records tendered to the attorney general or received by the attorney general regarding Karen Brooks alleged criminal activities in attempting to collect disability benefits from you.

Not one document is provided to the plaintiff in the response.

The defendant recites the same objections it raised in No. 7.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days. See Federal Rule of Evidence 401 regarding relevance.

These documents are relevant to the fraudulent malicious prosecution by the defendant and the consequent false imprisonment of the plaintiff.

Provide within 10 days.

**Request No. 19:** Please produce any and all documentation, which may indicate a conflict of interest between UNUM and Andrew Whitaker and UNUM and David Butler including:

(1) Whitaker's or Butler's knowledge that UNUM is employed in a pattern of criminal fraud in denying disability benefits;

(2) That Andrew Whitaker and David Butler are share holders in UNUM and/or are paid in shares of UNUM for legal representation.

Not one document is provided to the plaintiff in the response.

The defendant poses the same standard objection that he used in the following requests: No. 5, No. 6, No. 3., No. 12., No. 13 and No. 14. The defendant adds an additional objection that the documents are not in their possession, custody and control.

I received standard form objections in response that the requested documents are not relevant and not reasonably calculated to lead to admissible evidence.

I also received a standard objection that the request of overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil procedure 26(b)(2) including: that proposed discovery outweighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

There is also an standard objection regarding the fact that the documents are not in their possession, custody or control. However, the defendant fails to describe by category and location the documents pursuant to Federal Rule of Civil Procedure 26(a)(C )

The documents are relevant for discovery purposes and relevant for trial under Federal Rule of Evidence 401 because it makes the existence of the facts

as alleged by the Plaintiff more probable.

Plaintiff's counsel sued UNUM previously for the refusal to pay a long term disability policy. The defense attorneys Whitaker and Butler defended the case. Plaintiff analogize the issue to that of the tobacco litigation wherein the attorneys may have defended the same company for years within knowledge of a pattern of fraud by UNUM. Provide within 10 days so I may fairly evaluation your interest in the litigation and/or recusal.

**Request No. 20:** Please produce all documentary evidence which indicates that UNUM is owned and/or controlled by an organized criminal group including; a) RICO investigations and/or letter of inquiries from state or government agencies regarding RICO, criminal fraud, or other criminal acts; b) Criminal indictments of any member of the Board of Directors; c) Payment of criminal fines to Federal Agencies; d) Payment of criminal fines and/or penalties to any state agency and state regulatory agency.

Not one document is provided to the plaintiff in the response.

The defendant asserts the same objections asserted previously and adds: attorney-client privledge, attorney-work product exemption confidentiality and "privacy" of the defendants and the insured.

The assertion that a corporation has a "right to privacy" is frivolous. Federal Rule of Evidence 405 permits specific circumstances of conduct to prove conduct. Federal Rule of Evidence 406 permits routine practice or habits of an organization to prove uniformity with a habit or routine practice.

Provide within 10 days or withdraw objections and specify no such documents exist.

**Request No. 21:** Please produce the following: All medical records and medical bills of Karen Brooks in your possession.

Not one document is provided to the plaintiff in the response.

Produce medical records of Karen Brook in the "Original Action Documents." within ten days.

Specify all documents referenced in CL-001-869 and UW-001-141.

**Request No. 22:**  All documents and records of databases and/or searches and/or criminal record checks and/or all investigations of Karen Brooks character, personality, property ownership conducted by UNUM.

Not one document is provided to the plaintiff in the response.

The defendant refers to 869 pages of documents which they compiled and which are not duplicable by plaintiff's counsel.  (CL-001-869)

Produce "Original Action Documents" to plaintiffs counsel within ten days.

The plaintiff asserts these documents will establish the abasive conduct of the plaintiff and the invasion of her privacy and the frivolous indictment brought by the defendant in an attempt to destroy her reputation and finances.

The reference to the insurance code does not refer to a section and no such privilege exists.

**Request No. 23:**  Documents and Records in your possession of any document which establishes:

A)  That Karen Brooks is not disabled;
B)  Is not disabled under the terms of the policy at issue in the case;
C)  Is  partially disabled in terms of the policy;
D)  That her medical condition has improved since the time she was originally granted benefits by UNUM.

Not one document is provided to the plaintiff in the response.

The same "form" objections are raised in bad faith that are posed in other responses.

The defendant raises various frivolous objections including a frivolous reference to Article 1.10 of the Texas Insurance Code.

Also plaintiff refers to 869 pages of documents which were prepared by the defendant specify all page numbers.

Provide all documents because they are relevant under Federal Rule of Evidence 401 because it relates to the existence of facts that is of consequence to the determination of the case.

Provide all "Original Action Documents" relevant to the request within ten days.

Produce all requested documents within ten days.

**Request No. 24:**  Please produce and identify documents which in anyway support your assertion in your answer and counter claim.

Not one document is provided to the plaintiff in the response.

Numerous frivolous objections are raised which have to be withdrawn. The defendant has referred to a lengthy statue act 1.10D of the Texas Insurance Code without specific reference to the statue.

The requested documents are relevant under Rule 401 of the Federal Rules of Evidence. Federal Civil Procedure "states that your objections and factual contentions must have evidentiary support or are likely to have evidentiary support.  The plaintiff asserts that no such evidentiary or factual contentions support your answer and counterclaim.

Provide within ten days.

Produce "Original Action Documents" within ten days to undersigned counsel.

**Request No. 25:**  In paragraph 30 of the  "Defendant's Answer and Counter Claim" you deny the allegations contained in paragraph 23 of the plaintiff's complaint.  Please produce any documentary evidence which supports your denial of paragraph 23 of plaintiff's complaint including:
A)  That Dr. Brook's is at least 80% disabled such that she should receive full disability benefits;
B)   No accurate determination was made by UNUM regarding her residual or partial disability which must be at least 20%;
C)   UNUM's own prior determination that Dr. Brook's was totally disabled established her partial or residual disability;
D) UNUM disregarded Dr. Brook's own statements regarding her disability;
E) UNUM switched "Disability Benefits Specialist's" in order to deny the plaintiff disability;
F) UNUM did not perform a reasonable investigation into whether the claimant

was disabled using a reasonable person standard as is implied in contract and instead conducted an abusive and fraudulent investigation;

G)    The investigation was fraudulent because it attempted to research the entire case and take or create facts adverse to the claimant;

H)    The investigation was abusive because an agent of UNUM threatened and attempted to blackmail the plaintiff into dropping the insurance if she did not drop the insurance and accept the benefits already paid;

I)    UNUM attempted to maliciously attack the plaintiff by attempting to bring criminal charges against her.

Not one document is provided to the plaintiff in the response.

Numerous frivolous objections are raised by you. You placed all these issues into evidence as relevant by denying the entire paragraph of the petition. Federal Rule of Civil Procedure 11(b)(3) states that your allegations have evidentiary support or are likely to have evidentiary support.

Provide within ten days.

Specify all documents which you refer to in CL-001-869.

Produce all "Original Action Documents" to undersigned counsel within ten days.

**Request No. 26:**  Please produce any documentary evidence that substantiates your claim in paragraph 49 of your "Defendant' Answer and Counterclaim" that Karen Brook's "percentage of responsibility is greater than 50% for any damages she seeks to recover."

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous form objections.

The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.    The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.    Federal Rule of Civil Procedure 11(b)(3) states that your answer have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

**Request No. 27:** Please produce any documentary evidence that substantiates your claim in paragraph 50 of your "Defendant' Answer and Counterclaim" that Karen Brook's claims are barred by: waiver, estoppel, and unclean hands.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with "reasonable particularity." In that you make the assertion you should have some evidence to support it in accordance with Federal Rule of Civil Procedure 11(b)(3).

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

**Request No. 28:** Please produce any documentary evidence that substantiates your claim in paragraph 51 of your "Defendant' Answer and Counterclaim" that Karen Brook's claims are barred by comparative bad faith.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days

Provide all "Original Action Documents" within 10 days.

Provide all requested documents within ten days.

**Request No. 29:** Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 52 of your "Defendant' Answer and Counterclaim" that Karen Brook's "claims are barred . . . by the doctrine of

unjust enrichment."

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days or specify no such documents exist.

**Request No. 30:** Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 53 of your "Defendant' Answer and Counterclaim" that defendant's were damaged by her wrongful acts and the amount of the damages you have incurred as a result of her wrongful acts.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that your failure to submit documents regarding damages establishes that no such damages occurred.

**Request No. 31:** Please produce any documentary evidence that Karen Brook's claims are barred as asserted in paragraph 54 "by her failure to mitigate her alleged damages."

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous form objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Specify appropriate documents referred to in CL-001-869 within ten days. Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that the failure to provide any documents establishes that the assertion that plaintiff failed to mitigate damages has no evidencing support under Federal Rule of Civil Procedure 11(b)(3). Sanctions will be requested unless evidentiary support is provided to your various "affirmative defenses."

Specify all documents referred to in CL-001-869. Provide all "Original Action Documents" within ten days.

Provide all requested documents within 10 days.

**Request No. 32:** Please produce any documentary evidence or tape recordings that substantiates or records that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's as alleged in paragraph 62 of "Defendant's Answer and Counterclaim".

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous form objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.

The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that the failure to provide any documents gives credence that the Defendant's Answer does not have evidentiary support and was signed in violation of Federal Rule of Civil Procedure 11(b)(3).

unjust enrichment."

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days or specify no such documents exist.

**Request No. 30:** Please produce any documentary evidence and legal authority that substantiates your claim in paragraph 53 of your "Defendant' Answer and Counterclaim" that defendant's were damaged by her wrongful acts and the amount of the damages you have incurred as a result of her wrongful acts.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that your failure to submit documents regarding damages establishes that no such damages occurred.

**Request No. 31:** Please produce any documentary evidence that Karen Brook's claims are barred as asserted in paragraph 54 "by her failure to mitigate her alleged damages."

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous form objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Specify appropriate documents referred to in CL-001-869 within ten days. Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that the failure to provide any documents establishes that the assertion that plaintiff failed to mitigate damages has no evidencing support under Federal Rule of Civil Procedure 11(b)(3). Sanctions will be requested unless evidentiary support is provided to your various "affirmative defenses."

Specify all documents referred to in CL-001-869. Provide all "Original Action Documents" within ten days.

Provide all requested documents within 10 days.

**Request No. 32:** Please produce any documentary evidence or tape recordings that substantiates or records that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's as alleged in paragraph 62 of "Defendant's Answer and Counterclaim".

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous form objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.

The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that the failure to provide any documents gives credence that the Defendant's Answer does not have evidentiary support and was signed in violation of Federal Rule of Civil Procedure 11(b)(3).

**Request No. 33:** Please produce any documentary evidence that substantiates that a telephone conversation occurred and the contents of a telephone conversation on July 20, 1998 between UNUM and Karen Brook's as alleged in paragraph 63 of your Defendant's Answer and Counterclaim that on an unknown date that Karen Brook's telephoned UNUM and stated she had performed a bunionectomy.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous form objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.

The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity despite the fact that the request tracks your answer. Provide all requested documents within ten days.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

The plaintiff asserts that the failure to provide any documents gives credence that the Defendant's Answer does not have evidentiary support and was signed in violation of Federal Rule of Civil Procedure 11(b)(3).

**Request No. 34:**  Please produce the curriculum vitae from Bogg referred to in paragraph 64 of "Defendant's Answer and Counterclaim"  including her degree and/or training as a vocational expert and/or as vocational rehabilitation expert.

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation.  However, UNUM denied Brook's claims on the basis of alleged experts employed by them.   I will need the curriculum vitae's of all expert's involved in denying the disability policy.  According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD. "assisted in investigation of Brooks claim" .  In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial.  At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

The plaintiff asserts that the failure to provide any documents gives evidence that the defendants answer does not have evidentiary support in violation or Federal Rule of Civil Procedure 11(b)(3).

Provide all documents within ten days.

**Request No. 35:**  Please produce the surgical log from "BMC" for the years of 1997, and 1998 as referred to in paragraph 65 of the Defendant's Answer and Counterclaim"

Not one document is provided to the plaintiff in the response.

Specifically refer to documents contained within CL-001-869 within 10 days.

Provide documents contained in "Appendix in Support of Defendant's Brief regarding Plaintiff's Continual Performance of surgeries within ten days.

Provide all requested documents within 10 days.

**Request No. 36:**   Please produce any results of medical investigations, diagnostic procedures documented in any form including narrative reports by Health Resources and Technology, Inc. of Massachusetts and/or John A. Wells, M.D.

Not one document is provided to the plaintiff in the response.

Numerous frivolous form objections were raised.   Provide documents within ten days.  Specify documents within UNUM's claims file CL-001-869 which apply to this request.  The failure to provide documents to assertions made in the Defendant's Answer and Counter Claim establishes there is no evidence to make such an assertion.

Provide documents in "Original Action Documents"  which apply within 10 days.

**Request No. 37:**  Please produce documents and/or reports and/or internal office memorandum's regarding the following:  Doctor Oscar Cartaya's report and findings in his report of his review of medical records.  Please produce a copy of the medical reports he reviewed in the event the records he reviewed are not specified in the report.

Not one document is provided to the plaintiff in the response.   These documents were  relied upon in your denial of benefits.

Produce "Original Action Documents" within 10 days.  Specify documents within UNUM's claim file CL-1-0001-869 with ten days.

**Request No. 38:**   Please produce a list of the names of "several individuals" Sullivan spoke to who confirmed that Brook's was the actual surgeon and produce any documents notes memorandums or tape recording by Sullivan regarding who he spoke to, when he spoke to them, and the contents of their conversations as alleged in Paragraph 67 of "Defendant's Answer and Counterclaim."

Not one document is provided to the plaintiff in the response.   The defendant fraudulently asserts that the "documents are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence" despite the fact that they have raised this defense."

Numerous frivolous form objections are filed.

Specify all documents within UNUMS claim file CL-1-0001-869 within 10 days.

The failure to respond to this request is further evidence that the defendant does not have evidentiary support of their factual contentions as is needed by Federal Rule of Civil Procedure 11(b)(3).

**Request No. 39:** Please produce documentary evidence, learned treatises, time-work studies etcetera in your possession that all, most, or a substantial portion of a podiatrists occupation, profession, or income consists of performing surgeries and/or hospital surgeries.

Not one document is provided to the plaintiff in the response.

Numerous frivolous form objections are asserted despite the fact that the defendant has based his answer on the fact that UNUM has cut off her benefits because she was performing surgeries. The objections regarding not being discoverable and not relevant is frivolous. See Federal rule of Evidence 401 regarding relevance.

Provide documentation within 10 days.

**Request No. 40:** Please produce any memorandum, document, paperwork or investigation result that you have in your possession regarding the percentage of Karen Brook's income as a podiatrist from her practice within her own office versus the percentage of income for doing surgeries at a hospital.

Not one document is provided to the plaintiff in the response.

This request is relevant under Federal Rule of Evidence 401. This is the basis of your case and apparently your defense case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised. Specify documents in UNUM's claim file within ten days. This request is relevant under Federal Rule of Civil of Evidence 401. This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation of Federal Rule of Civil Procedure 11(b). Forward "Original Action Documents" within 10 days.

Specify documents contained within CL-001-869 within 10 days.

**Request No. 41:** Please produce any memorandum, paperwork or investigation result regarding the percentage of Karen Brook's occupation as a professional podiatrist practice within her own office versus the percentage of time doing surgeries for "BMC."

Not one document is provided to the plaintiff in the response.

This request is relevant under Federal Rule of Evidence 401. This is the basis of your case and apparently your case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised. Specify documents in UNUM's claim file within ten days. This request is relevant under Federal Rule of Civil of Evidence 401. This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation of Federal Rule of Civil Procedure 11(b). Forward "Original Action Documents" within 10 days.

Specify documents contained within CL-001-869 within 10 days.

**Request NO. 42:** Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or relevant pages there from that UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's capacity to perform the occupation of a podiatrist specialist.

Not one document is provided to the plaintiff in the response.

This request is relevant under Federal Rule of Evidence 401. This is the basis of your case and apparently your case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised. Specify documents in UNUM's claim file within ten days. This request is relevant under Federal Rule of Civil of Evidence 401. This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation

of Federal Rule of Civil Procedure 11(b).   Forward "Original Action Documents" within 10 days.

Specify documents contained within CL-001-869 within 10 days.

**Request NO. 43:**   Please produce any learned treatises, the dictionary of occupational titles, books,  or vocational analysis or relevant pages there from that  UNUM used to determine the physical capacities necessary to perform the occupational duties of a podiatrist in determining Karen Brook's capacity to perform the occupation of a podiatrist specialist, specifically including in full or in part the following in an eight hour workday:  the number of hours required to stand or walk as a podiatrist;  the physical requirements of a podiatrist to push, pull and lift; the physical requirements of a podiatrist to bend, crouch and reach; in the denial of benefits or used in the initial granting of benefits to Karen Brook's. Include the results of such a study or vocational analysis which applied these physical capabilities to Karen Brook's practice as a podiatrist.    Include any questionnaires and summaries of the   duties performed in Karen Brook's podiatrist practice to push, pull and lift, bend crouch and reach to Karen Brook's podiatry  practice prior to her application for disability benefits.  Include any questionnaires and summaries of these physical duties to push, pull, bend, lift, crouch and reach performed in Karen Brook's podiatry practice prior to her application for disability benefits

Not one document is provided to the plaintiff in the response.

This request is relevant under Federal Rule of Evidence 401.  This is the basis of your case and apparently your case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised.   Specify documents in UNUM's claim file within ten days.  This request is relevant under Federal Rule of Civil of Evidence 401.  This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation of Federal Rule of Civil Procedure 11(b).  Forward "Original Action Documents" within 10 days.

Specify documents contained within CL-001-869 within 10 days.

**Request NO. 44:**   Please produce an office manual, UNUM interoffice memorandum, and/or issued job descriptions for the following positions: "Disability Benefit Analyst";  "Claims Assistant"; "Disability Benefits Specialist."

Not one document is provided to the plaintiff in the response.

This request is relevant under Federal Rule of Evidence 401. This is the basis of your case and apparently your case is based on allegations and factual contentions without evidentiary support in violation of Federal Rule of Civil Procedure 11(b).

Numerous frivolous form objections are raised. Specify documents in UNUM's claim file within ten days. This request is relevant under Federal Rule of Civil of Evidence 401. This is the basis of your case and your failure to respond gives evidence that there is no evidentiary support of your assertions in violation of Federal Rule of Civil Procedure 11(b). Forward "Original Action Documents" within 10 days.

Specify documents contained within CL-001-869 within 10 days

**Request NO. 44.1:** Please produce any results of documents analysis and/or reports by Health Resources Technology regarding their review of Karen Brook's file as was reflected in a letter from UNUM dated January 4, 1999.

Not one document is provided to the plaintiff in the response.

These documents are relevant under Federal Rule of Evidence 401 Numerous frivolous form objections are listed.

Specify pertinent documents within CL-001-869 within 10 days.

**Request NO. 45:** Please produce any learned treatises, the dictionary of occupational titles, books, or vocational analysis or pages relevant there from UNUM used to determine to determine physical capacities necessary to perform the occupational duties of a podiatrist in the granting and denial of Karen Brook's disability benefits including in full or in part the following: the number of hours required to use hands for gross or fine manipulation, the number of hours necessary to concentrate while in pain; the ability to sit for a period of time; the ability to move at a normal speed; numbness in any parts of the hands body or back and/or the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in an eight hour day. Include the results of such a study or vocational analysis which applied these physical requirements to Karen Brook's practice as a podiatrist. Include any questionnaires submitted to Karen Brooks and summaries of the duties performed in Karen Brook's podiatrist

practice relating to her ability to the number of hours required to use hands for gross or fine manipulation, the number of hours necessary to concentrate while in pain; the ability to sit for a period of time; the ability to move at a normal speed; numbness in any parts of the hands body and/or the physical requirements of a podiatrist to sit, move, using hands, and/or necessity to concentrate in to Karen Brook's podiatrist podiatry practice prior to her application for disability benefits. Include any questionnaires and summaries of these physical duties regarding Karen Brook's podiatry practice prior to her application for disability benefits.

Not one document is provided to the plaintiff in the response.

These documents are relevant under Federal Rule of Evidence 401.

Specify applicable documents within CL-001-869 within 10 days. If no other documents exist specify.

Produce "Original Action Documents" within 10 days.

**Request NO. 46:** Please produce a curriculum vitae of Jon Colson including his expert and professional qualifications to be a "Claims Assistant, Individual Disability Benefits."

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD. "assisted in investigation of Brooks claim". In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

**Request NO. 47:** Please produce a curriculum vitae for Nancy E. Bogg as a

"VCM."

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD. "assisted in investigation of Brooks claim" . In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

**Request NO. 48:** Please produce any papers published by Nancy E. Bogg, in learned treatises, journals and/or books written by Nancy E. Bogg and/or articles published by her.

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD. "assisted in investigation of Brooks claim" . In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your

alleged experts on the basis of their opinions at trial.

**Request NO. 49:** Please produce a curriculum vitae of Sheldon White regarding his professional qualifications as a "Disability Benefits Analyst."

Not one document is provided to the plaintiff in the response.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD. "assisted in investigation of Brooks claim" . In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

**Request NO. 50:** Please produce any documents which exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69, regarding what Brook's substantial and material duties were as a podiatrist.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure 11(b)(3) "states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days

Provide all "Original Action Documents" within 10 days.

**Request NO. 51:**  Please produce documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69, assertion that Brook's was performing the substantial and material duties of her occupation.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections.  The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.  The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.  Federal Rule of Civil Procedure 11(b)(3) "states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days.

Provide all "Original Action Documents" within 10 days.

**Request NO. 52:**  Produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69's assertion that Brooks committed fraud in the submission of her monthly claims forms.

Not one document is provided to the plaintiff in the response.

The defendant has raised numerous frivolous objections.  The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.  The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.  Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days. Specify whether other such documents exist.

Provide all "Original Action Documents" within 10 days.

**Request NO. 53:**  Please produce any documentary evidence that exists to support your claim in the "Defendant's Answer and Counterclaim," paragraph 69 that UNUM is entailed to recover some of their benefits that it paid to Brook's and what "some" of these benefits are and how you compute the amount of "some" benefits.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client privilege and the "attorney-work product exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents communication, or things not produced or disclosed in a manner that . . . . Will enable other parties to assess the applicability of the privilege or protection."  You have failed to describe the nature of these documents and therefore you have waived the privilege.  Please provide within ten days.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code.  My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection.

The defendant has raised numerous frivolous objections.  The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense.  The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity.  Federal Rule of Civil Procedure 11(b)(3) states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days. Specify whether other such documents exist.

Provide all "Original Action Documents" within 10 days.

**Request NO. 54:** Produce any documentary evidence that supports you claim in the "Defendant's Answer and Counterclaim," paragraph 69 claim that Brooks is presently able to perform the substantial duties of her occupation.

Not one document is provided to the plaintiff in the response.

(a) You assert the attorney-client privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents communication, or things not produced or disclosed in a manner that . . . . Will enable other parties to assess the applicability of the privilege or protection." You have failed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

(b) You assert the attorney-client privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents, communications, or things not produced or disclosed `in a manner that . . . . will enable other parties to assess the applicability of the privilege or protection." You have failed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days. Numerous frivolous form objections are raised.

(c ) Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code My review of the code does not indicate that there is a civil discovery exemption

(d) I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

The defendant has raised numerous frivolous objections. The defendant has asserted an affirmative defense and yet has failed to agree to provide relevant evidence regarding that affirmative defense. The defendant makes the frivolous objection that the documents have not been specified with reasonable particularity. Federal Rule of Civil Procedure (b)(3) "states that your allegations must have evidentiary support or are likely to have evidentiary support.

Specify appropriate documents referred to in CL-001-869 within ten days. Specify whether other such documents exist.

Provide all "Original Action Documents" within 10 days.

**Request NO. 55:** Produce any documents from the former lawsuit of this case which are relevant to the facts in this case.

Not one document is provided to the plaintiff in the response.

(a)    You assert the attorney-client privilege and the "attorney-work product exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents communication, or things not produced or disclosed in a manner that . . . .  Will enable other parties to assess the applicability of the privilege or protection."  You have failed to describe the nature of these documents and therefore you have waived the privilege.  Please provide within ten days.

(b)    You assert the attorney-client privilege and the "attorney-work product exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . . . will enable other parties to assess the applicability of the privilege or protection."  You have failed to describe the nature of these documents and therefore you have waived the privilege.  Please provide within ten days.  Numerous frivolous form objections are raised.

(c )    Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code My review of the code does not indicate that there is a civil discovery exemption.

(d)    I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection.

Produce "Original Action Documents" within 10 days.

**Request No. 56:** Please produce any complaints filed against UNUM by the State Board of Insurance regarding the denial of disability benefits from January 1996 to present.

Not one document is provided to the plaintiff in the response.

Numerous frivolous form objections are raised.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. You asked for information regarding the disposition of this case in your discovery. Moreover, my investigation reveals that UNUM has a habit of making fraudulent criminal assertions against persons who make a claim for benefits. See Federal Rule of Evidence 404(b) and 406. Rule 404(b) permits such evidence as proof of motive etc. Rule 406 permits this request as a routine practice of the organization.

Also this information is relevant to your depth of animus against the plaintiff and malicious prosecution.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

**Request No. 57:** Please produce any complaint's filed against UNUM by any state agency in the United States from January 1, 1996 to present regarding denial of disability benefits.

Not one document is provided to the plaintiff in the response.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. You asked for information regarding the disposition of this case in your discovery. Moreover, my investigation reveals that UNUM has a habit of making fraudulent criminal assertions against persons who make a claim for benefits. See Federal Rule of Evidence 404(b) and 406. Rule 404 permits such

evidence as proof of motive etc. Rule 406 permits this evidence as a routine practice of an organization. This request is relevant under Federal Rule of Evidence 401.

**Request No. 58:** Please produce any letters received by those insured by UNUM from January 1, 1995 to the present who protested and/or appealed the denial of their disability benefits.

Not one document is provided to the plaintiff in the response.

Your assertion that the documents are not reasonably calculated to lead to admissible evidence nor reasonably calculated to lead to admissible evidence is fraudulent. You asked for information regarding the disposition of this case in your discovery. Moreover, my investigation reveals that UNUM has a habit of making fraudulent criminal assertions against persons who make a claim for benefits. See Federal Rule of Evidence 404(b) and 406. Rule 404(b) permits such evidence as proof of motive, etc. Rule 406 permits this evidence as a routine practice of an organization.

Also, this information is relevant to your depth of animus against the plaintiff and malicious prosecution.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

This request is relevant under Federal Rule of Evidence 401. Please provide within ten days.

**Request No. 59:** Please produce a curriculum vitae for Nancy Olds regarding her training and education as a "Disability Benefit Analyst."

You list this person as a person likely to have discoverable information in initial disclosure.

You assert that you will provide a curriculum vitae of experts at the time of the designation. However, UNUM denied Brook's claims on the basis of alleged experts employed by them. I will need the curriculum vitae's of all expert's involved in denying the disability policy. According to your initial disclosures, Nancy Bogg, VCM, Marie Cutting, RN, BSN, CRRN, and Richard Day, MD. "assisted in investigation of Brooks claim" . In that you printed their professional qualifications and did not specify how they "assisted" I will expect a curriculum vitae of these individuals and all others within ten days.

Also, Federal Rule of Civil Procedure 26(b)(4) states that I am entitled to depose any person who has been identified as an expert witness and whose opinions may be presented at trial. At this time I need a curriculum vitae to determine whether or not I intend to depose them and to depose them.

Federal Rules of Evidence 702 and 703 permit me to cross examine your alleged experts on the basis of their opinions at trial.

The plaintiff asserts that the failure to provide any documents gives evidence that the defendants answer does not have evidentiary support in violation or Federal Rule of Civil Procedure 11(b)(3).

Provide all documents within ten days.


**Request No. 60:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Cynthia Bellefountaine.

Not one document is provided to the plaintiff in the response.


You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the information is exempted for disclosure under Article

1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You list this person as a person likely to have discoverable information in your initial disclosures 1(31) and state he "assisted in UNUM Life's investigation of Brook's claim."

**Request No. 61:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Jim Bilodeau.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege.  Please provide within ten days.

See Federal Rule of Evidence 401 regarding relevance.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life investigation of Brook's claim" in initial disclosure1(33).

**Request No. 62:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Nancy E. Bogg, VCM.

Not one document is provided to the plaintiff in the response.

You list this person as a person likely to have discoverable information in your initial disclosure in that she "assisted in UNUM Life's investigation."  See 1(33).

You assert the attorney-client" privilege and the "attorney-work product exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection."  You have filed to describe the nature of these documents and therefore you have waived the privilege.

Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:   that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code.  My review of the code does not indicate that there is a civil discovery exemption.

**Request No. 63:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM- agent employee:  Constance M. Cardamone.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the

privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Also, this information is relevant to your depth of animus against the plaintiff and malicious prosecution.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim" in your initial disclosures 1(34).

**Request No. 64:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Jon Colson.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that

you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

**Request No. 65:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Marie Cutting, RN, BSN, CRRN.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(35).

**Request No. 66:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Richard G. Day, M.D.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in

a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(36).

**Request No. 67:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Shannon Denbow.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My

review of the code does not indicate that there is a civil discovery exemption.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(37).

**Request No. 68:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Denise Houser.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.
You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(38).

**Request No. 69:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Karen Keene.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the

privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM· Life's investigation of Brooks claim in your initial disclosures 1(39).

**Request No. 70:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Don Lagravinese.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

Your assertion that the information is exempted for disclosure under Article 1 10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(40).

**Request No. 71:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Nancy L. Minor

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(42).

**Request No. 72:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent-employee: Nancy K. Olds.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code.  My review of the code does not indicate that there is a civil discovery exemption.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(42).

**Request No. 73:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee:  Sean Sullivan.

Not one document is provided to the plaintiff in the response.

You assert the "attorney-client" privilege and the "attorney-work product exemption.  Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection."  You have filed to describe the nature of these documents and therefore you have waived the privilege.  Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including:  that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code.  My review of the code does not indicate that there is a civil discovery exemption.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(43).

**Request No. 74:** Please produce documents and/or reports and/or internal office memorandum's regarding the following investigation of Brook's claim by UNUM's agent- employee: Sheldon White.

Not one document is provided to the plaintiff in the response.

You assert the attorney-client" privilege and the "attorney-work product exemption. Federal Rule of Civil Procedure 26(b)(5) requires you to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." You have filed to describe the nature of these documents and therefore you have waived the privilege. Please provide within ten days.

I also received a standard objection that the request is overly broad, unduly burdensome and expensive, harassing, ambiguous and oppressive. However, you fail to mention any of the factors asserted in Federal Rule of Civil Procedure 26(b)(2) including: that proposed discovery out weighs its likely benefit, then needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. You have therefore waived this objection.

Your assertion that the information is exempted for disclosure under Article 1.10D of the Texas Insurance Code is meritless as is exhibited by the fact that you did not quote the section of the code, nor did you quote from the code. My review of the code does not indicate that there is a civil discovery exemption.

You listed this person as a person who assisted in "UNUM Life's investigation of Brooks claim in your initial disclosures 1(44).

Please produce all requested documents within ten days or notify my office if you cannot comply within ten days.

Sincerely,

Mark A. Di Carlo

# EXHIBIT "D"

# FIGARI DAVENPORT & GRAVES

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
214-939-2000
Fax 214-939-2090

*FEB 1 4 2002*

Writer's Direct Dial Number

(214) 939-2076

Writer's E-Mail Address

awhitake@figdav.com

February 14, 2002

**VIA TELECOPY AND**
**CM/RRR #7001 2510 0000 8683 4975**
Mr. Mark A. Di Carlo
La Solana Building
722 Elizabeth Street
Corpus Christi, Texas  78404

Re:    C.A. No. B-01-052; *Karen Brooks v. UnumProvident Corporation and*
       *UNUM Life Insurance Company of America*

Dear Mr. Di Carlo:

We are in receipt of your letter dated January 29, 2002 regarding the sufficiency of Defendants' responses to Dr. Brooks' request for production.  Needless to say, we disagree with the overwhelming majority of the assertions in your letter; however, as set forth more fully below, we are herewith producing some of the additional documents that you have requested.

Overview.  At the outset, your assertion that you "did not receive one responsive document" from Defendants is misleading at best.  By letter dated August 8, 2001, we provided you with copies, at our expense, of Unum Life's claim file pertaining to Dr. Brooks (CL001-869) and the underwriting file pertaining to her (UW001-141), which are the files maintained by Unum Life pertaining to her claim and coverage.  We did not pull any documents from these files as privileged; instead, our privilege assertions are predicated on the letters that our firm has exchanged with Defendants and our firm's work product.  Those communications and documents are unquestionably privileged, and we are not aware of any requirement that we identify or produce such documents to you.  Indeed, we have not received any sort of privilege log from you listing your communications with Dr. Brooks and your work product, which confirms the absence of any need for such an effort.

In addition to producing these files, Defendants also agreed to make available to you our copy of the Original Action Documents, which consist of the hundreds of pages of documents that we obtained from various third parties during discovery in the Original Action.  Defendants

Mr. Mark A. Di Carlo
February 14, 2002
Page 2

have every incentive to produce in a timely fashion the documents that we intend to rely upon
at trial, and by producing the documents that we have and by making the Original Action
Documents available, we have satisfied that obligation.

Below are our responses to your specific concerns.

Request No. 2.  Your concerns with respect to Request No. 2 regarding Defendants' experts
are premature.  To date, Defendants have not designated any expert witnesses.  As set forth
in their response, if and when such experts are designated, Defendants will produce copies
of the curriculum vitae, if available, of such experts.

Requests No. 3-6 and 56-58.  With respect to Requests No. 3-6 and 56-58 regarding other
complaints and lawsuits, Defendants are standing on their objections.  As numerous courts
have recognized, such documents are not discoverable for a variety of reasons.  See, e.g.,
North River Ins. Co. v. Greater N.Y. Mut. Ins. Co., 872 F.Supp. 1411, 1412 (E.D. Pa. 1995);
Leksi, Inc. v. Federal Ins. Co., 129 F.R.D. 99, 106 (D.N.J. 1989); Marker v. Union Fidelity
Life Ins. Co., 125 F.R.D. 121, 124-25 (M.D.N.C. 1989); Baker v. CNA Ins. Co., 123 F.R.D.
322, 328-29 (D. Mont. 1988); Moses v. State Farm Mut. Auto. Inc. Co., 104 F.R.D. 55, 57-58
(N.D. Ga. 1984).  This is especially true here, as Unum Life based its decision in large part
on surgical logs confirming that Dr. Brooks was, notwithstanding her denials to the contrary,
continuing to perform her occupational duties.

Requests No. 7-8 and 18.  With respect to Requests No. 7 and 18 regarding the investigation
of Dr. Brooks by the Texas Department of Insurance and the applicable criminal authorities,
Defendants are standing on their objections.  These requests as written arguably call for the
production of our firm's communications with Defendants or our work product, which are
exempt from discovery.  Moreover, Tex. Ins. Code art. 1.10D, § 4(a) affirmatively requires a
person who determines that a fraudulent insurance act has been committed or is about to be
committed to report such information to the Texas Department of Insurance; § 5 of this article
renders confidential the information so produced; and § 6 of this article provides immunity
for such report and further exempts such information from public disclosure.[1]  Indeed, § 6(d)
of this article provides for an award of attorneys' fees and costs if the person providing
information is a prevailing party in a cause of action for libel, slander, or any other relevant
tort.  If Dr. Brooks continues to press for the production of this information, Defendants will

---

[1]For the same reasons, Defendants' complaints with the appropriate authorities regarding other insureds are
equally (if not more so) undiscoverable.  Defendants are thus standing on their objections to Request No. 8.

Mr. Mark A. Di Carlo
February 14, 2002
Page 3

amend our counterclaim to seek recovery of the attorneys' fees and court costs that we incur in opposing her efforts.

Request No. 9.  With respect to your informal request in Request No. 9 for copies of UnumProvident's Form 10-Ks for 1998 through 2001, Defendants refer you to UNUM 0049-1282, which will be produced with the hard copy of this letter.

Request No. 10.  With respect to Request No. 10 regarding Dr. Brooks' policy, Defendants are standing on their response, which points you to the previously produced transition rider and schedule sheet (UNUM 0001-0011) for the plan issued to the American Podiatric Medical Association (the "APMA").  As also set forth in Defendants' response, insureds such as Dr. Brooks received a certificate of insurance, and it appears that Unum Life does not have a copy of the certificate issued to Dr. Brooks, which is presumably in her possession.  Simply put, Defendants have produced the documents that they have.

Request No. 11.  With respect to Request No. 11 regarding "questionnaires or checklists" completed by Dr. Brooks during the application process, as set forth in Defendants' response, all such documents are in the underwriting file pertaining to Dr. Brooks (UW001-141), which has been produced.  Rule 34(b) allows a producing party such as Defendants to produce documents "as they are kept in the usual course of business," which is exactly what Defendants have done here.  Indeed, the method of production utilized by Defendants, which is unquestionably in compliance with the rules, is in sharp contrast to Dr. Brooks' production of all of her documents in a box labeled "Exhibit A."

Request No. 12.  Defendants are standing on their objections to Request No. 12 regarding a "blank" policy and application.  The coverage issued by Commercial Life to the APMA is no longer in force, and the requested documents have nothing whatsoever to do with this case.  Moreover, we are not sure what a "blank" policy would look like, and we have thus far been unable to locate a "blank" application, which is not surprising in light of the fact that the APMA's coverage is no longer in force.

Request No. 13.  With respect to Request No. 13 regarding premium payments, it is our understanding that the requested documents are unduly burdensome to obtain.  We are attempting to determine, however, the total amount that was paid in premiums for Dr. Brooks' coverage.  If we can determine that amount, we are willing to so stipulate in lieu of producing such documents.  Is this an acceptable accommodation?  Please advise.

Mr. Mark A. Di Carlo
February 14, 2002
Page 4

Requests No. 14, 16, 19-20, and 44.  Defendants are standing on their objections to Request No. 14 regarding the criminal records of its employees, Request No. 16 regarding Unum Life's claims handling, Request No. 19 regarding the knowledge and stock holdings of Defendants' outside counsel in this case, Request No. 20 regarding RICO and other alleged criminal wrongdoing, and Request No. 44 regarding the job descriptions of various positions.

Requests No. 15 and 17.  As set forth in their responses to Request No. 15 regarding brochures and Request No. 17 regarding surveillance, Defendants do not have any responsive items to produce.  Simply put, Defendants cannot produce items that they do not have.

Request No. 21.  With respect to Request No. 21 regarding Dr. Brooks' medical bills and records, as set forth in Defendants' response, all such documents have been previously produced as part of the claim file (CL001-869) and the underwriting file (UW001-141). Moreover, Defendants are willing to make their copy of the Original Action Documents available to you for inspection and copying.  These documents constitute all of the medical records that we have at the present time.

Request No. 22.  With respect to the documents sought in Request No. 22 regarding Defendants' investigation of Brooks, all nonprivileged documents have been produced as part of the claim file (CL001-869) or are in the Original Action Documents, and any additional documents are privileged for the reasons set forth above with respect to Requests No. 7 and 18.

Requests No. 23-31, 36-37, 39-43, 44.1, 45, and 50-54.  With respect to Request No. 23 regarding Dr. Brooks' disability, Request No. 24 regarding the allegations in Defendants' counterclaim, Request No. 25 regarding Defendants' denial of certain allegations, Requests No. 26-31 regarding Defendants' affirmative defenses, Request No. 36 regarding the reports of Health Resources and Technology and John Wells, M.D., Request No. 37 regarding Dr. Cartaya's report, Request No. 39 regarding the duties of a podiatrist, Requests No. 40-43 regarding Dr. Brooks' earnings, duties, and capabilities, Request No. 44.1 regarding the reports of Health Resources and Technology, Request No. 45 regarding Dr. Brooks' duties and capabilities, and Requests No. 50-54 regarding various allegations in Defendants' counterclaim, Defendants have, through their previous production of the claim file (CL001-869) and the underwriting file (UW001-141) and offer to produce the Original Action Documents, produced all of the nonprivileged documents of which they are currently aware that are responsive to these requests.  As set forth above, Defendants have every incentive to produce the documents supporting their position and expect you to object to the introduction into evidence of any documents that Dr. Brooks requested but were not produced.

Mr. Mark A. Di Carlo
February 14, 2002
Page 5


Requests No. 32-33.  With respect to the documents sought in Request No. 32 regarding the
July 20, 1998 telephone conversation, Defendants' response specifically identifies CL084-85,
which pertain to this very conversation.  In turn, Defendants' response to Request No. 33
specifically identifies CL084-85 and CL337 as pertaining to the referenced communications.
Defendants have been unable to locate any other nonprivileged documents that are responsive
to these requests.

Requests No. 34, 46-49, and 59.  Pursuant to your request, enclosed are copies of the
curriculum vitae of Nancy Bogg (UNUM 0013-0016), which is responsive to Requests No.
34 and 47, the curriculum vitae of Jon Colson (UNUM 0012), which is responsive to Request
No. 46, the chapter authored by Ms. Bogg (UNUM 0017-0032), which is responsive to
Request No. 48, and the curriculum vitae of Nancy Olds (UNUM 0012A), which is responsive
to Request No. 59.  We will provide you with a copy of the curriculum vitae of Sheldon
White, which is sought in Request No. 49, upon our receipt of it.

Request No. 35.  Defendants are standing on their response to Request No. 35, in which they
refer you to CL389-400 from the previously produced claim file, the log from Brownsville
Medical Center in the Original Action Documents, and the enclosed copies (UNUM 0033-
0048) of Exhibits 2 and 3 to the Appendix in Supporting of Defendants' Brief Regarding
Plaintiff's Continued Performance of Surgeries, which was filed on September 22, 2000 in the
Original Action.

Request No. 38.  Defendants are standing on their response to Request No. 38 regarding the
activities of Sean Sullivan.  As set forth in Defendants' response, this request is improper to
the extent it purports to require Defendants to prepare a list that is not already in existence.
Moreover, Defendants' response refers Dr. Brooks to CL410-17, which is a copy of Mr.
Sullivan's report, identifies some (if not all) of the individuals with which he spoke, and sets
forth what they told him.  Defendants are not aware of any nonprivileged documents that are
responsive to this request that have not previously been produced.

Request No. 55.  Defendants are standing on their response to Request No. 55 regarding the
relevant documents from the Original Action.  As set forth in this response, Defendants have
now produced the claim file (CL001-869), the underwriting file (UW001-141), and the
transition rider and scheduling sheet for the APMA 65-65 plan (UNUM 0001-0011); agreed
to produce their copy of the Original Action Documents; and agreed to produce the pleadings
from the Original Action.  You should have received copies of all of these documents from
Dr. Brooks' prior counsel; however, if you would like another copy of any or all of these
documents, please contact me to make the necessary arrangements.

Mr. Mark A. Di Carlo
February 14, 2002
Page 6


Requests No. 60-74.  With respect to Requests No. 60-74 regarding the investigation of Brooks' claim by the listed agents or employees of Unum Life, as set forth in Defendants' responses, all such nonprivileged documents are in the previously produced claim file (CL001-869).  By design, Unum Life maintains a centralized claim file with respect to Dr. Brooks, and all of the requested documents are in such file.

Please advise if you have any questions.

Sincerely,

Andrew C. Whitaker

ACW/krp
Enclosures

# EXHIBIT "E"

## AFFIDAVIT AND DECLARATION OF MARK A. DI CARLO

BEFORE ME, the undersigned authority, personally appeared Mark A. Di Carlo, who, being my me duly sworn, deposed as follows:

My name is Mark A. Di Carlo. I am over 18 years of age, have no criminal record and I am of sound mind and capable of making this affidavit.

I am the attorney for the plaintiff, Karen Brooks. I have been licensed in the United States District Court for the Southern District of Texas since September 3, 1986; in the Fifth Circuit United States Court of Appeals for the Fifth Circuit since January 5, 1987 and before the United States Supreme Court since March 1993. I attempted to confer with Mr. Whitaker by the attached letter, **Exhibit C**, and I was only able to receive the documents referred to in this motion. The exhibits and documents I have attached to the Plaintiff's Motion to Compel are true and correct copies of documents from my business records and they are kept in the regular course of my business.

I am familiar with the reasonable fees for litigation in and around the area commonly referred to as South Texas. A reasonable fee for such services is $120.00 per hour. In determining my fees I considered the following:

(a)    the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

(b)    the likelihood that the acceptance of the particular employment would preclude other employment;

(c )    the fee customarily charged in the locality for similar legal services;

(d)    the amount involved and the results obtained;

(e)    the time limitations imposed by the client or by the circumstances;

(f)    the nature and length of the professional relationship with the client;

(g)    my experience, reputation, and ability in performing the services; and

(h)    whether the fee is fixed or contingent.

The attorney's fees charged by Di Carlo in relation to attorney's fees charged for the same or such work in Texas and in the area commonly referred to as South Teas were reasonable and the fees were necessarily incurred because the defendant would not respond to the requests.

Based on my experience, knowledge, training and education it is my opinion that the defendant's responses were primarily frivolous and not substantially justified in accordance with the Federal Rules of Civil Procedure 37(a)(4)(A) and are an attempt to drive up the costs of litigation in this case.

I have spent approximately 12 hours in preparing the letter to opposing counsel regarding their failure to respond to request for production and preparing this motion. The plaintiff therefore respectfully request $120.00 x 12 hours= $1,440.00 in attorneys fees.

I declare under penalty of perjury that the contents of this affidavit are true and correct.

_____
Date    5/21/02

_____
Affiant