IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 23 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE**

Defendants UnumProvident Corporation ("UnumProvident") and Unum Life Insurance Company of America ("Unum Life") (collectively, "Defendants") move for leave to file supplemental evidence regarding various discovery-related disputes and state:

**I. NATURE OF THE ACTION**

This is a suit for disability benefits under a group policy issued to the American Podiatric Medical Association. Less than a year after obtaining coverage, Plaintiff Karen Brooks ("Brooks") fell in her bathtub and purportedly sustained injuries preventing her from performing her occupational duties as a podiatrist. Unum Life began paying $6,000 per month in disability benefits to Brooks while it investigated her claim. During its investigation, Unum Life obtained (among other information) surgical logs from one of the hospitals at which Brooks had privileges indicating that she performed more surgeries in the period after her fall

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE - Page 1**

than she had before her fall. Brooks was unable to offer a satisfactory explanation for the information contained in these logs, and Unum Life stopped paying benefits to her. In her Complaint, Brooks asserts claims against Defendants for (1) breach of contract, (2) violations of the Texas Insurance Code, (3) violations of the DTPA, (4) bad faith, and (5) fraud. Defendants deny all liability to Brooks and have asserted a counterclaim to recover the $48,000 in benefits that were paid to her.

## II. PROCEDURAL HISTORY

By Order Setting Hearing entered May 15, 2002, the Court advised the parties that it would (among other matters) decide pending motions at a hearing currently set for 2:30 p.m. on May 28, 2002. Defendants understand that the following motions are pending:

- Defendants' Motion for Attorney's Fees, filed January 11, 2002 (Docket No. 19);

- Defendants' Motion to Compel and Supporting Brief, filed February 13, 2002 (Docket No. 21);

- Plaintiff's Motion and Notice to Quash Subpoenas Deuces Tecum Of: Susan Ander, M.D.; Helson Pacheco, M.D.; Madhaven Pisharodi, M.D., P.A.; William Valverde, M.D.; Brownsville Medical Center; First Rio Valley Medical Center; HCA Valley Regional Medical Center; Texas Back Institute; Valley Pain Center; David K. Drefke, P.C.; John Williams, P.C., CPA; and Zamora & Terrones, CPA, filed February 19, 2002 (Docket No. 22);

- Plaintiff's Motion and Notice to Quash Subpoenas Deuces Tecum of: McAllen Medical Center, Dolly Vinsant Memorial Hospital, Healthsouth-Brownsville Surgicare, HCA Valley Regional Medical Center, and Brownsville Medical Center, filed February 21, 2002 (Docket No. 23);

- Defendants' (1) Response to Plaintiff's Motion and Notice to Quash Subpoenas Deuces Tecum of: Susan Ander, M.D.; Helson Pacheco, M.D.; Madhaven Pisharodi, M.D., P.A.; William Valverde, M.D.; Brownsville Medical Center; First Rio Valley Medical Center; HCA Valley Regional Medical Center; Texas

> Back Institute, Valley Pain Center; David K. Drefke, P.C.; John Williams, P.C., CPA; and Zamora & Terrones, CPA and (2) Motion to Compel Compliance with Subpoenas, filed February 27, 2002 (Docket No. 25); and

- Defendants' (1) Response to Plaintiff's Motion and Notice to Quash Subpoenas Deuces Tecum of: McAllen Medical Center, Dolly Vinsant Memorial Hospital, HealthSouth-Brownsville Surgicare, HCA Valley Regional Medical Center, and Brownsville Medical Center and (2) Motion to Compel Compliance with Subpoenas, filed March 4, 2002 (Docket No. 26).[1]

## III. THE NEED FOR LEAVE

As set forth more fully in Defendants' filings, Brooks has frustrated Defendants' legitimate discovery efforts at every turn. After the filing of the above-listed motions, Defendants obtained additional evidence regarding the lengths to which Brooks has gone to forestall Defendants' discovery efforts. On May 7, 2002, counsel for Defendants received an unsolicited telephone call from Lucy Cascos ("Cascos"), who identified herself as the former office manager of Karen E. Brooks, D.P.M., P.A. (the "PA"), the professional association through which Brooks conducted her medical practice. As set forth more fully in the Declaration of Lucille Cascos (the "Cascos Declaration"), which is attached hereto as Exhibit A:

- Brooks, both individually and through her staff, contacted numerous individuals with records regarding her and instructed such individuals not to send out any records in response to any subpoena that they may receive;

---

[1] From their review of the Southern District's website, Defendants believe that Brooks may also have filed motions to quash the subpoenas that Defendants served on Atlas Administrators, PICA Group Services, Ambulatory Surgery Center of Brownsville, and Paul Revere Life Insurance. See Docket Nos. 27-29. Brooks provided Defendants with drafts of various motions to quash on April 18, 2002 for conference purposes. Defendants have not yet received copies of these motions in their final form from Brooks, even though the website indicates that they were filed on May 1, 2002.

DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE - Page 3

- Brooks, both individually and through her staff, contacted an overnight delivery company, falsely stated that they were employed by one of Brooks' medical providers, requested that subpoenaed records that were to be sent to Defendants' counsel be returned to such doctor's office, obtained the return of such records, and sent cookies to such doctor's office staff for their help in obtaining the return of these records; and

- Brooks has taken numerous steps, such as beginning to use a cane and driving some distance to go out dancing, to continue to give the impression that she is disabled.

The Cascos Declaration constitutes further evidence in support of the relief sought by Defendants in the above-listed motions. Defendants were not aware of the conduct set forth in the Cascos Declaration prior to speaking with Cascos on May 7, 2002.

Defendants have also learned, since the filing of the above-referenced motions, of some of the steps taken by Brooks' counsel to prevent the production of documents to Defendants. By letter dated April 18, 2002, but which appears to have been sent on April 29, 2002, Brooks' counsel advised three of the third parties that had recently received subpoenas from Defendants that he was filing a motion to quash and, in reliance on Fed. R. Civ. P. 45(c), instructed such third parties not to produce any documents to Defendants absent a court order. A true and correct copy of this letter is attached hereto as Exhibit B. The rule presumably relied upon by Brooks' counsel[2] provides in pertinent part:

> Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the

---

[2] Although Brooks' counsel cited Fed. R. Civ. P. 45(c)(A)(iii) in his letter, the text quoted in his letter comes from Fed. R. Civ. P. 45(c)(2)(B).

> subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.

Fed R. Civ. P. 45(c)(2)(B). As this rule makes clear, it is the recipient of the subpoena, not Brooks, that has the right to file objections to the production. See Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979); Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D. Kan. 1999); Gatewood v. Stone Container Corp., 170 F.R.D. 455, 460 (D. Iowa 1996). Brooks' counsel's instruction to these third parties to not produce documents was thus improper.

## IV. RELIEF REQUESTED

Defendants respectfully request that, in the interests of justice, they be granted leave to file the evidence attached hereto as Exhibits A and B and have such evidence considered in support of the matters set for hearing on May 28, 2002.

Respectfully submitted,

By: *Andrew C Whitaker*
Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF CONFERENCE

At 3:40 p.m. on May 17, 2002, counsel for Defendants called Mark DiCarlo, counsel for Brooks, to confer regarding the relief sought in this motion. Mr. DiCarlo did not take the call and did not return the call prior to the filing of this motion. Since agreement could not be reached, this motion is presented to the Court for determination.

*Andrew C Whitaker*
Andrew C. Whitaker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by telecopy and certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 22nd day of May, 2002.

_____
Andrew C. Whitaker

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF LUCILLE CASCOS

1.  My name is Lucille Cascos. I have personal knowledge of the facts stated below, and they are all true and correct. From March 2001 to April 4, 2002, I was employed as the office manager for Karen E. Brooks, D.P.M., P.A. (the "PA"). I handled various administrative duties, including payroll, billing, hiring, scheduling, and insurance matters.

2.  While I worked for the PA, I became aware that Karen Brooks, D.P.M. ("Dr. Brooks") had made a claim for disability benefits with Unum Life Insurance Company of America ("Unum Life") and that a lawsuit had been filed about this claim. I saw her do many things to prevent the records of third parties from being given to Unum Life in connection with that lawsuit. For example, in mid-February 2002, I received a telephone call from Susan Ander, M.D., who told me that she was both a friend of and had provided treatment to Dr. Brooks and had recently received a subpoena requesting records regarding Dr. Brooks. I told

DECLARATION OF LUCILLE CASCOS - Page 1



Dr. Brooks about this, and she told me to call Dr. Ander and tell her not to send out any records in response to the subpoena.

3. Dr. Brooks then handed Griselda Alaniz ("Alaniz"), who was another one of the PA's employees, and me a list of individuals and told us to tell them not to send out any records regarding Dr. Brooks in response to any subpoenas that they might receive. Dr. Brooks further told us to tell these individuals that her attorneys were working on "paperwork" to prevent the disclosure of these records.

4. I began contacting the individuals on the list that Dr. Brooks gave me. On the afternoon of February 19, 2002, I spoke with Nelda Solis, who works for John Wells, M.D. at Valley Pain Center. Ms. Solis told me that she had sent a package earlier that day by Airborne Express to Unum Life's counsel containing Dr. Wells' records regarding Dr. Brooks in response to the subpoena. Dr. Brooks was standing right next to me, and she took the receiver from me and asked Ms. Solis to give her the tracking number for the Airborne Express package that Ms. Solis had sent. After obtaining the tracking number from Ms. Solis, Dr. Brooks told me to call Airborne Express, pretend that I was Ms. Solis, and request that the package be returned to Dr. Wells' office. Although I was uncomfortable with Dr. Brooks' request, I called Airborne Express and spoke with one of its representatives. At Dr. Brooks' instruction, I told the representative that I was Ms. Solis. Dr. Brooks also instructed me to tell the Airborne Express representative that I needed the package to be returned because I had forgotten to include some important documents. Before I could comply with Dr. Brooks' instruction, the Airborne Express representative began asking me questions, such as the address

DECLARATION OF LUCILLE CASCOS - Page 2

from which the package had been sent, that I was unable to answer. I then handed the receiver to Dr. Brooks and told her that "I'm not going down for you," or words to that effect. Dr. Brooks then hit me on the left arm with the receiver.

5. Dr. Brooks then told the Airborne Express representative that she was Ms. Solis and needed to have the package returned because she had failed to include some important documents. Dr. Brooks also provided the Airborne Express representative with the address to which to return the package. Dr. Brooks then told me that she had convinced Airborne Express to return the package and requested that I order a cookie tray to be delivered to Ms. Solis as thanks for her assistance. I ordered the cookie tray, which Dr. Brooks picked up and delivered to Ms. Solis.

6. At Dr. Brooks' instruction, I telecopied the motion to quash that was filed by her counsel to four or more of the individuals identified on the list that Dr. Brooks gave me.

7. In mid-February 2002, Dr. Brooks told me that she had just met with her attorney, who told her that she was "too upbeat" and was not going to win the sympathy of any jury. The next day, Dr. Brooks showed up at work with a cane.

8. On one or more occasions, I invited Dr. Brooks to join me and my husband at a nightclub located in Brownsville. Dr. Brooks told me she did not want to join us because she was afraid of "blowing her case" if she was seen dancing. Dr. Brooks also told me that she went to a club in Pharr when she wanted to go dancing.

9. At the time that I was hired, Dr. Brooks told me that she would have her office open and see patients on a part-time basis but would move to full-time once her disability

lawsuit was settled. Throughout the entire time that I worked for Dr. Brooks, she continued to see patients in her office and perform surgeries, both at the office and in outpatient clinics and hospitals.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 21st day of May, 2002.

*/s/ Lucille Cascos*
Lucille Cascos

**DECLARATION OF LUCILLE CASCOS - Page 4**

01/29/2002 13:33 FAX 508 7. .263    UNUM PROVIDENT                                    ☑002/009
Apr 29 02 09:23a    Mark A. Di Carlo                512-888-6981                      p.1

# Fax Cover Sheet

Mark A. Di Carlo
Attorney At Law
722 Elizabeth St.
Corpus Christi, TX. 78404
(361) 888-6968
(361) 888-6981 (Fax)

| Send to: Whom it may Concern<br>Paul Revere Life Insurance Company | From: Mark A. Di Carlo |
|---|---|
| Fax Number: (508) 751-7263 | Date: 4/29/02 |
| Subject: Karen Brooks v. UNUMProvident Corporation, et al | Cause No.: B-01-052 |
| | |

Original will follow VIA:

☐ Regular Mail
☐ Overnight Delivery
☐ Hand Delivery
☐ CMRRR

Total pages, including cover: 11

Comments:

"CONFIDENTIALITY NOTE" the documents accompanying this transmission contain information from the Law Office of Mark A. Di Carlo which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are not the intended recipient, you are hereby notified that nay disclosure, copying or distribution of this document, or the taking of any action in reliance on the contents of this telecopied information, is strictly prohibited and the documents should be returned to this office immediately. In regard, if you have received this telecopy in error please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

EXHIBIT B

04/29/2002 13:59 FAX 508 75. 7263    UNUM PROVIDENT                                  ☏003/003
Apr 29 02 09:23a       Mark A. Di Carlo         512-888-6981                         p.2

# Mark A. Di Carlo
### Attorney at Law
La Solana Building
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
FAX (361) 888-6981

April 18, 2002

**VIA TELEFAX (972) 960-7572**
Atlas Administrators
14665 Midway Road
Addison, Texas 75001

**VIA TELEFAX (956) 541-3752**
Ambulatory Surgery Center of Brownsville
1024 Los Ebanos Blvd.
Brownsville, Texas 78520

**VIA TELEFAX (508) 751-7263**
Paul Revere Life Insurance Company
18 Chestnut Street
Worcester, Massachusetts 01608

Re:   Cause No. B-01-052
      Karen Brooks v. UNUMProvident Corporation, et al

Dear Sirs or Madams:

I am preparing a copy of this Notice and Motion to Quash the subpoena you were served. Federal Rule of Civil Procedure 45(c)(3)(A)(iii) states I am notifying you that, "If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials . . . . Except pursuant to the order of the court by which the subpoenas were issued." The opposing party may at a later date file a motion to compel the production. You will be notified if there is a court order overruling my objection on behalf of Karen Brooks and compelling you to produce these documents. Ms. Brooks contends that most of the requested documents are irrelevant to this case, an invasion of her privacy, and a blatant attempt to embarrass and humiliate her. I expect to tender the motion to quash to you by via telefax and followed by regular mail.

Sincerely,

Mark A. Di Carlo

04/29/2002 14:00 FAX 505 7  283        UNUM PROVIDENT                    ☒001/005
Apr 29 02 09:24a   Mark A. Di Carlo        512-888-0991              p.3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-052 |
| | § | |
| UNUM PROVIDENT CORPORATION | § | |
| AND UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |

MOTION AND NOTICE TO QUASH SUBPOENAS DEUCES TECUM OF:
PAUL REVERE LIFE INSURANCE

1. The plaintiff moves to Quash and/or modify the subpoenas of Paul Revere Life Insurance Company pursuant to Federal Rule of Civil Procedure 45(c)(3)(A).

2. The subpoena request records as indicated in **Exhibit A**.

3. The subpoena does not properly designate documents in accordance with Federal Rule of Civil Procedure 45(a)(1)(C). The subpoena in paragraphs 1, 2, 3, and 4 merely requests all documents.

4. The documents are not relevant to this case nor are documents specifically requested which may be relevant to this case.

5. The defendant is attempting to abuse the plaintiff through the requests of numerous subpoenas duces tecum. The defendant has already presented information of

04/29/2002 11:00 FAX 508 734 7263   UNUM PROVIDENT                                    ☒003/008
Apr 29 02 09:24a    Mark A. Di Carlo           512-868-6981                            p.4

the plaintiff, a professional podiatrist, in an attempt to have Brooks indicted. The indictment was dismissed. This request along with the subpoena duces tecum's is an attempt to destroy the plaintiff's life nearly because she took out a disability policy from the defendant paid for the policy and became disabled.

6. No attempts nor conferences were made with plaintiff to determine whether or not these documents were agreed upon. The plaintiff asserts these subpoenas constitute a pattern of bad faith against the plaintiff both in terms of discovery and omissions. The plaintiff calls to the attention that the defendant has already had the professional plaintiff who was never arrested in her life with a felony and that the felony was dismissed. The defendant is engaged in an obvious pattern of attempting to destroy this plaintiff's life merely because she paid for an insurance policy and became disabled.

7. The requested generic documents are an attempt to circumvent permissible discovery under Federal Rule of Civil Procedure 26(b). The request were apparently prepared by a paralegal and not the attorney of record.

8. The motion should be granted for the following reasons:
   1) Attorney Client Privilege;
   2) Physician Patient Privilege;
   3) Right to privacy under U.S. Constitution and/or Texas Constitution;
   4) The documents request are not relevant to the suit and are not calculated to lead to discoverable information;

04/29/2002 14:00 FAX 509 7. .263    UNUM PROVIDENT                    ☐008/008
Apr 29 02 09:24a    Mark R. Di Carlo         512-888-6981             p.5

5)      The request is a pattern of abuse attempting to embarrass and intimidate the plaintiff which began with a false grand jury indictment.

The documents requested are an attempt to permissible discovery under Federal Rule of Civil Procedure 26(b).

9.      **PRAYER**, the plaintiff prays for the following:

1)      The subpoena shall be quashed;

2)      The subpoena's be modified to specify relevant issues regarding this lawsuit such as whether or not the claimant is disabled under the terms of the policy from her occupation as a podiatrist;

3)      The subpoena's be modified to reasonably specify the books and documents requested;

4)      The subpoena's be reasonably modified to specify dates for one or two years preceding the date of disability to the present;

5)      That any documents regarding any communication between Brooks and her attorney be protected and eliminated in the request for the subpoena's;

6)      The subpoenas' be limited to Discovery documents permissible under Federal Rule of Civil Procedure 26(b).

7)      All requested documents be reasonably specified such other and further relief to which the plaintiff may be entitled.

04/29/2002 14:00 FAX 508 7  263     UNUM PROVIDENT                                    ☒007/008
Apr 29 02 09:24a     Mark A. Di Carlo              512-888-6981                          p.6

### CERTIFICATE OF SERVICE AND
### CERTIFICATE OF CONSULTATION

Plaintiff's counsel served this motion by certified mail on Andrew Whitaker on April \_\_18\_\_, 2002. By via telefax plaintiff's counsel notified Mr. Andrew Whitaker on April \_\_18\_\_, 2002 of the filing of this motion.

Respectfully submitted,

Mark A. Di Carlo
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No. 6839

# EXHIBIT "A"