*34*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-052 |
| | § | |
| UNUM PROVIDENT CORPORATION | § | |
| AND UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |

**Plaintiff's Motion to Compel Defendant's Answers to Interrogatories**

The Plaintiff moves to compel the answers to her first set of

Interrogatories:

1.  The plaintiff served her 25 Interrogatories to the defendant on March 7, 2002.

The interrogatories are attached as **Exhibit A**.   The defendants served the

answers in attached **Exhibit B**.

2.  The plaintiff faxed the attached letter to the defendant in an attempt to serve

compliance with the requests on May 17, 2002.  See attached **Exhibit C.**  The

plaintiff averred in the letter to the defendant that the defendant failed to answer

in near entirety, did not object in specificity and objected using form objections

and referred to "Original Action Documents" which are irrelevant to this suit and

were never provided to the plaintiff.

Interrogatory No. 1 requested information regarding expert's witnesses.  Your objection that the
question "seeks information beyond that made discoverable by Fed. R. Civ. P. 26(b)(1) "is
frivolous.  Fed. R. Civ. Pro. 26(b)(1) permit's the discovery of all relevant information.  Please
respond within six days.

Interrogatory No. 2 requests the identification of documents which you will use to support a

position in your case.    You filed a form objection that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive". See Fed. R. Civ. Pro 33(b)(4).  Please respond within six days.

Interrogatory No. 3 requests information about the causation of economic damages and you mention that you request "attorneys fees at respective hourly rates." Please provide "respective hourly rates" within six days.

Interrogatory No. 4 requests information regarding persons who reviewed or were consulted regarding the denial of the plaintiff's benefits.    You assert your form objection that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive. See Fed. R. Civ. Pro 33(b)(4).  Respond within six days so I may decide the persons I need to depose.

Interrogatory No. 5 requests the names, addresses and telephone numbers of employees and agents who were employed by the defendants during the 12 months prior to the plaintiff's injury. You state your standard objection that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is  "burdensome, harassing, ambiguous and oppressive." See Fed. R. Civ. Pro 33(b)(4).  Respond within six days.

Interrogatory No. 6 requests information regarding the investigations of the incident made the basis of this suit including studies and experiments.  I received your standard form objection that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive." See Fed. R. Civ. Pro 33(b)(4).  Please respond within six days.  It appears that the defendant conducted other investigations that indicate the plaintiff is disabled.

Interrogatory No. 7 requests all representations and statements which the plaintiff or her agents have made which you might make known to the judge or jury.  You make the standard form objection that the  interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive.  See Fed. R. Civ. Pro 33(b)(4).  Provide the basic representations and admissions within six days so I can prepare this case for trial.

Interrogatory No. 8 requests all statements that the defendant and/or their agents made regarding this occurrence.  The defendant fails to answer and instead refers to 869 documents without specificity; refers to Fed. R. Civ. Pro. 33(d) and avers that the plaintiff can ascertain the answers from those documents when the response cannot be ascertained by the answers.  In addition the defendant refers to Article 1.10D of the Texas Insurance Code, which provides no protection but only applies to information acquired by the Department not maintained by the defendant.  The provision of Article 1.10D relied upon is not referenced.  Please respond within six days.

Interrogatory No. 10 inquires about UNUM's policies and procedures for training agents of UNUM who have factual knowledge of the basis of this suit including supervision and training.  I received your standard form objections that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is  "burdensome, harassing, ambiguous and oppressive.  See Fed. R. Civ. Pro 33(b)(4)  In addition there is an assertion that this information is proprietary and constitutes a trade secret.  Federal Rule of Civil Procedure 26(b)(5) states that when a party claims that a document is privileged or subject to protection as trial preparation material the party shall describe the nature of the documents, communications, or things not disclosed in a manner that will enable the other party to assess the applicability of the privilege or protection.    You have not described these.  My client will

agree to keep these records confidential.  I then received a very general answer about a training course without averring to who received the training course.  I will need a more detailed answer because your internal agents denied the claim and are identified as experts by you in denying claims.  Respond within six days.

Interrogatory No. 11 inquires whether of not you feel the insurance policy is unenforceable for any reason.  You state that it is not unenforceable but contend that the plaintiff is not entitled to any benefits.  Please state the reason why the policy is unenforceable, that is, why you are not paying her benefits within six days.

Interrogatory No. 12  inquires about why you are not responsible for any psychological or psychiatric condition of the plaintiff since you terminated here benefits.  Again I receive a frivolous response stating that it seeks a legal conclusion. This is not a proper objection.  "An interrogatory is not necessarily objectionable merely because an answer involves an opinion or contention that relates to . . . The application of law to fact."  Federal Rule of Civil Procedure 33(c).  You answer that "you did not take any action that caused her to suffer from psychiatric or psychological problems."  Please respond within six days.

Interrogatory No. 13 inquires regarding your experts at trial and the matters upon which you intend to have him testify.  Your objection states that it seeks matters not discoverable under Federal Rule of Civil Procedure 26(a)(2).  Federal Rule of Civil Procedure 26(a)(2) is not a rule which limits what is discoverable from an expert .  Your response that the individuals listed on Exhibit B may provide testimony on the handling, processing and evaluation of Brook's claim basically contains no statements regarding what any of the experts on Exhibit B were responsible for.  The plaintiff will object to the testimony of Whitaker and Butler in that they have not specified their fees or the legal fees incurred to date unless the interrogatory is sufficiently answered.  For example, the defendant will object to any attorney fees requested for filing of these answers because the objections are not merited.  Please respond within six days.

Interrogatory No. 14 requests information furnished to your experts regarding their opinions.  Again, you refer to Federal Rule of Civil Procedure 26(a)(2) which is a not rule   which limits what is discoverable.    You also make the standard form objection that the    interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive."  See Fed. R. Civ. Pro 33(b)(4).  Apparently experts made a decision on the plaintiff's disabilities without reviewing any documents.  Please respond in writing within six days.

Interrogatory No. 15 requests information regarding persons who have sued you for disability benefits and related causes of action. The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is  "burdensome, harassing, ambiguous and oppressive." See Fed. R. Civ. Pro 33(b)(4) The plaintiff asserts and believes based upon research and discovery contained to date that that UNUM does not grant disability benefits and merely sells policies.  The defendant then denies disability claims without expert consultation and/or grants benefits for a short period of time and then cuts off benefits. Respond within six days.

Interrogatory No. 16  inquires regarding the persons who you have not paid disability benefits to January 1, 1997 to present.  The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive. See Fed. R. Civ. Pro 33(b)(4)  The defendant also asserts privacy and confidentiality .  The defendant asserts that there is no privacy rights for a corporations nor confidentiality rights and your assertion is frivolous.  Federal Rule of Civil Procedure 26(b)(5) states that when a party claims that a document is privileged or subject to protection as trial preparation material the party shall

describe the nature of the documents, communications, or things not disclosed in a manner that will enable the other party to assess the applicability of the privilege or protection. The defendant has asserted they have cause to deny benefits and averred that they merely do not deny benefits. The plaintiff asserts and believes based upon research that that UNUM does not grant disability benefits or grants them at first and then terminates benefits under a pretense as they did in the present case. The defendant merely sells policies which they do not ever pay for. The defendant then denies disability claims without expert consultation. Respond within six days.

Interrogatory No. 17 inquires regarding who answered these interrogatories. The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is how and why the request is "burdensome, harassing, ambiguous and oppressive." See Fed. R. Civ. Pro 33(b)(4) The plaintiff needs these responses so the defendant can inquire as to the accuracy of the responses. The plaintiff asserts that based upon discovery to date the defendant is involved in nothing more then a secretive shell game of denying benefits for no reason by numerous agents who are not experts.

Interrogatory No.18  inquires as to professional licenses held by agents or employees of the defendant who have factual knowledge of the basis of the suit. The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is how and why the request is "burdensome, harassing, ambiguous and oppressive" . See Fed. R. Civ. Pro 33(b)(4) The defendant refers to Exhibit D after filing their numerous objections. The plaintiff asserts that your objection that the matter is not relevant to a claim or defense and is not calculated to lead to discovery of admissible evidence is frivolous because the defendant's agents, cut off benefits apparently based upon some sort of expertise. The defendant has at best an objection limited to the persons who were involved in the denial of the case. The plaintiff will object to any other experts not listed in Exhibit D at trial. Respond within six days.

Interrogatory No. 19 inquires as to the percentage of persons of persons or their employers who the defendant did not pay disability benefits to for the years 1997 to 2002 or the names of the persons. The plaintiff asserts that your form objection that the matter is not relevant to a claim or defense and is not calculated to lead to discovery of admissible evidence is frivolous because it is not specific regarding why it is not relevant to a claim or a defense and is relevant to the validity of your denial and whether or not it had a factual basis. The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is  how and why the request is "burdensome, harassing, ambiguous and oppressive. See Fed. R. Civ. Pro 33(b)(4).

The interrogatory is relevant because the defendant either summarily denies benefits or grants them for a short time and then terminates such benefits. Please respond within six days.
Interrogatory No. 20. The interrogatory inquires as to the persons who the defendant or their agents made statement to regarding alleged illegal behavior of the plaintiff.    The defendant objections including attorney client- privilege and attorney work product exemption.   The defendant fails to aver what attorney they are talking about. Please respond within six days.
The defendant asserts they are exempt under Article 1.10D of the Texas Insurance Code. Article 1.10D of the Texas Insurance Code, which provides no protection but only applies to information acquired by the Department not maintained by the defendant. In addition the article is lengthy and the defendant fails to cite the language upon which they rely. The defendant relies upon the form objection that this is covered y the attorney client privilege and the attorney work product exemption. Also, the agents of the company who reported the incident fraudulently were not acting in an attorney capacity.   It does not appear that it is the attorney of the defendant who the defendant is referring to but it is some other attorney that they contacted in an attempt to have the plaintiff prosecuted. There is no attorney client relationship. The defendant

also relies upon the form objection   that the information is not relevant to the claim or defense of this case and not reasonably calculated to lead to admissible evidence.   The defendant have been engaged in a pattern of false accusations and attempts to ruin the plaintiffs life by attempting to have her drop the suit due to her attempting to collect benefits which she paid for. This resulted in the institution of criminal actions against the plaintiff to the abuse of the subpoena deuces tecums in an attempt to violate every    privacy of the plaintiff.  The issue is relevant to the damages the plaintiff has incurred; is relevant to the animus against the plaintiff; is relevant to her damages for emotional problems due to the actions of the defendant.  The interrogatory is relevant to show the pattern of fraud and maliciousness against the plaintiff by the defendant who is a professional person who has never been arrested in her life.   Respond within six days.

- *Interrogatory  No. 21 inquires as to the persons Sean Sullivan "investigated" from 1995 to the present.*   The defendant objections include the standard form objections of:  attorney client privilege, attorney work product exemption, Article 1.10D of the Texas Insurance Code, that the information is not relevant and not reasonably calculated to lead to admissible evidence.  The objections are all waived because they are not stated with specificity under Federal Rules of Civil Procedure 33(b)(4).

The defendant asserts they are exempt under Article 1.10D of the Texas Insurance Code. Article 1.10D of the Texas Insurance Code, which provides no protection but only applies to information acquired by the Department not maintained by the defendant. In addition the article is lengthy and the defendant fails to cite the language upon which they rely.

Sean Sullivan is not an attorney and the attorney client privilege is frivolous.
The person Mr. Sullivan investigated is discoverable because the plaintiff believes his investigations are no more than attempts to scare, intimidate and threaten persons who attempt to collect benefits.  Mr. Sullivan is no longer employed by you.

Interrogatory No. 22 inquires as to all persons who the defendant has alleged criminal actions who have attempted to obtain insurance benefits.    The defendant objections include the standard form objections of:  attorney client privilege, attorney work product exemption, Article 1.10D of the Texas Insurance Code, that is not relevant and not reasonably calculated to lead to admissible evidence, overly broad, unduly burdensome and expensive, harassing ambiguous and oppressive, confidential and invades the privacy of the claimants at issue.  The objections are all waived because they are not stated with specificity under Federal Rules of Civil Procedure 33(b)(4).   The plaintiff asserts that the criminal allegations are made often against *persons who attempt to collect benefits and summarily and that it fits in with the malicious prosecution cause of the plaintiff for attempting to collect benefits.*

Interrogatories   No 23 though 24   inquires about the facts which support the defendant's affirmative defenses contained in paragraph 50 and 51 of their original answers.  The defendant is requested to state any fact, which support the defendant's claim in paragraph 50 that the plaintiff's claims are barred in whole or in part by waiver, estoppel and unclean hands and in paragraph 51 that the claims are barred by comparative bad faith.    The defendant asserts that both interrogatories are  overly broad and unduly burdensome. Fed. R. Civ. Pro 33(b)(4) requires objections to  be stated with specificity and these objections are not specific.  Moreover, the defendant is required under the rules of pleading, Federal Rule of Civil Procedure 9 to plead special matters with particularity, has not done so, and objects that their own affirmative defenses would be overly broad if appropriately pled.

The defendant avers a three page narrative statement, which includes a    quote from the insurance policy.  The recitation of facts does not address one or any of the affirmative defenses. Respond within six days.

3.    The plaintiff asserts that the answers to the plaintiff's interrogatories are primarily frivolous and establishes continual pattern of personal and professional abuse by the defendant and by their corporate counsel with a longstanding relationship toward the plaintiff.    The abuse began with an unwarranted termination of disability benefits, continued to the malicious prosecution of the defendant through an indictment which was dismissed, a practically total failure to respond to requests for production, the abuse of the subpoena duces tecum in order to discover confidential and personal information against the plaintiff and a refusal to answer interrogatories by a corporate counsel who stated in an affidavit that his firm had a "longstanding" relationship with UNUM and the lower end of their firm's billing is $190.00 per hour.

4.    The defendant has engaged in a pattern of abusive discovery against the plaintiff, as is partially exhibited by: their failure to even respond by number to the responses for request for production;    the attempt to obtain various personal irrelevant documents against the plaintiff in violation of the rights of the plaintiff to object; their failure to respond to plaintiff's interrogatories.

5.    The plaintiff requests the following under Federal Rule of Civil Procure:

A)   A motion to compel disclosure of Interrogatories No. 1-8, 10-24;

B)   The plaintiff requests sanctions for the reasonable costs of the writing of the letter the filing of this motion.   The plaintiff asserts that it is clear that the various

objections are not substantially justified in accordance with Federal Rule Of Civil Procedure 37. (a)(4)(A).

6.    A certificate of that the movant has in good faith conferred with opposing counsel is included with this motion as **Exhibit B** pursuant to Federal Rule of Civil Procedure 37(a)(2)(A).

7.    The plaintiff requests attorney's fees of 10 hours at $120.00 per hour, $1,200.00, for the drafting of the letter brief to the defendant and the drafting of this motion.

## PRAYER

The plaintiff requests that the defendant be order to respond to the requests for production in their entirety; The plaintiff prays for attorneys fees of 10 hours times the fees of $120.00, $1,200.00, through the date of the filing of this motion; for such other relief as the court deems necessary and just.

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF CONSULTATION

Plaintiff's counsel served this entire motion by Via Airborne Express Mail on Mr. Andrew Whitaker on May 24, 2002.  By via telefax plaintiff's counsel notified Mr. Andrew Whitaker on May 24, 2002 of the filing of this motion and faxed the motion without the attached exhibits.

**VIA AIRBORNE EXPRESS**
**VIA FAX NO. (214) 939-2090**
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
Dallas, Texas  75202

Respectfully submitted,

Mark A. Di Carlo
722 Elizabeth St.
Corpus Christi, Texas  78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No.  6839

## AFFIDAVIT AND DECLARATION OF MARK A. DI CARLO

BEFORE ME, the undersigned authority, personally appeared Mark A. Di Carlo, who, being my me duly sworn, deposed as follows:

My name is Mark A. Di Carlo. I am over 18 years of age, have no criminal record and I am of sound mind and capable of making this affidavit.

I am the attorney for the plaintiff, Karen Brooks. I have been licensed in the United States District Court for the Southern District of Texas since September 3, 1986; in the Fifth Circuit United States Court of Appeals for the Fifth Circuit since January 5, 1987 and before the United States Supreme Court since March 1993. I attempted to confer with Mr. Whitaker by the attached letter, **Exhibit C**, and I was only able to receive the answers referred to in this motion. The exhibits I have attached to the Plaintiff's Motion to Compel are true and correct copies of documents from my business records and they are kept in the regular course of my business.

I am familiar with the reasonable fees for litigation in and around the area commonly referred to as South Texas. A reasonable fee for such services is $120.00 per hour. In determining my fees I considered the following:

(a)    the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

(b)    the likelihood that the acceptance of the particular employment would preclude other employment;

(c )    the fee customarily charged in the locality for similar legal services;

(d)    the amount involved and the results obtained;

(e)     the time limitations imposed by the client or by the circumstances;

(f)     the nature and length of the professional relationship with the client;

(g)     my experience, reputation, and ability in performing the services; and

(h)     whether the fee is fixed or contingent.

The attorney's fees charged by Di Carlo in relation to attorney's fees charged for the same or such work in Texas and in the area commonly referred to as South Teas were reasonable and the fees were necessarily incurred because the defendant would not respond to the requests.

Based on my experience, knowledge, training and education it is my opinion that the defendant's answer were primarily frivolous and not substantially justified in accordance with the Federal Rules of Civil Procedure 37(a)(4)(A) and are an attempt to drive up the costs of litigation in this case.

I have spent approximately 10 hours in preparing the letter to opposing counsel regarding their failure to respond to request for production and preparing this motion. The plaintiff therefore respectfully request $120.00 x 10 hours= $1,200.00 in attorneys fees.

I declare under penalty of perjury that the contents of this affidavit are true and correct.

_____5/24/02_____
Date

_____
Affiant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KAREN BROOKS                          §
                                      §
VS.                                   §          CIVIL ACTION NO. B-01-052
                                      §
UNUM PROVIDENT CORPORATION            §
AND UNUM LIFE INSURANCE               §
COMPANY OF AMERICA                    §

## ORDER

The foregoing Plaintiff's Motion to Compel Defendant's Answers to Interrogatories came to be considered on the _____ day of _____, 2002 and it appears to the court that it should be GRANTED/DENIED.

The defendant is ordered to respond to Interrogatories 1-8, 10-24 in their entirety.

The plaintiff is granted attorney's fees of $_____ or $_____.


_____
Judge Presiding

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-052 |
| | § | |
| UNUM PROVIDENT CORPORATION | § | |
| AND UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |

## PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO DEFENDANT, UNUM PROVIDENT CORPORATION

Plaintiff Karen Brooks requests the Defendant UNUM Provident Corporation

answer under oath, in accordance with Fed.R.Civ.P.33, the following interrogatories

within (30) days after service.  Plaintiff further requests that Defendant thereafter

supplement each of their answers and responses to the interrogatories as required by

Federal Rules of Civil Procedure and applicable local rules.

## DEFINITIONS AND INSTRUCTIONS

1.      Document includes a writing, drawing, graph, chart, photograph, recording, and

other data compilation from which information can be obtained, translated if necessary,

through detection devices into reasonably useable form.

2.    Identify, identity, or identification, (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definitation of person below), and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.  (Standard General Definition (b).

3.    Person includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

4.    "You" and "Yours" refers to the defendant.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served

by via certified mail and fax on Andrew Whitaker on March _____7_____, 2002.

Respectfully submitted,

Mark A. Di Carlo
Attorney for Plaintiff
722 Elizabeth St.
Corpus Christi, Texas  78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No. 6839

# INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages or attorney fees and state the subject matter of the information possessed by that person.

ANSWER:

**INTERROGATORY NO. 2:** If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all person having possession, custody, or control of them.

ANSWER:

**INTERROGATORY NO. 3:** Itemize and show how you calculate any economic damages and attorneys fees claimed by you in this action, and describe any non-economic damages claimed.

ANSWER:

**INTERROGATORY NO. 4:** Please state the following regarding any person who reviewed Karen Brook's application for disability benefits, was consulted regarding the denial of disability and/or reviewed any of her medical documents.

      (a)      his/her name;
      (b)      his/her address;
      (c)      his/her position or job assignment;
      (d)      his/her immediate superior;
      (e)      the name of his/her employer;
      (f)      whether he/she is presently employed by you;
      (g)      his/her current place of employment.

ANSWER:

INTERROGATORY NO. 5:  Please state the name, address, telephone number and current employment status of all your employees, agents, servants, and or independent contractors who have worked at UNUMProvident Life Insurance Corporation and UNUM Life Insurance Company during the 12 months prior to the date of plaintiff's injury.

ANSWER:

INTERROGATORY NO. 6:  Please describe fully any and all investigations of the incident made the basis of this lawsuit, all inspections of the equipment involved and any simulation studies, experiments, reconstructions or tests relevant to this lawsuit.  Please describe who conducted the investigation or inspection, including the name, address, occupation, and employer of each investigator or inspector, when the investigation or inspection was conducted and the results, findings or conclusions of said investigation or inspection.

>       NOTE:  If you are claiming privilege as to any investigation or inspection, based
>       on its allegedly being done in anticipation of litigation, describe specifically what
>       you are relying on to establish that you had reason to believe the litigation would
>       ensue, including what overt acts or statements were made by plaintiff or someone
>       acting on behalf of plaintiff.

ANSWER:

INTERROGATORY NO. 7:  Please state all representations, statements, declarations or admissions made by the plaintiff or any agents, servants or employees of plaintiff and the dates thereof which you might attempt to make known to the judge or jury in the trial of this lawsuit.  Please identify the appropriate declarant by providing his/her full name, address and telephone number.

>       NOTE:  For the purpose of this question, a representation, statement, declaration
>       or admission is (1) a written representation, statement, declaration or admission
>       signed or otherwise adopted or approved by the person making it, or (2) a
>       stenographic, mechanical, electrical, or other recording, or a transcription thereof,

which is a substantially verbatim recital of an oral representation, statement, declaration or admission by the person making it and contemporaneously recorded.

ANSWER:


INTERROGATORY NO. 8: If defendant, defendant's corporate representative, employee or agent has given a statement to anyone other that defendant's attorney with respect to the occurrence in question, please state the name, address and telephone number of the declarant as well as the person to whom such statement was given, the substance of such statement and whether such statement was a written or an oral statement.

ANSWER:


INTERROGATORY NO. 9: Please state whether or not there are any audio recordings, photographs, films, movies or videotapes taken by defendant or its agents as a result of the injury made the basis of this lawsuit. If so, please state the following:

    (a)    the name and address of the person who took the film and or recording;

    (b)    the name and address of the person in possession of the photographs, recording, etc.;

    (c)    what the film material depict of the recording concerns.

ANSWER:


INTERROGATORY NO. 10: Please describe in detail YOUR policies and procedures for training any agents or employees of UNUMProvident Corporation and UNUM Life Insurance Company who have factual knowledge of the claims made the basis of this suit including but not limited to, the supervision and training given to these personnel.

ANSWER:


INTERROGATORY NO. 11: If you contend that the insurance policy made the basis of this suit is unenforceable for any reason(s), then please specify the reason(s) and identify

any documentation or other "evidence" supporting such contention(s).

ANSWER:


INTERROGATORY NO. 12:  If you claim that you are not legally responsible for any psychiatric or psychological condition of the of the plaintiff which incurred since the date you terminated her disability benefits.  Please state the reasons why you are not responsible.

ANSWER:



INTERROGATORY NO. 13:  For each person you may call as an expert witness at the time of trial, please state the following:

     (a)    the name, address, telephone number, qualifications and present employment of each expert;

     (b)    the date or approximate date on which the expert was first consulted by you;

     (c)    the subject matter about which each expert is expected to testify;

     (d)    the mental impressions and opinion held by each expert;

     (e)    the facts known to each expert (regardless of when the factual information was acquired) which relate to , or form the basis of, the mental impressions and opinions held by the expert;

     (f)    a summary of the grounds for each opinion expected to be expressed by such expert; and

     (g)    a list of all reports, physical models, and compilations of data prepared by or for each expert.

ANSWER:


INTERROGATORY NO. 14:   State specifically what information was furnished by the defendant to each expert you may call as expert witness at trial and what information was

gathered by each expert and from exactly which sources upon which such opinions will be rendered. As to any books or publications upon which any such opinion are to be based, state the title, author, publisher and edition of each such publication, together with the page and paragraph utilized by the expert in the formation of any opinion or conclusion.

ANSWER:

INTERROGATORY NO. 15: State the names and address of each person who has ever sued you or caused to be written any letter to you threatening to sue you including for disability benefits, long term disability benefits or short term whether under ERISA under contract, for fraud or otherwise. State the nature of the suit or threatened suit or conditions complained of, the date on which you were notified of same, the name of any attorney who represented you and any other party in the suit, and the final disposition of each. Also, state the style, cause number, and court of each such suit.

ANSWER:

INTERROGATORY NO. 16: Give the names, last known address and telephone number of each person you have not paid disability benefits to who has applied for benefits and/or who was receiving disability benefits but whose benefits were terminated for any reasons from January 1, 1997 to the present.

ANSWER:

INTERROGATORY NO. 17: Please state the full name or names, complete address or addresses, business telephone number or numbers, and title or relation to you, if any, of each person answering or providing information to answer these Interrogatories, propounded simultaneously herewith. For each individual so identified, states specifically the interrogatory or request (by number) each individual assisted in answering and the documents and things referred to relative to answering each respective interrogatory.

ANSWER:

INTERROGATORY NO. 18: Please state any professional licenses held by any agents or employees of the defendant who have factual knowledge of the basis of this suit from

January 1, 1994 to the present including:

    (a)    Date license issued;

    (b)    The government, state, federal, county or city agency granting the license;

    (c)    Whether the license has ever been suspended and/or revoked and/or investigated;

    (d)    The date the license was suspended and/or revoked and/or investigated.

ANSWER:


INTERROGATORY NO. 19:   Please state the percentage of persons or their employers who bought long term or short term disability insurance from you who you did not pay disability insurance or who you terminated disability benefits for the following years: 1997, 1998, 1999, 2000, 2001, 2002.  In the event you do not know the answer state the names of the person who applied for disability and the names of person who were denied and/or cut off from disability payments.

ANSWER:


INTERROGATORY NO. 20:   Please state the names of all person who you and/or your agent made statements to regarding alleged criminal actions and/or illegal behavior of Karen Brooks and please state what you and/or your agents stated to them.

ANSWER:


INTERROGATORY NO. 21:   Please state the names, addresses and telephone numbers of all persons who Sean Sullivan investigated regarding any insurance claims from 1995 to the present.

ANSWER:


INTERROGATORY NO. 22:   Please state the names, address and telephone numbers of all persons who you and/or your agent employees have alleged criminal actions and/or reported for any alleged criminal actions to any state or federal agency against the past 10 years who attempted to obtain any insurance benefits from you or your corporate entities.

ANSWER:


INTERROGATORY NO. 23:  Please state any facts which you assert support your claim in paragraph 50 of the Defendant's Answer and Counterclaim that "Brooks claims are barred in whole or in part by the doctrines of waiver, estoppel and unclean hands."

ANSWER:


INTERROGATORY NO. 24:  Please state any facts which support your claim in paragraph 51 of the Defendant's Answer and Counterclaim that "Brooks claims are barred in whole or in part, by her comparative bad faith."

ANSWER:


INTERROGATORY NO. 25:  Please state any and all damages that occurred to the defendant as alleged in paragraph of the Defendant's Answer which states "Defendants are entitled to offset Brooks' alleged damages, if any, by virtue of the damages they have sustained as a result of her wrongful acts."

ANSWER:

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT UNUMPROVIDENT CORPORATION'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES

Defendant UnumProvident Corporation ("UnumProvident") submits the attached objections and answers to Plaintiff's First Request for Interrogatories to Defendant, UnumProvident Corporation (the "Interrogatories").

Respectfully submitted,

By: _Andrew C Whitaker_
           Andrew C. Whitaker
           State Bar No. 21274600
           S.D. No. 14309
           Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANT
UNUMPROVIDENT CORPORATION

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 5th day of April, 2002.

_Andrew C Whitaker_
Andrew C. Whitaker

## GENERAL OBJECTIONS

A.      UnumProvident objects to the Interrogatories in their entirety to the extent that

they seek information exempted from disclosure by the attorney-client privilege, attorney work

product exemption, party communications privilege, or investigatory privilege.   Although

specific objections are made where appropriate, the failure to include the above objections

does not waive any claim of privilege.

B.      UnumProvident further objects to the Interrogatories in their entirety on the

ground that they violate S.D. Tex. L.R. 33.1 by including more than twenty-five (25)

interrogatories (counting sub-parts).  Plaintiff Karen Brooks ("Brooks") did not obtain leave

of Court prior to serving the Interrogatories.  UnumProvident will thus provide answers to

twenty-five (25) interrogatories (counting sub-parts) of its choosing.

## OBJECTIONS AND ANSWERS TO THE INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages or attorney fees and state the subject matter of the information possessed by that person.

### ANSWER:

UnumProvident objects to this Interrogatory to the extent that it seeks information beyond that made discoverable by Fed. R. Civ. P. 26(b)(1) and requires UnumProvident to speculate as to the positions that it may take in the future. Subject to and without waiving these objections, UnumProvident refers Brooks to Exhibit A, which is a list of the people believed to have knowledge of relevant facts.

This Interrogatory contains two parts.

### INTERROGATORY NO. 2:

If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all person having possession, custody, or control of them.

### ANSWER:

UnumProvident objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Subject to and without waiving these objections, UnumProvident states that it may rely on the following documents in this action:

DEFENDANT UNUM PROVIDENT CORPORATION'S OBJECTIONS AND
ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES - Page 4

- Unum Life's claim file pertaining to Brooks (CL001-869);

- the underwriting file pertaining to Brooks (UW001-141);

- the transition rider and schedule sheet for the APMA 65-65 plan (UNUM 0001-0011);

- the curricula vitae of Jon Colson, Nancy Olds, Sheldon White, and Nancy Bogg (UNUM 0012-0016);

- Exhibits 2 and 3 to the Appendix in Support of Defendants' Brief Regarding Plaintiff's Continued Performance of Surgeries (UNUM 0033-0048);

- UnumProvident's Form 10-Ks for 1998 through 2000 (UNUM 0049-1282);

- the additional documents, if any, subsequently produced by Defendants;

- the following items from <u>Karen Brooks v. UnumProvident Corporation and Unum Life Insurance Company of America</u>, C.A. No. B-00-029 (the "Original Action"):   Deposition on Written Questions of Beatriz Sosa, the Custodian of Records of Dr. Madhavan Pisharodi, M.D. (taken August 16, 2000); Deposition on Written Questions of Lori Lopez, the Custodian of Records of Texas Back Institute (taken August 16, 2000); Deposition on Written Questions of Diane Clark, the Custodian of Records of Valley Regional Medical Center (taken August 16, 2000); Deposition on Written Questions of Esmeralda Saldivar, the Custodian of Records of Valley Pain Center (taken August 17, 2000); Deposition on Written Questions of Fernando Terrones, CPA (taken August 21, 2000); Deposition on Written Questions of David K. Drefke, CPA (taken August 24, 2000); Deposition on Written Questions of David Kaalib, the Custodian of Records of Berkshire Life Insurance Company (taken August 28, 2000); Deposition on Written Questions of Christina Bohn, the Custodian of Records of Minnesota Mutual Life Insurance Company (taken August 28, 2000); Deposition on Written Questions of the Custodian of Records of New Era Life Insurance Company (taken September 22, 2000);   and Documents produced by Brownsville Medical Center (undated) (collectively, the "Original Action Documents");

- the documents obtained by subpoena from Berkshire Life Insurance Company (BLI 00001-00163);

- the documents obtained by subpoena from New Era Life Insurance Company (NE 0001-0025);

- the documents obtained by subpoena from Robert Swantner (RS 0001-0061);

- the documents obtained by subpoena from Valley Pain Center (VPC 0001-0061);

- the documents that Defendants subsequently obtain by subpoena from third parties;

- the documents produced by Brooks on November 16, 2001; and

- the additional documents, if any, subsequently produced by Brooks.

Copies of all of these documents are currently located at the offices of UnumProvident's outside counsel.

This Interrogatory contains two parts.

## INTERROGATORY NO. 3:

Itemize and show how you calculate any economic damages and attorneys fees claimed

by you in this action, and describe any non-economic damages claimed.

## ANSWER:

UnumProvident seeks to recover the $48,000 that it paid in monthly benefits to Brooks. These benefit payments were in the amount of $6,000 per month for the period from June 1998 through February 1999. UnumProvident further seeks to recover its attorneys' fees, which will be based on the amount of time spent by its outside counsel on this matter at their respective hourly rates. UnumProvident does not seek at this time to recover any non-economic damages.

This Interrogatory contains at least one part.

DEFENDANT UNUM PROVIDENT CORPORATION'S OBJECTIONS AND
ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES - Page 6

**INTERROGATORY NO. 4:**

Please state the following regarding any person who reviewed Karen Brook's [sic] application for disability benefits, was consulted regarding the denial of disability and/or reviewed any of her medical documents.

(a)    his/her name;
(b)    his/her address;
(c)    his/her position or job assignment;
(d)    his/her immediate supervisor;
(e)    the name of his/her employer;
(f)    whether he/she is presently employed by you;
(g)    his/her current place of employment.

**ANSWER:**

UnumProvident objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Interrogatory seeks information that is confidential and invades the privacy of the individuals at issue. Subject to and without waiving these objections, UnumProvident refers Brooks to Exhibit B.

This Interrogatory contains seven parts.

**INTERROGATORY NO. 5:**

Please state the name, address, telephone number and current employment status of all your employees, agents, servants, and or independent contractors who have worked at UNUMProvident Life Insurance Corporation and UNUM Life Insurance Company during the 12 months prior to the date of plaintiff's injury.

**ANSWER:**

UnumProvident objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Interrogatory seeks information that is confidential and invades the privacy of the individuals at issue. Subject to and without waiving these objections, UnumProvident refers Brooks to Exhibit B, which identifies the past and present employees of Defendants who were involved in the handling of her claim.

This Interrogatory contains at least one part.

**INTERROGATORY NO. 6:**

Please describe fully any and all investigations of the incident made the basis of this lawsuit, all inspections of the equipment involved and any simulation studies, experiments, reconstructions or tests relevant to this lawsuit. Please describe who conducted the investigation or inspection, including the name, address, occupation, and employer of each investigator or inspector, when the investigation or inspection was conducted and the results, findings or conclusions of said investigation or inspection.

> NOTE: If you are claiming privilege as to any investigation or inspection, based on its allegedly being done in anticipation of litigation, describe specifically what you are relying on to establish that you had reason to believe the litigation would ensue, including what overt acts or statements were made by plaintiff or someone acting on behalf of plaintiff.

**ANSWER:**

UnumProvident objects to this Interrogatory to the extent that it seeks information that is exempted from disclosure by the attorney-client privilege, attorney work product exemption, and investigatory privilege. Further, this Interrogatory seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery

of admissible evidence. Further, this Interrogatory is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, the phrases "the incident made the basis of this lawsuit" and "any simulation studies, experiments, reconstructions or tests" are undefined, vague, and ambiguous. Subject to and without waiving these objections, pursuant to Fed. R. Civ. P. 33(d), UnumProvident refers Brooks to the claim file pertaining to her (CL001-869), which sets forth the steps taken during the handling of her claim for benefits and identifies many of the individuals taking such steps. UnumProvident further refers Brooks to Exhibit B, which identifies the individuals who were involved in the handling of her claim.

This Interrogatory contains at least two parts.

## INTERROGATORY NO. 7:

Please state all representations, statements, declarations or admissions made by the plaintiff or any agents, servants or employees of plaintiff and the dates thereof which you might attempt to make known to the judge or jury in the trial of this lawsuit. Please identify the appropriate declarant by providing his/her full name, address and telephone number.

NOTE: For the purpose of this question, a representations, statement, declaration or admission is (1) a written representation, statement, declaration or admission signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital of an oral representation, statement, declaration or admission by the person making it and contemporaneously recorded.

## ANSWER:

UnumProvident objects to this Interrogatory on the ground that it is overly burdensome and expensive, harassing, ambiguous, and oppressive. Subject to and without waiving these objections, UnumProvident states that all of the representations, statements, declarations, or admissions made by Brooks of which it is currently aware are in the underwriting file pertaining to her (UW001-141) and Unum Life's claim file pertaining to her (CL001-869). Pursuant to Fed. R. Civ. P. 33(d), UnumProvident refers Brooks to those files. Additionally, the Original Action Documents may also contain representations, statements, declarations, or

admissions of Brooks. Upon information and belief, Brooks' address and telephone number are 4975 Lakeway Drive, Brownsville, Texas 78250, (956) 350-4730.

This Interrogatory contains at least two parts.

## INTERROGATORY NO. 8:

If defendant, defendant's corporate representative, employee or agent has given a statement to anyone other that [sic] defendant's attorney with respect to the occurrence in question, please state the name, address and telephone number of the declarant as well as the person to whom such statement was given, the substance of such statement and whether such statement was a written or an oral statement.

## ANSWER:

UnumProvident objects to this Interrogatory to the extent that it seeks information that is exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Interrogatory seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, the phrase "occurrence in question" is undefined, vague, and ambiguous. Subject to and without waiving these objections, UnumProvident states that all such nonprivileged statements are in Unum Life's claim file pertaining to Brooks (CL001-869). Pursuant to Fed. R. Civ. P. 33(d), UnumProvident refers Brooks to such file. UnumProvident further refers Brooks to Exhibit B, which identifies the individuals who were involved in the handling of her claim.

This Interrogatory contains at least four parts.

## INTERROGATORY NO. 9:

Please state whether or not there are any audio recordings, photographs, films, movies or videotapes taken by defendant or its agents as a result of the injury made the basis of this lawsuit. If so, please state the following:

      (a)     the name and address of the person who took the film and or recording;

      (b)     the name and address of the person in possession of the photographs, recording, etc.

      (c)     what the film material depict of the recording concerns.

## ANSWER:

UnumProvident states upon information and belief that neither it nor its agents made any audio recordings, photographs, films, movies, or videotapes as a result of Brooks' alleged injury.

This Interrogatory contains at least three parts.

## INTERROGATORY NO. 10:

Please describe in detail YOUR policies and procedures for training any agents or employees of UNUMProvident Corporation and UNUM Life Insurance Company who have factual knowledge of the claims made the basis of this suit including but not limited to, the supervision and training given to these personnel.

## ANSWER:

UnumProvident objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Interrogatory

seeks information that is confidential and proprietary and constitutes a trade secret. Subject to and without waiving these objections, UnumProvident states that Unum Life requires its new benefit handlers to participate in a four to six week in-house training course, in which they learn about the available contracts, computer systems, resources (such as medical, financial, and vocational), and other matters. New benefit handlers also work on closed or dummy files. Upon completion of the training course, new benefit handlers are then matched up with senior benefits persons for on-the-job training. New benefit handlers are also given access to consultants whom they can approach with questions or when they need direction. For some period of time, new benefit handlers do not have any authority to decide whether to pay or not to pay a given claim; instead, all of their claims decisions have to be reviewed.

This Interrogatory contains at least one part.

## INTERROGATORY NO. 11:

If you contend that the insurance policy made the basis of this suit is unenforceable for any reason(s), then please specify the reason(s) and identify any documentation or other "evidence" supporting such contention(s).

## ANSWER:

UnumProvident states that it does not currently contend that the master policy no. RXN-1022 (the "Policy") issued by Commercial Life Insurance Company to the American Podiatric Medical Association (the "APMA") is unenforceable. UnumProvident further states that it does not currently contend that the certificate of insurance no. 0007913 (the "Certificate") issued to Brooks under the Policy is unenforceable; however, UnumProvident contends that she is not entitled to any additional benefits and must repay the $48,000 in benefits that she received.

## INTERROGATORY NO. 12:

If you claim that you are not legally responsible for any psychiatric or psychological condition of the of the [sic] plaintiff which incurred since the date you terminated her disability benefits. Please state the reasons why you are not responsible.

DEFENDANT UNUM PROVIDENT CORPORATION'S OBJECTIONS AND
ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES - **Page 12**

**ANSWER:**

UnumProvident objects to this Interrogatory on the ground that it seeks a legal conclusion. Subject to and without waiving this objection, UnumProvident contends that it is not legally responsible for any psychiatric or psychological condition of Brooks occurring before or after the cessation of benefit payments to her. UnumProvident is a non-insurance holding company that did not terminate Brooks' disability benefits; it did not take any action that caused her to suffer from any alleged psychiatric or psychological problems; and it did not knowingly use or employ a false, misleading, or deceptive act or practice that is specifically enumerated in Tex. Bus. & Com. Code § 17.46(b) and was relied upon by Brooks to her detriment, breach an express or implied warranty, engage in an unconscionable action or course of action, or use or employ any act or practice in violation of Tex. Ins. Code art. 21.21.

This Interrogatory contains one part.

**INTERROGATORY NO. 13:**

For each person you may call as an expert witness at the time of trial, please state the following:

(a)     the name, address, telephone number, qualifications and present employment of each expert;

(b)     the date or approximate date on which the expert was first consulted by you;

(c)     the subject matter about which each expert is expected to testify;

(d)     the mental impressions and opinion held by each expert;

(e)     the facts known to each expert (regardless of when the factual information was acquired) which relate to, or form the basis of, the mental impressions and opinions held by the expert;

(f)     a summary of the grounds for each opinion expected to be expressed by such expert; and

(g)     a list of all reports, physical models, and compilations of data prepared by or for
        each expert.

**ANSWER:**

UnumProvident objects to this Interrogatory to the extent that it seeks information
beyond that made discoverable by Fed. R. Civ. P. 26(a)(2). Subject to and without waiving
this objection, UnumProvident states that it may call the following individuals as expert
witnesses at the trial of this case:

1.      Doug K. Butler
        Figari Davenport & Graves, L.L.P.
        3400 Bank of America Plaza
        901 Main Street
        Dallas, Texas 75202
        (214) 939-2000

2.      Andrew C. Whitaker
        Figari Davenport & Graves, L.L.P.
        3400 Bank of America Plaza
        901 Main Street
        Dallas, Texas 75202
        (214) 939-2000

Butler and/or Whitaker may testify concerning the reasonableness of the attorneys' fees
sought in this lawsuit, taking into account the relevant criteria for such charges. The bases for
their opinions include their experience, skill, and training as attorneys practicing in state and
federal courts throughout Texas, together with information specifically related to the
prosecution and defense of this lawsuit. In rendering their opinions, it is anticipated that Butler
and/or Whitaker will rely upon, among other things, the pleadings and discovery generated in
this lawsuit and other evidence concerning the prosecution and defense of this suit. Butler and
Whitaker were consulted by UnumProvident in March 2000 in connection with the Original
Action and in April 2001 with respect to this action. True and correct copies of the curriculum
vitae of Butler and Whitaker are attached as Exhibit C.

Additionally, the other individuals identified in Exhibit B may provide testimony on the
handling, processing, and evaluation of Brooks' claim.

UnumProvident reserves the right to designate additional expert witnesses as discovery
and the circumstances of this case dictate.

**DEFENDANT UNUMPROVIDENT CORPORATION'S OBJECTIONS AND**
**ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES - Page 14**

This Interrogatory contains at least seven parts.

## INTERROGATORY NO. 14:

State specifically what information was furnished by the defendant to each expert you may call as expert witness at trial and what information was gathered by each expert and from exactly which sources upon which such opinions will be rendered. As to any books or publications upon which any such opinion [sic] are to be based, state the title, author, publisher and edition of each such publication, together with the page and paragraph utilized by the expert in the formation of any opinion or conclusion.

## ANSWER:

UnumProvident objects to this Interrogatory to the extent that it seeks information beyond that made discoverable by Fed. R. Civ. P. 26(a)(2). Further, this Interrogatory is overly broad and unduly burdensome and expensive. Subject to and without waiving these objections, UnumProvident states that, in forming their opinions, Butler and Whitaker reviewed the pleadings and discovery generated in this lawsuit.

This Interrogatory contains at least three parts.

## INTERROGATORY NO. 15:

State the names and address of each person who has ever sued you or caused to be written any letter to you threatening to sue you including for disability benefits, long term disability benefits or short term whether under ERISA under contract, for fraud or otherwise. State the nature of the suit or threatened suit or conditions complained of, the date on which you were notified of same, the name of any attorney who represented you and any other party

in the suit, and the final disposition of each.  Also, state the style, cause number, and court of

each such suit.

**ANSWER:**

UnumProvident objects to this Interrogatory on the ground that it seeks information
that is neither relevant to the claim or defense of any party nor reasonably calculated to lead
to the discovery of admissible evidence.  Further, this Interrogatory is overly broad, unduly
burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Interrogatory
seeks information that is confidential and invades the privacy of the claimants at issue.

This Interrogatory contains at least seven parts.

**INTERROGATORY NO. 16:**

Give the names, last known address and telephone number of each person you have not

paid disability benefits to who has applied for benefits and/or who was receiving disability

benefits but whose benefits were terminated for any reasons from January 1, 1997 to the

present.

**ANSWER:**

UnumProvident objects to this Interrogatory on the ground that it seeks information
that is neither relevant to the claim or defense of any party nor reasonably calculated to lead
to the discovery of admissible evidence.  Further, this Interrogatory is overly broad, unduly
burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Interrogatory
seeks information that is confidential and invades the privacy of the claimants at issue.

This Interrogatory contains at least one part.

**INTERROGATORY NO. 17:**

Please state the full name or names, complete address or addresses, business telephone number or numbers, and title or relation to you, if any, of each person answering or providing information to answer these Interrogatories, propounded simultaneously herewith. For each individual so identified, states [sic] specifically the interrogatory or request (by number) each individual assisted in answering and the documents and things referred to relative to answering each respective interrogatory.

**ANSWER:**

UnumProvident objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Subject to and without waiving these objections, UnumProvident states that all of these answers were prepared by its inside and outside counsel and verified by the signatory hereto based upon the information set out in the underwriting file pertaining to Brooks (UW001-141) and Unum Life's claim file pertaining to her (CL001-869). UnumProvident further refers Brooks to its answers to the other interrogatories, which may contain additional information regarding the documents utilized in answering them.

This Interrogatory contains at least three parts.

**INTERROGATORY NO. 18:**

Please state any professional licenses held by any agents or employees of the defendant who have factual knowledge of the basis of this suit from January 1, 1994 to the present including:

(a)    Date license issued;

(b)    The government, state, federal, county or city agency granting the license;

(c)    Whether the license has ever been suspended and/or revoked and/or investigated;

(d)    The date the license was suspended and/or revoked and/or investigated.

## ANSWER:

UnumProvident objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Subject to and without waiving these objections, UnumProvident refers Brooks to Exhibit D.

This Interrogatory contains at least four parts.

## INTERROGATORY NO. 19:

Please state the percentage or persons or their employers who bought long term or short term disability insurance from you who you did not pay disability insurance or who you terminated disability benefits for the following years: 1997, 1998, 1999, 2000, 2001, 2002. In the event you do not know the answer state the names of the person who applied for disability and the names of the person who were denied and/or cut off from disability payments.

## ANSWER:

UnumProvident objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory is overly broad, unduly burdensome and expensive, harassing, ambiguous, and oppressive. Further, this Interrogatory seeks information that is confidential and invades the privacy of the claimants at issue.

This Interrogatory contains at least one part.

## INTERROGATORY NO. 20:

Please state the names of all persons who you and/or you agent made statements to regarding alleged criminal actions and/or illegal behavior of Karen Brooks and please state what you and/or your agents stated to them.

## ANSWER:

UnumProvident objects to this Interrogatory to the extent that it seeks information that is exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Interrogatory seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

This Interrogatory contains at least two parts.

## INTERROGATORY NO. 21:

Please state the names, addresses and telephone numbers of all persons who Sean Sullivan investigated regarding any insurance claims from 1995 to the present.

## ANSWER:

UnumProvident objects to this Interrogatory to the extent that it seeks information that is exempted from disclosure by the attorney-client privilege, attorney work product exemption, and article 1.10D of the Texas Insurance Code. Further, this Interrogatory seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory seeks information that is confidential and invades the privacy of the claimants at issue.

This Interrogatory contains at least one part.

**INTERROGATORY NO. 22:**

Please state the names, address and telephone numbers of all persons who you and/or

your agent employees have alleged criminal actions and/or reported for any alleged criminal

actions to any state or federal agency against the past 10 years who attempted to obtain any

insurance benefits from you or your corporate entities.

**ANSWER:**

UnumProvident objects to this Interrogatory to the extent that it seeks information that
is exempted from disclosure by the attorney-client privilege, attorney work product exemption,
and article 1.10D of the Texas Insurance Code.  Further, this Interrogatory seeks information
that is neither relevant to the claim or defense of any party nor reasonably calculated to lead
to the discovery of admissible evidence.  Further, this Interrogatory is overly broad, unduly
burdensome and expensive, harassing, ambiguous, and oppressive.  Further, this Interrogatory
seeks information that is confidential and invades the privacy of the claimants at issue.

This Interrogatory contains at least one part.

**INTERROGATORY NO. 23:**

Please state any facts which you assert support your claim in paragraph 50 of the

Defendant's Answer and Counterclaim and "Brooks claims are barred in whole or in part by

the doctrines of waiver, estoppel and unclean hands."

**ANSWER:**

UnumProvident objects to this Interrogatory on the ground that it is overly broad and
unduly burdensome to the extent that it seeks to require UnumProvident to marshal all of the
evidence supporting the listed assertion.  Subject to and without waiving these objections,
UnumProvident states that, effective May 1, 1996, Brooks obtained the Certificate, which
provides in pertinent part:

**Total Disability** means: (1) the inability to perform the substantial and material duties of Your Occupation due to an Injury or Sickness; and (2) You receive regular medical care from a duly licensed physician other than the Insured. If You are performing the duties of any occupation, You will no longer be considered totally disabled....

\* \* \*

**Residual Disability** means the inability due to Injury or Sickness to perform:

1.    one or more of the substantial and material duties of the Occupation; or

2.    the substantial and material duties of the Occupation for as much time as is normally required to perform them.

the Insured must be receiving regular medical care from a duly licensed physician other than the Insured, and Total Disability benefits must not be payable under this Policy. Residual Disability will be deemed not to exist if the Percent Loss is less than 20%.

On June 17, 1998, Unum Life received an Individual Disability Claim Form from Brooks, in which she claimed she had become disabled from her occupation as a podiatric surgeon with Karen E. Brooks, DPM, PA due to pain in her lower back and right leg secondary to a herniated disk that resulted from her fall in her bathtub on May 16, 1998. Brooks indicated that she worked 20 hours per week (rather than her pre-disability average of 50 hours per week) in the first two weeks following her fall and no hours during the following two weeks. Unum Life acknowledged receipt of Brooks' claim, sent her an occupational questionnaire, and requested records from the medical providers that she identified on her initial claim form.

In a telephone conversation on July 20, 1998, Brooks advised Unum Life that other doctors had been covering for her practice, she had hired an associate who was to start work once he received his license, she had returned to work the previous week for two hours in the morning and two hours in the afternoon, and her doctor had recommended that she stay completely off work because working exacerbated her condition. While its investigation continued, Unum Life began paying total disability benefits to Brooks and referred the file to Sean Sullivan ("Sullivan"), one of its field benefit representatives, for a personal visit. In a telephone call on September 11, 1998, Brooks advised Unum Life that she was still

performing selected administrative duties and had last seen a patient (as a courtesy to another physician) two weeks before.

Based upon Brooks' representations as to her work activities, Unum Life continued to pay total disability benefits to her and requested an update if she began seeing patients again. On October 15, 1998, Sullivan met with Brooks, who informed him that she thought she needed surgery before returning to work; her primary restrictions and limitations were standing, sitting, and leaning forward; she could not work part-time and had suffered a relapse when she tried to return to work in late July; 70% to 75% of her income resulted from her office (rather than her surgical) practice; she was only going into the office twice a week for two hours a day or less performing administrative duties (but no patient care); and she had hired Dr. Middleton but was referring her surgical cases to another physician because Dr. Middleton was not a surgeon. Unum Life thereafter received a telephone call from Brooks, who reported that she had recently performed a bunionectomy on the mother of one of her nurses but was in tears at the end of the procedure and promised herself not to go into the office again.

In the meantime, Unum Life received an Insured's Progress Statement from Brooks, in which she admitted, for what appears to be the first time, that she had gone to work one day performing her duties. By memorandum dated February 9, 1999, Nancy Bogg, VCM ("Bogg"), who was one of Unum Life's vocational case managers, concluded that Brooks' "functional ability to continue in her office practice would not be affected" (emphasis in original) by her condition and recommended that Unum Life obtain information from Brownsville Medical Center ("BMC") regarding the surgeries performed by Brooks. (Unum Life had been requesting these records since December 1998, and at least some of the delay resulted from Brooks' request that BMC hold those records until it had obtained her permission to release them.) On February 23, 1999, Brooks informed Unum Life that she had returned to work part-time, working approximately four hours per day, two-to-four days a week. The next day, however, Unum Life received an Insured's Progress Statement from Brooks dated February 15, 1999, in which she denied performing any of her occupational duties.

BMC eventually provided Unum Life with a surgical log revealing that Brooks performed 26 procedures in 1997, 10 procedures in 1998 before her fall, and 12 procedures in 1998 after her fall. Unum Life forwarded this information to Bogg, who noted in her report that Brooks performed more surgeries in 1998 after her fall than before it and performed two surgeries of over two hours, which exceeded her claimed limitations. Unum Life thus contacted Sullivan to arrange for a follow-up visit with Brooks to confirm the accuracy of the information from BMC.

On March 22, 1999, Sullivan met with Brooks, who claimed that she was always listed on BMC's records as the lead surgeon, even though she may or may not have performed the procedure in question; asserted that interns or residents actually performed the post-disability cases; and predicted that BMC would deny that interns or residents were performing the surgeries. When Sullivan pointed out that the log did not list any assistants for some of the procedures, Brooks initially asserted that someone else performed them but then admitted that she might have performed at least one or two of them. Sullivan also pointed out numerous instances during the claim process where Brooks should have but failed to disclose these activities, yet she repeatedly denied making any misrepresentations to Unum Life. Sullivan advised Brooks that, by virtue of her involvement in surgeries, her claim would be denied and was likely overpaid.

Following his visit with Brooks, Sullivan spoke with several individuals at BMC, and they confirmed that the person listed on the log was the actual surgeon; interns and residents were not allowed to perform surgery and would be listed in the register of operations (of which he obtained copies); and Brooks was the surgeon for the cases in question. Sullivan then provided these findings to Brooks, who reiterated that BMC would never admit the involvement of interns and residents.

By letter dated March 29, 1999, Unum Life advised Brooks that it was closing her claim as a result of the information it had received regarding her continued performance of surgeries and requested her to contact Unum Life to discuss repayment of the $48,000 in benefits that she had received. Brooks retained counsel, and by letter dated April 27, 1999, Patricia A. Hernandez, a Brownsville attorney, appealed Unum Life's denial of Brooks' claim. Unum Life declined to resume the payment of benefits to Brooks.

Upon information and belief, Brooks has continued to perform surgeries to this day, and she was not entitled to any of the $48,000 in benefits that she received.

This Interrogatory contains one part.


**INTERROGATORY NO. 24:**

Please state any facts which support your claim in paragraph 51 of the Defendant's

Answer and Counterclaim that "Brooks claims are barred in whole or in part, by her

comparative bad faith."

**ANSWER:**

UnumProvident incorporates by reference its objections and answer to Interrogatory No. 23.

This Interrogatory contains one part.

**INTERROGATORY NO. 25:**

Please state any and all damages that occurred to the defendant as alleged in paragraph of the Defendant's Answer which states "Defendants are entitled to offset Brooks' alleged damages, if any, by virtue of the damages they have sustained as a result of her wrongful acts."

**ANSWER:**

UnumProvident incorporates by reference its objections and answer to Interrogatory No. 23.

This Interrogatory contains one part.

## VERIFICATION

STATE OF MAINE

COUNTY OF CUMBERLAND

_Donna L Karkos_ being duly sworn, deposes and states that she is over the age of 18 years, has not been convicted of a crime, and is otherwise competent to testify. As _Senior Consultant_ , _Quality Performance Support_ of UnumProvident Corporation, she has personal knowledge of the facts set forth in the foregoing interrogatory answers and states that they are true and correct.

UNUMPROVIDENT CORPORATION

By: _____

Its: _Senior Consultant_

SUBSCRIBED AND SWORN TO BEFORE ME, on this _28_ day of ~~April~~ _March_, 2002.

_____
Notary Public, the State of Maine

_BARBARA M. RUSSELL_
Printed Name of Notary

My Commission Expires: _4-19-03_

**DEFENDANT UNUMPROVIDENT CORPORATION'S OBJECTIONS AND
ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES - Page 25**

## EXHIBIT A

(1)    Karen Brooks, D.P.M.
4975 Lakeway Drive
Brownsville, Texas 78520
(956) 350-4730

Brooks is the plaintiff in this action and has knowledge regarding her application for coverage under Master Policy LXN 1022 (the "Policy") and the Certificate of Insurance issued to her thereunder (the "Certificate"), her past and present employment duties and activities, the formation and activities of Karen E. Brooks, D.P.M., P.A. (the "PA"), the finances and financial condition of the PA, her financial and medical condition, her communications with Unum Life, and her claims in this action.

(2)    R.W. Armstrong
R.W. Armstrong & Associates
2600 Old Alice Road
Brownsville, Texas 78521-1450
(956) 546-5556

Armstrong formerly represented Brooks and may have knowledge regarding his communications with Unum Life on Brooks' behalf.

(3)    Patricia A. Hernandez
117 East Price Road
Brownsville, Texas 78521
(956) 541-9001

Hernandez formerly represented Brooks and may have knowledge regarding her communications with Unum Life on Brooks' behalf.

(4)    Sam J. Allen, D.C.
1st Rio Valley Medical, P.A.
805 Old Port Isabel Road
Brownsville, Texas 78521
(956) 504-2273

Dr. Allen provided chiropractic treatment to Brooks and may have knowledge regarding her condition and records.



**EXHIBIT A - Page 1**

(5)     Keolanui G. Chun, M.D.
        Texas Back Institute
        6300 West Parker Road
        Plano, Texas 75093
        (972) 608-5000

Dr. Chun provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

(6)     Stephen N. Hochschuler, M.D.
        Texas Back Institute
        6300 West Parker Road
        Plano, Texas 75093
        (972) 608-5000

Dr. Hochschuler provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

(7)     Robert S. Howell, D.C.
        1st Rio Valley Medical, P.A.
        805 Old Port Isabel Road
        Brownsville, Texas 78521
        (956) 504-2273

Dr. Howell provided chiropractic treatment to Brooks and may have knowledge regarding her condition and records.

(8)     Patrick R. McAllister, M.D., Ph.D.
        San Antonio South Medical Center
        415 S.W. Military Drive
        San Antonio, Texas 78221
        (210) 923-3341

Dr. McAllister provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

(9)     Madhavan Pisharodi, M.D.
        Madhavan Pisharodi, M.D., P.A.
        942 Wildrose Lane
        Brownsville, Texas 78520
        (956) 541-6725

Dr. Pisharodi provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

(10)    John A. Wells, M.D.
Valley Pain Center
844 Central Boulevard, Suite 360
Brownsville, Texas 78520
(956) 541-9824

Dr. Wells provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

(11)    Custodian of Records
Columbia Valley Regional Medical Center
100 A Alton Gloor Road
Brownsville, Texas 78521

The Custodian may have knowledge regarding the records of Columbia Valley Regional Medical Center pertaining to Brooks.

(12)    David K. Drefke
David K. Drefke, P.C.
5401 North Tenth Street, Suite 105
McAllen, Texas 78504-2752

Drefke is one of the accountants for Brooks and the PA and may have knowledge regarding their finances and financial records.

(13)    Fred Myers, CPA, CFP, CLU
Fred Myers, CPA, P.C.
1411 West Avenue, Suite 100
Austin, Texas 78701
(512) 457-8555

Myers is one of the accountants for Brooks and the PA and may have knowledge regarding their finances and financial records and their insurance matters.

(14)    John Williams
John Williams, PC, CPA
923 East 13th Street
Weslaco, Texas 78596

Williams is one of the accountants for Brooks and the PA and may have knowledge regarding their finances and financial records.

> (15)    Custodian of Records
> Zamora & Terrones, CPAs
> 173 East Price Road
> Brownsville, Texas 78521

The Custodian may have knowledge regarding the records of Zamora & Terrones, CPAs regarding Brooks and the PA pertaining to their finances and financial condition.

> (16)    Olivia Garcia
> Jose Gonzalez
> Antonio Mendoza
> John Middleton
> Frances Olivares ·
> Gracie Rodriguez
> Karen E. Brooks, D.P.M., P.A.
> 615 Villa Maria Boulevard
> Brownsville, Texas 78520

These individuals may have knowledge regarding their employment and/or affiliation with the PA and Brooks' activities before and after her fall in May 1998.

> (17)    Custodian of Records
> Karen E. Brooks, D.P.M., P.A.
> 615 Villa Maria Boulevard
> Brownsville, Texas 78520

The Custodian may have knowledge regarding the records of the PA pertaining to its structure, history, finances, and financial condition.

> (18)    Jan Behm
> Brownsville Medical Center
> 1040 West Jefferson Street
> Brownsville, Texas 78523-3590
> (210) 544-1400

Behm may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

EXHIBIT A - Page 4

(19)    Nell Bratcher, MA, RN, CNAA
        Chief Nursing Officer
        Brownsville Medical Center
        1040 West Jefferson Street
        Brownsville, Texas 78523-3590
        (210) 544-1400

Bratcher may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

(20)    Maria Castellion
        Brownsville Medical Center
        1040 West Jefferson Street
        Brownsville, Texas 78523-3590
        (210) 544-1400

Castellion may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

(21)    Mike Marchand
        Brownsville Medical Center
        1040 West Jefferson Street
        Brownsville, Texas 78523-3590
        (210) 544-1400

Marchand may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

(22)    Custodian of Records
        Brownsville Medical Center
        1040 West Jefferson Street
        Brownsville, Texas 78523-3590
        (210) 544-1400

The Custodian may have records regarding the records of Brownsville Medical Center pertaining to Brooks and her activities.

(23)    Custodian of Records
        Berkshire Life Insurance Company
        700 South Street
        Pittsfield, Massachusetts 01201
        (413) 499-4321

The Custodian may have knowledge regarding the records of Berkshire Life Insurance Company pertaining to Brooks and her policy no. H0346337.

     (24)    Custodian of Records
               Minnesota Mutual Life Insurance Company
               400 North Robert Street
               St Paul, Minnesota 55101
               (651) 665-6163

The Custodian may have knowledge regarding the records of Minnesota Mutual Life Insurance Company pertaining to Brooks and her policy no. 2126802H.

     (25)    Custodian of Records
               Professional Benefits Insurance Company
               10835 Rockley
               Houston, Texas 77099

The Custodian may have knowledge regarding the records of Professional Benefits Insurance Company pertaining to Brooks.

     (26)    Louis A. Campbell
               Peace Officer-Investigator
               Texas Department of Insurance
               333 Guadalupe Street
               P.O. Box 149104
               Austin, Texas 78714-9104
               (512) 463-6169

Campbell may have knowledge regarding the Texas Department of Insurance's investigation of Brooks.

     (27)    Susan Marx
               Compliance Specialist
               Texas Department of Insurance
               333 Guadalupe Street
               P.O. Box 149104
               Austin, Texas 78714-9104
               (512) 463-6169

Marx may have knowledge regarding the Texas Department of Insurance's investigation of Brooks.

EXHIBIT A - Page 6

(28)    Rick L. Perkins
        Legal & Compliance Intake Unit
        Texas Department of Insurance
        333 Guadalupe Street
        P.O. Box 149104
        Austin, Texas 78714-9104
        (512) 463-6169

Perkins may have knowledge regarding the Texas Department of Insurance's investigation of Brooks.

(29)    Oscar A. Cartaya, M.D.
        Health Resources and Technology, Inc.
        420 Boylston Street, Suite 310
        Boston, Massachusetts 02101
        (617) 424-1711

Dr. Cartaya reviewed certain medical records pertaining to Brooks and provided Unum Life with a report of his findings.

(30)    Cynthia Bellefountaine
        UnumProvident Corporation
        2211 Congress Street
        Portland, Maine 04122
        (207) 575-2211

Bellefountaine assisted in Unum Life's investigation of Brooks' claim.

(31)    Jim Bilodeau
        UnumProvident Corporation
        2211 Congress Street
        Portland, Maine 04122
        (207) 575-2211

Bilodeau assisted in Unum Life's investigation of Brooks' claim.

(32)    Nancy E. Bogg, VCM
        UnumProvident Corporation
        2211 Congress Street
        Portland, Maine 04122
        (207) 575-2211

Bogg assisted in Unum Life's investigation of Brooks' claim.

<u>EXHIBIT A</u> - Page 7

(33)   Constance M. Cardamone
UnumProvident Corporation
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Cardamone assisted in Unum Life's investigation of Brooks' claim.

(34)   Marie Cutting, RN, BSN, CRRN
P.O. Box 191
Sebago, Maine 04029

Cutting, who was formerly employed by Unum Life, assisted in Unum Life's investigation of Brooks' claim.

(35)   Richard G. Day, M.D.
UnumProvident Corporation
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Dr. Day assisted in Unum Life's investigation of Brooks' claim.

(36)   Shannon Denbow
134 Edwards Street
Portland, Maine 04102

Denbow, who was formerly employed by Unum Life, assisted in Unum Life's investigation of Brooks' claim.

(37)   Denise Houser
UnumProvident Corporation
2211 Congress Street
Portland, Maine 04122
(207) 575-2211

Houser assisted in Unum Life's investigation of Brooks' claim.

(38)   Donna Karkos
       UnumProvident Corporation
       2211 Congress Street
       Portland, Maine 04122
       (207) 575-2211

Karkos has reviewed the underwriting file and claim file pertaining to Brooks.

(39)   Karen Keene
       UnumProvident Corporation
       2211 Congress Street
       Portland, Maine 04122
       (207) 575-2211

Keene assisted in Unum Life's investigation of Brooks' claim.

(40)   Dom Lagravinese
       [address and telephone number unknown]

Lagravinese, who was formerly employed by Unum Life, assisted in Unum Life's investigation of Brooks' claim.

(41)   Nancy L. Minor
       UnumProvident Corporation
       1 Fountain Square
       Chattanooga, Tennessee 37402
       (423) 755-1011

Minor assisted in Unum Life's investigation of Brooks' claim.

(42)   Nancy K. Olds
       UnumProvident Corporation
       2211 Congress Street
       Portland, Maine 04122
       (207) 575-2211

Olds assisted in Unum Life's investigation of Brooks' claim.

(43)   Sean Sullivan
       1314 Ashley Drive
       Round Rock, Texas 48664

Sullivan, who was formerly employed by Unum Life, assisted in Unum Life's investigation of Brooks' claim.

        (44)    Sheldon White
                    UnumProvident Corporation
                    2211 Congress Street
                    Portland, Maine 04122
                    (207) 575-2211

White assisted in Unum Life's investigation of Brooks' claim.

        (45)    Doug K. Butler
                    Figari Davenport & Graves, L.L.P.
                    3400 Bank of America Plaza
                    901 Main Street, LB 125
                    Dallas, Texas 75202-3796
                    (214) 939-2000
                    (214) 939-2090 (facsimile)

Butler may have knowledge regarding the attorneys' fees sought in this action.

        (46)    Andrew C. Whitaker
                    Figari Davenport & Graves, L.L.P.
                    3400 Bank of America Plaza
                    901 Main Street, LB 125
                    Dallas, Texas 75202-3796
                    (214) 939-2000
                    (214) 939-2090 (facsimile)

Whitaker may have knowledge regarding the attorneys' fees sought in this action.

## EXHIBIT B

(1)  (a)  Cynthia Bellefountaine
     (b)  2211 Congress Street
          Portland, Maine 04122
          (207) 575-2211
     (c)  Director, Customer Care
     (d)  David Gilbert
     (e)  UnumProvident Corporation
     (f)  yes
     (g)  see above

(2)  (a)  Jim Bilodeau
     (b)  2211 Congress Street
          Portland, Maine 04122
          (207) 575-2211
     (c)  Director, Customer Care
     (d)  David Gilbert
     (e)  UnumProvident Corporation
     (f)  yes
     (g)  see above

(3)  (a)  Nancy E. Bogg, VCM
     (b)  2211 Congress Street
          Portland, Maine 04122
          (207) 575-2211
     (c)  Vocational Rehabilitation Consultant
     (d)  Robert Manganello
     (e)  UnumProvident Corporation
     (f)  yes
     (g)  see above

EXHIBIT B - Page 1

EXHIBIT  B

(4)  (a)  Constance M. Cardamone
     (b)  2211 Congress Street
          Portland, Maine 04122
          (207) 575-2211
     (c)  Director, CPA Team
     (d)  Dennis Culver
     (e)  UnumProvident Corporation
     (f)  yes
     (g)  see above

(5)  (a)  Marie Cutting, RN, BSN, CRRN
     (b)  P.O. Box 191
          Sebago, Maine 04029
     (c)  Clinical Consultant
     (d)  Kaye Sullivan-McDevitt
     (e)  unknown
     (f)  no
     (g)  unknown

(6)  (a)  Richard G. Day, M.D.
     (b)  2211 Congress Street
          Portland, Maine 04122
          (207) 575-2211
     (c)  VP - Medical Director
     (d)  Cheryl Greaney
     (e)  UnumProvident Corporation
     (f)  yes
     (g)  see above

(7)  (a)  Shannon Denbow
     (b)  134 Edwards Street
          Portland, Maine 04102
     (c)  IA Coordinator
     (d)  Marion McNally
     (e)  unknown
     (f)  no
     (g)  unknown

**EXHIBIT B - Page 2**

(8)  (a)  Denise Houser
     (b)  2211 Congress Street
          Portland, Maine 04122
          (207) 575-2211
     (c)  Director, Customer Care
     (d)  Lou Ann White
     (e)  UnumProvident Corporation
     (f)  yes
     (g)  see above

(9)  (a)  Karen Keene
     (b)  2211 Congress Street
          Portland, Maine 04122
          (207) 575-2211
     (c)  Customer Care Coordinator
     (d)  Theresa Jackson
     (e)  UnumProvident Corporation
     (f)  yes
     (g)  see above

(10) (a)  Dom Lagravinese
     (b)  address and telephone number unknown
     (c)  Assistant Vice President, Regional Field Investigation
     (d)  Ronald Gendreau
     (e)  unknown
     (f)  no
     (g)  unknown

(11) (a)  Nancy L. Minor
     (b)  1 Fountain Square
          Chattanooga, Tennessee 37402
          (423) 755-1011
     (c)  Associate Counsel
     (d)  Rick Brooks
     (e)  UnumProvident Corporation
     (f)  yes
     (g)  see above

**EXHIBIT B** - Page 3

(12)    (a)    Nancy K. Olds
         (b)    2211 Congress Street
                 Portland, Maine 04122
                 (207) 575-2211
         (c)    Senior Customer Care Specialist
         (d)    John Thompson
         (e)    UnumProvident Corporation
         (f)    yes
         (g)    see above

(13)    (a)    Sean Sullivan
         (b)    1314 Ashley Drive
                 Round Rock, Texas 48664
         (c)    Senior Field Representative
         (d)    Jackson L. Price
         (e)    UnumProvident Corporation
         (f)    yes
         (g)    see above

(14)    (a)    Sheldon White
         (b)    2211 Congress Street
                 Portland, Maine 04122
                 (207) 575-2211
         (c)    Customer Care Specialist
         (d)    Doryne Williams
         (e)    UnumProvident Corporation
         (f)    yes
         (g)    see above

<u>**EXHIBIT B**</u> - Page 4

## martindale.com
## Lawyer Locator

Terms of Use | Services | Products | Contact Us | About Us | Site Map | Home    Go

**Lawyer Locator**
Search Lawyer Locator
◖ By Lawyer
   By Location/Area of Practice
   By Firm
   By Corporate Law Departments
   By US Government
   By US Law Faculty
About Lawyer Locator
Add Listing

**Dispute Resolution**

**Experts and Services**

**Legal Personnel**

**Legal Careers**

**Professional Resources**

**Customer Services**

LexisNexis
**Martindale-Hubbell®**

**FEEDBACK** ))

Visit our affiliates...
lawyers.com
LexisNexis™
LawCommerce.com℠

### Search the Lawyer Locator

New Search

**Doug K. Butler**
Member
Figari Davenport & Graves, L.L.P.
3400 Bank of America Plaza, 901 Main Street, LB 125
Dallas, Texas 75202-3796
(Dallas Co.)
Telephone: 214-939-2000
Fax: 214-939-2090

Rating Info

**Practice Areas:** Civil Litigation; Insurance Defense.

**Admitted:** 1984, Texas and U.S. District Court, Northern District of Texas; 1985, U.S. Court of Appeals, Fifth Circuit; 1988, U.S. District Court, Southern District of Texas; 1989, U.S. District Court, Western and Eastern Districts of Texas; 1992, U.S. Court of Appeals, Tenth Circuit; 1994, U.S. Supreme Court

**Law School:** Boston University, J.D., magna cum laude, 1984.

**College:** Idaho State University, B.S., with honors, 1981.

**Member:** State Bar of Texas; American Bar Association.

**Biography:** Associate Editor, American Journal of Law and Medicine, 1983-1984.

**Born:** Pocatello, Idaho, February 2, 1960.

**ISLN:** 908632563

New Search

SPONSORS

**U.S. Legal Forms, Inc.** **Over 25,000 Legal Forms** A unique legal forms site on the Internet providing legal forms to lawyers, businesses and the public. State-specific forms in many areas.

Lawyer Locator | Dispute Resolution | Experts and Services | Legal Personnel
Legal Careers | Professional Resources | Customer Services

EXHIBIT __C__

**martindale.com**
# Lawyer Locator

Terms of Use | Services | Products | Contact Us | About Us | Site Info | Home    Go!

**Lawyer Locator**
Search Lawyer Locator
☑ By Lawyer
  By Location/Area of Practice
  By Firm
  By Corporate Law Departments
  By US Government
  By US Law Faculty
About Lawyer Locator
Add Listing

**Dispute Resolution**

**Experts and Services**

**Legal Personnel**

**Legal Careers**

**Professional Resources**

**Customer Services**

LexisNexis
**Martindale-Hubbell®**

**FEEDBACK** ⸬

Visit our affiliates...
lawyers.com
LexisNexis™
LawCommerce.com℠

## Search the Lawyer Locator

New Search

### Andrew C. Whitaker
Member
Figari Davenport & Graves, L.L.P.
3400 Bank of America Plaza, 901 Main Street, LB 125
Dallas, Texas 75202-3796
(Dallas Co.)
Telephone: 214-939-2000
Fax: 214-939-2090

Rating Info

**Practice Areas:** Civil Litigation.

**Admitted:** 1991, Texas and U.S. District Court, Northern District of Texas; 1992, U.S. District Court, Eastern, Southern and Western Districts of Texas; 1993, U.S. Court of Appeals, Fifth Circuit

**Law School:** University of Texas, J.D., with high honors, 1991.

**College:** Southern Methodist University, B.A., summa cum laude, 1988.

**Member:** Dallas and American Bar Associations; State Bar of Texas.

**Biography:** Phi Beta Kappa; Chancellors; Order of the Coif. Associate Editor, Texas Law Review, 1990-1991.

**Born:** Dallas, Texas, February 11, 1966.

**ISLN:** 901473316

New Search

**SPONSORS**
**U.S. Legal Forms, Inc. **Over 25,000 Legal Forms** A unique legal forms site on the Internet
providing legal forms to lawyers, businesses and the public. State-specific forms in many areas.

Lawyer Locator | Dispute Resolution | Experts and Services | Legal Personnel
Legal Careers | Professional Resources | Customer Services

## EXHIBIT D

(1)  Jim Bilodeau
    (a)  Law license issued in April 1984
    (b)  Supreme Court of Maine
    (c)  No
    (d)  N/A

    (a)  Law license issued in February 1984
    (b)  Supreme Court of New York
    (c)  Voluntarily lapsed
    (d)  April 1996

(2)  Constance M. Cardamone
    (a)  CPA license issued in 1980
    (b)  State of Maine
    (c)  No
    (d)  N/A

(3)  Richard G. Day, M.D.
    (a)  Medical license issued in 1993
    (b)  Maine State Board of Medical Examiners
    (c)  Received "letter of guidance"
    (d)  Unknown

    (a)  Medical license issued in January 1999
    (b)  New Hampshire State Board of Medical Examiners
    (c)  No
    (d)  N/A

(4)  Nancy L. Minor
    (a)  Law license issued in November 1988
    (b)  Supreme Court of Virginia
    (c)  No
    (d)  N/A

    (a)  Law license issued in November 1993
    (b)  Supreme Court of Ohio
    (c)  No
    (d)  N/A


EXHIBIT D

      (a)     Series 7 license issued in April 1994
      (b)     Securities and Exchange Commission
      (c)     No
      (d)     N/A

(5)    Sheldon White
      (a)     Adjusters license issued in 1978
      (b)     State of Maine
      (c)     Voluntarily lapsed
      (d)     1998

      (a)     Adjusters license issued in 1978
      (b)     State of New Hampshire
      (c)     Voluntarily lapsed
      (d)     1998

UnumProvident further states that Nancy Bogg obtained her Certified Rehabilitation Counselor certification in 1979, her Certified Disability Management Specialist certification in 1984, and her Certified Case Manager certification in 1988, and none of these certifications have been suspended, revoked, or investigated.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KAREN BROOKS,                          §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §        C.A. No. B-01-052
                                       §
UNUMPROVIDENT CORPORATION              §
and UNUM LIFE INSURANCE                §
COMPANY OF AMERICA,                    §
                                       §
        Defendants.                    §

## DEFENDANTS' AMENDED DISCLOSURES

Defendants UnumProvident Corporation ("UnumProvident") and Unum Life Insurance

Company of America ("Unum Life") (collectively, "Defendants"), pursuant to Fed. R. Civ. P.

26(a)(1), make these amended disclosures and state:

1.      <u>Persons Likely to Have Discoverable Information</u>.  The following individuals

are likely to have discoverable information that Defendants may use to support their claims or

defenses, unless solely for impeachment:

        (1)     Karen Brooks, D.P.M.
                4975 Lakeway Drive
                Brownsville, Texas 78520
                (956) 350-4730

Brooks is the plaintiff in this action and has knowledge regarding her application for
coverage under Master Policy LXN 1022 (the "Policy") and the Certificate of Insurance issued
to her thereunder (the "Certificate"), her past and present employment duties and activities, the
formation and activities of Karen E. Brooks, D.P.M., P.A. (the "PA"), the finances and

<u>DEFENDANTS' AMENDED DISCLOSURES</u> - Page 1

financial condition of the PA, her financial and medical condition, her communications with Unum Life, and her claims in this action.

> (2)    R.W. Armstrong
>        R.W. Armstrong & Associates
>        2600 Old Alice Road
>        Brownsville, Texas 78521-1450
>        (956) 546-5556

Armstrong formerly represented Brooks and may have knowledge regarding his communications with Unum Life on Brooks' behalf.

> (3)    Patricia A. Hernandez
>        117 East Price Road
>        Brownsville, Texas 78521
>        (956) 541-9001

Hernandez formerly represented Brooks and may have knowledge regarding her communications with Unum Life on Brooks' behalf.

> (4)    Sam J. Allen, D.C.
>        1st Rio Valley Medical, P.A.
>        805 Old Port Isabel Road
>        Brownsville, Texas 78521
>        (956) 504-2273

Dr. Allen provided chiropractic treatment to Brooks and may have knowledge regarding her condition and records.

> (5)    Keolanui G. Chun, M.D.
>        Texas Back Institute
>        6300 West Parker Road
>        Plano, Texas 75093
>        (972) 608-5000

Dr. Chun provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

DEFENDANTS' AMENDED DISCLOSURES - Page 2

     (6)    Stephen N. Hochschuler, M.D.
             Texas Back Institute
             6300 West Parker Road
             Plano, Texas 75093
             (972) 608-5000

Dr. Hochschuler provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

     (7)    Robert S. Howell, D.C.
             1st Rio Valley Medical, P.A.
             805 Old Port Isabel Road
             Brownsville, Texas 78521
             (956) 504-2273

Dr. Howell provided chiropractic treatment to Brooks and may have knowledge regarding her condition and records.

     (8)    Patrick R. McAllister, M.D., Ph.D.
             San Antonio South Medical Center
             415 S.W. Military Drive
             San Antonio, Texas 78221
             (210) 923-3341

Dr. McAllister provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

     (9)    Madhavan Pisharodi, M.D.
             Madhavan Pisharodi, M.D., P.A.
             942 Wildrose Lane
             Brownsville, Texas 78520
             (956) 541-6725

Dr. Pisharodi provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

     (10)    John A. Wells, M.D.
             Valley Pain Center
             844 Central Boulevard, Suite 360
             Brownsville, Texas 78520
             (956) 541-9824

Dr. Wells provided medical treatment to Brooks and may have knowledge regarding her medical condition and records.

> (11)    Custodian of Records
> Columbia Valley Regional Medical Center
> 100 A Alton Gloor Road
> Brownsville, Texas 78521

The Custodian may have knowledge regarding the records of Columbia Valley Regional Medical Center pertaining to Brooks.

> (12)    David K. Drefke
> David K. Drefke, P.C.
> 5401 North Tenth Street, Suite 105
> McAllen, Texas 78504-2752

Drefke is one of the accountants for Brooks and the PA and may have knowledge regarding their finances and financial records.

> (13)    Fred Myers, CPA, CFP, CLU
> Fred Myers, CPA, P.C.
> 1411 West Avenue, Suite 100
> Austin, Texas 78701
> (512) 457-8555

Myers is one of the accountants for Brooks and the PA and may have knowledge regarding their finances and financial records and their insurance matters.

> (14)    John Williams
> John Williams, PC, CPA
> 923 East 13th Street
> Weslaco, Texas 78596

Williams is one of the accountants for Brooks and the PA and may have knowledge regarding their finances and financial records.

> (15)    Custodian of Records
> Zamora & Terrones, CPAs
> 173 East Price Road
> Brownsville, Texas 78521

The Custodian may have knowledge regarding the records of Zamora & Terrones, CPAs regarding Brooks and the PA pertaining to their finances and financial condition.

      (16)   Olivia Garcia
              Jose Gonzalez
              Antonio Mendoza
              John Middleton
              Frances Olivares
              Gracie Rodriguez
              Karen E. Brooks, D.P.M., P.A.
              615 Villa Maria Boulevard
              Brownsville, Texas 78520

These individuals may have knowledge regarding their employment and/or affiliation with the PA and Brooks' activities before and after her fall in May 1998.

      (17)   Custodian of Records
              Karen E. Brooks, D.P.M., P.A.
              615 Villa Maria Boulevard
              Brownsville, Texas 78520

The Custodian may have knowledge regarding the records of the PA pertaining to its structure, history, finances, and financial condition.

      (18)   Jan Behm
              Brownsville Medical Center
              1040 West Jefferson Street
              Brownsville, Texas 78523-3590
              (210) 544-1400

Behm may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

      (19)   Nell Bratcher, MA, RN, CNAA
              Chief Nursing Officer
              Brownsville Medical Center
              1040 West Jefferson Street
              Brownsville, Texas 78523-3590
              (210) 544-1400

Bratcher may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

       (20)   Maria Castellion
                Brownsville Medical Center
                1040 West Jefferson Street
                Brownsville, Texas 78523-3590
                (210) 544-1400

Castellion may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

       (21)   Mike Marchand
                Brownsville Medical Center
                1040 West Jefferson Street
                Brownsville, Texas 78523-3590
                (210) 544-1400

Marchand may have knowledge regarding the surgeries performed by and other activities of Brooks at Brownsville Medical Center.

       (22)   Custodian of Records
                Brownsville Medical Center
                1040 West Jefferson Street
                Brownsville, Texas 78523-3590
                (210) 544-1400

The Custodian may have records regarding the records of Brownsville Medical Center pertaining to Brooks and her activities.

       (23)   Custodian of Records
                Berkshire Life Insurance Company
                700 South Street
                Pittsfield, Massachusetts 01201
                (413) 499-4321

The Custodian may have knowledge regarding the records of Berkshire Life Insurance Company pertaining to Brooks and her policy no. H0346337.

(24)    Custodian of Records
        Minnesota Mutual Life Insurance Company
        400 North Robert Street
        St Paul, Minnesota 55101
        (651) 665-6163

The Custodian may have knowledge regarding the records of Minnesota Mutual Life Insurance Company pertaining to Brooks and her policy no. 2126802H.

(25)    Custodian of Records
        Professional Benefits Insurance Company
        10835 Rockley
        Houston, Texas 77099

The Custodian may have knowledge regarding the records of Professional Benefits Insurance Company pertaining to Brooks.

(26)    Louis A. Campbell
        Peace Officer-Investigator
        Texas Department of Insurance
        333 Guadalupe Street
        P.O. Box 149104
        Austin, Texas 78714-9104
        (512) 463-6169

Campbell may have knowledge regarding the Texas Department of Insurance's investigation of Brooks.

(27)    Susan Marx
        Compliance Specialist
        Texas Department of Insurance
        333 Guadalupe Street
        P.O. Box 149104
        Austin, Texas 78714-9104
        (512) 463-6169

Marx may have knowledge regarding the Texas Department of Insurance's investigation of Brooks.

(28)    Rick L. Perkins
        Legal & Compliance Intake Unit
        Texas Department of Insurance
        333 Guadalupe Street
        P.O. Box 149104
        Austin, Texas 78714-9104
        (512) 463-6169

Perkins may have knowledge regarding the Texas Department of Insurance's investigation of Brooks.

(29)    Oscar A. Cartaya, M.D.
        Health Resources and Technology, Inc.
        420 Boylston Street, Suite 310
        Boston, Massachusetts 02101
        (617) 424-1711

Dr. Cartaya reviewed certain medical records pertaining to Brooks and provided Unum Life with a report of his findings.

(30)    Cynthia Bellefountaine
        UnumProvident Corporation
        2211 Congress Street
        Portland, Maine 04122
        (207) 575-2211

Bellefountaine assisted in Unum Life's investigation of Brooks' claim.

(31)    Jim Bilodeau
        UnumProvident Corporation
        2211 Congress Street
        Portland, Maine 04122
        (207) 575-2211

Bilodeau assisted in Unum Life's investigation of Brooks' claim.

(32)    Nancy E. Bogg, VCM
        UnumProvident Corporation
        2211 Congress Street
        Portland, Maine 04122
        (207) 575-2211

Bogg assisted in Unum Life's investigation of Brooks' claim.

      (33)    Constance M. Cardamone
                  UnumProvident Corporation
                  2211 Congress Street
                  Portland, Maine 04122
                  (207) 575-2211

Cardamone assisted in Unum Life's investigation of Brooks' claim.

      (34)    Marie Cutting, RN, BSN, CRRN
                  P.O. Box 191
                  Sebago, Maine 04029

Cutting, who was formerly employed by Unum Life, assisted in Unum Life's investigation of Brooks' claim.

      (35)    Richard G. Day, M.D.
                  UnumProvident Corporation
                  2211 Congress Street
                  Portland, Maine 04122
                  (207) 575-2211

Dr. Day assisted in Unum Life's investigation of Brooks' claim.

      (36)    Shannon Denbow
                  134 Edwards Street
                  Portland, Maine 04102

Denbow, who was formerly employed by Unum Life, assisted in Unum Life's investigation of Brooks' claim.

      (37)    Denise Houser
                  UnumProvident Corporation
                  2211 Congress Street
                  Portland, Maine 04122
                  (207) 575-2211

Houser assisted in Unum Life's investigation of Brooks' claim.

(38)   Donna Karkos
       UnumProvident Corporation
       2211 Congress Street
       Portland, Maine 04122
       (207) 575-2211

Karkos has reviewed the underwriting file and claim file pertaining to Brooks.

(39)   Karen Keene
       UnumProvident Corporation
       2211 Congress Street
       Portland, Maine 04122
       (207) 575-2211

Keene assisted in Unum Life's investigation of Brooks' claim.

(40)   Dom Lagravinese
       [address and telephone number unknown]

Lagravinese, who was formerly employed by Unum Life, assisted in Unum Life's investigation of Brooks' claim.

(41)   Nancy L. Minor
       UnumProvident Corporation
       1 Fountain Square
       Chattanooga, Tennessee 37402
       (423) 755-1011

Minor assisted in Unum Life's investigation of Brooks' claim.

(42)   Nancy K. Olds
       UnumProvident Corporation
       2211 Congress Street
       Portland, Maine 04122
       (207) 575-2211

Olds assisted in Unum Life's investigation of Brooks' claim.

(43)   Sean Sullivan
       1314 Ashley Drive
       Round Rock, Texas 48664

Sullivan, who was formerly employed by Unum Life, assisted in Unum Life's investigation of Brooks' claim.

> (44)  Sheldon White
>        UnumProvident Corporation
>        2211 Congress Street
>        Portland, Maine 04122
>        (207) 575-2211

. White assisted in Unum Life's investigation of Brooks' claim.

> (45)  Doug K. Butler
>        Figari Davenport & Graves, L.L.P.
>        3400 Bank of America Plaza
>        901 Main Street, LB 125
>        Dallas, Texas 75202-3796
>        (214) 939-2000
>        (214) 939-2090 (facsimile)

Butler may have knowledge regarding the attorneys' fees sought in this action.

> (46)  Andrew C. Whitaker
>        Figari Davenport & Graves, L.L.P.
>        3400 Bank of America Plaza
>        901 Main Street, LB 125
>        Dallas, Texas 75202-3796
>        (214) 939-2000
>        (214) 939-2090 (facsimile)

Whitaker may have knowledge regarding the attorneys' fees sought in this action.

2.    <u>Relevant Documents</u>.    Defendants may use the following categories of documents in their possession, custody, or control to support their claims or defenses, unless solely for impeachment:

•     Unum Life's claim file pertaining to Brooks (CL001-869);

•     the underwriting file pertaining to Brooks (UW001-141);



the transition rider and schedule sheet for the APMA 65-65 plan (UNUM 0001-0011);

- the curricula vitae of Jon Colson, Nancy Olds, Sheldon White, and Nancy Bogg (UNUM 0012-0016);

- Exhibits 2 and 3 to the Appendix in Support of Defendants' Brief Regarding Plaintiff's Continued Performance of Surgeries (UNUM 0033-0048);

- UnumProvident's Form 10-Ks for 1998 through 2000 (UNUM 0049-1282);

- the additional documents, if any, subsequently produced by Defendants;

- the following items from <u>Karen Brooks v. UnumProvident Corporation and Unum Life Insurance Company of America</u>, C.A. No. B-00-029: Deposition on Written Questions of Beatriz Sosa, the Custodian of Records of Dr. Madhavan Pisharodi, M.D. (taken August 16, 2000); Deposition on Written Questions of Lori Lopez, the Custodian of Records of Texas Back Institute (taken August 16, 2000); Deposition on Written Questions of Diane Clark, the Custodian of Records of Valley Regional Medical Center (taken August 16, 2000); Deposition on Written Questions of Esmeralda Saldivar, the Custodian of Records of Valley Pain Center (taken August 17, 2000); Deposition on Written Questions of Fernando Terrones, CPA (taken August 21, 2000); Deposition on Written Questions of David K. Drefke, CPA (taken August 24, 2000); Deposition on Written Questions of David Kaalib, the Custodian of Records of Berkshire Life Insurance Company (taken August 28, 2000); Deposition on Written Questions of Christina Bohn, the Custodian of Records of Minnesota Mutual Life Insurance Company (taken August 28, 2000); Deposition on Written Questions of the Custodian of Records of New Era Life Insurance Company (taken September 22, 2000); and Documents produced by Brownsville Medical Center (undated);

- the documents obtained by subpoena from Berkshire Life Insurance Company (BLI 00001-00163);

- the documents obtained by subpoena from New Era Life Insurance Company (NE 0001-0025);

- the documents obtained by subpoena from Robert Swantner (RS 0001-0061);

<u>DEFENDANTS' AMENDED DISCLOSURES</u> - Page 12

- the documents obtained by subpoena from Valley Pain Center (VPC 0001-0061);

- the documents that Defendants subsequently obtain by subpoena from third parties;

- the documents produced by Brooks on November 16, 2001; and

- the additional documents, if any, subsequently produced by Brooks.

Copies of these documents have previously been produced to Brooks, made available to Brooks by Defendants' counsel, or produced to Defendants by Brooks.


3.    <u>Damages</u>.  Defendants seek to recover the $48,000.00 in benefits that Unum Life paid to Brooks as well as their attorneys' fees and court costs.


4.    <u>Insurance Agreement</u>.  There is no insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered against Defendants or to indemnify or reimburse Defendants for any payment made to satisfy such a judgment.


<u>DEFENDANTS' AMENDED DISCLOSURES</u> - Page 13



Respectfully submitted,

By: _____

Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 5th day of April, 2001.

_____
Andrew C. Whitaker

<u>**DEFENDANTS' AMENDED DISCLOSURES**</u> - **Page 14**

# EXHIBIT C

# Mark A. Di Carlo

## Attorney at Law
La Solana Building
722 Elizabeth St.
Corpus Christi, Texas 78404
(361) 888-6968
FAX (361) 888-6981

May 17, 2002

**VIA TELEFAX (214) 939-2090**
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796

> Re:     *C.A. No. B-01-052; Karen Brooks v. UnumProvident Corporation and
> UNUM Life Insurance Company of America*

Dear Mr. Whitaker:

I received your objections and answers to interrogatories. I object to your failure to answer the interrogatories in near entirety and your numerous groundless and form objections. You have waived your objections under Federal Rule of Civil Procedure 33(b)(3) which states that objections should be stated with specificity. Furthermore, you refer to documents which you have not provided and refuse to provide to the plaintiff. I know of no rule, which will permit you to refer to documents including the infamous, inappropriately named "Original Action Documents" which you do not appropriately refer to and have repeatedly refused to properly provide. I also object that the documents, which are referred to, are not specified in any manner. Please respond within six days.

Interrogatory No. 1 requests information regarding expert's witnesses. Your objection that the question "seeks information beyond that made discoverable by Fed. R. Civ. P. 26(b)(1) "is frivolous. Fed. R. Civ. Pro. 26(b)(1) permit's the discovery of all relevant information. Please respond within six days.

Interrogatory No. 2 requests the identification of documents which you will use to support a position in your case. You filed a form objection that the interrogatory is

"burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive". See Fed. R. Civ. Pro 33(b)(4). Please respond within six days.

Interrogatory No. 3 requests information about the causation of economic damages and you mention that you request "attorneys fees at respective hourly rates." Please provide "respective hourly rates" within six days.

Interrogatory No. 4 requests information regarding persons who reviewed or were consulted regarding the denial of the plaintiff's benefits. You assert your form objection that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive. See Fed. R. Civ. Pro 33(b)(4). Respond within six days so I may decide the persons I need to depose.

Interrogatory No. 5 requests the names, addresses and telephone numbers of employees and agents who were employed by the defendants during the 12 months prior to the plaintiff's injury. You state your standard objection that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive." See Fed. R. Civ. Pro 33(b)(4). Respond within six days.

Interrogatory No. 6 requests information regarding the investigations of the incident made the basis of this suit including studies and experiments. I received your standard form objection that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive." See Fed. R. Civ. Pro 33(b)(4). Please respond within six days. It appears that the defendant conducted other investigations that indicate the plaintiff is disabled.

Interrogatory No. 7 requests all representations and statements which the plaintiff or her agents have made which you might make known to the judge or jury. You make the standard form objection that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive. See Fed. R. Civ. Pro 33(b)(4). Provide the basic representations and admissions within six days so I can prepare this case for trial.

Interrogatory No. 8 requests all statements that the defendant and/or their agents made regarding this occurrence. The defendant fails to answer and instead refers to 869 documents without specificity; refers to Fed. R. Civ. Pro. 33(d) and avers that the plaintiff can ascertain the answers from those documents when the response cannot be ascertained by the answers. In addition the defendant refers to Article 1.10D of the Texas Insurance Code, which provides no protection but only applies to information

acquired by the Department not maintained by the defendant. The provision of Article 1.10D relied upon is not referenced. Please respond within six days.

Interrogatory No. 10 inquires about UNUM's policies and procedures for training agents of UNUM who have factual knowledge of the basis of this suit including supervision and training. I received your standard form objections that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive. See Fed. R. Civ. Pro 33(b)(4) In addition there is an assertion that this information is proprietary and constitutes a trade secret. Federal Rule of Civil Procedure 26(b)(5) states that when a party claims that a document is privileged or subject to protection as trial preparation material the party shall describe the nature of the documents, communications, or things not disclosed in a manner that will enable the other party to assess the applicability of the privilege or protection. You have not described these. My client will agree to keep these records confidential. I then received a very general answer about a training course without averring to who received the training course. I will need a more detailed answer because your internal agents denied the claim and are identified as experts by you in denying claims. Respond within six days.

Interrogatory No. 11 inquires whether of not you feel the insurance policy is unenforceable for any reason. You state that it is not unenforceable but contend that the plaintiff is not entitled to any benefits. Please state the reason why the policy is unenforceable, that is, why you are not paying her benefits within six days.

Interrogatory No. 12 inquires about why you are not responsible for any psychological or psychiatric condition of the plaintiff since you terminated here benefits. Again I receive a frivolous response stating that it seeks a legal conclusion. This is not a proper objection. "An interrogatory is not necessarily objectionable merely because an answer involves an opinion or contention that relates to . . . The application of law to fact." Federal Rule of Civil Procedure 33(c). You answer that "you did not take any action that caused her to suffer from psychiatric or psychological problems." Please respond within six days.

Interrogatory No. 13 inquires regarding your experts at trial and the matters upon which you intend to have him testify. Your objection states that it seeks matters not discoverable under Federal Rule of Civil Procedure 26(a)(2). Federal Rule of Civil Procedure 26(a)(2) is not a rule which limits what is discoverable from an expert . Your response that the individuals listed on Exhibit B may provide testimony on the handling, processing and evaluation of Brook's claim basically contains no statements regarding what any of the experts on Exhibit B were responsible for. The plaintiff will object to the testimony of Whitaker and Butler in that they have not specified their fees or the legal fees incurred to date unless the interrogatory is sufficiently answered. For example, the defendant will object to any attorney fees requested for filing of these answers because

the objections are not merited.  Please respond within six days.

Interrogatory No. 14 requests information furnished to your experts regarding their opinions.  Again, you refer to Federal Rule of Civil Procedure 26(a)(2) which is a not rule which limits what is discoverable.   You also make the standard form objection that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive." See Fed. R. Civ. Pro 33(b)(4).  Apparently experts made a decision on the plaintiff's disabilities without reviewing any documents.  Please respond in writing within six days.

Interrogatory No. 15 requests information regarding persons who have sued you for disability benefits and related causes of action. The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is  "burdensome, harassing, ambiguous and oppressive." See Fed. R. Civ. Pro 33(b)(4) The plaintiff asserts and believes based upon research and discovery contained to date that that UNUM does not grant disability benefits and merely sells policies.  The defendant then denies disability claims without expert consultation and/or grants benefits for a short period of time and then cuts off benefits. Respond within six days.

Interrogatory No. 16   inquires regarding the persons who you have not paid disability benefits to January 1, 1997 to present.  The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is "burdensome, harassing, ambiguous and oppressive. See Fed. R. Civ. Pro 33(b)(4)  The defendant also asserts privacy and confidentiality . The defendant asserts that there is no privacy rights for a corporations nor confidentiality rights and your assertion is frivolous.  Federal Rule of Civil Procedure 26(b)(5) states that when a party claims that a document is privileged or subject to protection as trial preparation material the party shall describe the   nature of the documents, communications, or things not disclosed in a manner that will enable the other party to assess the applicability of the privilege or protection. The defendant has asserted they have cause to deny benefits and averred that they merely do not deny benefits.  The plaintiff asserts and believes based upon research that that UNUM does not grant disability benefits or grants them at first and then terminates benefits under a pretense as they did in the present case.  The defendant merely sells policies which they do not ever pay for.   The defendant then denies disability claims without expert consultation. Respond within six days.

Interrogatory No. 17 inquires regarding who answered these interrogatories.   The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is how and why the request is "burdensome, harassing, ambiguous and oppressive." See Fed. R. Civ. Pro 33(b)(4)  The plaintiff needs these responses so the defendant can inquire as to

the accuracy of the responses. The plaintiff asserts that based upon discovery to date the defendant is involved in nothing more then a secretive shell game of denying benefits for no reason by numerous agents who are not experts.

Interrogatory No 18 inquires as to professional licenses held by agents or employees of the defendant who have factual knowledge of the basis of the suit. The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is how and why the request is "burdensome, harassing, ambiguous and oppressive" . See Fed. R. Civ. Pro 33(b)(4) The defendant refers to Exhibit D after filing their numerous objections. The plaintiff asserts that your objection that the matter is not relevant to a claim or defense and is not calculated to lead to discovery of admissible evidence is frivolous because the defendant's agents, cut off benefits apparently based upon some sort of expertise The defendant has at best an objection limited to the persons who were involved in the denial of the case The plaintiff will object to any other experts not listed in Exhibit D at trial Respond within six days

Interrogatory No 19 inquires as to the percentage of persons of persons or their employers who the defendant did not pay disability benefits to for the years 1997 to 2002 or the names of the persons. The plaintiff asserts that your form objection that the matter is not relevant to a claim or defense and is not calculated to lead to discovery of admissible evidence is frivolous because it is not specific regarding why it is not relevant to a claim or a defense and is relevant to the validity of your denial and whether or not it had a factual basis The response contains the standard from response that the interrogatory is "burdensome, harassing, ambiguous and oppressive" without specifying how or why the request is how and why the request is "burdensome, harassing, ambiguous and oppressive. See Fed R Civ. Pro 33(b)(4)

The interrogatory is relevant because the defendant either summarily denies benefits or grants them for a short time and then terminates such benefits. Please respond within six days

Interrogatory No 20 The interrogatory inquires as to the persons who the defendant or their agents made statement to regarding alleged illegal behavior of the plaintiff The defendant objections including attorney client- privilege and attorney work product exemption The defendant fails to aver what attorney they are talking about Please respond within six days

The defendant asserts they are exempt under Article 1.10D of the Texas Insurance Code Article 1 10D of the Texas Insurance Code, which provides no protection but only applies to information acquired by the Department not maintained by the defendant In addition the article is lengthy and the defendant fails to cite the language upon which they rely The defendant relies upon the form objection that this is covered y the attorney



client privilege and the attorney work product exemption.  Also, the agents of the company who reported the incident fraudulently were not acting in an attorney capacity. It does not appear that it is the attorney of the defendant who the defendant is referring to but it is some other attorney that they contacted in an attempt to have the plaintiff prosecuted.  There is no attorney client relationship.  The defendant also relies upon the form objection   that the information is not relevant to the claim or defense of this case and not reasonably calculated to lead to admissible evidence.  The defendant have been engaged in a pattern of false accusations and attempts to ruin the plaintiffs life by attempting to have her drop the suit due to her attempting to collect benefits which she paid for.  This resulted in the institution of criminal actions against the plaintiff to the abuse of the subpoena deuces tecums in an attempt to violate every    privacy of the plaintiff.  The issue is relevant to the damages the plaintiff has incurred; is relevant to the animus against the plaintiff; is relevant to her damages for emotional problems due to the actions of the defendant.  The interrogatory is relevant to show the pattern of fraud and maliciousness against the plaintiff by the defendant who is a professional person who has never been arrested in her life.  Respond within six days.

Interrogatory  No. 21 inquires as to the persons Sean Sullivan "investigated" from 1995 to the present.    The defendant objections include the standard form objections of: attorney client privilege, attorney work product exemption, Article 1.10D of the Texas Insurance Code, that the information is not relevant and not reasonably calculated to lead to admissible evidence.  The objections are all waived because they are not stated with specificity under Federal Rules of Civil Procedure 33(b)(4).

The defendant asserts they are exempt under Article 1.10D of the Texas Insurance Code. Article 1.10D of the Texas Insurance Code, which provides no protection but only applies to information acquired by the Department not maintained by the defendant. In addition the article is lengthy and the defendant fails to cite the language upon which they rely.

Sean Sullivan is not an attorney and the attorney client privilege is frivolous.
The person Mr. Sullivan investigated is discoverable because the plaintiff believes his investigations are no more than attempts to scare, intimidate and threaten persons who attempt to collect benefits.  Mr. Sullivan is no longer employed by you.

Interrogatory no. 22 inquires as to all persons who the defendant has alleged criminal actions who have attempted to obtain insurance benefits.   The defendant objections include the standard form objections of:  attorney client privilege, attorney work product exemption, Article 1.10D of the Texas Insurance Code, that is not relevant and not reasonably calculated to lead to admissible evidence, overly broad, unduly burdensome and expensive, harassing ambiguous and oppressive, confidential and invades the privacy of the claimants at issue.  The objections are all waived because they are not stated with specificity under Federal Rules of Civil Procedure 33(b)(4).  The plaintiff asserts that the

criminal allegations are made often against persons who attempt to collect benefits and summarily and that it fits in with the malicious prosecution cause of the plaintiff for attempting to collect benefits.

Interrogatories No 23 though 24 inquires about the facts which support the defendant's affirmative defenses contained in paragraph 50 and 51 of their original answers. The defendant is requested to state any fact, which support the defendant's claim in paragraph 50 that the plaintiff's claims are barred in whole or in part by waiver, estoppel and unclean hands and in paragraph 51 that the claims are barred by comparative bad faith. The defendant asserts that both interrogatories are overly broad and unduly burdensome.

Fed. R. Civ. Pro 33(b)(4) requires objections to be stated with specificity and these objections are not specific. Moreover, the defendant is required under the rules of pleading, Federal Rule of Civil Procedure 9 to plead special matters with particularity, has not done so, and objects that their own affirmative defenses would be overly broad if appropriately pled.

The defendant avers a three page narrative statement, which includes a quote from the insurance policy. The recitation of facts does not address one or any of the affirmative defenses. Respond within six days.

Sincerely,

Mark A. Di Carlo