Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED
MAY 28 2002
Michael N. Milby, Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Roberts    ■ Lehrman |
| DATE | 05   28   2002 |
| TIME | a.m. — a.m.  <br> 2:35 p.m. — 3:10 p.m. |
| CIVIL ACTION | B   01   052 |
| STYLE | Karen Brooks <br> *versus* <br> UNUM Provident Corporation et al. |

DOCKET ENTRY

(HGT) Hearing on Motions to Compel, Quash and for Attorneys fees

    (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):   Mark De Carlo

Attorney(s) for Defendant(s): Andrew Whitaker

☐    Comments:

    The Court asked Mr. Whitaker the basis for requests between Plaintiff and her attorney. Mr. Whitaker stated that he does not seek documents between attorney and client.

    Mr. diCarlo stated that if one looks at the all the subpoenas deuces tecums it is clear that they are too numerous. They constitute malicious prosecution and frivolous indictment of the Plaintiff. It is an invasion of her privacy. The requests are unreasonable and not specific.

    The Court **DENIED** the Motions to Quash [Dkt. Nos. 22, 23, 27, 28 & 29].

    Mr. Whitaker argued the Motion to Compel [Dkt. No. 21]. He wants to compel documents regarding Plaintiff's disability and ability to work. She has raised this issue by the nature of her claims, inability to work, inability to earn income etc. The Defendants' requests are

therefore relevant. Plaintiff's pre- and post fall activities are also relevant. Mr. Whitaker never got any response to the motion to compel.

Mr. DiCarlo took the podium to respond to the motion to compel. Plaintiff filed numerous interrogatories and requests for production. He believes that they were timely served and complete. Plaintiff filed numerous objections, and Defendants have not answered any of Plaintiffs' requests. Mr. diCarlo said he made legitimate objections. Plaintiff is just protecting her rights. The Court **GRANTED** Defendant's motion to compel [Dkt. No. 21].

Mr. Whitaker argued another of Defendant's Motions to Compel [Dkt. No. 16]. Defendants incurred some time and expense in preparing response. Rule 37 is almost mandatory. The speed with which the attorney withdrew the motion for protective order. Also, Plaintiffs did not file their response timely and ask for their fees.

Mr. diCarlo stated that the motion was justified. Defendants did not show that the motion was meritless. Plaintiff filed its own motion for attorneys fees. The motion was withdrawn, not denied. Interrogatories and requests for production were timely filed.

The Court **DENIED** both motions for attorneys fees [Dkt. Nos. 19 & 20], but stated that the Motions to Quash would have merited attorneys fees had the Defendants asked, but they did not. The Court admonished Mr. diCarlo for his recalcitrance.

The Court asked about deadlines. The Court said put the Parties on notice that she is inclined to grant fees for frivolous motions, and having to argue motions that should not be contested. She said she will be prepared to award those at the next hearing should another hearing on discovery matters be necessary.

Mr. Whitaker stated that he did make motions for attorneys fees at the end of his responses. The Court so acknowledged. Mr. DiCarlo asked the Court to wait on ruling on this until the Court can consider Plaintiff's motion. The Court stated that she is not going to rule on Plaintiff's motion at this time. Mr. di Carlo stated that the $190/hr is an unreasonable amount. Defendants' motions for attorneys fees [Dkt. 25, 26, & 31] are **GRANTED** and the objections to it are overruled. Mr. Whitaker submitted that his calculation is for a total of 19.7 hours incurred at $210/hr.

Whereupon the Court adjourned.