40

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-052 |
| | § | |
| UNUM PROVIDENT CORPORATION | § | |
| AND UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |

## PLAINITFF'S OBJECTION TO DEFENDANT'S LETTER TO THE COURT DATED JUNE 4, 2001

## PLAINITIFF'S MOTION FOR REHEARING

## PLAINTIFF'S MOTION FOR REFERRAL OF DISCOVERY MATTERS TO MAGISTRATE JUDGE

1.    General Order No. 2001-6 B dated May 3, 2001 by George P. Karen, Chief United States District Judge states that a District Judge may refer all pretrial procedural and discovery motions to the magistrate judge.  The plaintiff requests a referral to a magistrate judge of all pretrial matters based upon the number of matters in dispute and raised in opposing counsel's letter dated June 4, 2002.

2.    The undersigned counsel received the attached  letter by facsimile on June 4, 2001 which presents a number of issues which are unclear.   See **Exhibit A**.  The letter appears to request relief from the court not granted previously regarding issues not discussed with the counsel for the plaintiff.  The plaintiff objects to the letter and asserts that the letter raises matters and seeks relief which should be raised by proper motion.    The plaintiff moves for a rehearing of

this matter based upon the defendant's letter requesting a clarification of matters heard at the hearing

3.   The plaintiff moves for a rehearing of this matter based upon the defendant's letter requesting a clarification of matters heard at the hearing; and also, based upon the plaintiff and her counsel not being allowed into the courtroom until 2:30 p.m. by court personnel; not being aware of what motions the court considered to be pending; and, opposing counsel being aware of the pending motions and the order of the motions.

4.   The plaintiff requests a rehearing of the matters heard on the May 28, 2002.  The hearing was set up to hear all pending motions.  The plaintiff was not certain what matters were pending.  The plaintiff, for example, submitted a motion for supplemental evidence which  contained an affidavit by an ex employee of Karen Brooks on March 23, 2002, one day before the hearing.   The plaintiff thought that the Plaintiff's Motion to Compel Request for Production would be heard because the defendant had notice of the legal and factual objections to the Requests well in advance of the hearing.

5.  Counsel arrived at the hearing at about 2:00 p.m.  After speaking to his client, Karen Brooks, counsel attempted to enter the courtroom with his secretary Brenda Sanchez and his client Karen Brooks at about 2:05 p.m. As undersigned counsel was opening the door he was met by man in a uniform of the court who

stated that there was a pending hearing and  that we could not enter the courtroom.  Counsel  sat outside of the courtroom on a bench with his client and secretary.

6.  A man dressed in the uniform of the court came out at about 2:30 and stated that we could come in the courtroom.  See affidavit's of plaintiff's counsel, Karen Brooks and plaintiff's counsel secretary, attached as **Exhibit B**, **Exhibit C**, and **Exhibit D**.

7.  The court stated that the case had already been called and inferred that the plaintiff's counsel had been late because he was not present when the case had been called.  Defense counsel was already in the courtroom and had been handed a docket sheet of some sort which was referred to by the court. Opposing counsel  was aware of what motion would be heard and in what order the motions would be heard in that mention was made of the docket sheet or some similar record previously offered to defense counsel.  The hearing began and defense counsel was asking his secretary to pull such motions or responses as they  were heard, and at times such motions, were not first understood by plaintiff's counsel or not pulled timely in order for counsel to appropriately address or argue his point.  Counsel's remarks were throughout most of the  hearing ill prepared or inadequate because he was not in the courtroom and his files were not open, because he was not aware of what motions would be heard, and because he was not certain what order the motions would be heard.  28 U.S.C.

Section 452 states that, "All courts of the United States shall be deemed always open for the purpose of filing proper papers, issuing and returning process, and making motions and orders."

8.      The plaintiff requests a rehearing of the matters the Honorable Judge Tagle ruled upon and the Order signed May 28, 2002.  The plaintiff requests that all discovery be abated until all pending matters are ruled upon.  For example, opposing counsel   requests all of the requests for production prior to the deposition of Ms. Brooks  on June 24, 2002 and opposing counsel  has submitted an additional 86 documents on May 9, 2002 for the plaintiff's deposition.

9.  Plaintiff's counsel requested that all pending discovery matters be referred to the magistrate judge in order that the District Court not devote their valuable time to discovery matters.

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF CONSULTATION

The undersigned consulted with the defense counsel regarding the matters raised in this motion on February 5, 2002 by facsimile letter and opposing counsel has not contacted Di Carlo as of the forwarding of this motion to the court.  The undersigned forwarded this document to opposing counsel by via telefax on June 5, 2002 and by certified mail at the following address:

**CERTIFIED MAIL, RRR**
**VIA FAX NO. (214) 939-2090**
Mr. Andrew C. Whitaker
FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
Dallas, Texas  75202

Respectfully submitted,

Mark A. Di Carlo
722 Elizabeth St.
Corpus Christi, Texas  78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District I.D. No.  6839

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KAREN BROOKS                           §
                                       §
VS.                                    §        CIVIL ACTION NO. B-01-052
                                       §
UNUM PROVIDENT CORPORATION             §
AND UNUM LIFE INSURANCE                §
COMPANY OF AMERICA                     §

## ORDER

The plaintiff's motion referring all pending discovery matters to a United

States Magistrate Judge is Granted/Denied.

The plaintiff's objection to the defendant's letter to the court  dated 6/04/02

is Granted/Denied.

The plaintiff's order for rehearing of matters heard on May 28, 2002 and

matters decided by this court by written order on May 28,2002 and entered on

May 30, 2002  is Granted/Denied.

SIGNED this _____ day of _____, 2002.


_____
Judge Presiding

# EXHIBIT "A"

# FIGARI DAVENPORT & GRAVES

### A REGISTERED LIMITED LIABILITY PARTNERSHIP
### INCLUDING PROFESSIONAL CORPORATIONS

3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
214-939-2000

Writer's Direct Dial Number
214-939-2076

Telecopiers: 214-939-2090
214-939-2091

## FAX INFORMATION SHEET

### June 4, 2002

**TO:**              **Mr. Mark A. Di Carlo**

**COMPANY:**

**FAX NUMBER:**      (361) 888-6981

**PHONE NUMBER:**    (361) 888-6968

FROM:    Andrew C. Whitaker

NUMBER OF PAGES: _6_ (including transmittal page)

CLIENT/MATTER NO: 76/07555/0258

### WARNING: PRIVILEGED AND CONFIDENTIAL MATERIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL, PRIVILEGED, AND EXEMPT FROM DISCLOSURE TO THIRD PERSONS AND IS INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE RECIPIENT OR READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY RETENTION, DISSEMINATION, DISTRIBUTION, COPYING, OR UNAUTHORIZED USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE (214-939-2000), AND ALSO RETURN THE FACSIMILE AND ANY COPIES THEREOF TO THE SENDER AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. ALL POSTAL EXPENSES WILL BE PAID BY SENDER. THANK YOU.

# FIGARI DAVENPORT & GRAVES

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
214-939-2000
Fax 214-939-2090

Writer's Direct Dial Number

(214) 939-2076

Writer's E-Mail Address

awhitaker@figdav.com

June 4, 2001

**VIA TELECOPY**
Ms. Stella Cavazos
Case Manager for Judge Hilda G. Tagle
Federal Building
500 E. 10th Street
Brownsville, Texas 78520

Re:   C.A. No. B-01-052; *Karen Brooks v. UnumProvident Corporation and UNUM Life Insurance Company of America*

Dear Ms. Cavazos:

We represent and write on behalf of Defendants UnumProvident Corporation and Unum Life Insurance Company of America (collectively, "Defendants"). We are uncertain whether the minor matters set forth below can be resolved informally, perhaps through a short conference call with the Court, or through an amended order. If a formal motion is necessary, please advise so that we may prepare and file such a motion.

On May 28, 2002, Judge Tagle held a hearing on the pending motions in this case. At the hearing, Defendants requested $2,033.00 in fees on their motion for attorneys' fees (Docket No. 19), $1,470.00 (7 hours at $210.00 per hour) in fees on their motion to compel (Docket No. 21), and $4,137.00 (19.7 hours at $210.00 per hour) in fees for their responses to Dr. Brooks' five motions to quash (Docket Nos. 25, 26, and 31). As the following excerpts from Mr. Record's transcript of this hearing reveal, Judge Tagle stated that she was denying the $2,033.00 sought in fees for the motion for attorneys' fees but was granting the other fees requested by Defendants.

In her Order entered May 30, 2002, Judge Tagle awarded Defendants the $4,137.00 that they had requested for responding to the motions to quash but did not award any amount for Defendants' motion to compel. Did the Court subsequently decide not to award the fees on Defendants' motion to compel, or were they inadvertently omitted from the Order?

In addition, the Order is silent on the date by which Dr. Brooks must (1) provide the discovery that was the subject of Defendants' motion to compel and (2) pay the fee award.

Ms. Stella Cavazos
June 4, 2002
Page 2

Defendants have noticed Dr. Brooks' deposition for June 24, 2002 and would like if possible to receive the documents and information in dispute by no later than June 20, 2002. When does the Court expect Dr. Brooks to provide this information?

Thank you for your assistance in this matter, and please do not hesitate to call if you have any questions.

Sincerely,

Andrew C. Whitaker

ACW/krp
Enclosures

cc:   Mr. Mark A. DiCarlo (w/encs) *(Via Telecopy)*

28my02a_01cv52.txt

10    quash that The Court has already ruled on. And so --

11         MR. DI CARLO: Your Honor, I also -- excuse me for

12    interrupting you, but I also objected to the affidavit of Andrew

13    whitaker in support of Defendant's motion for attorney's fees.

14    we'd assert that the $190 an hour is an excessive hourly rate

15    for the insurance defense attorney. Accordingly, the Defendant

16    has a long-standing relationship with UNUM and can therefore

17    streamline his representation.

18         Your Honor, we believe that the -- we believe that the fees,

19    in fact, aren't appropriately broken down in the requests. And

20    we believe that the assertions of the opposing party regarding

21    the request for attorney's fees are unreasonable and unnecessary

22    because of the -- because of the amount not being -- $190 an

23    hour being excessive, Your Honor.

24         THE COURT: Objection to the affidavit is overruled; the

25    motion for attorney's fees are granted.


          Captured and Transcribed by Computer - Eclipse

                                                          23

1    what's that total?

2         MR. WHITAKER: well, Your Honor, I have broken it down

3    on the way down. with respect to what we're calling motion for

4    attorney's fees which was one filed back at the end of last year

5    in connection with the motion for protective order, that was for

6    a stipulated amount of $2,033.

7         THE COURT: I already said I'm not granting that. I'm

8    telling you that I'm granting the motion for attorney's fees in

9    having to respond to the motions to quash.

10         MR. WHITAKER: Gotcha, Your Honor. with respect to the

11    motion to compel, which was one of the ones that I filed, I had

12    basically $1500 in that one. Just over seven hours of my hourly

13    rate of $210 on that one.

                         Page 20

28my02a_01cv52.txt

14      with respect to the first motion to quash, we had 12 or more
15   hours at the hourly rate of $210.
16      On the second motion to quash, we were able to do it more
17   efficiently. we did it for seven hours at $210 per hour.
18      Then the third to the fifth motions, which I submitted as
19   one combined response, I was able to do that in only 2.7 hours
20   because I was, again, able to borrow from the effort on the
21   first.
22           THE COURT:  what's that total?
23           MR. WHITAKER:  That would be 12, plus five, plus 2.7 is
24   19.7 hours.  And all of that was incurred at my hourly rate of
25   this year since January 1 of $210 per hour.


. Captured and Transcribed by Computer - Eclipse

                                                            · 24

1            THE COURT:  where does the figure of 190 come in?
2            MR. WHITAKER:  190 was last year, Your Honor.  whenever
3    I was seeking for the motion to compel -- motion for attorney's
4    fees we filed last year.  All of that was last year time.  The
5    way we handled the rates for this group of clients, which again
6    is the lowest rate we charged to any client for my time, we
7    raised it in January 1.  We just raised them effective --
8            THE COURT:  when did you respond to the motions to
9    quash?
10           MR. WHITAKER:  Those all would have been this year, Your
11   Honor.  we didn't begin serving the underlying subpoenas until
12   February.
13           THE COURT:  what about the motion to compel, when was
14   that filed?
15           MR. WHITAKER:  Motion to compel was also filed this
16   year, Your Honor.  It would have been filed on February -- I'm

Page 21

28my02a_01cv52.txt

17    sorry, on February 13th.

18          THE COURT:  All right.  The attorney's fees in those

19    amounts are granted.

20        We're in recess.

21          MR. WHITAKER:  I did have one -- I apologize, Your

22    Honor.  I had one sort of housekeeping matter.  It is my belief

23    that some of the third parties who got subpoenas were given

24    instructions not to produce any documents, you know, that effort

25    was somehow stopped.  I take it that The Court will be entering


              Captured and Transcribed by Computer - Eclipse

O                                                              25

1    some sort of written order basically denying the motions to

2    quash and then allowing all of those to go forward?

3          THE COURT:  Yes.

4          MR. WHITAKER:  I'm looking for a mechanism whereby I can

5    let the third parties know the order has been denied, we need to

6    get the documents produced without any re-service or anything

7    like that.

8          THE COURT:  You'll get an order.

9          MR. WHITAKER:  Thank you, Your Honor.

10          THE COURT:  We're in recess.

11      (Hearing concluded.)

12

13

14

15

16

17

18

19

20

.ceJet
ɔnal Printer/Fax/Copier/Scanner

Fax History Report for
Mark A. Di Carlo
512-888-6981
Jun-4-02 10:27am

Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Jun 4 | 10:23am | Received | 2149392090 | 1:35 | 6 | OK |

# EXHIBIT "B"

## AFFIDAVIT AND DECLARATION OF MARK A. DI CARLO

BEFORE ME, the undersigned authority, personally appeared Mark A. Di Carlo, who, being my me duly sworn, deposed as follows:

My name is Mark A. Di Carlo.  I am over 18 years of age, have no criminal record and I am of sound mind and capable of making this affidavit.

I am the attorney for the plaintiff, Karen Brooks.  I have been licensed in the United States District Court for the Southern District of Texas since September 3, 1986; in the Fifth Circuit United States Court of Appeals since January 5, 1987 and before the United States Supreme Court since March 1993.

I arrived at the District Courtroom for Civil Action No. B-01-052 at about 2:00 p.m.  I spoke to my client Karen Brooks  who was outside the courtroom and attempted to enter the courtroom with my secretary Brenda Sanchez and my client Karen Brooks at about 2:05 p.m.  As I  was opening the door I was met by man in a uniform of the court who stated that there was a pending hearing and that we could not enter the courtroom.  I stated to the man I was scheduled for a hearing at 2:30 p.m.  I sat outside of the courtroom on a bench with my client and secretary.  I was called into the courtroom at about 2:30 p.m.

I declare under penalty of perjury that the contents of this affidavit are true and correct.

_____
Date    6/5/02

_____
Affiant

# EXHIBIT "C"

## AFFIDAVIT AND DECLARATION OF KAREN BROOKS

BEFORE ME, the undersigned authority, personally appeared Karen Brooks, who, being my me duly sworn, deposed as follows:

My name is Karen Brooks. I am over 18 years of age, I am of sound mind and capable of making this affidavit.

I arrived at the district courtroom for a hearing in my case and was sitting outside the courtroom at about 2:00 p.m. when Mr. Di Carlo arrived and we spoke briefly. When Mr. Di Carlo and his secretary and I attempted to enter the court room at about 2:05 p.m. a man stopped us in uniform who stated that there was a hearing going on and that we could not enter the courtroom. Mr. Di Carlo stated that he had a hearing scheduled for 2:30 p.m. Mr. Di Carlo made a reference to me of the fact that it must be some sort of closed hearing or that it was an unusual procedure. I sat outside of the courtroom door on a bench with Mr. Di Carlo and his secretary until we were called into the courtroom at about 2:30 p.m.

I declare under penalty of perjury that the contents of this affidavit are true and correct.

6/5/02
_____
Date

_____
Affiant

# EXHIBIT "D"

## AFFIDAVIT AND DECLARATION OF BRENDA SANCHEZ

BEFORE ME, the undersigned authority, personally appeared Brenda Sanchez, who, being my me duly sworn, deposed as follows:

My name is Brenda Sanchez.  I am over 18 years of age, I am of sound mind and capable of making this affidavit.

Mark Di Carlo is my employer.  Mr. Di  Carlo and I arrived at the District Court building at about 2:00 p.m.   When Mr. Di Carlo and I attempted to enter the court room with Karen Brooks at about 2:05 p.m. Mr. Di Carlo was going in first and was stopped by man in uniform who stated something about a hearing going on and  that we could not enter the courtroom and should wait outside.  I sat outside of the courtroom door on a bench with Karen Brooks and we waited to be called in  the courtroom.

I declare under penalty of perjury that the contents of this affidavit are true and correct.

_6-5-02_____
Date

_Brenda Sanchez_
Affiant

# Fax Cover Sheet

**Mark A. Di Carlo**
**Attorney At Law**
**722 Elizabeth St.**
**Corpus Christi, TX. 78404**
**(361) 888-6968**
**(361) 888-6981 (Fax)**

| | |
|---|---|
| Send to: Mr. Andrew Whitaker | From: Mark Di Carlo |
| Fax Number: (214) 939-2090 | Date: 6/5/02 |
| Subject: Brooks v. UNUMProvident | Cause No.: B-01-052 |
| | |

Original will follow VIA:
- ❑ Regular Mail
- ❑ Overnight Delivery
- ❑ Hand Delivery
- ❑ CMRRR

Total pages, including cover: 21

Comments:

**\*\*CONFIDENTIALITY NOTE\*\*** the documents accompanying this transmission contain information from the Law Office of Mark A. Di Carlo which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are not the intended recipient, you are hereby notified that nay disclosure, copying or distribution of this document, or the taking of any action in reliance on the contents of this telecopied information, is strictly prohibited and the documents should be returned to this office immediately. In regard, if you have received this telecopy in error please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

HP OfficeJet
Personal Printer/Fax/Copier/Scanner

Fax History Report for
Mark A. Di Carlo
512-888-6981
Jun-5-02 4:15pm

Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Jun 5 | 4:05pm | Sent | 12149392090 | 10:06 | 21 | OK |