United States District Court
Southern District of Texas
FILED

AUG 14 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-01-052 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINE

Defendants UnumProvident Corporation ("UnumProvident") and Unum Life Insurance Company of America ("Unum Life") (collectively, "Defendants") file this motion to extend the deadline for Defendants to complete discovery from September 13, 2002 to November 15, 2002 and state:

### I. CERTIFICATE OF CONFERENCE

By letter dated August 12, 2002, counsel for Defendants provided Mark Di Carlo, counsel for Plaintiff Karen Brooks ("Brooks"), with a draft of this motion to determine whether he agreed with or opposed this relief. Mr. Di Carlo did not agree to this relief. Since agreement could not be reached, this motion is presented to the Court for determination.

## II. NATURE OF THE ACTION

This is a suit for benefits under a master policy issued to the American Podiatric Medical Association. Less than a year after obtaining coverage, Brooks fell in her bathtub and purportedly sustained injuries preventing her from performing her occupational duties as a podiatrist. Unum Life began paying $6,000 per month in disability benefits to Brooks while it investigated her claim. During its investigation, Unum Life obtained (among other information) surgical logs from one of the hospitals at which Brooks had privileges indicating that she performed more surgeries in the period after her fall than she had before her fall. Brooks was unable to offer a satisfactory explanation for the information contained in these logs, and Unum Life stopped paying benefits to her. In Plaintiff's Complaint (the "Complaint"), Brooks asserts claims against Defendants for (1) breach of contract, (2) violations of the Texas Insurance Code, (3) violations of the DTPA, (4) bad faith, and (5) fraud. Defendants deny all liability to Brooks and have asserted a counterclaim to recover the $48,000 in benefits that were paid to her.

## III. PROCEDURAL HISTORY[1]

### A. The Court Enters Sanctions Against Brooks.

As set forth more fully in the numerous discovery-related motions and responses filed by Defendants to date (Docket Nos. 16, 19, 21, 25-26, and 31), Brooks has repeatedly frustrated Defendants' legitimate discovery efforts at every turn. On May 28, 2002, the Court

---

[1] Unless otherwise indicated, all emphases are supplied by counsel.

**DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINE - Page 2**

held a hearing on the pending motions in this case, made its displeasure with Brooks' actions abundantly clear, and entered the Order (Docket No. 36), in which it denied most (if not all) of the relief that Brooks was seeking, granted Defendants the majority of the relief that they were seeking, and awarded Defendants over $4,000 in attorneys' fees. The Order did not, however, award any attorneys' fees for Defendants' Motion to Compel and Supporting Brief (Docket No. 21) and did not establish a deadline for Brooks to provide the additional discovery and pay the fee award. Defendants requested clarification from the Court regarding these issues, and on June 6, 2002, the Court entered its Amended Order (Docket No. 38), which unambiguously required Brooks to provide the additional discovery and pay the fee award to Defendants by July 15, 2002. On June 10, 2002, Brooks sought rehearing of all of the matters addressed at the May 28, 2002 hearing (Docket No. 40). Defendants timely filed their response (Docket No. 41), and on July 15, 2002, the Court denied Brooks' motion (Docket No. 43).

**B.   Brooks Violates the Orders.**

In light of the Court's stern warnings at the May 28, 2002 hearing and subsequent entry of the Order and the Amended Order (collectively, the "Orders"), Defendants fully expected Brooks to do everything possible to comply with the Orders and avoid the entry of further sanctions. Defendants' expectations, however, were not met. Rather, following the entry of the Orders, Brooks has not (1) provided Defendants with any amended or supplemental responses to the discovery requests that were the subject of Defendants' Motion to Compel and Supporting Brief (Docket No. 21), (2) produced any additional documents to Defendants (other

than her 2000 and 2001 appointment books and selected credit card and bank statements), or (3) paid the sanctions award. Defendants are thus still without a great deal of information and numerous categories of documents that the Court has ordered Brooks to produce.

### C. Defendants Are Forced to Cancel Brooks' Deposition.

Defendants had originally noticed Brooks' deposition for June 24, 2002. Due to Brooks' failure to comply with her discovery obligations, Defendants were forced to re-schedule this deposition for July 30, 2002, by which time they expected to have received (1) the documents that the Court had ordered Brooks to produce and (2) the documents sought in Defendants' Second Set of Requests for Production (which were served on June 11, 2002). Brooks not only (as set forth above) failed to comply with the Orders, but she also refused to produce any documents in response to Defendants' Second Set of Requests for Production. Since they did not receive the advance production of information and documents to which they were entitled, Defendants had no choice but to postpone Brooks' deposition yet again. In addition, Defendants filed Defendants' Second Motion to Compel and Supporting Brief (Docket No. 44), which addresses Brooks' wrongful refusal to fully respond to Defendants' Second Set of Requests for Production, and Defendants' Motion for Litigation-Ending Sanctions (Docket No. 45), which addresses Brooks' violation of the Orders.

## IV. ARGUMENT

Pursuant to the Scheduling Order (Docket No. 18), the parties are required to complete all discovery by September 13, 2002. Brooks' refusal to comply with her discovery

obligations, however, has prevented Defendants from obtaining the information and documents necessary to take her deposition, which is the starting point in their defense of her claims and prosecution of their counterclaims. Defendants thus request that the deadline for them to complete discovery be extended from September 13, 2002 to November 15, 2002. This extension will not alter any of the other pretrial deadlines or the current February 10, 2003 trial setting.

## V. <u>CONCLUSION</u>

Defendants respectfully request that the Court extend the deadline for them to complete discovery from September 13, 2002 to November 15, 2002.

Respectfully submitted,

By: *Andrew C Whitaker*
_____
Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Attorney-In-Charge

OF COUNSEL:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF CONFERENCE

By letter dated August 12, 2002, counsel for Defendants provided Mark Di Carlo, counsel for Brooks, with a draft of this motion to determine whether he agreed with or opposed this relief. Mr. Di Carlo did not agree to this relief. Since agreement could not be reached, this motion is presented to the Court for determination.

*Andrew C Whitaker*
_____
Andrew C. Whitaker

**DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINE - Page 6**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by Federal Express to Mr. Mark A. Di Carlo, La Solana Building, 722 Elizabeth Street, Corpus Christi, Texas 78704, on this 13th day of August, 2002.

*/s/ Andrew C. Whitaker*
_____
Andrew C. Whitaker